IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )

2007 JAN 26  P 3: 24

    Plaintiffs, )

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

vs. )

Case No.: 1:07cv78-WKW

CECIL E. CAMERON, an individual; )
HERTZ CLAIMS MANAGEMENT, a )
foreign corporation; THE HERTZ )
CORPORATION, a foreign corporation, )

    Defendants. )

## NOTICE OF REMOVAL

COME NOW the Defendants in the above-styled lawsuit and pursuant to 28 U.S.C.

§ 1441 (a), files this Notice of Removal of this cause from the Circuit Court of Coffee

County, Alabama, Elba Division, to the United States District Court for the Middle District

of Alabama, Southern Division. As grounds for the removal of this cause to this Honorable

Court, the Defendants show unto the Court as follows:

1.      On or about April 13, 2004, plaintiffs commenced the above-styled action in

the Circuit Court for Coffee County, Alabama, Elba Division, CV-2004-49. The Complaint

alleged causes of action against Cecil E. Cameron ("Cameron") for negligence and

wantonness as a result of an automobile accident. The plaintiffs demanded a trial by jury.

A copy of plaintiffs' Complaint is attached hereto as Exhibit "A". Cameron has not been

served with the Summons and Complaint.

2.      Plaintiffs amended their Complaint on or about January 12, 2007 to add

defendants Hertz Claims Management and The Hertz Corporation (hereinafter referred to

collectively as "Hertz Defendants"). The Amended Complaint alleged causes of action against the Hertz Defendants for breach of contract and fraud. A copy of plaintiffs' First Amended Complaint is attached hereto as Exhibit "B". The Hertz Defendants have not been served with the Summons and First Amended Complaint.

3.      None of the defendants have filed an Answer in the Circuit Court of Coffee County, Alabama, Elba Division.[1] A copy of all other pleadings in this case are attached hereto as Exhibit "E". Defendant Cameron is a resident citizen of the State of Florida and has been so at all times relevant hereto. On January 24, 2007, Cameron authorized his undersigned attorneys to accept service of process of the plaintiffs' Summons and Complaint and First Amended Complaint on his behalf. The Hertz Defendants are foreign corporations. Said corporations are incorporated and have their principal places of business in a state other than the State of Alabama. On January 18, 2007, the Hertz Defendants were served with the plaintiffs' Summons and First Amended Complaint.

4.      Defendants submit diversity of citizenship exists in this matter. See 28 U.S.C. § 1332 (a)(1).

5.      Defendants submit the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00. The plaintiffs' Complaint contains a demand for compensatory damages and punitive damages. Plaintiff also made a demand to settle this case for $175,072.87.[2] Plaintiff Laythron Tillis' claims obviously exceed the jurisdictional requirement as evidenced by his allegations of injury and settlement requests in excess

--------

[1]Plaintiffs earlier purported service by publication which was reversed by the Alabama Supreme Court.

[2]Defendants only show this matter to establish that plaintiffs seek in excess of $75,000.00 in damages, but maintain that said settlement demand will remain inadmissible at any other proceeding in this matter.

of $75,000.00.

To the extent plaintiff Ethel Tillis joins in this claim, it is clear her claim also exceeds the jurisdictional amount necessary to confer jurisdiction on this court. To the extent she does not, this court has supplemental pendant party jurisdiction over her claim pursuant to 28 U.S.C. § 1367(a). See *Monroe v. Brown,* 256 F. Supp.2d 1292 (M.D. Ala. 2003).

6.    Based on the amount in controversy and diversity of citizenship, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1) and additionally supplemental jurisdiction over the claim of the wife Ethel Tillis pursuant to 28 U.S.C. § 1367(a).

7.    Pursuant to 28 U.S.C. § 1446(b), the removal of this cause to this Court is timely. It is filed within thirty (30) days of the service of these defendants. Even though this removal is over one year after the filing of the plaintiffs' Complaint, the action did not commence until the Hertz Defendants were served and the attorney for defendant Cameron accepted service of process as he was never served with the Summons and Complaint.[3] See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1332 (U.S. 1999) (the defendant's period for removal will be no less than 30 days from service and if the complaint is filed in court prior to any service, the removal period runs from the service of the summons (summons and complaint in Alabama). Additionally, the one year rule does not apply to this case as this case would have been removable when originally filed. See *Carter v. Frito-Lay, Inc.*, 144 Fed. Appx. 815 (11th Cir. 2005) (as for the one-year limitation provision cited in the second paragraph, --28

---

[3]Attached is a copy of the letter to plaintiffs' attorney on January 24, 2007 advising that Cameron's attorneys were accepting service on his behalf. By entering into this Notice of Removal defendant Cameron waives any required service of process.

U.S.C. § 1446 (b)-- courts have held that it only applies to cases that were not removable to federal court originally filed) following *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F. 3d 871, 873 (8th Cir. 2002); see also *Badon v. RJR Nabisco, Inc.*, 224 F. 3d 382, 389 (5th Cir. 2000); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F. 3d 527, 535 (6th Cir. 1999).

8.     Pursuant to 28 U.S.C. § 1446(d), these defendants have given written notice of the filing of this removal to the plaintiffs.  The defendants have also filed a copy of said notice with the Clerk of the Circuit Court for Coffee County, Alabama, Elba Division.  (See Exhibits "C" and "D").

WHEREFORE, THE ABOVE PREMISES HAVING BEEN CONSIDERED, these defendants request this Court to make and enter the proper orders to effectuate the removal of this cause from the Circuit Court of Coffee County, Alabama to the United States District Court for the Middle District of Alabama, Southern Division, and that no further or other proceedings shall be had with respect to this cause in the Circuit Court for Coffee County, Alabama.

_____
RANDALL MORGAN (MOR037)
DAVID W. HENDERSON (HEN072)
Attorneys for Defendant Cecil E. Cameron

OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
     COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Phone: (334) 834-7600
Facsimile: (334) 263-5969

_____
R. Rainer Cotter III (COT010)

4

Attorney    for    Defendant    Hertz    Claims
Management and The Hertz Corporation

OF COUNSEL:

MARSH, COTTER & STEWART, L.L.P.
Post Office Box 310910
Enterprise, Alabama 36331

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 26 day of January, 2007.

Attorney for Plaintiffs:

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

_____
OF COUNSEL

Attorney's
Copy

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
  )
    PLAINTIFFS, )
  )
VS. )     CASE NO. _____
  )
CECIL E. CAMERON, )
  )
    DEFENDANT. )

### COMPLAINT

### COUNT ONE--NEGLIGENCE

1.      On or about the 14th day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

2.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

### COUNT TWO--WANTONNESS

3.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

4.      On or about the 14th day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.



EXHIBIT

A

5.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE—LOSS OF CONSORTIUM

6.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.      The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife. As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs


OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

Apr.29. 2004: 7:36AM  ACAMB    334 222 2696 No.1464  P. 5

Please serve the defendant via certified mail as follows:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548



COPY

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual          )
and ETHEL TILLIS, an individual,        )
                                        )
       PLAINTIFFS,                      )
                                        )
VS.                                     )          CV-04-049
                                        )
CECIL E. CAMERON, an individual;        )
HERTZ CLAIMS MANAGEMENT, a              )
foreign corporation; THE HERTZ          )
CORPORATION, a foreign corporation,     )
                                        )
       DEFENDANTS.                      )

### FIRST AMENDED COMPLAINT

### COUNT ONE--NEGLIGENCE

1.     On or about the 14th day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

2.     As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

### COUNT TWO–WANTONNESS

3.     The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

4.     On or about the 14th day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the



EXHIBIT

B

motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

6.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.      The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

## COUNT FOUR–BREACH OF CONTRACT

8.      The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

9.      The Plaintiffs and the Defendants Hertz Claims Management and The Hertz Corporation, (hereinafter referred to as "Hertz defendants") were at all times relevant hereto, parties to a contract which provided for the payment of benefits in the event Cecil Cameron was involved in a accident involving a motor vehicle entrusted to Mr. Cameron by the Hertz defendants.

10.      These Defendants have breached this contract in that they failed to tender the

benefits to the Plaintiffs to which they are entitled as beneficiaries of the contract, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

## COUNT FIVE–FRAUD

11.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

12.    At all times relevant hereto, the Hertz Defendants have misrepresented directly, and through their agents, servants, and employees that they are unable to accept service of process on behalf of the Defendant Cecil Cameron, or that they are otherwise unable to fully represent Mr. Cameron's interests in this litigation.

13.    The above-described statement is false, and was made for the purpose of deceiving the Plaintiffs, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages, and for punitive damages, as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the __12th__ day of _January_, 2007:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Mr. Rainer Cotter
MARSH, COTTER, & STEWART
P.O. Box 310910
Enterprise, AL 36331

Of Counsel

Please serve the defendant via certified mail as follows:

Hertz Claim Management Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

The Hertz Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS, an individual     )
and ETHEL TILLIS, an individual,

    )

    Plaintiffs,

    )

vs.    )    Case No.: 1:07cv78 - WKW

    )

CECIL E. CAMERON, an individual;    )
HERTZ CLAIMS MANAGEMENT, a
foreign corporation; THE HERTZ    )
CORPORATION, a foreign corporation,

    )

    Defendants.

### <u>NOTICE TO PLAINTIFF ATTORNEY OF REMOVAL</u>

TO:    Thomas B. Albritton
    Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
    Post Office Drawer 880
    Andalusia, Alabama 36420

PLEASE TAKE NOTICE that the Defendants have on this ___ day of January, 2007,

filed in the United States District Court for the Middle District of Alabama, Southern Division,

the Notice of Removal to remove this case, Case No. CV-2004-49, from the Circuit Court of

Coffee County, Alabama, Elba Division to the United States District Court for the Middle

District of Alabama, Southern Division. You are also advised that a true and correct copy of

the Notice of Removal has been filed with the Clerk of the Circuit Court of Coffee County,

Alabama, Elba Division, which has effected removal. Copies of the Notice of Removal and

notice to the Circuit Court Clerk of Coffee County, Alabama, Elba Division, are attached

hereto.

EXHIBIT
C

Respectfully submitted this the 26 day of January, 2007.

_____
RANDALL MORGAN (MOR037)
DAVID W. HENDERSON (HEN072)
Attorneys for Defendant Cecil E. Cameron

OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
      COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Phone: (334) 834-7600
Facsimile: (334) 263-5969

_____
R. Rainer Cotter III (COT010)
Attorney for Defendant Hertz Claims Management
and The Hertz Corporation

OF COUNSEL:

MARSH, COTTER & STEWART, L.L.P.
Post Office Box 310910
Enterprise, Alabama 36331

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 26 day of January, 2007.

Attorney for Plaintiffs:

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Box 880
Andalusia, Alabama 36420

_____
OF COUNSEL

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | |
|---|---|
| **LAYTHRON TILLIS, an individual<br>and ETHEL TILLIS, an individual,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )        **CV-2004-49** |
| | ) |
| **CECIL E. CAMERON,** | ) |
| | ) |
| **Defendant.** | ) |

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Mr. James M. (Mickey) Counts
Coffee County Court Clerk
Courthouse
230 M Court Avenue
Elba, Alabama 36323

NOTICE IS HEREBY GIVEN THAT, pursuant to provisions of 28 U.S.C. §§ 1441(a) and 1332(a)(1), the Defendants have on the 26th day of January, 2007, filed in the District Court of the United States for the Middle District of Alabama, Southern Division, a Notice of Removal for case CV-2004-49, from the Circuit Court of Coffee County, Alabama, Elba Division, to the District Court of the United States for the Middle District of Alabama, Southern Division.  A copy of the Notice of Removal is attached hereto.

Done this the 26th day of January, 2007.

 s/s *Randall Morgan*
RANDALL MORGAN (MOR037)
DAVID W. HENDERSON (HEN072)
Attorneys for Defendant Cecil E. Cameron



EXHIBIT
D

OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
       COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Phone: (334) 834-7600
Facsimile: (334) 263-5969

                              s/s *R. Rainer Cotter, III*
                              R. Rainer Cotter III (COT010)
                              Attorney   for   Defendant   Hertz   Claims
                              Management and The Hertz Corporation

OF COUNSEL:

MARSH, COTTER & STEWART, L.L.P.
Post Office Box 310910
Enterprise, Alabama 36331

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 26th day of January, 2007.

Attorney for Plaintiffs:

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

                              s/s *Randall Morgan*
                              OF COUNSEL



Attorney's
Copy

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual                )
and ETHEL TILLIS, an individual,              )
                                              )
    PLAINTIFFS,              )
                                              )
VS.                                           )          CASE NO. _____
                                              )
CECIL E. CAMERON,                             )
                                              )
    DEFENDANT.               )

### COMPLAINT

### COUNT ONE—NEGLIGENCE

    1.    On or about the 14th day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

    2.    As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

    WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

### COUNT TWO—WANTONNESS

    3.    The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

    4.    On or about the 14th day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE—LOSS OF CONSORTIUM

6.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.      The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife. As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

Please serve the defendant via certified mail as follows:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548

Apr. 29. 2004: 7:35AM  ACAMB                    334 222 2696  No. 1464  P. 22

**Attorney's Copy**

| State of Alabama Unified Judicial System | **SUMMONS** | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | **- CIVIL -** | CV. 2004- 49 |

IN THE ___CIRCUIT___ COURT OF ___COFFEE (ELBA DIVISON___ COUNTY

**Plaintiff** LAYTHRON TILLIS, an individual **v. Defendant**   CECIL E. CAMERON
and ETHEL TILLIS, an individual

**NOTICE TO** CECIL E. CAMERON, 33A Magnolia Avenue, Ft. Walton Beach, Florida 325·

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.  A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ___Thomas B. Albritton___ WHOSE

ADDRESS IS ALBRITTONS, CLIFTON, ALVERSON, MOODY & BOWDEN, P.C., P. O. Box 880, Andalusia, AL.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

36420

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of ___Plaintiffs___ pursuant to the Alabama Rules of Civil Procedure.

Date _____    _____ By: _____

Clerk/Register

☒ Certified Mail is hereby requested.    _Thomas B. Albritton (signature)_

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
(Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____
(Date)

APR 2004
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

Date _____

Address of Server _____

Server's Signature _____

Type of Process Server _____

**Attorney's Copy**

| | COVER SHEET | Case Number |
|---|---|---|
| State of Alabama Unified Judicial System | CIRCUIT COURT - CIVIL CASE (Not For Domestic Relations Cases) | C V ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ |
| Form ARCivP-93   Rev. 5/99 | | Date of Filing: ☐ ☐ / ☐ ☐ / ☐ ☐ ☐ ☐   Judge Code: ☐ ☐ ☐ ☐ |
| | | Month   Day   Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ COFFEE COUNTY (ELBA DIVISION) _____, ALABAMA
*(Name of County)*

LAYTHRON TILLIS, an individual and
ETHEL TILLIS, an individual                    v.        CECIL E. CAMERON
_____Plaintiff_____                              _____Defendant_____

First Plaintiff   ☐ Business   ☒ Individual          First Defendant   ☐ Business   ☒ Individual
                  ☐ Government ☐ Other                                  ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☒ TOMV - Negligence: Motor Vehicle
☒ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MBHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☒ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER: _____
                          R ☐ REMANDED              T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☒ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** A L B 0 0 9    4/13/04
                                  Date            *Thomas D. Alvin* (signature)
                                                  Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☐ UNDECIDED

**Attorney's Copy**

# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual and ETHEL TILLIS, an Individual, | ) ) ) | |
| PLAINTIFFS, | ) | CIVIL ACTION NO. CV-2004-49 |
| VS. | ) | |
| CECIL E. CAMERON, | ) | |
| DEFENDANT. | ) | |

## MOTION FOR SERVICE BY PUBLICATION

Comes now the Plaintiff, by and through counsel, and moves this Honorable Court for an Order directing notice of service by publication on Defendant Cecil E. Cameron. As grounds for this motion the Plaintiff adopts by reference the statements contained in the attached Affidavit to obtain service by publication.


_____

Thomas B. Albritton       ALB009
Attorney for Plaintiffs


OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

FILED
J.M. Counts
Court Clerk
Coffee Co. AL

# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, an Individual and ETHEL TILLIS, an Individual, | ) ) |
| PLAINTIFFS, | ) |
| VS. | ) |
| CECIL E. CAMERON, | ) |
| DEFENDANT. | ) |

CIVIL ACTION NO. CV-2004-49

## AFFIDAVIT TO OBTAIN SERVICE BY PUBLICATION

| STATE OF ALABAMA | ) |
|---|---|
| COVINGTON COUNTY | ) |

I, Thomas B. Albritton, being first duly sworn, depose and say on oath as follows:

1.    My name is Thomas B. Albritton and I am the attorney for the Plaintiff in the above-styled action.

2.    I make this Affidavit on personal knowledge in order to obtain service by publication on Defendant Cecil E. Cameron.

3.    The Defendant has been unable to accomplish personal service of process as is indicated by the clerk's notices dated April 14, 2004 and May 14, 2004 . (Ex. "A").

4.    The present residence or location of this Defendant other than as previously served is unknown.

5.    The Defendant's residence or whereabouts cannot be ascertained after the exercise of reasonable diligence.

6.    I have attempted to locate the Defendant by serving him with the Complaint by certified mail at his last known address as contained in the accident report.  I have contacted his insurer to ask his whereabouts, and they cannot give me this information.  Finally, I have attempted to locate an address for the Defendant over the Internet using various online search engines.  None of these methods have resulted in a valid address or location of the Defendant.

Further Affiant saith not.

_Thomas B. Albritton_

Sworn to and subscribed before me on this 1st day of _July_, 2004.

_Paula S. Zillman_
Notary Public

My commission expires:

_July 20, 2006_

(NOTARIAL SEAL)

FILED
J.M. Counts
Court Clerk
Coffee Co. AL

On-Line SJIS Case Detail: ALBRITTONS CLIFTON ALVERSON & MOODY    Page 1 of 2



*alacourt.com's*

*Alabama SJIS Case Detail*

| Settings | Parties | Case Action Summary | Witness List | Financial |
|---|---|---|---|---|

| Case | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| County | 19 | Case Number | ⊕CV 2004 000049 00 | JID | | RWB | Trial | J |
| Style | LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON | | | | | | | |
| Code | TOMV | Type | NEGLIGENCE MOTOR VEH | Filed | | 04132004 | Track | |
| Amount | | Status | ACTIVE | Plaintiffs | | 002 | Defendants | 001 |
| DJID | | Court Action | 00000000 | | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | | No Damages | |
| Trial Days | | Lien | | | | | | |

| Settings | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date 1 | | Que 1 | | Time 1 | | Description | |
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | | 0000 000000 00 | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

| Party 1 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 001 | Name | TILLIS LAYTHRON | | | Type | INDIVIDUAL |
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

| Party 2 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 002 | Name | TILLIS ETHEL | | | Type | INDIVIDUAL |
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not O | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |

http://gateway.alacourt.com/CaseDetail.Asp?CaseNum=CV2004000049&ext=00&County=...    7/1/2004

EXHIBIT "A"

On-Line SJIS Case Detail: ALBRITTONS CLIFTON ALVERSON & MOODY        Page 2 of 2

| AMT | | Cost | | | Other | | Satisfied | |
|---|---|---|---|---|---|---|---|---|
| Comment | | | | | | | | |
| Party 3 | | | | | | | | |
| Party | D 001 | Name | CAMERON CECIL E | | | | Type | INDIVIDUAL |
| INDX | C TILLIS | ANAM | | | | | JID | RWB |
| SSN | | Address 1 | 33A MAGNOLIA AVE | | | | Sex | |
| DOB | | Address 2 | | | | | Race | |
| Country | US | City | FT WALTON BCH FL 32548 0000 | | | | Phone | 334 000 0000 |
| Atty 1 | | Atty 2 | | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | | |
| Issued | 04132004 | Type | C CERTIFIED MAI | | Reissue | 05142004 | Type | C CERTIFIED MA |
| Return | 06042004 | Type | C UNCLAIM CERT | | Return | | Type | |
| Service | | Type | | | Serv On | | By | |
| Answer | | Type | | | NS Not | | NA Not | |
| Warrant | | Type | | | Arrest | | | |
| CACT | | Date | | | For | | Exep | 0 |
| AMT | | Cost | | | Other | | Satisfied | |
| Comment | | | | | | | | |

Case Action Summary

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 04132004 | 1331 | FILE | FILED THIS DATE: 04/13/2004 (AV01) | PSH |
| 04132004 | 1331 | ORIG | ORIGIN: INITIAL FILING (AV01) | PSH |
| 04132004 | 1331 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | PSH |
| 04132004 | 1331 | TDMJ | JURY TRIAL REQUESTED (AV01) | PSH |
| 04132004 | 1331 | ASSJ | ASSIGNED TO JUDGE: ROBERT W BARR (AV01) | PSH |
| 04132004 | 1332 | PART | TILLIS LAYTHRON ADDED AS C001 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1332 | PART | TILLIS ETHEL ADDED AS C002 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C002: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1333 | PART | CAMERON CECIL E ADDED AS D001 (AV02) | PSH |
| 04132004 | 1333 | CASP | CASE ACTION SUMMARY PRINTED (AV02) | PSH |
| 05142004 | 1151 | SUMM | CERTIFIED MAI ISSUED: 04/13/2004 TO D001 (AV02) | PSH |
| 05142004 | 1151 | RETU | RETURN OF UNCLAIM CERT ON 05/01/2004 FOR D001 | PSH |
| 05142004 | 1151 | REIS | REISSUE OF CERTIFIED MA ON 05/14/2004 FOR D001 | PSH |
| 06252004 | 1043 | RETU | RETURN OF UNCLAIM CERT ON 06/04/2004 FOR D001 | PSH |



FILED
J.M. Collins
Court Clerk
Coffee Co, AL



CERTIFIED MAIL™



7002 2410 0003 7261 6728





UNCLAIMED

Mr. Cecil E. Cameron
33A Magnolia Avenue
Ft. Walton Beach, Florida 32548

32548+3623 02

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, an Individual and ETHEL TILLIS, an Individual, | ) ) ) |
| PLAINTIFFS, | ) |
| VS. | ) |
| CECIL E. CAMERON, | ) |
| DEFENDANT. | ) |

CIVIL ACTION NO. CV-2004-49

## ORDER FOR SERVICE BY PUBLICATION

The Plaintiff having made a Motion for Service by Publication supported by the Affidavit of Thomas B. Albritton, stating that Defendant is avoiding service and his present location or residence is unknown; and it appearing that the Plaintiff has filed a Complaint seeking damages in excess of $10,000.00 for negligence and wantonness. It is:

ORDERED AND ADJUDGED that Defendant Cecil E. Cameron, answer the Complaint of the Plaintiff by the ___12___ day of ___SEPTEMBER___, 2004, or thereafter a judgment by default may be rendered against said Defendant. It is further

ORDERED that this Order and notice be published once a week for four successive weeks in the Elba Clipper, a newspaper of general circulation in Coffee County, Elba Division, Alabama.

Done this _12ᵗʰ_ day of _July_, 2004.

_____
CIRCUIT JUDGE

JUL 2004
FILED
J.M. County
Court Clerk
Coffee Co. Al.

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                                  )
        Plaintiffs,               )
                                  )
vs.                               )    CV-2004-49
                                  )
CECIL E. CAMERON,                 )
                                  )
        Defendant.                )

## MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND MOTION TO QUASH SERVICE

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith moves this Court to deny plaintiff's motion for service by publication and to quash the purported service and in support assigns the following grounds separately and severally:

The grounds relied upon by plaintiff are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. ARCP 4.3(a)(1).

The affidavit submitted in support of plaintiff's motion did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the ARCP. Case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough

1

for a court to allow service by publication in this instance. Plaintiff must allege specific facts which show that Cameron has avoided service, rendering him culpable. *Vaughn v. O'Neal*, 736 So.2d 635, 638 (Ala. Civ. App. 1999). Merely not being able to effectuate service is insufficient. In *Fisher v. Amaraneni*, 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the instance case has not satisfied the requirements to allow service by publication and therefore service should be quashed.

WHEREFORE, THESE PREMISES PRAYED, defendant moves this Court to deny plaintiff's motion for service by publication and to quash service.

Respectfully submitted this the 20th day of September, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 20th day of September, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

2



IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| **LAYTHRON TILLIS, an Individual and ETHEL TILLIS, an Individual,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | **CIVIL ACTION NO. CV-2004-49** |
| **VS.** | ) | |
| **CECIL E. CAMERON,** | ) | |
| **DEFENDANT.** | ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO QUASH SERVICE AND PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT

Come now the Plaintiffs, Laythron Tillis and Ethel Tillis, and move this Court to deny the Defendant, Cecil E. Cameron's Motion to Quash Service and further move this Court to grant a Default Judgment in their favor. In support of these Motions, the Plaintiff says as follows:

1.      On April 13, 2004, the Plaintiffs filed the above-referenced lawsuit in the Circuit Court of Coffee County.

2.      The Plaintiffs attempted service, but service was avoided by Cecil E. Cameron. At the same time that the Plaintiffs were attempting to get service on the Defendant, Special Counsel for the Defendant refused to accept service on behalf of the Defendant, or to advise how the Plaintiffs could obtain service at an address that was different from the one they had.

3.      Consequently, when service was twice refused and after all attempts to locate an additional address failed, the Plaintiffs moved this Court for Service By Publication. This Court ordered Service By Publication. The Publication ran in the Elba Clipper on July 22nd, July 29th, August 5th and August 12, 2004. The Publication required the Defendant to Answer by September 12, 2004, or thereafter default judgment could be rendered against the Defendant.

4.    Counsel for the Defendant is only appearing for the special purpose of opposing Service By Publication.  The Defendant is not subjecting himself to the jurisdiction of this Court nor is he conceding representation for the Defendant generally.  The Defendant has not Answered the Complaint.

5.    This case was filed over five months ago and should not be delayed because of the issue of Service By Publication, especially when Special Counsel has been in contact with the Defendant, Cecil E. Cameron, has been on notice of this claim prior to its filing, and is merely attempting to delay the adjudication of this case on the merits.

6.    The Defendant has failed to Answer the Complaint as directed in the Court's Order and, for this reason, the Plaintiffs are due a default judgment against the Defendant for his failure to Answer, consistent with the Court's Order in this regard.

WHEREFORE, the Plaintiffs move this Court to deny the Defendant's Motion to Quash Service, and to enter a default judgment against the Defendant for his failure to Answer the Complaint in the time and manner prescribed by law.

Thomas B. Albritton          ALB009
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _21st_ day of _September_, 2004:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

Of Counsel

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CV-2004-49 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION IN RESPONSE TO PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT AND REQUEST FOR HEARING

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith moves this Court to deny plaintiffs' Application for Default Judgment, or in the alternative, defendant requests a hearing on this matter. As grounds, defendant states the following:

1.  Defendant's counsel did not receive adequate notice of plaintiffs' Motion for Service by Publication or the Court's order for service by publication because plaintiffs' counsel did not list defendant's counsel on the Certificate of Service.

2.  Plaintiffs' counsel was aware prior to filing his Motion for Service by Publication that undersigned law firm had been retained to defend Cecil E. Cameron, upon proper service.

3.  Defendant's counsel has not been in contact with Cecil E. Cameron and his whereabouts are unknown, contrary to plaintiffs' counsel's belief.

1

4.   Plaintiffs' counsel's affidavit submitted in support of plaintiffs' Motion for Service by Publication did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the *Alabama Rules of Civil Procedure* and should be denied.

5.   Defendant's counsel made an appearance in this case by filing its Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service on September 21, 2004 before plaintiffs filed its Application for Default Judgment and before a ruling of default judgment has been entered by this Court.

6.   Therefore, under Rule 55 of the *Alabama Rules of Civil Procedure*, the entry of an order of default judgment is not proper when the adverse party has made an appearance in the case.

7.   A default judgment is not a favored means of adjudicating a lawsuit.

8.   To grant plaintiffs' Application for Default Judgment would unduly prejudice defendant and would not conform to the law.

WHEREFORE, THESE PREMISES PRAYED, defendant moves this Court to deny plaintiffs' Application for Default Judgment, or in the alternative, defendant requests a hearing on this matter.

Respectfully submitted this the 22nd day of September, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

2

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
      COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

## ORAL ARGUMENT REQUESTED

DAVID W. HENDERSON

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 22nd day of September, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

3

*amt on CALENDAR*

```
AVSO351                                                    CV 2004 000049.00

                                          JUDGE: ROBERT W BARR
----------------------------------------------------------------------------
                      ALABAMA JUDICIAL DATA CENTER
                         CASE ACTION SUMMARY
                            CIRCUIT CIVIL
----------------------------------------------------------------------------
   IN THE CIRCUIT  COURT OF   COFFEE      COUNTY

  LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON
  FILED:  04/13/2004 TYPE: NEGLIGENCE MOTOR VEH TYPE TRIAL: JURY    TRACK:
****************************************************************************
DATE1:              CA:              CA DATE:
DATE2:              AMT:     $.00 PAYMENT:
DATE3:
----------------------------------------------------------------------------
PLAINTIFF  001: TILLIS LAYTHRON
                                     ATTORNEY: ALBRITTON THOMAS BYNUM
                                     ALB009    P O BOX 880
              , AL  00000-0000
              PHONE: (334)000-0000                ANDALUSIA, AL  36420
ENTERED:  04/13/2004 ISSUED:         TYPE:            (334)222-3177
SERVED:              ANSWERED:       JUDGEMENT:
----------------------------------------------------------------------------
PLAINTIFF  002: TILLIS ETHEL
                                     ATTORNEY: ALBRITTON THOMAS BYNUM
                                     ALB009    P O BOX 880
              , AL  00000-0000
              PHONE: (334)000-0000                ANDALUSIA, AL  36420
ENTERED:  04/13/2004 ISSUED:         TYPE:            (334)222-3177
SERVED:              ANSWERED:       JUDGEMENT:
----------------------------------------------------------------------------
DEFENDANT  001: CAMERON CECIL E
              33A MAGNOLIA AVE          ATTORNEY:   David W. Henderson
              FT WALTON BCH, FL  32548-0000
              PHONE: (334)000-0000
ENTERED:  04/13/2004 ISSUED: 4/13/04  TYPE: Certified
SERVED:              ANSWERED:         JUDGEMENT:
```

5-7-04 D not served, mailed unclaimed

5-14-04 Sd. issued again, Certified Mail

6-4-04 Certified Mail unclaimed, cc: T. Albritton

7-2-04 Motion for Service by Publication

7-12-04 Order Motion for Service by Publication granted, cc:
          T. Albritton

7-19-04 Publication Order faxed to the Elba Clipper

7-21-04 Motion in opposition to Plaintiffs Motion for Service
         by Publication and Motion to Quash Service

7-23-04 Motion in Response to D's application for Default And
         Request for hearing

9/23/04 Defendant Cameron's Motion are set for hearing on
         October 6, 2004 at 9:00 AM
                        Charles Stein Circuit Judge

```
CH   04/13/2004                                      CV 2004 000049.00
```

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS AND ETHEL TILLIS, | * | |
| | * | |
| | * | CASE NO.:    CV2004-49 |
| PLAINTIFFS, | * | |
| | * | |
| VS. | * | |
| | * | |
| CECIL E. CAMERSON, | * | |
| | * | |
| DEFENDANT. | * | |
| | * | |

### *O R D E R*

This came before this Court on Defendant's Counsel David W. Henderson of Hill,

Hill, Carter, Franco, Cole and Black's Motion to Quash Service.  A hearing was held.

The Defendant's attorney during the hearing stated that he was representing the

Defendant's interests, that he had not had contact with the Defendant since the date of the

renting of the automobile the Defendant was driving at the time of the accident and that

he would not accept service of process for the Defendant.

It is noted in <u>Vaughan v. O'Neal</u>, 736 So2d 635 at 638 (Ala Civ. App. 1999) that:

> "the draftsmen [of Rule 4.3] required proof of 'culpability' or a 'hiding
>
> out' by a Defendant before....in personam judgment can be entered on
>
> service by publication."

It further states in this case that the trial Court must make a finding of avoidance upon the

moving party's showing.

In this case the Plaintiff has attempted service by certified mail twice with both

being returned, unclaimed, attempted to find a different address for the Defendant via

internet searches, attempted to obtain service through the attorney representing the

Defendant's interest in this case which was refused and requested from the attorney

representing the Defendant's interest in this case an address by which the Defendant can

be served which was refused or as stated in open Court that he did not know where the

Defendant was located.

This appears to this Court to meet the requirement of culpability or a hiding out

by the Defendant and therefore, this Court makes a finding of avoidance on the part of

the Defendant.

The Defendant's Motion to Quash service by publication is hereby ***DENIED.***

The Plaintiff's Motion for Entry of Default is ***GRANTED.***  A hearing on

Plaintiff's Motion for Default Judgment is set for November 3, 2004 at 10:00 a.m. in the

Coffee County Courthouse, Elba Division, Alabama, unless the Plaintiff files the

appropriate affidavits as allowed by the rules of civil procedure in support of their Motion

for Default Judgment prior to that date.

This the 6th day of October 2004.

ROBERT W. BARR
Circuit Judge

OCT 2004
FILED
J.M. Counts
Court Clerk
Coffee C

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual    )
and ETHEL TILLIS, an individual,    )
                         )

      PLAINTIFFS,       )
                         )

VS.                       )      CASE NO. 2004-49
                         )

CECIL E. CAMERON,       )
                         )

      DEFENDANT.     )

## NOTICE OF FILING AFFIDAVITS

COME NOW the Plaintiffs and hereby give notice of their filing of the following as evidence of their damages for purposes of the default judgment that has been entered in this case:

1.     Affidavit of Mr. Laythron Tillis;

2.     Affidavit of Dr. Clark Metzger;

3.     Affidavit of Ms. Ethel Tillis.

                                    _Thomas B. Albritton (ALB009)_
                                    Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN, P.C.
109 Opp Ave.
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the ___28th___ day of _October_ , 2004:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548

Mr. David W.Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Of Counsel



COPY

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| VS. | ) ) | CASE NO. CV-2004-49 |
| CECIL E. CAMERON, | ) ) | |
| DEFENDANT. | ) | |

### AFFIDAVIT OF MR. LAYTHRON TILLIS

Comes now the Plaintiff, Laythron Tillis, and after being duly sworn, testifies and says as follows:

1.    My name is Laythron Tillis and the information contained in this affidavit is based on my first-hand knowledge of the facts as contained herein.

2.    On April 14, 2002, I was sitting at a traffic light waiting for it to turn, when I was rear ended by a vehicle being driven at a high rate of speed considering the fact that we were in traffic and I was stopped at a light. The vehicle was being driven by Mr. Cecil Cameron and at the time of the accident he was pulling a boat behind a truck. I had been stopped at the light for a while before the wreck happened, so I can only assume that Mr. Cameron was not paying attention to what he was doing before he hit me.

3.    After the accident, I experienced neck and back pain. I have had pain and numbness in my legs and feet. The bottom of my feet hurt at times. The back of my thighs hurt and my lower legs hurt and are numb at times. These problems often wake me up at night, or make it very difficult for me to go to sleep. Although the pain goes away some times, it always comes back. It has interfered with my ability to work at times and it has made me irritable. I did not

have these problems before the accident.

I am taking narcotic pain medication deal with this pain, and it will temporarily help me. When I am on the pain medication I am drowsy and it affects my ability to think clearly. I have been treated by six doctors for these problems over the last two years and I have gone through pain management. None of these doctors has been able to make my pain go away. Pain management involves getting shots in my back that hurt and the doctor advises me that there are risks associated with that procedure. This pain management therapy has not resolved my pain issues. I am currently being treated by Dr. Clark Metzger, an orthopaedic surgeon in Andalusia, Alabama, who I was referred to by my family doctor in Opp, Dr. Stephen Davis. I attach to this affidavit my records from Dr. Davis. Dr. Metzger has ordered pain management shots for me, as I have had before, and they have not successfully relieved my pain.

4.    To date, my medical bills are in excess of $10,000.00. I suffered property damage of $1,600.00 in the accident.

FURTHER AFFIANT SAYETH NOT.

Mr. Laythron Tillis

STATE OF ALABAMA    )
COVINGTON COUNTY    )

I,  Paula S. Tillman  , a Notary Public in and for said County, in said State, hereby certify that Mr. Laythron Tillis whose name is signed to the foregoing affidavit and who is known to me, after first being duly sworn, acknowledged before me on this day that, being informed of the contents of this affidavit, and having reviewed same, that said affidavit is true and is based on his first-hand knowledge of the facts contained herein; he then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this  27th  day of  October  2004.

_Paula S. Tillman_
Notary Public

My commission expires:

July 20, 2006
(NOTARIAL SEAL)

| DATE | | SUBSEQUENT VISITS AND FINDINGS |
|---|---|---|
| MO. | DAY | YR. | |

*[handwritten clinical notes]*

5/1/02   Wt. 208½.          B/p 104/60 —          HR 68.
c/o follow up visit on MVA; Pt. state neck
is still stiff and back of leg sore.

*[illegible handwritten notes]*

TILLIS, LAYTHON                    5/1/02
Comes in today. He had been involved in a MVA on 4/14. He was hit in the
rear end by another vehicle. He is still having a little bit of soreness
in the neck, but he said it is actually almost gone. Having some
soreness in the low back region. Some numbness down the back of his left
leg and around the lateral aspect of his ankle. He said it feels like
something is crawling on his ankle. Straight leg raising test is
negative. So if this is sciatica, it is very low grade. I suspect
primarily it is just lumbar strain with muscle spasms mild. I'm going to
treat him with some Ibuprofen 600 mg t.i.d.

5/20/02  Wt. 204½.          B/p. 110/62  HR. 80
c/o follow up visit. MVA. 4/14/02.

*[illegible handwritten notes]*

TILLIS, LAYTHON                    5/20/02
Comes in today for follow-up visit after his motor vehicle accident on
4/14/02. The patient had been involved in a motor vehicle accident in
which he had been hit from behind. Since I saw him on 5/1, he has been
complaining of some soreness in the low back with radiation down the
posterior aspect of the leg, lateral aspect of the lower leg and then on
the outer foot. Now he is complaining of burning sensation and pain in
the plantar surface of the foot and with pain that starts out in the
back.
DIAGNOSIS: Continued sciatica. Status post motor vehicle accident.
TREATMENT: We're going to do an MRI.

| DATE | | | SUBSEQUENT VISITS AND FINDINGS |
| MO. | DAY | YR. | |
|---|---|---|---|
| 5 | 29 | 01 | Called gave results of MRI - if pain continues will _get in touch_ c Dr. to help c pain |
| 5 | 30 | 02 | Mr. Tillis needs to go by Dr. Metzger office and pick up new pt. information forms to be sent to Dr. Buchalter before they can set up an appt. Pt. has been notified. |
| 5 | 30 | 02 | Wt 203 ½   BP 104/60   HR 72 Ch. back & + legs + heels pain en MVA. 4/14/02 - follow up Weeks |
| | | | Medrol 4mg Dsp pk |
| | | | Vicod   3↓   X 1 |

TILLIS, LAYTHON          5/30/02
Comes in today complaining of back pain, leg pain and down into the heels. He was in a MVA on 4/14/02. We have scheduled him to see Dr. Buchalter. His MRI showed a bulging disk with some ligamentum of flavum hypertrophy with possibility of some spinal stenosis at L4,L5 level. Certainly he wants to avoid surgery at all costs if he can and probably surgery is not indicated at this time. He is being referred to Dr. Buchalter for possible epidural injections. I'm going to try to give him some Medrol 4 mg Dosepak to see if some steroids will improve this and he has asked now for something for pain. He was given Vicodin .0, q.6 hours p.r.n. pain with one refill. He reports that the Ibuprofen just is not helping him.

| | | | |
|---|---|---|---|
| 11 | 4 | 02 | Wt 220   BP 110/64   P 82 - |
| | | | Back hurting - worse pain since MVA 4/14/02 heels to bend over |
| | | | Seeing pain dr. in Andalusia — tried Methocarbanol 250 c Bid - Miggwin Caps. c Bid for Pain |
| | | | Tizanidine 4mg 1 to 1½ tabs Bid - PRN |
| | | | Wysoperin 3↓ + Flexerin |

| DATE | | | SUBSEQUENT VISITS AND FINDINGS |
|---|---|---|---|
| MO. | DAY | YR. | |

**TILLIS, LATHRON**          11/4/02

Comes in today complaining of back hurting worse. He had originally had a motor vehicle accident on 4/14/02. He had been under the care of Dr. Cartia in Andalusia. He is taking Miquin, which is generic Midrin and _____ 4 mg 1 1/2 tablets b.i.d. for muscle spasms. He said it hurts to bend, hurts to extend himself. He has been off work this week because of the Mill being closed. He is unsure whether he hurt himself or whatever.
DIAGNOSIS: Low back pain with some muscle spasms.
PLAN: Wygesic 30, q.6 hours p.r.n. pain. Continue on his other medication. Continue the exercises.

12/5/02  Wt. 219 1/2          B/p 110/70     HR. 76
C/O followup visits.

Rx refill: Wygesic 30 b.k. prn pain
tizanidine 4 mg tauts - i tab bid

Was not seen Dr D Cartins since dy
2 weth. of the routr.

**TILLIS, LAYTHON**          12/5/02

Comes in today for a follow-up visit. He needs his Wygesic refilled. Also he is on Tizanidine 4 mg a day. He is taking 1/2 to 1 tablet b.i.d. Dr. Cartia has him on those for muscle relaxation.
DIAGNOSIS: Lumbar pain with radicular radiation secondary to muscle spasms.
TREATMENT: Continue on the medication and new prescriptions have been written.

| DATE | | | SUBSEQUENT VISITS AND FINDINGS |
|---|---|---|---|
| MO. | DAY | YR. | |

**TILLIS, LAYTHON**          2/18/03

Comes in today complaining of the back of his head having pain, pain in his back from a previous motor vehicle accident in April 2002. He said his neck burns up into his scalp from time to time. It burns in the cervical dorsal junction up into the upper thoracic region. He also has some pain in his low back on the left side and into his left buttock. He has had previous CAT scan or MRI which has shown a bulging disk, but not frank herniation, there could be more bulging to the left or impinging the left. There was very mild ligament of flavum hypertrophy. For his upper neck, it acts more like cervical muscle spasms recurrent and probably lumbar muscle spasm. I'm going to try him on Skelaxin 800 mg t.i.d., Ultram 50 mg q.4-6 hours p.r.n. for pain, Lodine 400 mg b.i.d. He is going to follow-up with me. If he does not improve, we will refer him to an orthopedic doctor. We discussed Dr. Cartia taking care of him. Apparently about the only thing that Dr. Cartia did was recommend that he have physical therapy and made a determination that epidural and any kind of back injections would be of no benefit.

**THILLIS, LAYTHON**          3/5/03

Comes in today for a follow-up visit. His back is about the same. It is not any better or any worse. He said that the neck bothers him some, but it is primarily in the lower back area that he has lumbar muscle spasm. He is on Lodine, Skelaxin. He is not on any other medication. Previously a pain management doctor did not feel that anything else would help with him. MRI's were basically negative except for bulging disks.

DIAGNOSIS: Recurrent low back pain.

PLAN: We're going to refer to an orthopedic doctor for further studies.

| NO. | DATE | | SUBSEQUENT VISITS AND FINDINGS |
| | DAY | YR | |

5/5/04 wt 209 BP 140/80 P 72
c/o back hurting down legs. Worse in last few weeks — center of back hurts back of legs burning

Lumbar S/s Z mw Tv

TILLIS, LATHON    5/5/04
Comes in today complaining of back hurting. It is radiating down both legs. It is worse in the last few weeks. He originally hurt his back a couple of years ago. He has pain in the low back with radiation down the posterior aspect of the leg.
DIAGNOSIS: Lumbar pain with radicular radiation.
PLAN: We're going to do another MRI. The one we did two years ago was essentially negative. Did not show any disk disease at that time.

5/12/04 Called, mr. Tillis Concerning MRI little but more pronounced will make appt to Dr. Metzger & Verbal Understanding and to take MRI

5/13/04 appt @ Dr. Metzger. 5-20-04 @ 10:45 app - pt notified

# Mi....ll Memorial Hospital

An Affiliate J. Baptist Health Care and Voluntary Hospitals of America, Inc. VHA

RADIOLOGIST(S):
PAUL J. ANDERSON, M.D.
RAUL P. OLAZABAL, M.D.

## X—RAY REPORT

| FAMILY NAME | FIRST NAME | MIDDLE NAME | ROOM NO. | HOSP. NO. |
|---|---|---|---|---|
| TILLIS | LAYTHRON | SR | OP | 3 ' 02 |

| DOCTOR | | SEX | AGE-YEARS | X-RAY NO. |
|---|---|---|---|---|
| STEVEN J. DAVIS, D.O. | | M | 42 | 303 |

| EXAMINATION REQUESTED | MRI L SPINE | DATE | | |
|---|---|---|---|---|
| | | | 05/21/02 | 1 / 1/59 |

X-RAY REPORT

## MRI LUMBAR SPINE:

T1 and T2 weighted sequences were performed using multiplanar imaging. The patient has loss of T2 signal at the L4-5 disc space indicating disc desiccation. The disc space height app m t fairly well maintained currently. There is a bulging disc at that level which narrows the spinal canal. There is also associated ligamentum flavum hypertrophy which produces some additional narrowing. No acute fracture or mass is appreciated.

## IMPRESSION:

PROMINENT BULGING DISC AND LIGAMENTUM FLAVUM HYPERTROPHY NARROWING THE CANAL AT THE L4-5 LEVEL. THERE IS A SLIGHT LEFT SIDE PREDOMINANCE.

VEM/bg
DD: 05/21/02    DT: 05/21/02

VINCENT E. MARTIN, M.D.

SIGNATURE OF RADIOLOGIST

## MIZELL MEMORIAL HOSPITAL
### OPP, ALABAMA

---

### RADIOLOGY

---

| | | | | | |
|---|---|---|---|---|---|
| Patient Name: | **TILLIS LAYTHRON SR** | | | Acc Number: | **160440** |
| Age: | **44** | Sex: | **M** | Admit Phy: | **DAVIS S** |
| Birthdate: | **12/31/1959** | Stay Type: | **O/P** | Ordering Phy: | **DAVIS S** |
| Admit Date: | **05/10/04** | Room: | | Family Phy: | **DAVIS S** |
| Disch Date: | **PATDISCHARGE** | Phone: | **334/493/4399** | X-ray Number: | **3038** |
| Location: | | | | Med Rec Num: | **032592** |

=>MRI ORDER<=                    COMPLETE:05/10/04 15:22  MRC 93680
**DX: LOW BACK PAIN WITH RADICULAR PAIN       COPY TO DR**
**MRI LUM W/O CO 72148       72148 . COMPLETE:05/10/04 15:22  MRC 93691**

---

*** Unsigned transcriptions represent a preliminary report and do not reflect
corrections, additions, and/or subtractions to the information contained in this report***

---

### MRI LUMBAR SPINE:
Sagittal T1 and T2 sequences are obtained with axial targeted sequences at the 3-4, 4-5, and 5-1 disk
space levels. Comparison is made with only portions of a previous examination.

Vertebral body heights are adequately defined with no marrow signal abnormalities. There is
desiccation of the 5-1 disk, there is a vestigial S1-2 disk.

Sagittally there is minimal posterior disk bulge at 4-5, but moderate degree of disk bulge posteriorly at
5-1 to include disk protrusion partly effacing the epidural fat on the T1 sagittal sequences, this is more
apparent on the right than left side.

Axially the 3-4 and 4-5 levels are well maintained with no stenosis or disk herniation. At
L5-S1 there is partial effacement of the epidural fat, but not complete, midline disk bulge is identified,
which may be an intra annular herniation with a small caudally displaced pattern.

### IMPRESSION:
ABNORMAL PATTERN AT L5-S1 WITH DESICCATION, DISK BULGE, AND EFFACEMENT
OF THE NERVE ROOTS. SIMILAR PATTERN WAS EVIDENT, HOWEVER, ON THE
PREVIOUS STUDY AND THERE HAS BEEN LITTLE INTERVAL CHANGE, HOWEVER, THE
SMALL CHANGE IDENTIFIED IS MIDLINE AND RIGHT SIDED WITH PARTIAL
EFFACEMENT OF THE EPIDURAL FAT TO A MINIMALLY GREATER DEGREE THAN SEEN
IN MAY 02.


**PJA / BG**
**T: 05/11/04 09:10**
**D: 05/11/04 7:26**                                **Dictated By: P J ANDERSON, M.D.**
**RADIOLOGIST**


                                        **Reviewed and Electronically Signed By:**
                                            **P J ANDERSON, M.D.**
                                            **RADIOLOGIST**


Copy for: File copy printer # 665



COPY

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual          )
and ETHEL TILLIS, an individual,        )
                                        )
    PLAINTIFFS,                         )
                                        )
VS.                                     )         CASE NO. CV-2004-49
                                        )
CECIL E. CAMERON,                       )
                                        )
    DEFENDANT.                          )

AFFIDAVIT OF DR. CLARK METZGER

Comes now the affiant, Dr. Clark Metzger, and after being duly sworn, testifies and says

as follows:

    1.    My name is Dr. Clark Metzger and I am a Board Certified Orthopaedic Surgeon

practicing in Andalusia, Alabama.

    2.    I have had an opportunity to evaluate and recommend treatment for Mr. Laythron

Tillis for a persistent back problem that he has had since he was involved in a motor vehicle

accident in April 2002. Mr. Tillis was referred to me by Dr. Stephen Davis in Opp, Alabama. My

evaluation of Mr. Tillis shows the following.

    3.    Mr. Tillis is a 44 year old African-American male who by history began having

problems with his back in April 2002 after he was involved in a motor vehicle accident in which

he was struck from the rear. He denies that he had problems with his back before the accident,

but since the accident makes complaints of back pain and posterior thigh pain. X-rays and MRI

show canal stenosis (narrowing), foraminal stenosis and central disc bulge.

    4.    Given the type of pain he has, I recommend pain management, physical therapy, and

anti-inflammatory medication for a period of 6 months to a year before considering surgery. If

this treatment is unsuccessful in resolving his pain, then a disc fusion may be necessary. The

reasonable cost for this surgery would be around $60,000.00. Ten to twenty percent of patients

need a repeat of that surgery in the future at the same cost.

5.    It is my opinion, to a reasonable degree of medical certainty, that the problems that

Mr. Tillis complains of were pre-existing but asymptomatic (by history) before his accident in

April 2002; therefore, the April accident was an aggravating event causing his problems. His

problems may or may not be permanent.

FURTHER AFFIANT SAYETH NOT.

_____

Dr. Clark Metzger

STATE OF ALABAMA        )
COVINGTON COUNTY        )

I, _____, a Notary Public in and for said County, in said State,
hereby certify that Dr. Clark Metzger whose name is signed to the foregoing affidavit and who is
known to me, after first being duly sworn, acknowledged before me on this day that, being
informed of the contents of this affidavit, and having reviewed same, that said affidavit is true and
is based on her first-hand knowledge of the facts contained herein; she then executed the same
voluntarily on the day the same bears date.

Given under my hand and official seal this _27_ day of _October_
2004.

_____

Notary Public

My commission expires: MY COMMISSION EXPIRES JAN. 26, 2008

_____
(NOTARIAL SEAL)



COPY

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual          )
and ETHEL TILLIS, an individual,        )
                                        )
          PLAINTIFFS,                   )
                                        )
VS.                                     )          CASE NO. CV-2004-49
                                        )
CECIL E. CAMERON,                       )
                                        )
          DEFENDANT.                    )

### AFFIDAVIT OF MS. ETHEL TILLIS

Comes now the Plaintiff, Ethyl Tillis, and after being duly sworn, testifies and says as follows:

1.    My name is Ethel Tillis and the information contained in this affidavit is based on my first-hand knowledge of the facts as contained herein.

2.    I am Laythron Tillis' wife. On April 14, 2002, my husband was injured in an automobile accident. After the accident, his back has been hurting him. This pain extends from his back into his legs. He has trouble sleeping and he is often irritable. Seeing my husband in pain has bothered me emotionally a great deal, too. Because my husband has been in pain, it has affected our ability to have physical relations as husband and wife to the same degree that we had before his wreck. And because he often hurts, he is not able to help out around the house like he used to. I attach a record from Dr. Stephen Davis to this affidavit.


FURTHER AFFIANT SAYETH NOT.

_Ethel Tillis_
Ms. Ethel Tillis

STATE OF ALABAMA    )
COVINGTON COUNTY   )

I, __Paula S. Tillman__, a Notary Public in and for said County, in said State, hereby certify that Ms. Ethel Tillis whose name is signed to the foregoing affidavit and who is known to me, after first being duly sworn, acknowledged before me on this day that, being informed of the contents of this affidavit, and having reviewed same, that said affidavit is true and is based on her first-hand knowledge of the facts contained herein; she then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this __27th__ day of __October__ 2004.

_Paula S. Tillman_
Notary Public

My commission expires:

__July 20, 2006__
(NOTARIAL SEAL)

| DATE | | | SUBSEQUENT VISITS AND FINDINGS |
|---|---|---|---|
| MO. | DAY | YR. | |
| 9 | 4 | 00 | Wt 206½         BP 100/60 |
| | | | *[handwritten notes]* |
| | | | Saw Dr. Gwinn and he does not believe |
| | | | he is having a problem with his heart |
| | | | He said he thought it might be ulcer |
| | | | and to come see Dr. Davis. |
| | | | Meds now Nexu B-1 |
| | | | Prev Prevacid 3mg 30 2-1 |

TILLIS, LAYTHON          9/19/00
Comes in today. He has seen Dr. Gwinn. He said Dr. Gwinn did not believe
he had any coronary artery disease, felt that it was possibly his ulcer
or stomach. I'd had him on some Zantac with partial relief of symptoms.
If he has problems, it is probably more likely to be gastroesophageal
reflux in nature. However, we don't know that without x-rays.
DIAGNOSIS: Possible acid peptic disease vs. dyspepsia.
PLAN: I'm going to increase him up to Prevacid 30 mg a day for a month
and see how he does. Dr. Gwinn had indicated that he wanted him on
something stronger than what we had put him on originally.

| DATE | | | SUBSEQUENT VISITS AND FINDINGS |
|---|---|---|---|
| 4 | 16 | 02 | Wt 209½      B/p 110/60      HR. 64. |
| | | | Ch. MVA. 4-14-02 — was rear end |
| | | | Now having neck pain. Hasn't seen |
| | | | Doctor for this |
| | | | *[handwritten notes]* |

TILLIS, LATHRON          4/16/02
Mr. Tillis was involved in a MVA on 4/14. He was hit in the rear end by
another vehicle. He is having some soreness bilateral in the mastoid
area and the sternocleidomastoid muscles are slightly tender.
DIAGNOSIS: Kind of like a whiplash or cervical ligamentous strain.
TREATMENT: He is not having much problem. I think we'll just observe him
and we will get cervical x-rays.
He also has difficulty maintaining an erection. He asked for some Viagra
samples. He was given Viagra samples to see if this improves this. He
has no history of heart disease and does not take any nitrate
medications.

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual  )
and ETHEL TILLIS, an individual,  )
          )
  PLAINTIFFS,     )
          )
VS.          )  CASE NO. 2004-49
          )
CECIL E. CAMERON,    )
          )
  DEFENDANT.     )

### ORDER

The Plaintiffs having moved this Court for the entry of damages in the previously-ordered Default Judgment and this Court having considered the affidavits and other evidence offered in support of same, be it hereby:

ORDERED, ADJUDGED and DECREED that judgment be entered for the Plaintiff Laythron Tillis and against the Defendant in the amount of \$_____ for which let execution issue. Judgment is hereby entered for the Plaintiff, Ethel Tillis, and against the Defendant in the amount of \$_____ for her loss of consortium, for which let execution issue.

Costs taxed to the Defendant.

Done this the _____ day of _____, 2004.

_____
Circuit Judge

# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual<br>and ETHEL TILLIS, an individual, | ) <br> ) <br> ) | |
| PLAINTIFFS, | ) <br> ) | |
| VS. | ) <br> ) | CASE NO. 2004-49 |
| CECIL E. CAMERON, | ) <br> ) | |
| DEFENDANT. | ) | |

## MOTION FOR ENTRY OF DAMAGES ON DEFAULT JUDGMENT

COME NOW the Plaintiffs and move this Court to enter damages in the amount of $140,000.00 on the previously-ordered Default Judgment, based on the evidence as contained in the affidavits of Mr. Laythron Tillis, Ms. Ethel Tillis and Dr. Clark Metzger.

The Plaintiffs move this Court for the entry of damages for past and future medical expenses for Mr. Tillis. The offered evidence shows that in light of the fact that conservative medical treatment has been unsuccessful in relieving his pain, Mr Tillis, more probably than not, will require surgery on his back in the future. The Plaintiffs move, as well, for damages for pain and suffering, mental anguish, and property damage for Mr. Tillis.

The Plaintiffs move this Court to assess damages for Mr. Tillis's injuries in the amount of $120,000.00. The evidence offered shows that Mr. Tillis future medical expenses alone could be $120,000.00, without including any damages for pain and suffering, mental anguish, or his property damage. The Plaintiffs move this Court to assess damages for Ethel Tillis's injuries in the amount of $20,000.00 for loss of consortium. The Plaintiffs move, as well, for costs incurred in this action.

_____
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN, P.C.
109 Opp Ave.
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the _28th_ day of _October_, 2004:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

_____
Of Counsel

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual      )
and ETHEL TILLIS, an individual,      )
                             )
       PLAINTIFFS,         )
                             )
VS.                            )        CASE NO. 2004-49
                             )
CECIL E. CAMERON,        )
                             )
       DEFENDANT.        )

### ORDER

The Plaintiffs having moved this Court for the entry of damages in the previously-ordered

Default Judgment and this Court having considered the affidavits and other evidence offered in

support of same, be it hereby:

ORDERED, ADJUDGED and DECREED that judgment be entered for the Plaintiff

Laythron Tillis and against the Defendant in the amount of $ __120,000.00__ for which

let execution issue. Judgment is hereby entered for the Plaintiff, Ethel Tillis, and against the

Defendant in the amount of $ __20,000.00__ for her loss of consortium, for which

let execution issue.

Costs taxed to the Defendant.

Done this the __3rd__ day of __November__, 2004.

_____
Circuit Judge

NOV 2004
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual     )
and ETHEL TILLIS, an individual,

       )

    Plaintiffs,

       )

vs.                   )     CV-2004-49

       )

CECIL E. CAMERON,

       )

    Defendant.           )

*(Court clerk stamp: NOV 2004 FILED, J.M. Counts, Court Clerk, Coffee Co. AL)*

## <u>MOTION TO SET ASIDE ENTRY OF DEFAULT AND REQUEST TO DENY PLAINTIFFS' MOTION FOR ENTRY OF DAMAGES ON DEFAULT JUDGMENT</u>

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith respectfully moves that this Court set aside the entry of default entered by this Court and requests that this Court deny plaintiffs' motion for entry of damages on default judgment, and in support therof of assigns the following grounds, separately and severally:

1.     On or about April 13, 2004, Plaintiffs filed the Complaint in this case.

2.     The plaintiffs attempted service of process on the defendant two times by certified mail on April 13, 2004 and then on May 14, 2004. In each instance, the return receipt came back to the court unclaimed.

3.     According to the office of Circuit Clerk, the plaintiffs did not attempt service of process by a process server on defendant.

4.     Plaintiffs then filed a Motion for Service by Publication which this Court granted on

1

July 12, 2004.

5.    Defendant then filed a Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service on September 21, 2004.

6.    Plaintiffs then filed a Response to Defendant's Motion to Quash Service and Plaintiffs' Application for Default Judgment.

7.    Defendant then filed a Motion in Response to Plaintiffs' Application for Default Judgment and Request for Hearing on September 23, 2004.

8.    A hearing was held on October 6, 2004 wherein this Court denied defendant's motions and granted an entry of default for plaintiffs. Plaintiffs have not filed a Motion for Entry of Damages on Default Judgment.

9.    Rule 55(c) of the *Alabama Rules of Civil Procedure* provides that the Court may set aside an entry of default at any time before judgment.

## FACTS

10.    This case arises as a result of an alleged automobile accident that occurred on or about April 14, 2002, involving one of the plaintiffs, Laythron Tillis, and the defendant, Cecil E. Cameron. At the time of the accident, Cameron was driving a vehicle rented from Hertz Rent-A-Car.

11.    The plaintiffs attempted service of process on the defendant two times by certified mail. In each instance, the return receipt came back to the court unclaimed. The plaintiffs did not attempt service of process by a process server.

12.    Plaintiffs' counsel did not allege facts in his affidavit to the court for service by publication that the defendant attempted to avoid service. No facts have been presented by the plaintiffs that Cameron knew of this lawsuit and was culpable in attempting to avoid service of

2

process.

13.    The last known address of Cameron is 33 A Magnolia Avenue, Ft. Walton Beach, Florida 32548.

14.    Defense counsel made a limited appearance in this case to argue and protect Cameron's interest by opposing plaintiffs' improper service of process by publication.

15.    At no time has defense counsel had contact with Cameron. Defense counsel is unable to accept service in this case on behalf of Cameron because defense counsel does not have Cameron's permission to do so.

## ARGUMENT

### NO EVIDENCE DEFENDANT WAS CULPABLE IN ATTEMPTING TO AVOID SERVICE

16.    The grounds relied upon by the plaintiffs in their motion for service by publication are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. *Ala. R. Civ. P.* 4.3(a)(1).

17.    The affidavit submitted in support of plaintiff's motion for service by publication did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the *Ala. R. Civ. P.*. Case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough for a court to allow service by publication in this instance. The plaintiff must allege specific facts which show that Cameron has avoided service, rendering him

3

culpable. *Vaughn v. O'Neal*, 736 So.2d 635, 638 (Ala. Civ. App. 1999).

18.     There have been no specific facts presented by the plaintiffs to prove that Cameron was culpable and attempting to avoid service. The plaintiffs merely attempted service twice by certified mail with no success. The plaintiffs never attempted service of process by a process server. Merely not being able to effectuate service is insufficient to allow service by publication. In *Fisher v. Amaraneni*, 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the instant case has not satisfied the requirements to allow service by publication, therefore, service by publication was improper. The burden is on the plaintiff who is seeking service by publication to show that the defendant has avoided service, a burden that must be met by more than mere conclusory assertions. See *Kanazawa v. Williams*, 838 So.2d 392 (Ala. Civ. App. 2002).

## THE COURT LACKS *IN PERSONAM* JURISDICTION OVER CAMERON

19.     The entry of default in this case is due to be set aside because this court lacked *in personam* jurisdiction over the defendant because Cameron was never properly served by service of process.

20.     Moreover, personal jurisdiction may not be obtained over a non-resident defendant through service by publication. *Vaughn* Supra at 636. In this case, the last known address of Cameron is in Ft. Walton Beach, Florida. There is no evidence in this case that Cameron is a resident of Alabama. A party seeking service by publication must show affirmatively, by affidavit or otherwise, that the party to be served is a resident, and the trial court must make a finding of residency. Id. at 636. The plaintiffs in this case have never shown by affidavit or otherwise that Cameron was a resident of the State of Alabama. Nor did the court ever make a finding that

4

Cameron was a resident of Alabama. Therefore, service by publication is improper in this case.

## DEFAULT JUDGMENT IS NOT A FAVORED MEANS OF ADJUDICATION

21.    It is well settled in Alabama case law that default judgments are not a favored means

of adjudicating cases. The Alabama Court of Civil Appeals has held that:

> One primary principle of the Alabama Rules of Civil Procedure is
> that the parties to an action should be afforded a prompt and fair trial
> upon the merits. (citation omitted). Inherent in this principle is that
> default judgments are not favored, and, while the trial Court has
> discretion to grant such judgments, the exercise of discretion should
> be resolved in favor of the defaulting party where there is doubt as to
> the propriety of a default judgment. (citation omitted). Thus, in
> determining whether to grant or deny a motion to set aside a default
> judgment, a trial Court should exercise its broad discretionary powers
> with liberality and should balance the equities of the case with a
> strong bias toward allowing the defendant to have his day in Court.

*Hutchinson v. Hutchinson*, 647 So.2d 786, 788 (Ala. Civ. App. 1994). <u>See</u> *also K.S.C.C. v.*

*W.H.C.*, 857 So.2d 830, 833 (Ala. Civ App. 2002). The Alabama Court of Civil Appeals has also

held that "the trial Court must presume that cases should be decided on the merits whenever

practicable. The preservation of a litigant's right to defend on the merits is paramount, and,

therefore, outweighs the promotion of judicial economy." *McCormick v. Congleton*, 860 So.2d

1275, 1279 (Ala. Civ. App. 2003). <u>See</u> *also Aldridge V. Hamilton*, 708 So.2d 194, 195 (Ala. Civ.

App. 1997).

22.    To allow an entry of default to stand in this case against the defendant would unduly

prejudice the defendant when there are no facts to show that defendant knew of this lawsuit and

attempted to avoid service of process. Moreover, to allow this entry of default to stand in this case

would be a clear abuse of this trial Court's discretion.

23.    Plaintiffs will not be substantially prejudiced by the setting aside of this Court's entry

5

of default, if any, because the Plaintiffs will still have the opportunity to present their case to the Court once they properly serve the defendant.

WHEREFORE, for all of the above reasons, Defendant Cecil E. Cameron moves that this Honorable Court set aside the entry of default that has been entered in this case and moves that the Court deny the Plaintiff's Motion for Entry of Damages on Default Judgment.

Respectfully submitted this the 1ST day of NovEmBER, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
        COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 1ST day of NovEmBER, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

6

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| **LAYTHRON TILLIS, an individual**<br>**and ETHEL TILLIS, an individual,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CV-2004-49** |
| | ) | |
| **CECIL E. CAMERON,** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SET ASIDE DEFAULT JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO ALTER, AMEND, OR VACATE JUDGMENT

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and pursuant to Rule 55(c), 59(e) and 60(b) of the ***Alabama Rules of Civil Procedure***, herewith respectfully moves that this Court set aside the entry of default judgment entered by this Court, or in the alternative, moves that this Court alter, amend, or vacate the judgment, and in support thereof of assigns the following grounds, separately and severally:

### STATEMENT OF THE CASE AND FACTS/PROCEDURAL HISTORY

1.     This case arises as a result of an alleged automobile accident that occurred on or about April 14, 2002, involving one of the plaintiffs, Laythron Tillis, and the defendant, Cecil E. Cameron. At the time of the accident, Cameron was driving a vehicle rented from Hertz Rent-A-Car. On or about April 13, 2004, Plaintiffs filed the Complaint in this case. (See Defendant's Exhibit #1, Complaint).

1

2.     The plaintiffs attempted service of process on the defendant two times by certified mail on April 13, 2004 and then on May 14, 2004. In each instance, the return receipt came back to the court unclaimed. (See Defendant's Exhibit #2, Case Action Summary from Alacourt).

3.     According to the office of Circuit Clerk, the plaintiffs did not attempt service of process by a process server on defendant.

4.     Plaintiffs then filed a Motion for Service by Publication which this Court granted on July 12, 2004. (See Defendant's Exhibit #3, Motion for Service by Publication and Order).

5.     Plaintiffs counsel knew the undersigned law firm had been retained to defend Cameron upon proper service and did not list defense counsel on the certificate of service for their Motion for Service by Publication.

6.     Defendant's counsel found out from Alacourt that plaintiffs' motion for Service by Publication had been filed and granted and then defendant's counsel filed a Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service on September 21, 2004. (See Defendant's Exhibit #4, Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service). Defense counsel made a limited appearance in this case to argue and protect Cameron's interest by opposing plaintiffs' improper service of process by publication.

7.     Plaintiffs' counsel did not allege facts in his affidavit to the court for service by publication that the defendant attempted to avoid service. (See Defendant's Exhibit #3). No facts have ever been presented to this Court by the plaintiffs that Cameron knew of this lawsuit and was culpable in attempting to avoid service of process.

8.     Mitch Weinstein, a bodily injury examiner (adjuster), with Hertz Claim Management

2

Corporation, retained the undersigned counsel to defend Cameron. At no time has Weinstein had contact with Cameron regarding this claim or lawsuit despite attempts to contact Cameron by telephone and U.S. Mail. (See Defendant's Exhibit # 5, affidavit of Mitch Weinstein). The last known address of Cameron is 33 A Magnolia Avenue, Ft. Walton Beach, Florida 32548. (See Defendant's Exhibit # 5). To Weinstein's knowledge, Cameron does not know about this claim or lawsuit. (See Defendant's Exhibit # 5). At no time has defense counsel had contact with Cameron. Defense counsel is unable to accept service in this case on behalf of Cameron because defense counsel does not have Cameron's permission to do so.

9.     Plaintiffs then filed a Response to Defendant's Motion to Quash Service and Plaintiffs' Application for Default Judgment. (See Defendant's Exhibit #6, Response to Defendant's Motion to Quash Service and Plaintiffs' Application for Default Judgment).

10.     Defendant then filed a Motion in Response to Plaintiffs' Application for Default Judgment and Request for Hearing on September 23, 2004. (See Defendant's Exhibit #7, Motion in Response to Plaintiffs' Application for Default Judgment and Request for Hearing).

11.     A hearing was held on October 6, 2004 wherein this Court denied defendant's motions and granted an entry of default for plaintiffs. (See Defendant's Exhibit #8, Entry of Default Order). Plaintiffs then filed a Motion for Entry of Damages on Default Judgment. (See Defendant's Exhibit #9, Motion for Entry of Damages on Default Judgment).

12.     Defendant then filed a Motion to Set Aside Entry of Default and Request to Deny Plaintiffs' Motion for Entry of Damages on Default Judgment on November 1, 2004. (See Defendant's Exhibit #10, Motion to Set Aside Entry of Default and Request to Deny Plaintiffs' Motion for Entry of Damages on Default Judgment).

3

13.    On November 3, 2004 a hearing on damages was set in this case. Defense counsel was called by Judge Barr's secretary on November 2, 2004 and notified that the hearing was canceled because Judge Barr had received the plaintiffs' motion for entry of damages on default judgment and accompanying affidavits.

14.    On November 3, 2004, this court denied defendant's motion to set aside entry of default and request to deny plaintiffs' motion for entry of damages on default judgment and entered default judgment against defendant and assessed damages in the amount of $120,000 for plaintiff Laythron Tillis and $20,000 for plaintiff Ethel Tillis. (See Defendant's Exhibit #11, Default Judgment Order).

15.    Defendant now files this Motion to Set Aside Default Judgment, or in the Alternative, Motion to Alter, Amend, or Vacate Judgment.

16.    Rule 55(c) of the *Alabama Rules of Civil Procedure* provides that the Court may set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.

17.    Rule 59(e) of the *Alabama Rules of Civil Procedure* provides that a motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment.

18.    Rule 60(b) of the *Alabama Rules of Civil Procedure* provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...(4) the judgment is void.

4

## ARGUMENT

## ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THERE WAS NO EVIDENCE DEFENDANT WAS CULPABLE IN ATTEMPTING TO AVOID SERVICE

19.     The grounds relied upon by the plaintiffs in their motion for service by publication are not applicable in this case.  Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days.  For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed.  *Ala. R. Civ. P.* 4.3(a)(1).

20.     The affidavit submitted in support of plaintiff's motion for service by publication did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the *Ala. R. Civ. P.*. (See defendant's Exhibit # 3).  Alabama case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough for a court to allow service by publication in this instance.  The plaintiff must allege specific facts which show that Cameron has avoided service, rendering him culpable.  *Vaughn v. O'Neal*, 736 So.2d 635, 638 (Ala. Civ. App. 1999).  The committee comments themselves to Rule 4.3 state that without this element of culpability, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication.  There are substantial constitutional questions presented in this case.

21.     There have been no specific facts presented by the plaintiffs to prove that Cameron was culpable and attempting to avoid service.  The plaintiffs merely attempted service twice by certified mail with no success.  The plaintiffs never attempted service of process by a process server.  Merely not being able to effectuate service is insufficient to allow service by publication.  In *Fisher*

5

*v. Amaraneni*, 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the instant case has not satisfied the requirements to allow service by publication, therefore, service by publication was improper. The burden is on the plaintiff who is seeking service by publication to show that the defendant has avoided service, a burden that must be met by more than mere conclusory assertions. See *Kanazawa v. Williams*, 838 So.2d 392 (Ala. Civ. App. 2002).

22.    This Courts holding in it's October 6, 2004 order that the defendant was culpable because "Plaintiff has attempted service by certified mail twice with both being returned, unclaimed, attempted to find a different address for the Defendant via internet searches, attempted to obtain service through the attorney representing the Defendant's interest in this case which was refused and requested from the attorney representing the Defendant's interest in this case an address by which the Defendant can be served which was refused or as stated in open Court that he did not know where the Defendant was located" is insufficient grounds under Alabama law to show culpability on behalf of the defendant and does not show that the defendant attempted to avoid service. (See defendant's Exhibit # 8).

### ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THE COURT LACKS *IN PERSONAM* JURISDICTION OVER CAMERON

23.    The entry of default judgment in this case on November 3, 2004 is due to be set aside pursuant to *Ala. R. Civ. P.,* Rule 60(b)(4) because this court lacked *in personam* jurisdiction over the defendant, Cameron, and therefore, the judgment is void. Rule 60(b), *Ala. R. Civ. P.,* provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...(4) the

6

judgment is void." Rule 60(b)(4), *Ala. R. Civ. P.*, provides relief from a final judgment where the court that rendered it lacked jurisdiction over the subject matter or over the parties. *Kanazawa* <u>Supra</u> at 394. "It is well settled that failure of proper service under Rule 4, *Ala. R. Civ. P.*, deprives a court of jurisdiction and renders judgment by default void." *Vaughn* <u>Supra</u> at 636; *Shaddix v. Shaddix*, 603 So.2d 1096, 1098-99 (Ala. Civ. App. 1992); <u>See</u> *Bieber v. Bieber*, 623 So.2d 1163 (Ala. Civ. App. 1992). In this case, this court lacked *in personam* jurisdiction because service of process was improper. Therefore, where service of publication is improper, a judgment is void for lack of *in personam* jurisdiction and should be set aside.

24.     Moreover, it is well settled that personal jurisdiction may not be obtained over a non-resident defendant through service by publication. *Vaughn* <u>Supra</u> at 636; *P.D. v. J.K.*, 636 So.2d 681 (Ala. 1994); *Wise v. Siegel*, 527 So.2d 1281 (Ala. 1988); *Braley v. Horton*, 432 So.2d 463 (Ala. 1983). In this case, the last known address of Cameron is in Ft. Walton Beach, Florida. There is no evidence in this case that Cameron is a resident of Alabama. A party seeking service by publication must show affirmatively, by affidavit or otherwise, that the party to be served is a resident, and the trial court must make a finding of residency. *Id.* at 636. The plaintiffs in this case have never shown by affidavit or otherwise that Cameron was a resident of the State of Alabama. Nor did the court ever make a finding that Cameron was a resident of Alabama. Therefore, service by publication is improper in this case.

### ENTRY OF DEFAULT JUDGMENT IS IMPROPER BECAUSE IT IS NOT A FAVORED MEANS OF ADJUDICATION

25.     It is well settled in Alabama case law that default judgments are not a favored means of adjudicating cases. The Alabama Court of Civil Appeals has held that:

> One primary principle of the Alabama Rules of Civil Procedure is that the parties to an action should be afforded a prompt and fair trial upon the merits. (citation omitted). Inherent in this principle is that default judgments are not favored, and, while the trial Court has discretion to grant such judgments, the exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment. (citation omitted). Thus, in determining whether to grant or deny a motion to set aside a default judgment, a trial Court should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in Court.

*Hutchinson v. Hutchinson*, 647 So.2d 786, 788 (Ala. Civ. App. 1994). See also *K.S.C.C. v. W.H.C.*, 857 So.2d 830, 833 (Ala. Civ App. 2002). The Alabama Court of Civil Appeals has also held that "the trial Court must presume that cases should be decided on the merits whenever practicable. The preservation of a litigant's right to defend on the merits is paramount, and, therefore, outweighs the promotion of judicial economy." *McCormick v. Congleton*, 860 So.2d 1275, 1279 (Ala. Civ. App. 2003). See also *Aldridge V. Hamilton*, 708 So.2d 194, 195 (Ala. Civ. App. 1997).

26.   To allow an entry of default judgment to stand in this case against the defendant would unduly prejudice the defendant when there are no facts to show that defendant knew of this lawsuit and attempted to avoid service of process. Moreover, to allow this entry of default judgment to stand in this case would be a clear abuse of this Court's discretion and would violate the defendant's right of due process under the Fourteenth Amendment to the United States Constitution.

27.   Plaintiffs will not be substantially prejudiced by the setting aside of this Court's entry of default judgment, if any, because the Plaintiffs will still have the opportunity to present their case to the Court once they properly serve the defendant. In Alabama, prejudice must be substantial before it can warrant a refusal to set aside a default judgment. See *Ex parte Gilliam*, 720 So.2d 902,

8

906 (Ala. 1998). It is well-settled under Alabama law that potential prejudice to a plaintiff in the form of a delay in recovering on the claim or the possibility that the plaintiff will not succeed on the merits of the claim are insufficient grounds to justify a refusal to set aside a default judgment. See *Cunningham v. Gibson*, 618 So.2d at 1343 - 44; *Ex parte Gilliam*, Supra ("mere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment.")

## ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THE DEFENDANT HAS BEEN UNDULY PREJUDICED AND THE DAMAGES AWARDED ARE UNSUPPORTED AND EXCESSIVE

28.    The defendant was unduly prejudiced when plaintiffs counsel did not list defense counsel on the certificate of service for plaintiffs motion for service by publication.

29.    The defendant was also unduly prejudiced when this Court canceled the hearing on damages the day before the hearing and did not provide the defendant's counsel an opportunity to cross examine the plaintiffs regarding their damages.

30.    Moreover, the affidavits presented in support of plaintiffs Motion for Entry of Damages on Default Judgment do not support the damages awarded in this case.

31.    The plaintiff Laythron Tillis was awarded $120,000. Laythron Tillis presented no evidence of his medical bills (in excess of $10,000 as stated in Laythron Tillis' affidavit), no evidence of whether he was liable for those bills or whether he had medical insurance, no estimates for the repair of his vehicle ($1,600 as stated in Laythron Tillis' affidavit) and no evidence that he would unequivocally have to have back surgery. (See defendant's Exhibit # 9). Furthermore, Dr. Metzger stated in his affidavit that "the problems Mr. Tillis complains of were pre-existing" and that he recommended pain management, physical therapy and anti-inflammatory medication for 6 months to a year before considering surgery. (See defendant's Exhibit # 9).

32.     The evidence presented in Ethel Tillis' affidavit does not support damages of $20,000 for a loss of consortium claim.    (See defendant's Exhibit # 9).

33.     Therefore, at the very least, defendant respectfully submits that he is entitled to a new hearing on damages so that it can present testimony to establish that the monetary award, whether compensatory, punitive or both, is clearly excessive. See *Bass Pecan Co. v. Berga*, 694 So.2d 1311 (Ala. 1997) (evidence presented at default judgment hearing did not support award; therefore trial court was ordered to take additional testimony).

34.     It cannot be determined from the default judgment order whether any portion of the awards of $120,000 to Laythron Tillis and $20,000 to Ethel Tillis represents punitive damages.  To the extent that punitive damages have been awarded against defendant, it is hereby requested that a Hammond/Green Oil hearing be set so that defendant can present evidence that the awards are excessive.

35.     Therefore, taking the above into account, the default judgment should be set aside because the defendant has been unduly prejudiced and the damages awarded are unsupported and excessive.

## ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE PLAINTIFFS FAILED TO WITHDRAW THEIR JURY DEMAND

36.     As additional grounds for defendant's entitlement to the setting aside of the default judgment against him, defendant avers that the trial court's award of damages was improper because the plaintiffs failed to withdraw their written jury demand, as required by Rule 38 of the *Alabama Rules of Civil Procedure*.  Rule 38 precludes the withdrawal of a demand for trial by jury without the consent of the parties, except where an opposing party is in default under Rule 55(c).  This

10

provision speaks only to a situation where the <u>defendant</u> had appeared and requested a jury demand prior to the default judgment. As to a <u>plaintiff</u> who has made a jury demand and thereafter seeks a default judgment, Rule 38 provides that such a party "may withdraw that party's demand for a jury as to any defaulting party without the consent of that party and have that party's damages assessed by the court without a jury." In the present case, the plaintiffs did not withdraw their jury demand pursuant to Rule 38. Their failure to do so mandates that the default judgment is due to be set aside.

WHEREFORE, for all of the above reasons, Defendant Cecil E. Cameron moves that this Honorable Court set aside the judgment by default that has been entered in this case, or in the alternative, moves that the Court alter, amend, or vacate the default judgment.

Respectfully submitted this the 17TH day of NOVEMBER, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969



FILED
J.M. Counts
Court Clerk

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 17TH day of NOVEMBER, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

11

**Attorney's Copy**

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                                 )
    PLAINTIFFS,                  )
                                 )
VS.                              )          CASE NO. _____
                                 )
CECIL E. CAMERON,                )
                                 )
    DEFENDANT.                   )

## COMPLAINT

### COUNT ONE—NEGLIGENCE

1.      On or about the 14th day of April, 2002, the Defendant negligently caused or

allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on

U.S. Highway 331.

2.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis,

was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to

include, but not to be limited to, damages for mental anguish.

### COUNT TWO—WANTONNESS

3.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all

previous allegations.

4.      On or about the 14th day of April, 2002, the Defendant, with a conscious

disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the

motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway

331.



DEFENDANT'S
EXHIBIT

1

5.     As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

6.     The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.     The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.


PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs


OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

Please serve the defendant via certified mail as follows:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548



*alacourt.com's*

*Alabama SJIS Case Detail*

| Settings | Parties | Case Action Summary | Witness List | Financial |

**Case**

| County | 19 | Case Number | ◉CV 2004 000049 00 | JID | RWB | Trial | J |
|---|---|---|---|---|---|---|---|
| Style | **LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON** | | | | | | |
| Code | TOMV | Type | NEGLIGENCE MOTOR VEH | Filed | 04132004 | Track | |
| Amount | 0014000000 | Status | DISPOSED | Plaintiffs | 002 | Defendants | 001 |
| DJID | RWB | Court Action | F (DEFAULT JUDGMT) 11032004 | | | For | C |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | | Lien | | | | | |

**Settings**

| Date 1 | 11032004 | Que 1 | 001 | Time 1 | 1000 A | Description | HEAR HEARING |
|---|---|---|---|---|---|---|---|
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | | 0000 000000 00 | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

**Party 1**

| Party | C 001 | Name | TILLIS LAYTHRON | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|
| INDX | D CAMERON | ANAM | | | JID | RWB |
| SSN | | Address 1 | | | Sex | |
| DOB | | Address 2 | | | Race | |
| Country | US | City | AL 00000 0000 | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | | Type | | Reissue | Type | |
| Return | | Type | | Return | Type | |
| Service | | Type | | Serv On | By | |
| Answer | | Type | | NS Not | NA Not | |
| Warrant | | Type | | Arrest | | |
| CACT | F (DEFAULT JUDGMT) | Date | 11032004 | For | C | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | |

**Party 2**

| Party | C 002 | Name | TILLIS ETHEL | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|
| INDX | D CAMERON | ANAM | | | JID | RWB |
| SSN | | Address 1 | | | Sex | |
| DOB | | Address 2 | | | Race | |
| Country | US | City | AL 00000 0000 | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | | Type | | Reissue | Type | |
| Return | | Type | | Return | Type | |
| Service | | Type | | Serv On | By | |
| Answer | | Type | | NS Not | NA Not | |
| Warrant | | Type | | Arrest | | |
| CACT | F (DEFAULT JUDGMT) | Date | 11032004 | For | C | Exep | |

DEFENDANT'S
EXHIBIT
2

On-Line SJIS Case Detail: HII   HILL, CARTER, FRANCO, COLE &  LACK

| AMT | | Cost | | Other | | Satisfied | |
|---|---|---|---|---|---|---|---|
| Comment | | | | | | | |
| **Party 3** | | | | | | | |
| Party | D 001 | Name | CAMERON CECIL E | | | Type | INDIVIDUAL |
| INDX | C TILLIS | ANAM | | | | JID | RWB |
| SSN | | Address 1 | 33A MAGNOLIA AVE | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | FT WALTON BCH FL 32548 0000 | | | Phone | 334 000 0000 |
| Atty 1 | HENDERSON DAVID WAYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 04132004 | Type | C CERTIFIED MAI | Reissue | 05142004 | Type | C CERTIFIED MA |
| Return | 06042004 | Type | C UNCLAIM CERT | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | F (DEFAULT JUDGMT) | Date | 11032004 | For | C | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

### Case Action Summary

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 04132004 | 1331 | FILE | FILED THIS DATE: 04/13/2004 (AV01) | PSH |
| 04132004 | 1331 | ORIG | ORIGIN: INITIAL FILING (AV01) | PSH |
| 04132004 | 1331 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | PSH |
| 04132004 | 1331 | TDMJ | JURY TRIAL REQUESTED (AV01) | PSH |
| 04132004 | 1331 | ASSJ | ASSIGNED TO JUDGE: ROBERT W BARR (AV01) | PSH |
| 04132004 | 1332 | PART | TILLIS LAYTHRON ADDED AS C001 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1332 | PART | TILLIS ETHEL ADDED AS C002 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C002: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1333 | PART | CAMERON CECIL E ADDED AS D001 (AV02) | PSH |
| 04132004 | 1333 | CASP | CASE ACTION SUMMARY PRINTED (AV02) | PSH |
| 05142004 | 1151 | SUMM | CERTIFIED MAI ISSUED: 04/13/2004 TO D001 (AV02) | PSH |
| 05142004 | 1151 | RETU | RETURN OF UNCLAIM CERT ON 05/01/2004 FOR D001 | PSH |
| 05142004 | 1151 | REIS | REISSUE OF CERTIFIED MA ON 05/14/2004 FOR D001 | PSH |
| 06252004 | 1043 | RETU | RETURN OF UNCLAIM CERT ON 06/04/2004 FOR D001 | PSH |
| 07022004 | 1116 | TEXT | MOTION FOR SERVICE BY PUBLICATION FILED BY........ | PSH |
| 07022004 | 1116 | TEXT | ....THOMAS ALBARITTON | PSH |
| 07022004 | 1116 | TEXT | FILE TO JUDGE BARR | PSH |
| 09212004 | 0852 | TEXT | MOTION IN OPPOSITION TO PLAINTIFFS MOTION FOR..... | PSH |
| 09212004 | 0852 | TEXT | ..SERVICE BY PUBLICATION AND MOTION TO QUASH FILED | PSH |
| 09212004 | 0852 | TEXT | BY DAVID HENDERSON, FILE TO JUDGE BARR | PSH |
| 09212004 | 1136 | ATTY | LISTED AS ATTORNEY FOR D001: HENDERSON DAVID WAYN | PSH |
| 09232004 | 1033 | TEXT | MOTION IN RESPONSE TO PLAINTIFFS APPLICATION FOR.. | PSH |
| 09232004 | 1033 | TEXT | ..DEFAULT JUDGMENT AND REQUEST FOR HEARING, FILE.. | PSH |
| 09232004 | 1033 | TEXT | ...JUDGE BARR | PSH |
| 09272004 | 1607 | DAT1 | SET FOR: HEARING ON 10/06/2004 AT 0900A (AV01) | PSH |
| 10142004 | 0925 | DAT1 | SET FOR: HEARING ON 11/03/2004 AT 0900A (AV01) | PSH |
| 10142004 | 0925 | DAT1 | SET FOR: HEARING ON 11/03/2004 AT 1000A (AV01) | PSH |
| 10292004 | 1610 | TEXT | MOTION FOR ENTRY OF DAMAGES ON DEFAULT JUDGMENT | PSH |
| 10292004 | 1610 | TEXT | NOTICE OF FILING AFFIDAVITS, AFFIDAVIT OF LATHRON. | PSH |
| 10292004 | 1610 | TEXT | ..TILLIS, ETHEL TILLIS AND DR METZGER | PSH |
| 11012004 | 1610 | TEXT | MOTION TO SET ASIDE ENTRY OF DEFAULT AND REQUEST.. | PSH |
| 11012004 | 1610 | TEXT | ..TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DAMAGES. | PSH |
| 11012004 | 1610 | TEXT | .....ON DEFAULT JUDGMENT, FILE TO JUDGE BARR | PSH |
| 11032004 | 1108 | TEXT | DEFENDANTS MOTION TO SET ASIDE ENTRY OF DEFAULT | PSH |
| 11032004 | 1108 | TEXT | ...DENIED | PSH |

| 11042004 | 1106 | STAT | CASE ASSIGNED STATUS OF: DISPOSED (AV01) | PSH |
| 11042004 | 1106 | DISP | DISPOSED ON: 11/03/2004 BY (DEFAULT JUDGMT) (AV01) | PSH |
| 11042004 | 1106 | CACJ | COURT ACTION JUDGE: ROBERT W BARR (AV01) | PSH |
| 11042004 | 1106 | PDIS | C001 DISPOSED BY (DEFAULT JUDGMT) ON 11/03/2004 | PSH |
| 11042004 | 1106 | PDIS | C002 DISPOSED BY (DEFAULT JUDGMT) ON 11/03/2004 | PSH |
| 11042004 | 1106 | PDIS | D001 DISPOSED BY (DEFAULT JUDGMT) ON 11/03/2004 | PSH |

Sep 15 04 09:18a    RCAMB

**Attorney's Copy**

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual and ETHEL TILLIS, an Individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CIVIL ACTION NO. CV-2004-49 |
| VS. | ) | |
| CECIL E. CAMERON, | ) | |
| DEFENDANT. | ) | |

## MOTION FOR SERVICE BY PUBLICATION

Comes now the Plaintiff, by and through counsel, and moves this Honorable Court for an Order directing notice of service by publication on Defendant Cecil E. Cameron. As grounds for this motion the Plaintiff adopts by reference the statements contained in the attached Affidavit to obtain service by publication.

_____

Thomas B. Albritton          ALB009
Attorney for Plaintiffs


OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

**DEFENDANT'S EXHIBIT**
3

# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual and ETHEL TILLIS, an Individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CIVIL ACTION NO. CV-2004-49 |
| VS. | ) | |
| CECIL E. CAMERON, | ) | |
| DEFENDANT. | ) | |

## AFFIDAVIT TO OBTAIN SERVICE BY PUBLICATION

STATE OF ALABAMA          )
COVINGTON COUNTY          )

I, Thomas B. Albritton, being first duly sworn, depose and say on oath as follows:

1.     My name is Thomas B. Albritton and I am the attorney for the Plaintiff in the above-styled action.

2.     I make this Affidavit on personal knowledge in order to obtain service by publication on Defendant Cecil E. Cameron.

3.     The Defendant has been unable to accomplish personal service of process as is indicated by the clerk's notices dated April 14, 2004 and May 14, 2004 .  (Ex. "A").

4.     The present residence or location of this Defendant other than as previously served is unknown.

5.     The Defendant's residence or whereabouts cannot be ascertained after the exercise of reasonable diligence.

6.     I have attempted to locate the Defendant by serving him with the Complaint by certified mail at his last known address as contained in the accident report.  I have contacted his insurer to ask his whereabouts, and they cannot give me this information.  Finally, I have attempted to locate an address for the Defendant over the Internet using various online search engines.  None of these methods have resulted in a valid address or location of the Defendant.

Further Affiant saith not.

_(signature)_

Thomas B. Albritton

Sworn to and subscribed before me on this _1st_ day of _July_____, 2004.

_(signature)_ Paula S. Tillman
Notary Public

My commission expires:

_July 30, 2006_
(NOTARIAL SEAL)

FILED
... County
Court Clerk
....., AL



*alacourt.com's*

*Alabama SJIS Case Detail*

| Settings | Parties | Case Action Summary | Witness List | Financial |
|---|---|---|---|---|

| Case | | Case Number | CV 2004 000049 00 | JID | RWB | Trial | J |
|---|---|---|---|---|---|---|---|
| County | 19 | | | | | | |
| Style | LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON | | | | | | |
| Code | TOMV | Type | NEGLIGENCE MOTOR VEH | Filed | 04132004 | Track | |
| Amount | | Status | ACTIVE | Plaintiffs | 002 | Defendants | 001 |
| DJID | | Court Action | 00000000 | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | | Lien | | | | | |

| Settings | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date 1 | | Que 1 | | Time 1 | | Description | |
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | 0000 000000 00 | | |
| ITBNV1 | | ITBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

| Party 1 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 001 | Name | TILLIS LAYTHRON | | | Type | INDIVIDUAL |
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | Type | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | By | |
| Service | | Type | | Serv On | | NA Not | |
| Answer | | Type | | NS Not | | | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | 0 |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

| Party 2 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 002 | Name | TILLIS ETHEL | | | Type | INDIVIDUAL |
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | Type | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | By | |
| Service | | Type | | Serv On | | NA Not 0 | |
| Answer | | Type | | NS Not | | | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | 0 |

EXHIBIT "A"

| AMT | | | | | | | | | | | Other | | Satisfied | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Comment | | | | | | | | | | | | | | |
| Party 3 | | | | | | | | | | | | Type | | INDIVIDUAL |
| Party | D 001 | | Name | CAMERON CECIL E | | | | | | | | UID | | RWB |
| INDX | C TILLIS | | ANAM | | | | | | | | | Sex | | |
| SSN | | | Address 1 | 33A MAGNOLIA AVE | | | | | | | | Race | | |
| DOB | | | Address 2 | | | | | | | | | Phone | | 334 000 0000 |
| Country | US | | City | FT WALTON BCH FL 32548 0000 | | | | | | Atty 3 | | Atty 4 | | |
| Atty 1 | | | Atty 2 | | | | | | | | | | | |
| Atty 5 | | | Atty 6 | | | | | | | | | | | |
| Issued | 04132004 | | Type | C CERTIFIED MAI | | Reissue | | 05142004 | Type | C CERTIFIED MA | | | | |
| Return | 06042004 | | Type | C UNCLAIM CERT | | Return | | | Type | | | | | |
| Service | | | Type | | | Serv On | | | By | | | | | |
| Answer | | | Type | | | NS Not | | | NA Not | | | | | |
| Warrant | | | Type | | | Arrest | | | | | | | | |
| CACT | | | Date | | | For | | | Exep | | O | | | |
| AMT | | | Cost | | | Other | | | Satisfied | | | | | |
| Comment | | | | | | | | | | | | | | |

| Case Action Summary | | | | |
|---|---|---|---|---|
| Date | Time | Code | Comments | Operator |
| 04132004 | 1331 | FILE | FILED THIS DATE: 04/13/2004 (AV01) | PSH |
| 04132004 | 1331 | ORIG | ORIGIN: INITIAL FILING (AV01) | PSH |
| 04132004 | 1331 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | PSH |
| 04132004 | 1331 | TDMJ | JURY TRIAL REQUESTED (AV01) | PSH |
| 04132004 | 1331 | ASSJ | ASSIGNED TO JUDGE: ROBERT W BARR (AV01) | PSH |
| 04132004 | 1332 | PART | TILLIS LAYTHRON ADDED AS C001 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1332 | PART | TILLIS ETHEL ADDED AS C002 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C002: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1333 | PART | CAMERON CECIL E ADDED AS D001 (AV02) | PSH |
| 04132004 | 1333 | CASP | CASE ACTION SUMMARY PRINTED (AV02) | PSH |
| 05142004 | 1151 | SUMM | CERTIFIED MAI ISSUED: 04/13/2004 TO D001 (AV02) | PSH |
| 05142004 | 1151 | RETU | RETURN OF UNCLAIM CERT ON 05/01/2004 FOR D001 | PSH |
| 05142004 | 1151 | REIS | REISSUE OF CERTIFIED MA ON 05/14/2004 FOR D001 | PSH |
| 06252004 | 1043 | RETU | RETURN OF UNCLAIM CERT ON 06/04/2004 FOR D001 | PSH |



**CERTIFIED MAIL**

7002 2410 0003 7261 6728





UNCLAIMED

Mr. Cecil E. Cameron
33A Magnolia Avenue
Ft. Walton Beach, Florida 32548

3254348625 02

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual and ETHEL TILLIS, an Individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CIVIL ACTION NO. CV-2004-49 |
| | ) | |
| VS. | ) | |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### ORDER FOR SERVICE BY PUBLICATION

The Plaintiff having made a Motion for Service by Publication supported by the Affidavit of Thomas B. Albritton, stating that Defendant is avoiding service and his present location or residence is unknown; and it appearing that the Plaintiff has filed a Complaint seeking damages in excess of $10,000.00 for negligence and wantonness. It is:

ORDERED AND ADJUDGED that Defendant Cecil E. Cameron, answer the Complaint of the Plaintiff by the __12__ day of __SEPTEMBER__, 2004, or thereafter a judgment by default may be rendered against said Defendant. It is further

ORDERED that this Order and notice be published once a week for four successive weeks in the Elba Clipper, a newspaper of general circulation in Coffee County, Elba Division, Alabama.

Done this __12th__ day of __July__, 2004.

_____
CIRCUIT JUDGE

JUL 2004
FILED
Jim Combs
Combs County
Coffee Co., Al

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CV-2004-49 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
J.M. Counts
Court Clerk
Coffee Co. Al

## MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND MOTION TO QUASH SERVICE

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith moves this Court to deny plaintiff's motion for service by publication and to quash the purported service and in support assigns the following grounds separately and severally:

The grounds relied upon by plaintiff are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. ARCP 4.3(a)(1).

The affidavit submitted in support of plaintiff's motion did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the ARCP. Case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough.

DEFENDANT'S
EXHIBIT
4

for a court to allow service by publication in this instance. Plaintiff must allege specific facts which show that Cameron has avoided service, rendering him culpable. *Vaughn v. O'Neal,* 736 So.2d 635, 638 (Ala. Civ. App. 1999). Merely not being able to effectuate service is insufficient. In *Fisher v. Amaraneni,* 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the instance case has not satisfied the requirements to allow service by publication and therefore service should be quashed.

WHEREFORE, THESE PREMISES PRAYED, defendant moves this Court to deny plaintiff's motion for service by publication and to quash service.

Respectfully submitted this the 20th day of SepTEMBER, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
   COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:   (334) 834-7600
Facsimile:   (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 20th day of SepTEMBER, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual ) \
and ETHEL TILLIS, an individual, \
                            ) \
    Plaintiffs, \
                            ) \
                            ) \
vs.                               )    CV-2004-49 \
                            ) \
CECIL E. CAMERON,              ) \
                            ) \
    Defendant.                )

STATE OF  _FLORIDA_

COUNTY OF  _Broward_

## AFFIDAVIT OF MITCH WEINSTEIN

1.   My name is Mitch Weinstein and I am over the age of 19 years and competent to testify. I am the bodily injury examiner (adjuster) for Hertz Claim Management Corporation. I am familiar with the allegations raised in the *Laythron Tillis* Complaint, having reviewed that Complaint myself. I am also aware of the service of process issues arising in this case. I give this affidavit based on personal knowledge and my investigation of this particular claim.

2.   Upon my initial investigation into this case, I found the alleged accident occurred on or about April 14, 2002 and Cecil E. Cameron was driving a car he had rented from Hertz Rent-A-Car. I attempted to contact Mr. Cameron by telephone and U.S. Mail to investigate this claim and lawsuit.

3.   Despite my investigation, at no time have I had any contact with the defendant, Cecil E. Cameron. Mr. Cameron's last known address is 33 A Magnolia Avenue, Ft.



DEFENDANT'S
EXHIBIT
5

Walton Beach, Florida 32548. To my knowledge, Mr. Cameron does not know about

this claim or lawsuit.

Further affiant saith not.

_____

MITCH WEINSTEIN

_____

STATE OF _Florida_

COUNTY OF _Broward_

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, personally appeared Mitch Weinstein, whose name is signed to the foregoing and who is known to me, acknowledged before me on this date, that, the foregoing is true and correct to the best of his knowledge, information and belief.

SWORN and subscribed before me, this the 22 day of October, 2004.



Notary Public

My Commission Expires:_____

(seal)

SANDRA H. KELLER
MY COMMISSION # DD 200577
EXPIRES: May 22, 2007
Bonded Thru Notary Public Underwriters

COPY

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an                      )
Individual and ETHEL TILLIS,
an Individual,                           )

      PLAINTIFFS,                        )

                                          CIVIL ACTION NO. CV-2004-49

VS.                                      )

CECIL E. CAMERON,                        )

      DEFENDANT.                         )

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO QUASH SERVICE AND PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT

    Come now the Plaintiffs, Laythron Tillis and Ethel Tillis, and move this Court to deny the Defendant, Cecil E. Cameron's Motion to Quash Service and further move this Court to grant a Default Judgment in their favor. In support of these Motions, the Plaintiff says as follows:

    1.    On April 13, 2004, the Plaintiffs filed the above-referenced lawsuit in the Circuit Court of Coffee County.

    2.    The Plaintiffs attempted service, but service was avoided by Cecil E. Cameron. At the same time that the Plaintiffs were attempting to get service on the Defendant, Special Counsel for the Defendant refused to accept service on behalf of the Defendant, or to advise how the Plaintiffs could obtain service at an address that was different from the one they had.

    3.    Consequently, when service was twice refused and after all attempts to locate an additional address failed, the Plaintiffs moved this Court for Service By Publication. This Court ordered Service By Publication. The Publication ran in the Elba Clipper on July 22nd, July 29th, August 5th and August 12, 2004. The Publication required the Defendant to Answer by September 12, 2004, or thereafter default judgment could be rendered against the Defendant.



DEFENDANT'S EXHIBIT

6

4.    Counsel for the Defendant is only appearing for the special purpose of opposing Service By Publication.  The Defendant is not subjecting himself to the jurisdiction of this Court nor is he conceding representation for the Defendant generally.  The Defendant has not Answered the Complaint.

5.    This case was filed over five months ago and should not be delayed because of the issue of Service By Publication, especially when Special Counsel has been in contact with the Defendant, Cecil E. Cameron, has been on notice of this claim prior to its filing, and is merely attempting to delay the adjudication of this case on the merits.

6.    The Defendant has failed to Answer the Complaint as directed in the Court's Order and, for this reason, the Plaintiffs are due a default judgment against the Defendant for his failure to Answer, consistent with the Court's Order in this regard.

WHEREFORE, the Plaintiffs move this Court to deny the Defendant's Motion to Quash Service, and to enter a default judgment against the Defendant for his failure to Answer the Complaint in the time and manner prescribed by law.

Thomas B. Albritton          ALB009
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _21st_ day of _September_, 2004:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

_Thomas S._

Of Counsel

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
      Plaintiffs, )
  )
vs. )    CV-2004-49
  )
CECIL E. CAMERON, )
      Defendant. )

SEP 2004
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

## MOTION IN RESPONSE TO PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT AND REQUEST FOR HEARING

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith moves this Court to deny plaintiffs' Application for Default Judgment, or in the alternative, defendant requests a hearing on this matter. As grounds, defendant states the following:

1.     Defendant's counsel did not receive adequate notice of plaintiffs' Motion for Service by Publication or the Court's order for service by publication because plaintiffs' counsel did not list defendant's counsel on the Certificate of Service.

2.     Plaintiffs' counsel was aware prior to filing his Motion for Service by Publication that undersigned law firm had been retained to defend Cecil E. Cameron, upon proper service.

3.     Defendant's counsel has not been in contact with Cecil E. Cameron and his whereabouts are unknown, contrary to plaintiffs' counsel's belief.



DEFENDANT'S
EXHIBIT
7

4.  Plaintiffs' counsel's affidavit submitted in support of plaintiffs' Motion for Service by Publication did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the *Alabama Rules of Civil Procedure* and should be denied.

5.  Defendant's counsel made an appearance in this case by filing its Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service on September 21, 2004 before plaintiffs filed its Application for Default Judgment and before a ruling of default judgment has been entered by this Court.

6.  Therefore, under Rule 55 of the *Alabama Rules of Civil Procedure*, the entry of an order of default judgment is not proper when the adverse party has made an appearance in the case.

7.  A default judgment is not a favored means of adjudicating a lawsuit.

8.  To grant plaintiffs' Application for Default Judgment would unduly prejudice defendant and would not conform to the law.

WHEREFORE, THESE PREMISES PRAYED, defendant moves this Court to deny plaintiffs' Application for Default Judgment, or in the alternative, defendant requests a hearing on this matter.

Respectfully submitted this the 22nd day of September, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
        COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

**ORAL ARGUMENT REQUESTED**

DAVID W. HENDERSON

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 22nd day of September, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

ELBA DIVISION

LAYTHRON TILLIS AND ETHEL           *
TILLIS,                             *
                                    *       CASE NO.:    CV2004-49
            PLAINTIFFS,             *
                                    *
VS.                                 *
                                    *
CECIL E. CAMERSON,                  *
                                    *
            DEFENDANT.              *
                                    *



_____

## *O R D E R*

This came before this Court on Defendant's Counsel David W. Henderson of Hill,

Hill, Carter, Franco, Cole and Black's Motion to Quash Service.  A hearing was held.

The Defendant's attorney during the hearing stated that he was representing the

Defendant's interests, that he had not had contact with the Defendant since the date of the

renting of the automobile the Defendant was driving at the time of the accident and that

he would not accept service of process for the Defendant.

It is noted in <u>Vaughan v. O'Neal</u>, 736 So2d 635 at 638 (Ala Civ. App. 1999) that:

> "the draftsmen [of Rule 4.3] required proof of 'culpability' or a 'hiding
>
> out' by a Defendant before....in personam judgment can be entered on
>
> service by publication."

It further states in this case that the trial Court must make a finding of avoidance upon the

moving party's showing.

In this case the Plaintiff has attempted service by certified mail twice with both

being returned, unclaimed, attempted to find a different address for the Defendant via



DEFENDANT'S
EXHIBIT
8

internet searches, attempted to obtain service through the attorney representing the Defendant's interest in this case which was refused and requested from the attorney representing the Defendant's interest in this case an address by which the Defendant can be served which was refused or as stated in open Court that he did not know where the Defendant was located.

This appears to this Court to meet the requirement of culpability or a hiding out by the Defendant and therefore, this Court makes a finding of avoidance on the part of the Defendant.

The Defendant's Motion to Quash service by publication is hereby *DENIED.*

The Plaintiff's Motion for Entry of Default is *GRANTED.* A hearing on Plaintiff's Motion for Default Judgment is set for November 3, 2004 at 10:00 a.m. in the Coffee County Courthouse, Elba Division, Alabama, unless the Plaintiff files the appropriate affidavits as allowed by the rules of civil procedure in support of their Motion for Default Judgment prior to that date.

This the 6th day of October 2004.

ROBERT W. BARR
Circuit Judge

OCT 2004
FILED
J.M. County
Court Clerk



## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual                )
and ETHEL TILLIS, an individual,              )
                                              )
        PLAINTIFFS,                              )
                                                )
VS.                                            )          CASE NO. 2004-49
                                                )
CECIL E. CAMERON,                              )
                                                )
        DEFENDANT.                               )

### MOTION FOR ENTRY OF DAMAGES ON DEFAULT JUDGMENT

COME NOW the Plaintiffs and move this Court to enter damages in the amount of

$140,000.00 on the previously-ordered Default Judgment, based on the evidence as contained in

the affidavits of Mr. Laythron Tillis, Ms. Ethel Tillis and Dr. Clark Metzger.

The Plaintiffs move this Court for the entry of damages for past and future medical

expenses for Mr. Tillis. The offered evidence shows that in light of the fact that conservative

medical treatment has been unsuccessful in relieving his pain, Mr Tillis, more probably than not,

will require surgery on his back in the future. The Plaintiffs move, as well, for damages for pain

and suffering, mental anguish, and property damage for Mr. Tillis.

The Plaintiffs move this Court to assess damages for Mr. Tillis's injuries in the amount of

$120,000.00. The evidence offered shows that Mr. Tillis future medical expenses alone could be

$120,000.00, without including any damages for pain and suffering, mental anguish, or his

property damage. The Plaintiffs move this Court to assess damages for Ethel Tillis's injuries in

the amount of $20,000.00 for loss of consortium. The Plaintiffs move, as well, for costs incurred

in this action.



DEFENDANT'S
EXHIBIT
9

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN, P.C.
109 Opp Ave.
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the _28th_ day of _October_, 2004:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Of Counsel

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                       )
    PLAINTIFFS, )
                       )
VS.                      )      CASE NO. 2004-49
                       )
CECIL E. CAMERON, )
                       )
    DEFENDANT. )

### NOTICE OF FILING AFFIDAVITS

COME NOW the Plaintiffs and hereby give notice of their filing of the following as

evidence of their damages for purposes of the default judgment that has been entered in this case:

1.    Affidavit of Mr. Laythron Tillis;

2.    Affidavit of Dr. Clark Metzger;

3.    Affidavit of Ms. Ethel Tillis.

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN, P.C.
109 Opp Ave.
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the ___28th___ day of _October_ , 2004:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116


_____
Of Counsel



COPY

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual<br>and ETHEL TILLIS, an individual, | ) | |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | CASE NO. CV-2004-49 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**AFFIDAVIT OF MR. LAYTHRON TILLIS**

Comes now the Plaintiff, Laythron Tillis, and after being duly sworn, testifies and says as follows:

1.   My name is Laythron Tillis and the information contained in this affidavit is based on my first-hand knowledge of the facts as contained herein.

2.   On April 14, 2002, I was sitting at a traffic light waiting for it to turn, when I was rear ended by a vehicle being driven at a high rate of speed considering the fact that we were in traffic and I was stopped at a light. The vehicle was being driven by Mr. Cecil Cameron and at the time of the accident he was pulling a boat behind a truck. I had been stopped at the light for a while before the wreck happened, so I can only assume that Mr. Cameron was not paying attention to what he was doing before he hit me.

3.   After the accident, I experienced neck and back pain. I have had pain and numbness in my legs and feet. The bottom of my feet hurt at times. The back of my thighs hurt and my lower legs hurt and are numb at times. These problems often wake me up at night, or make it very difficult for me to go to sleep. Although the pain goes away some times, it always comes back. It has interfered with my ability to work at times and it has made me irritable. I did not

have these problems before the accident.

I am taking narcotic pain medication deal with this pain, and it will temporarily help me. When I am on the pain medication I am drowsy and it affects my ability to think clearly. I have been treated by six doctors for these problems over the last two years and I have gone through pain management. None of these doctors has been able to make my pain go away. Pain management involves getting shots in my back that hurt and the doctor advises me that there are risks associated with that procedure. This pain management therapy has not resolved my pain issues. I am currently being treated by Dr. Clark Metzger, an orthopaedic surgeon in Andalusia, Alabama, who I was referred to by my family doctor in Opp, Dr. Stephen Davis. I attach to this affidavit my records from Dr. Davis. Dr. Metzger has ordered pain management shots for me, as I have had before, and they have not successfully relieved my pain.

4.    To date, my medical bills are in excess of $10,000.00. I suffered property damage of $1,600.00 in the accident.

FURTHER AFFIANT SAYETH NOT.

Mr. Laythron Tillis

STATE OF ALABAMA    )
COVINGTON COUNTY    )

    I,   Paula S. Tillman  , a Notary Public in and for said County, in said State, hereby certify that Mr. Laythron Tillis whose name is signed to the foregoing affidavit and who is known to me, after first being duly sworn, acknowledged before me on this day that, being informed of the contents of this affidavit, and having reviewed same, that said affidavit is true and is based on his first-hand knowledge of the facts contained herein; he then executed the same voluntarily on the day the same bears date.

    Given under my hand and official seal this   27th   day of   October   2004.

                              *Paula S. Tillman*
                              Notary Public

My commission expires:

  July 20, 2006
(NOTARIAL SEAL)

| | DATE | | SUBSEQUENT VISITS AND FINDINGS |
|---|---|---|---|
| NO. | DAY | YR. | |

5/1/02  Wt. 208½.    B/p 104/60 —    HR 68.
C/o follow up visit on MVA; Pt. state. neck
is still stiff and back of leg. sore.

*(handwritten clinical notes, illegible)*

---

TILLIS, LAYTHON          5/1/02

...omes in today. He had been involved in a MVA on 4/14. He was hit in the
...ear end by another vehicle. He is still having a little bit of soreness
... the neck, but he said it is actually almost gone. Having some
...oreness in the low back region. Some numbness down the back of his left
...eg and around the lateral aspect of his ankle. He said it feels like
...mething is crawling on his ankle. Straight leg raising test is
...egative. So if this is sciatica, it is very low grade. I suspect
...rimarily it is just lumbar strain with muscle spasms mild. I'm going to
...reat him with some Ibuprofen 600 mg t.i.d.

---

5/20/02  Wt. 204½.    B/p 110/62   HR. 80
C/o follow up visit. MVA. 4/14/02.

*(handwritten clinical notes, illegible)*

---

TILLIS, LAYTHON          5/20/02

Comes in today for follow-up visit after his motor vehicle accident on
4/14/02. The patient had been involved in a motor vehicle accident in
which he had been hit from behind. Since I saw him on 5/1, he has been
complaining of some soreness in the low back with radiation down the
posterior aspect of the leg, lateral aspect of the lower leg and then on
the outer foot. Now he is complaining of burning sensation and pain in
the plantar surface of the foot and with pain that starts out in the
back.
DIAGNOSIS: Continued sciatica. Status post motor vehicle accident.
...REATMENT: We're going to do an MRI.

| MO. | DATE DAY | YR. | SUBSEQUENT VISITS AND FINDINGS |
|-----|-----|-----|--------------------------------|
| 5 | 29 | 01 | Called gave results of MRI — if pain continues will ~~gets~~ get in touch c Dr. to help c pain. |
| 5 | 30 | 02 | Mr. Tillis needs to go by Dr. Metzger office and pick up new pt. information forms to be sent to Dr. Buchalter before they can set up an appt. Pt. has been notified. |
| 5 | 30 | 02 | Wt 203½   BP 104/60   HR 72 (b. back) + legs + heels pain in MVA 4/14/02 — follow up next ? |

Medrol) Tig Dr pk
Vicod) 3J x )

TILLIS, LAYTHON     5/30/02
Comes in today complaining of back pain, leg pain and down into the heels. He was in a MVA on 4/14/02. We have scheduled him to see Dr. Buchalter. His MRI showed a bulging disk with some ligamentum of flavum hypertrophy with possibility of some spinal stenosis at L4,L5 level. Certainly he wants to avoid surgery at all costs if he can and probably surgery is not indicated at this time. He is being referred to Dr. Buchalter for possible epidural injections. I'm going to try to give him some Medrol 4 mg Dosepak to see if some steroids will improve this and he has asked now for something for pain. He was given Vicodin .0, q.6 hours p.r.n. pain with one refill. He reports that the Ibuprofen just is not helping him.

| 11 | 4 | 02 | Wt 220   BP 110/64   P 82 |
|-----|-----|-----|--------------------------------|

↑ Back hurting — worse pain since MVA 4/14/02
hurts to bend over
Seems DO — Dr. in Ondalusia ? Methocar amol 750
↑ Bid — Migrin Caps T Bid fa Pain
Tegretol 4mg, 1 to 1½ tabs Bid PRN

Wh pers 3) → Dr Pon

| DATE | | | SUBSEQUENT VISITS AND FINDINGS |
|------|------|------|------|
| MO. | DAY | YR. | |

**TILLIS, LATHRON**          11/4/02

Comes in today complaining of back hurting worse. He had originally had a motor vehicle accident on 4/14/02. He had been under the care of Dr. Cartia in Andalusia. He is taking Miquin, which is generic Midrin and _____ 4 mg 1 1/2 tablets b.i.d. for muscle spasms. He said it hurts to bend, hurts to extend himself. He has been off work this week because of the Mill being closed. He is unsure whether he hurt himself or whatever.
DIAGNOSIS: Low back pain with some muscle spasms.
PLAN: Wygesic 30, q.6 hours p.r.n. pain. Continue on his other medication. Continue the exercises.

_(handwritten notes)_
Wt· 219 ½    B/p 110/70    HR· 76
Chr· follow up needs.

Rx refills: Wygesic 30 q.6h. prn pain
Tizanidine 4mg — tabs — ½ tab Bid

Was not seen by Dr Cartia since dy _____ of the route.

**TILLIS, LAYTHON**          12/5/02

Comes in today for a follow-up visit. He needs his Wygesic refilled. Also he is on Tizanidine 4 mg a day. He is taking 1/2 to 1 tablet b.i.d. Dr. Cartia has him on those for muscle relaxation.
DIAGNOSIS: Lumbar pain with radicular radiation secondary to muscle spasms.
TREATMENT: Continue on the medication and new prescriptions have been written.

| DATE | | |
|------|--|--|
| MO. | DAY | YR. |

**SUBSEQUENT VISITS AND FINDINGS**

**TILLIS, LAYTHON**          2/18/03

Comes in today complaining of the back of his head having pain, pain in his back from a previous motor vehicle accident in April 2002. He said his neck burns up into his scalp from time to time. It burns in the cervical dorsal junction up into the upper thoracic region. He also has some pain in his low back on the left side and into his left buttock. He has had previous CAT scan or MRI which has shown a bulging disk, but not frank herniation, there could be more bulging to the left or impinging the left. There was very mild ligament of flavum hypertrophy. For his upper neck, it acts more like cervical muscle spasms recurrent and probably lumbar muscle spasm. I'm going to try him on Skelaxin 800 mg t.i.d., Ultram 50 mg q.4-6 hours p.r.n. for pain, Lodine 400 mg b.i.d. He is going to follow-up with me. If he does not improve, we will refer him to an orthopedic doctor. We discussed Dr. Cartia taking care of him. Apparently about the only thing that Dr. Cartia did was recommend that he have physical therapy and made a determination that epidural and any kind of back injections would be of no benefit.

_[handwritten notes]_

**THILLIS, LAYTHON**          3/5/03

Comes in today for a follow-up visit. His back is about the same. It is not any better or any worse. He said that the neck bothers him some, but it is primarily in the lower back area that he has lumbar muscle spasm. He is on Lodine, Skelaxin. He is not on any other medication. Previously a pain management doctor did not feel that anything else would help with him. MRI's were basically negative except for bulging disks.

DIAGNOSIS: Recurrent low back pain.

PLAN: We're going to refer to an orthopedic doctor for further studies.

| DATE | | SUBSEQUENT VISITS AND FINDINGS |
|---|---|---|
| NO. | DAY | YR. | |

5/5/04 wt 209 BP 140/80 P 72
C/o back hurting down legs. Worse in last few weeks — center of back hurts. back of legs burning

Lumbar SLR Z MW TV

TILLIS, LATHON    5/5/04
Comes in today complaining of back hurting. It is radiating down both legs. It is worse in the last few weeks. He originally hurt his back a couple of years ago. He has pain in the low back with radiation down the posterior aspect of the leg.
DIAGNOSIS: Lumbar pain with radicular radiation.
PLAN: We're going to do another MRI. The one we did two years ago was essentially negative. Did not show any disk disease at that time.

5/12/04 Called, Mr. Tillis concerning MRI little, but more pronounced — will make appt to Dr. Metzger + verbal in dereland... and to take MRI

5/13/04 appt @ Dr. Metzger. 5-20-04 @ 0:45 Opp - pt notified

# Mitchell Memorial Hospital

An Affiliate J. Baptist Health Care and Voluntary Hospitals of America, Inc. VHA

RADIOLOGIST(S):
PAUL J. ANDERSON, M.D.
RAUL P. OLAZABAL, M.D.

## X—RAY REPORT

| FAMILY NAME | FIRST NAME | MIDDLE NAME | ROOM NO. | HOSP. NO. |
|---|---|---|---|---|
| TILLIS | LAYTHRON | SR | OP | 3 5 2 |
| DOCTOR | | SEX | AGE-YEARS | X-RAY NO. |
| STEVEN J. DAVIS, D.O. | | M | 42 | 3 3 |
| EXAMINATION REQUESTED | MRI L SPINE | DATE | 05/21/02 | 1 1/59 |
| X-RAY REPORT | | | | |

### MRI LUMBAR SPINE:

T1 and T2 weighted sequences were performed using multiplanar imaging. The patient has loss of T2 signal at the L4-5 disc space indicating disc desiccation. The disc space height appears fairly well maintained currently. There is a bulging disc at that level which narrows the spinal canal. There is also associated ligamentum flavum hypertrophy which produces some additional narrowing. No acute fracture or mass is appreciated.

### IMPRESSION:

PROMINENT BULGING DISC AND LIGAMENTUM FLAVUM HYPERTROPHY NARROWING THE CANAL AT THE L4-5 LEVEL. THERE IS A SLIGHT LEFT SIDE PREDOMINANCE.

VINCENT E. MARTIN, M.D.

VEM/bg
DD: 05/21/02     DT: 05/21/02

SIGNATURE OF RADIOLOGIST

## MIZELL MEMORIAL HOSPITAL
### OPP, ALABAMA

---

### RADIOLOGY

---

Patient Name: **TILLIS LAYTHRON SR**                    Acc Number: **160440**
Age:            **44**              Sex:      **M**        Admit Phy:   **DAVIS S**
Birthdate:      **12/31/1959**      Stay Type: **O/P**     Ordering Phy: **DAVIS S**
Admit Date:     **05/10/04**        Room:                   Family Phy:  **DAVIS S**
Disch Date:     **PATDISCHARGE**    Phone:    **334/493/4399**  X-ray Number: **3038**
Location:                                                   Med Rec Num: **032592**
=>MRI ORDER<=                  COMPLETE:05/10/04 15:22  MRC 93680
DX: LOW BACK PAIN WITH RADICULAR PAIN        COPY TO DR
MRI LUM W/O CO 72148      72148   COMPLETE:05/10/04 15:22  MRC 93691

---

*** Unsigned transcriptions represent a preliminary report and do not reflect
corrections, additions, and/or subtractions to the information contained in this report***

---

### MRI LUMBAR SPINE:
Sagittal T1 and T2 sequences are obtained with axial targeted sequences at the 3-4, 4-5, and 5-1 disk
space levels. Comparison is made with only portions of a previous examination.

Vertebral body heights are adequately defined with no marrow signal abnormalities. There is
desiccation of the 5-1 disk, there is a vestigial S1-2 disk.

Sagittally there is minimal posterior disk bulge at 4-5, but moderate degree of disk bulge posteriorly at
5-1 to include disk protrusion partly effacing the epidural fat on the T1 sagittal sequences, this is more
apparent on the right than left side.

Axially the 3-4 and 4-5 levels are well maintained with no stenosis or disk herniation. At
L5-S1 there is partial effacement of the epidural fat, but not complete, midline disk bulge is identified,
which may be an intra annular herniation with a small caudally displaced pattern.

### IMPRESSION:
ABNORMAL PATTERN AT L5-S1 WITH DESICCATION, DISK BULGE, AND EFFACEMENT
OF THE NERVE ROOTS. SIMILAR PATTERN WAS EVIDENT, HOWEVER, ON THE
PREVIOUS STUDY AND THERE HAS BEEN LITTLE INTERVAL CHANGE, HOWEVER, THE
SMALL CHANGE IDENTIFIED IS MIDLINE AND RIGHT SIDED WITH PARTIAL
EFFACEMENT OF THE EPIDURAL FAT TO A MINIMALLY GREATER DEGREE THAN SEEN
IN MAY 02.

PJA / BG
T: 05/11/04 09:10
D: 05/11/04 7:26
RADIOLOGIST

Dictated By: P J ANDERSON, M.D.

Reviewed and Electronically Signed By:
P J ANDERSON, M.D.
RADIOLOGIST

Copy for: File copy printer # 665

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual<br>and ETHEL TILLIS, an individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | CASE NO. CV-2004-49 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### AFFIDAVIT OF MS. ETHEL TILLIS

Comes now the Plaintiff, Ethyl Tillis, and after being duly sworn, testifies and says as follows:

1.    My name is Ethel Tillis and the information contained in this affidavit is based on my first-hand knowledge of the facts as contained herein.

2.    I am Laythron Tillis' wife. On April 14, 2002, my husband was injured in an automobile accident. After the accident, his back has been hurting him. This pain extends from his back into his legs. He has trouble sleeping and he is often irritable. Seeing my husband in pain has bothered me emotionally a great deal, too. Because my husband has been in pain, it has affected our ability to have physical relations as husband and wife to the same degree that we had before his wreck. And because he often hurts, he is not able to help out around the house like he used to. I attach a record from Dr. Stephen Davis to this affidavit.

FURTHER AFFIANT SAYETH NOT.

_Ethel Tillis_
Ms. Ethel Tillis

STATE OF ALABAMA      )
COVINGTON COUNTY      )

 I, __Paula S. Tillman__ , a Notary Public in and for said County, in said State, hereby certify that Ms. Ethel Tillis whose name is signed to the foregoing affidavit and who is known to me, after first being duly sworn, acknowledged before me on this day that, being informed of the contents of this affidavit, and having reviewed same, that said affidavit is true and is based on her first-hand knowledge of the facts contained herein; she then executed the same voluntarily on the day the same bears date.

 Given under my hand and official seal this __27th__ day of __October__ 2004.

_Paula S. Tillman_
Notary Public

My commission expires:

July 20, 2006
(NOTARIAL SEAL)

| DATE | SUBSEQUENT VISITS AND FINDINGS |
| MO. DAY YR. | |
|---|---|
| 9 19 00 | Wt. 206½                    B/P 166/60 |

*[handwritten entry]*
Saw Dr. Gwinn and he does not believe
he is having a problem with his heart
He said he thought it might be ulcers
and to come see Dr. Davis.

*[handwritten notes]*

TILLIS, LAYTHON          9/19/00
Comes in today. He has seen Dr. Gwinn. He said Dr. Gwinn did not believe
he had any coronary artery disease, felt that it was possibly his ulcer
or stomach. I'd had him on some Zantac with partial relief of symptoms.
If he has problems, it is probably more likely to be gastroesophageal
reflux in nature. However, we don't know that without x-rays.
DIAGNOSIS: Possible acid peptic disease vs. dyspepsia.
PLAN: I'm going to increase him up to Prevacid 30 mg a day for a month
and see how he does. Dr. Gwinn had indicated that he wanted him on
something stronger than what we had put him on originally.

| 4 16 02 | Wt. 209½          B/P 110/60          HR. 84 |

*[handwritten entry]*
Ab. MVA 4-14-02 — was rear end
Now having neck pain. Hasn't seen
doctor for this

*[handwritten notes]*
He turns his head no thru

Sterno Clavi mastoid muscle

ILLIS, LATHRON          4/16/02
r. Tillis was involved in a MVA on 4/14. He was hit in the rear end by
nother vehicle. He is having some soreness bilateral in the mastoid
rea and the sternocleidomastoid muscles are slightly tender.
IAGNOSIS: Kind of like a whiplash or cervical ligamentous strain.
REATMENT: He is not having much problem. I think we'll just observe him
nd we will get cervical x-rays.
e also has difficulty maintaining an erection. He asked for some Viagra
amples. He was given Viagra samples to see if this improves this. He
as no history of heart disease and does not take any nitrate
edications.

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual<br>and ETHEL TILLIS, an individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | CASE NO. CV-2004-49 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### AFFIDAVIT OF DR. CLARK METZGER

Comes now the affiant, Dr. Clark Metzger, and after being duly sworn, testifies and says as follows:

1. My name is Dr. Clark Metzger and I am a Board Certified Orthopaedic Surgeon practicing in Andalusia, Alabama.

2. I have had an opportunity to evaluate and recommend treatment for Mr. Laythron Tillis for a persistent back problem that he has had since he was involved in a motor vehicle accident in April 2002. Mr. Tillis was referred to me by Dr. Stephen Davis in Opp, Alabama. My evaluation of Mr. Tillis shows the following.

3. Mr. Tillis is a 44 year old African-American male who by history began having problems with his back in April 2002 after he was involved in a motor vehicle accident in which he was struck from the rear. He denies that he had problems with his back before the accident, but since the accident makes complaints of back pain and posterior thigh pain. X-rays and MRI show canal stenosis (narrowing), foraminal stenosis and central disc bulge.

4. Given the type of pain he has, I recommend pain management, physical therapy, and anti-inflammatory medication for a period of 6 months to a year before considering surgery. If

this treatment is unsuccessful in resolving his pain, then a disc fusion may be necessary. The reasonable cost for this surgery would be around $60,000.00. Ten to twenty percent of patients need a repeat of that surgery in the future at the same cost.

5.    It is my opinion, to a reasonable degree of medical certainty, that the problems that Mr. Tillis complains of were pre-existing but asymptomatic (by history) before his accident in April 2002; therefore, the April accident was an aggravating event causing his problems. His problems may or may not be permanent.

FURTHER AFFIANT SAYETH NOT.

_____
Dr. Clark Metzger


STATE OF ALABAMA      )
COVINGTON COUNTY      )

I, _____, a Notary Public in and for said County, in said State, hereby certify that Dr. Clark Metzger whose name is signed to the foregoing affidavit and who is known to me, after first being duly sworn, acknowledged before me on this day that, being informed of the contents of this affidavit, and having reviewed same, that said affidavit is true and is based on her first-hand knowledge of the facts contained herein; she then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this ___27___ day of ___October___ 2004.

_____
Notary Public

My commission expires: MY COMMISSION EXPIRES JAN. 26, 200_

_____
(NOTARIAL SEAL)

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )

    Plaintiffs, )

     )

vs. )     CV-2004-49

     )

CECIL E. CAMERON, )

    Defendant. )

*NOV 2004 FILED J.M. Counts Court Clerk Coffee Co. AL*

### MOTION TO SET ASIDE ENTRY OF DEFAULT AND REQUEST TO DENY PLAINTIFFS' MOTION FOR ENTRY OF DAMAGES ON DEFAULT JUDGMENT

    COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith respectfully moves that this Court set aside the entry of default entered by this Court and requests that this Court deny plaintiffs' motion for entry of damages on default judgment, and in support therof of assigns the following grounds, separately and severally:

    1.    On or about April 13, 2004, Plaintiffs filed the Complaint in this case.

    2.    The plaintiffs attempted service of process on the defendant two times by certified mail on April 13, 2004 and then on May 14, 2004. In each instance, the return receipt came back to the court unclaimed.

    3.    According to the office of Circuit Clerk, the plaintiffs did not attempt service of process by a process server on defendant.

    Plaintiffs then filed a Motion for Service by Publication which this Court granted on



July 12, 2004.

5.     Defendant then filed a Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service on September 21, 2004.

6.     Plaintiffs then filed a Response to Defendant's Motion to Quash Service and Plaintiffs' Application for Default Judgment.

7.     Defendant then filed a Motion in Response to Plaintiffs' Application for Default Judgment and Request for Hearing on September 23, 2004.

8.     A hearing was held on October 6, 2004 wherein this Court denied defendant's motions and granted an entry of default for plaintiffs. Plaintiffs have not filed a Motion for Entry of Damages on Default Judgment.

9.     Rule 55(c) of the *Alabama Rules of Civil Procedure* provides that the Court may set aside an entry of default at any time before judgment.

## FACTS

10.     This case arises as a result of an alleged automobile accident that occurred on or about April 14, 2002, involving one of the plaintiffs, Laythron Tillis, and the defendant, Cecil E. Cameron. At the time of the accident, Cameron was driving a vehicle rented from Hertz Rent-A-Car.

11.     The plaintiffs attempted service of process on the defendant two times by certified mail. In each instance, the return receipt came back to the court unclaimed. The plaintiffs did not attempt service of process by a process server.

12.     Plaintiffs' counsel did not allege facts in his affidavit to the court for service by publication that the defendant attempted to avoid service. No facts have been presented by the plaintiffs that Cameron knew of this lawsuit and was culpable in attempting to avoid service of

process.

13.    The last known address of Cameron is 33 A Magnolia Avenue, Ft. Walton Beach, Florida 32548.

14.    Defense counsel made a limited appearance in this case to argue and protect Cameron's interest by opposing plaintiffs' improper service of process by publication.

15.    At no time has defense counsel had contact with Cameron. Defense counsel is unable to accept service in this case on behalf of Cameron because defense counsel does not have Cameron's permission to do so.

### ARGUMENT

### NO EVIDENCE DEFENDANT WAS CULPABLE IN ATTEMPTING TO AVOID SERVICE

16.    The grounds relied upon by the plaintiffs in their motion for service by publication are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. *Ala. R. Civ. P.* 4.3(a)(1).

17.    The affidavit submitted in support of plaintiff's motion for service by publication did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the *Ala. R. Civ. P.* Case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough for a court to allow service by publication in this instance. The plaintiff must allege specific facts which show that Cameron has avoided service, rendering him

culpable. *Vaughn v. O'Neal*, 736 So.2d 635, 638 (Ala. Civ. App. 1999).

18.    There have been no specific facts presented by the plaintiffs to prove that Cameron was culpable and attempting to avoid service.  The plaintiffs merely attempted service twice by certified mail with no success.  The plaintiffs never attempted service of process by a process server. Merely not being able to effectuate service is insufficient to allow service by publication.  In *Fisher v. Amaraneni*, 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the defendant.  However, even that did not satisfy the avoidance requirement.  The plaintiff in the instant case has not satisfied the requirements to allow service by publication, therefore, service by publication was improper.  The burden is on the plaintiff who is seeking service by publication to show that the defendant has avoided service, a burden that must be met by more than mere conclusory assertions.  See *Kanazawa v. Williams*, 838 So.2d 392 (Ala. Civ. App. 2002).

## THE COURT LACKS *IN PERSONAM* JURISDICTION OVER CAMERON

19.    The entry of default in this case is due to be set aside because this court lacked *in personam* jurisdiction over the defendant because Cameron was never properly served by service of process.

20.    Moreover, personal jurisdiction may not be obtained over a non-resident defendant through service by publication.  *Vaughn* Supra at 636.  In this case, the last known address of Cameron is in Ft. Walton Beach, Florida.  There is no evidence in this case that Cameron is a resident of Alabama.  A party seeking service by publication must show affirmatively, by affidavit or otherwise, that the party to be served is a resident, and the trial court must make a finding of residency.  Id. at 636.  The plaintiffs in this case have never shown by affidavit or otherwise that Cameron was a resident of the State of Alabama.  Nor did the court ever make a finding that

Cameron was a resident of Alabama. Therefore, service by publication is improper in this case.

## DEFAULT JUDGMENT IS NOT A FAVORED MEANS OF ADJUDICATION

21.    It is well settled in Alabama case law that default judgments are not a favored means

of adjudicating cases. The Alabama Court of Civil Appeals has held that:

> One primary principle of the Alabama Rules of Civil Procedure is
> that the parties to an action should be afforded a prompt and fair trial
> upon the merits. (citation omitted). Inherent in this principle is that
> default judgments are not favored, and, while the trial Court has
> discretion to grant such judgments, the exercise of discretion should
> be resolved in favor of the defaulting party where there is doubt as to
> the propriety of a default judgment. (citation omitted). Thus, in
> determining whether to grant or deny a motion to set aside a default
> judgment, a trial Court should exercise its broad discretionary powers
> with liberality and should balance the equities of the case with a
> strong bias toward allowing the defendant to have his day in Court.

*Hutchinson v. Hutchinson*, 647 So.2d 786, 788 (Ala. Civ. App. 1994). See *also K.S.C.C. v.

W.H.C.*, 857 So.2d 830, 833 (Ala. Civ App. 2002). The Alabama Court of Civil Appeals has also

held that "the trial Court must presume that cases should be decided on the merits whenever

practicable. The preservation of a litigant's right to defend on the merits is paramount, and,

therefore, outweighs the promotion of judicial economy." *McCormick v. Congleton*, 860 So.2d

1275, 1279 (Ala. Civ. App. 2003). See *also Aldridge V. Hamilton*, 708 So.2d 194, 195 (Ala. Civ.

App. 1997).

22.    To allow an entry of default to stand in this case against the defendant would unduly

prejudice the defendant when there are no facts to show that defendant knew of this lawsuit and

attempted to avoid service of process. Moreover, to allow this entry of default to stand in this case

would be a clear abuse of this trial Court's discretion.

23.    Plaintiffs will not be substantially prejudiced by the setting aside of this Court's entry

of default, if any, because the Plaintiffs will still have the opportunity to present their case to the Court once they properly serve the defendant.

WHEREFORE, for all of the above reasons, Defendant Cecil E. Cameron moves that this Honorable Court set aside the entry of default that has been entered in this case and moves that the Court deny the Plaintiff's Motion for Entry of Damages on Default Judgment.

Respectfully submitted this the _1ST_ day of _NOVEMBER_, 2004.

_____
DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:   (334) 834-7600
Facsimile:   (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the _1ST_ day of _NOVEMBER_, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

_____
OF COUNSEL

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                     )
      PLAINTIFFS, )
                     )
VS.                 )      CASE NO. 2004-49
                     )
CECIL E. CAMERON,       )
                     )
      DEFENDANT. )

### ORDER

The Plaintiffs having moved this Court for the entry of damages in the previously-ordered

Default Judgment and this Court having considered the affidavits and other evidence offered in

support of same, be it hereby:

ORDERED, ADJUDGED and DECREED that judgment be entered for the Plaintiff

Laythron Tillis and against the Defendant in the amount of $_____120,000.00_____ for which

let execution issue. Judgment is hereby entered for the Plaintiff, Ethel Tillis, and against the

Defendant in the amount of $_____20,000.00_____ for her loss of consortium, for which

let execution issue.

Costs taxed to the Defendant.

Done this the _3rd_ day of _November_, 2004.

_____
Circuit Judge

FILED
J.M. Counts
Court Clerk

DEFENDANT'S
EXHIBIT
_11_

```
  J351                                               CV 2004 000049.00

                                              JUDGE: ROBERT W BARR
--------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL
--------------------------------------------------------------------
 IN THE CIRCUIT  COURT OF   COFFEE       COUNTY

  LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON
 FILED:  04/13/2004 TYPE: NEGLIGENCE MOTOR VEH TYPE TRIAL: JURY       TRACK:

********************************************************************
 DATE1:              CA:                 CA DATE:
 DATE2:              AMT:        $.00    PAYMENT:
 DATE3:
********************************************************************
 PLAINTIFF  001: TILLIS LAYTHRON
                                    ATTORNEY: ALBRITTON THOMAS BYNUM
                                    ALB009    P O BOX 880
               , AL  00000-0000
               PHONE: (334)000-0000          ANDALUSIA, AL  36420
 ENTERED:  04/13/2004 ISSUED:         TYPE:          (334)222-3177
 SERVED:              ANSWERED:              JUDGEMENT:
--------------------------------------------------------------------
 PLAINTIFF  002: TILLIS ETHEL
                                    ATTORNEY: ALBRITTON THOMAS BYNUM
                                    ALB009    P O BOX 880
               , AL  00000-0000
               PHONE: (334)000-0000          ANDALUSIA, AL  36420
 ENTERED:  04/13/2004 ISSUED:         TYPE:          (334)222-3177
 SERVED:              ANSWERED:              JUDGEMENT:
--------------------------------------------------------------------
 DEFENDANT  001: CAMERON CECIL E
                 33A MAGNOLIA AVE        ATTORNEY:   David W. Henderson

                 FT WALTON BCH, FL  32548-0000
                 PHONE: (334)000-0000
 ENTERED:  04/13/2004 ISSUED: 4/13/04    TYPE: Certified
 SERVED:              ANSWERED:              JUDGEMENT:
```

5-1-04 D not Served, Mail Unclaimed
5-14-04 Sd¢ issued again, Certified Mail
9-4-04 Certified Mail Unclaimed, cc: D. Albritton
1-2-04 Motion for Service by Publication
1-12-04 Order, Motion for Service by Publication granted, cc: Albritton
1-19-04 Publication Order faxed to the Elba Clipper
1-21-04 Motion in Opposition to Plaintiffs Motion for Service by Publication and Motion to Quash Service
9-23-04 Motion in Response to P application for Default and Request for Hearing
9/23/04 Defendant Cameron's Motion are set for Hearing on October 6, 2004 at 9:00 A.M.
                              /s/ Charles Steve Circuit Judge
9/27/04 Copy of above order to T. Albritton and D. Henderson
10/6/04 Order, Motion to Quash denied, Motion for Default Set for 11/3/04 at 10:00 In, cc: Attorneys

```
 SH  04/13/2004                                     CV 2004 000049.00
```

```
VSO352                                           CV 2004 000049.00
                                         JUDGE: ROBERT W BARR
------------------------------------------------------------------
              ALABAMA JUDICIAL DATA CENTER
            CASE ACTION SUMMARY CONTINUATION
                    CIRCUIT CIVIL
------------------------------------------------------------------
  IN THE CIRCUIT  COURT OF   COFFEE      COUNTY                  |
   LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON           |
  FILED: 04/13/2004 TYPE:  NEGLIGENCE MOTOR VEH TYPE TRIAL:  JURY      TRACK:
******************************************************************|
DATE1:          CA:              CA DATE:                        |
DATE2:          AMT:        $.00 PAYMENT:                        |
******************************************************************|
```

| | |
|---|---|
| 10-29-04 | Motion for Entry of Damages on Default Judgment |
| | Notice of Filing Affidavits. Affidavit of |
| | Laythron Tillis v Ethel Tillis and Dr. Metzger |
| 11-1-04 | Motions to set aside Entry of Default, and request |
| | to deny D's Motion for Entry of Damages on Default |
| 11/3/04 | Defendant's Motion to set aside Entry of Default |
| | and to deny Plaintiff's Motion for Entry of |
| | Damages are each denied. |
| | /s/ Circuit Judge |
| 11-3-04 | Copy of above order to L. Allbritton and D. Henderson |
| 11-3-04 | Order Judgment entered for plaintiffs, cc L. Allbritton |
| | and D. Henderson |
| 11-17-04 | Motion to set aside Default Judgment, or in the alternative, |
| | Motion to Alter, Amend or Vacate Judgment filed by |
| | David Henderson |
| 12/6/04 | Defendant's Motion to set aside Default Judgment or |
| | in the alternative Motion to Alter, Amend or |
| | Vacate Judgment are each denied. |
| | /s/ Circuit Judge |

```
PSH   04/13/2004
```

# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )

     *PLAINTIFF* )
~~Appellants,~~

      )

vs.            CV-2004-49

      )

CECIL E. CAMERON, )

     *DEFENDANT* )
~~Appellee.~~

## NOTICE TO CLERK TO PREPARE
## RECORD ON APPEAL

---

Pursuant to ARAP 11(4), the above named appellee requests that the Clerk of the Circuit

Court prepare the additional photocopy of the record on appeal in the above styled cause.

                     _____
                         Attorney/Appellee

OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600



IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual        )
and ETHEL TILLIS, an individual,
                                      )

    Plaintiffs,                       )

vs.                                   )        CV-2004-49

CECIL E. CAMERON,                     )

    Defendant.                        )

## DEPOSIT OF CASH SECURITY

    COMES NOW, The Hertz Corporation, without submitting to the jurisdiction of this court,

on behalf of Cecil E. Cameron and hereby acknowledges itself bound unto Laythron Tillis and Ethel

Tillis, in the sum of One Hundred Seventy Five Thousand Dollars ($175,000.00) for the payment

of which it binds itself, its heirs, executors, and administrators, jointly and severally, and as part of

this undertaking it hereby waives its rights of exemption as to personal property under the

constitution and laws of the State of Alabama.

    Whereas, the above named plaintiffs recovered a judgment against the defendant/appellant

for the sum of One Hundred Forty Thousand Dollars ($140,000.00); and whereas the undersigned

as surety for such judgment has simultaneously paid into the Circuit Court of Coffee County,

Alabama (Elba Division) a check in the amount of One Hundred Seventy Five Thousand Dollars

($175,000.00) which is 125% of the original judgment.

    NOW, THEREFORE, the condition of the foregoing obligation is such that, if the

defendant/appellant shall lose this appeal, the judgment is so secured to satisfy such judgment,

penalties, and costs as may be assessed in this case, then or if the defendant/appellant should prevail

on appeal, the said obligation to be null and void and all monies not utilized to satisfy the judgment

so secured, if any, shall be returned to the undersigned upon further order of this Honorable Court.

Executed with our seals this 5TH day of JANUARY , 200 5 .

The Hertz Corporation

By: _Dale Martin_____
Its: _____
On behalf of Appellant

Filed and Approved: _____
Date: _____

_____
Clerk of the Circuit Court of Coffee County, Alabama
(Elba Division)

EXECUTION OF JUDGMENT STAYED:

_____
Circuit Judge

**HCM**
Hertz Claim Management

CHECK DATE: 12/28/2004          CHECK NUMBER: 003126150

| Company | Case-Number | CLM | Accident Date | COV | Comments | Amount |
|---------|-------------|-----|---------------|-----|----------|--------|
| 00HZRA | 01-2002-06099 | 3 | 04/14/2002 | BI | *** TILLIS V CAMERON | 175,000.00 |
| | | | | | **TOTAL** | 175,000.00 |

---

**HCM**
Hertz Claim Management

| Administered for | Company | Case and Claim Number | Check Number |
|---|---|---|---|
| HERTZ RENT A CAR | 00HZRA | 01-2002-06099 03 | 003126150 |

60-160
433

Mellon Bank N.A.
PITTSBURGH, PENNSYLVANIA

12/28/2004                                   $ ** 175,000.00

PAY  *One Hundred Seventy Five Thousand Dollars and 00 Cents*

NOTICE: ALL PAYEES MUST ENDORSE. CHECK MAY INCLUDE MORTGAGE/LIENHOLDER AS
REQUIRED BY CONDITIONS OF POLICY. CONTRACTOR/BODY SHOP MAY ALSO BE SHOWN.

Hertz Claim Management
3400 LAKESIDE DR., STE 520
MIRAMAR, FL 33027
Tel: (954) 436-7434

TO
THE          JAMES M. COUNTS, CIRCUIT COURT
ORDER        CLERK
OF           230 M COURT AVENUE
             ELBA          AL 36323

Two Signatures required over $25,000.00

⑈003126150⑈  ⑆043301601⑆  079⑈2917⑈

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual    )
and ETHEL TILLIS, an individual,

                            )

    Plaintiffs,

                            )

vs.                            )        CV-2004-49

                            )

CECIL E. CAMERON,

                            )

    Defendant.

## MOTION TO STAY JUDGMENT

COMES NOW, The Hertz Corporation, without submitting to the jurisdiction of this court, on behalf of Cecil E. Cameron pursuant to Rule 8 of the *Alabama Rules of Appellate Procedure* and requests this Court to enter an order staying the judgment in this matter. As grounds for such stay, The Hertz Corporation has paid into the Circuit Court of Coffee County, Alabama (Elba Division) the sum of One Hundred Seventy Five Thousand Dollars ($175,000.00) which is 125% of the original judgment of One Hundred Forty Thousand Dollars ($140,000.00). See attached Deposit of Cash Security.

WHEREFORE, these premises prayed, The Hertz Corporation requests that this court stay the judgment in this case.

Respectfully submitted this the 5TH day of JANUARY , 200 5 .

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the _5TH_ day of ___JANUARY___ , 200 _5_ .

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

_____
OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CV-2004-49 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | | |

## DEPOSIT OF CASH SECURITY

COMES NOW, The Hertz Corporation, without submitting to the jurisdiction of this court, on behalf of Cecil E. Cameron and hereby acknowledges itself bound unto Laythron Tillis and Ethel Tillis, in the sum of One Hundred Seventy Five Thousand Dollars ($175,000.00) for the payment of which it binds itself, its heirs, executors, and administrators, jointly and severally, and as part of this undertaking it hereby waives its rights of exemption as to personal property under the constitution and laws of the State of Alabama.

Whereas, the above named plaintiffs recovered a judgment against the defendant/appellant for the sum of One Hundred Forty Thousand Dollars ($140,000.00); and whereas the undersigned as surety for such judgment has simultaneously paid into the Circuit Court of Coffee County, Alabama (Elba Division) a check in the amount of One Hundred Seventy Five Thousand Dollars ($175,000.00) which is 125% of the original judgment.

NOW, THEREFORE, the condition of the foregoing obligation is such that, if the defendant/appellant shall lose this appeal, the judgment is so secured to satisfy such judgment, penalties, and costs as may be assessed in this case, then or if the defendant/appellant should prevail on appeal, the said obligation to be null and void and all monies not utilized to satisfy the judgment

so secured, if any, shall be returned to the undersigned upon further order of this Honorable Court.

Executed with our seals this __5<u>TH</u>__ day of __JANUARY__, 200 _5_.

The Hertz Corporation

By: _Dale Martino_
Its: _____
On behalf of Appellant

Filed and Approved: _____
Date: _____

_____
Clerk of the Circuit Court of Coffee County, Alabama
(Elba Division)

EXECUTION OF JUDGMENT STAYED:

_____
Circuit Judge

**HCM**
Hertz Claim Management

CHECK DATE: 12/28/2004          CHECK NUMBER: 003126150

| Company | Case-Number | CLM | Accident Date | COV | Comments | Amount |
|---------|-------------|-----|---------------|-----|----------|--------|
| 00HZRA | 01-2002-06099 | 3 | 04/14/2002 | BI | *** TILLIS V CAMERON | 175,000.00 |
| | | | | | **TOTAL** | **175,000.00** |

---

**HCM**
Hertz Claim Management

| Administered for | Company | Case and Claim Number | Check Number |
|---|---|---|---|
| HERTZ RENT A CAR | 00HZRA | 01-2002-06099 03 | 003126150 |

Mellon Bank N.A
PITTSBURGH, PENNSYLVANIA

60-160
433

12/28/2004

**PAY** One Hundred Seventy Five Thousand Dollars and 00 Cents

$**175,000.00

NOTICE: ALL PAYEES MUST ENDORSE. CHECK MAY INCLUDE MORTGAGE/LIENHOLDER AS REQUIRED BY CONDITIONS OF POLICY, CONTRACTOR/BODY SHOP MAY ALSO BE SHOWN

Hertz Claim Management
3400 LAKESIDE DR., STE 520
MIRAMAR, FL 33027
Tel: (954) 436-7434

TO
THE
ORDER
OF

JAMES M. COUNTS, CIRCUIT COURT
CLERK
230 M COURT AVENUE
ELBA          AL 36323

Two Signatures required over $25,000.00

⑆003126150⑆ ⑆0160160⑆ 079⑈7917⑈

**IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA**
**ELBA DIVISION**

|  |  |  |
|---|---|---|
| **LAYTHRON TILLIS, an individual** | ) | |
| **and ETHEL TILLIS, an individual,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **CV-2004-49** |
| **CECIL E. CAMERON,** | ) | |
| **Defendant.** | ) | |

*[Court stamp: JAN 2005 FILED, J.M. Counts, Court Clerk, Coffee Co. AL]*

**NOTICE OF PAYMENT OF MONIES INTO COURT**

COMES NOW, The Hertz Corporation, without submitting to the jurisdiction of this court, and hereby gives notice of its payment into Court for use in the above-referenced action the amount of $175,000.00 which represents the surety for such judgment in the amount of $140,000.00 involved in this case. It is respectfully requested that the Clerk place this money into an interest-bearing account until such time as the Court shall enter an order as to how the said funds and any interest hereafter accrued should be disbursed.

_David W. Henderson_

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the _5Tʰ_ day of _JANUARY_ , 200 _5_ .

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

_____
OF COUNSEL

### IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

| | |
|---|---|
| **LAYTHRON TILLIS, an individual**<br>**and ETHEL TILLIS, an individual,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| **vs.** | )       CV-2004-49 |
| | ) |
| **CECIL E. CAMERON,** | ) |
| **Defendant.** | ) |

### ORDER

This matter having come before the Court on a Motion To Stay Judgment filed by The Hertz Corporation, having reviewed same, this Court does hereby **ORDER**, **ADJUDGE** and **DECREE** that The Hertz Corporation has complied with Rule 8 of the *Alabama Rules of Appellate Procedure* and the judgment in this case of $140,000 be stayed.

Done this the _____ day of _____, 200__.


_____
CIRCUIT COURT JUDGE

cc:    David Henderson, Esq.
       Post Office Box 116
       Montgomery, Alabama 36101

       Thomas B. Albritton, Esq.
       Post Office Box 880
       Andalusia, Alabama 36420

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-1 (front)    Rev. 1/97 | **NOTICE OF APPEAL TO THE** (Check appropriate block)<br>☒ **SUPREME COURT OF ALABAMA**<br>☐ **COURT OF CIVIL APPEALS OF ALABAMA** | **Civil Action Number:**<br>CV-2004-49 |

IN THE CIRCUIT COURT OF ___COFFEE (ELBA DIVISION)___ COUNTY, ALABAMA

APPELLANT
   Cecil E. Cameron

v. APPELLEE
   Laythron Tillis, an individual and Ethel Tillis, an individual

TRIAL JUDGE
   Robert W. Barr

| DATE OF JUDGMENT:<br>November 3, 2004 | DATE OF POST-JUDGMENT ORDER:<br>December 6, 2004 |

NOTICE IS HEREBY GIVEN THAT ___Cecil E. Cameron___ appeal(s) to the above-named court from the ☒ Final Judgment ☒ Order ___See Attachment A___ (describing it)

CHECK THE PROPER DESCRIPTION OF THE APPEALED CASE UNDER THE APPROPRIATE COURT

| **SUPREME COURT**<br>1. ☐ Summary Judgment, amount claimed more than $50,000<br>2. ☒ Judgment Amount exceeds $50,000<br>3. ☐ Amount Sought in trial court more than $50,000,<br>   judgment for defendant<br>4. ☐ Equitable Relief, except for domestic relations<br>5. ☐ Other: ___ | **COURT OF CIVIL APPEALS**<br>1. ☐ Summary Judgment, amount claimed $50,000 or less<br>2. ☐ Judgment Amount $50,000 or less<br>3. ☐ Amount Sought $50,000 or less, judgment for defendant<br>4. ☐ Workmen's Compensation<br>5. ☐ Domestic Relations<br>6. ☐ Other: ___ |

APPELLANT FILES WITH THIS NOTICE OF APPEAL:
1. ☐ Security for costs of appeal
2. ☐ A supersedeas bond in the amount of $ ___
3. ☒ Deposited cash security in the amount of $175,000.00

4. ☐ Is exempted by law from giving security for costs of appeal
   by virtue of ___

Filed   *1-5-05*
         (Date)

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Address
P.O. Box 116, Montgomery, AL    (334) 834-7600
                    36101    Telephone Number

CERTIFIED AS A TRUE COPY
*James M. Counts*
Circuit Clerk

*Gary W. Henderson*
Appellant or Attorney for Appellant

### SECURITY FOR COSTS

We hereby acknowledge ourselves security for costs of appeal. For the payment of all costs secured by this undertaking, we hereby waive our right of exemption as to personal property under the Constitution and laws of the State of Alabama.

Executed with our seals this ___ day of ___, ___.

Filed and approved: ___
                    (Date)

___ (L.S.)
Appellant-principal

___ (L.S.)
Surety

___ (L.S.)
Surety

Circuit Clerk
(Amended November 9, 1976; October 1, 1991.)

A copy of the Deposit of Cash Security filed with the circuit court is attached hereto.

### SUPERSEDEAS BOND

We, the undersigned principal and sureties, hereby acknowledge ourselves bound unto ___ in the sum of ___ Dollars, for the payment of which we bind ourselves, and each other, our heirs, executors, [[ for amount of bond see Rule 8(a)] and administrators, jointly and severally, and as part of this undertaking we hereby waive our rights of exemption as to personal property under the Constitution and laws of the State of Alabama.

**Attachment A to Notice of Appeal**

**Cecil E. Cameron v. Laythron Tillis, an individual and Ethel Tillis, an individual**

Cecil E. Cameron appeals from the Circuit Court's order denying this Defendant's Motion to Set Aside Default Judgment, or in the alternative, Motion to Alter, Amend, or Vacate Judgment entered on December 6, 2004.

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual        )
and ETHEL TILLIS, an individual,
                                       )
        Plaintiffs,
                                       )
vs.                                          CV-2004-49
                                       )
CECIL E. CAMERON,
                                       )
        Defendant.

## DEPOSIT OF CASH SECURITY

COMES NOW, The Hertz Corporation, without submitting to the jurisdiction of this court, on behalf of Cecil E. Cameron and hereby acknowledges itself bound unto Laythron Tillis and Ethel Tillis, in the sum of One Hundred Seventy Five Thousand Dollars ($175,000.00) for the payment of which it binds itself, its heirs, executors, and administrators, jointly and severally, and as part of this undertaking it hereby waives its rights of exemption as to personal property under the constitution and laws of the State of Alabama.

Whereas, the above named plaintiffs recovered a judgment against the defendant/appellant for the sum of One Hundred Forty Thousand Dollars ($140,000.00); and whereas the undersigned as surety for such judgment has simultaneously paid into the Circuit Court of Coffee County, Alabama (Elba Division) a check in the amount of One Hundred Seventy Five Thousand Dollars ($175,000.00) which is 125% of the original judgment.

NOW, THEREFORE, the condition of the foregoing obligation is such that, if the defendant/appellant shall lose this appeal, the judgment is so secured to satisfy such judgment, penalties, and costs as may be assessed in this case, then or if the defendant/appellant should prevail on appeal, the said obligation to be null and void and all monies not utilized to satisfy the judgment

so secured, if any, shall be returned to the undersigned upon further order of this Honorable Court.

Executed with our seals this _5TH_ day of _JANUARY_, 200 _5_.

The Hertz Corporation

By: _Dale Martino_

Its: _____

On behalf of Appellant

Filed and Approved: _____

Date: _____

_____

Clerk of the Circuit Court of Coffee County, Alabama
(Elba Division)

EXECUTION OF JUDGMENT STAYED:

_____

Circuit Judge

CHECK DATE: 12/28/2004          CHECK NUMBER: 003126150

| Company | Case-Number | CLM | Accident Date | COV | Comments | Amount |
|---------|-------------|-----|---------------|-----|----------|--------|
| 00HZRA | 01-2002-06099 | 3 | 04/14/2002 | BI | *** TILLIS V CAMERON | 175,000.00 |
| | | | | | **TOTAL** | **175,000.00** |

VOID VOID VOID VOID VOID VOID VOID

| HCM Hertz Claim Management | Administered for HERTZ RENT A CAR | Company 00HZRA | Case and Claim Number 01-2002-06099 03 | Check Number 003126150 Mellon Bank N.A. PITTSBURGH, PENNSYLVANIA |
|---|---|---|---|---|

60-160
433

12/28/2004

PAY  One Hundred Seventy Five Thousand Dollars and 00 Cents

$**175,000.00

NOTICE: ALL PAYEES MUST ENDORSE. CHECK MAY INCLUDE MORTGAGE/LIENHOLDER AS REQUIRED BY CONDITIONS OF POLICY, CONTRACTOR/BODY SHOP MAY ALSO BE SHOWN

Hertz Claim Management
3400 LAKESIDE DR., STE 520
MIRAMAR, FL 33027
Tel: (954) 438-7434

TO THE ORDER OF

JAMES M. COUNTS, CIRCUIT COURT
CLERK
230 N COURT AVENUE
ELBA          AL 36323

Two Signatures required over $25,000.00

⑈003126150⑈ ⑆063301601⑆ 079⑈7917⑈

_Ellis v. Cameron_

HILL, HILL, CARTER, FRANCO
COLE & BLACK, PC
OPERATING ACCOUNT
PO BOX 116
MONTGOMERY, AL 36101

**Compass Bank**
Montgomery, Alabama (30)

61-118/620
411

093247

PAY    One Hundred and 0/100 Dollars

DATE    1/03/07

AMOUNT
$100.00

TO THE    Supreme Court and State Law Library
ORDER    300 Dexter Avenue
OF    Montgomery, AL 36104-3741

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.

THIS DOCUMENT IS PROTECTED BY A MICRO-PRINT SIGNATURE LINE. FLUORESCENT PAPER FIBERS. A WATERMARKED BACKER. AND IS REACTIVE TO CHEMICAL ALTERATION

WARNING: THIS DOCUMENT IS VOID IF ACCOUNT NUMBER DOES NOT APPEAR ON THE REVERSE SIDE IN RED

⑈093247⑈ ⑈062001186⑈ 872 2782 0⑈

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual,

    Plaintiffs,            )

vs.                   )    CV-2004-49

CECIL E. CAMERON,     )

    Defendant.        )

## ORDER

This matter having come before the Court on a Motion To Stay Judgment filed by The Hertz Corporation, having reviewed same, this Court does hereby **ORDER, ADJUDGE** and **DECREE** that The Hertz Corporation has complied with Rule 8 of the *Alabama Rules of Appellate Procedure* and the judgment in this case of $140,000 be stayed.

Done this the ___10th___ day of _Jenuay_, 200_5_.

_____
CIRCUIT COURT JUDGE

cc:    David Henderson, Esq.
        Post Office Box 116
        Montgomery, Alabama 36101

        Thomas B. Albritton, Esq.
        Post Office Box 880
        Andalusia, Alabama 36420

JAN 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

Note: These funds shall be placed in an interest bearing account by the Circuit Clerk

_____
Circuit Judge



# IN THE SUPREME COURT OF ALABAMA

January 21, 2005



**1040493**

Cecil E. Cameron v. Laythron Tillis, an individual and Ethel Tillis, an individual
(Appeal from Elba Division of Coffee Circuit Court: CV-04-49).

## ORDER

This is to notify you that this appeal is hereby reinstated
on the appellate docket and will not be sent to mediation at
this time.  The stay formerly imposed in the appellate
proceedings is lifted.  All appellate time requirements shall
begin as of the date of this order.

If the record on appeal has not been prepared in this case,
the appellant shall make satisfactory arrangements with the
trial court clerk and the court reporter for preparation of the
record on appeal within seven days of the date of this order.
For purposes of record preparation, the clerk and court
reporter's time for preparation of the record and/or transcript
shall begin as of the date of this order.  Failure to comply
may result in dismissal of this appeal.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this _21st_ day of  _January_   _2005_

*Robert G. Esdale Sr.*
**Clerk, Supreme Court of Alabama**

cc:
Hon. Robert W. Barr, Circuit Judge
Coffee County Circuit Clerk's Office
Sherre Cater, Court Reporter
David W. Henderson, Attorney
Thomas Albritton, Attorney

/sm

*156*

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-4          Rev. 11/91 | CERTIFICATE OF COMPLETION<br>OF CLERK'S RECORD | Appellate Case Number<br><br>1040493 |
|---|---|---|

| TO THE CLERK OF THE:  ☒ SUPREME COURT OF ALABAMA<br>☐ COURT OF CIVIL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:    1-5-05 |
|---|---|

APPELLANT

  CECIL E. CAMERON

v.     APPELLEE

LAYTHRON TILLIS, AN INDIVIDUAL AND ETHEL TILLIS, AN INDIVIDUAL

     I certify that I have this date completed the clerk's record by make a photocopy of each of the papers, exhibits, orders, etc. (as designated by the parties) (in the entire record) and I have included therein the original notice of appeal, (security for costs) (supersedeas bond), designations of the record on appeal, and appropriate indexes. All original paginations were removed or covered; all pages constituting the designated clerk's record are assembled chronologically in order of their filing by fastening at the left side; and all pages are numbered serially and in the upper right corner of the page. A copy of this certificate will appear as the last page of the clerk's record and the page number is affixed hereto.

     I further certify that I am this date serving a copy of this certificate of completion on the court reporter and on counsel for each of the parties, along with a copy of the index. The designated clerk's record will remain in this office until the reporter's transcript is filed, at which time the record on appeal will be assembled and made available first to counsel for appellant and then to counsel for appellee as an aid in the preparation of their respective briefs.

     DATED this  18TH  day of  February , 2005 .

                                 _James M. Crunt_
                               Circuit Clerk

                               Coffee County/Elba Division
                               County

(Amended October 1, 1991.)

---

[1] *The court reporter is reminded that the designated reporter's transcript, prefaced by an appropriate index, is due to be filed in this office on _____, _____, 56 days from the date of the filing of the notice of appeal and that the pages of the transcript are to be numbered serially in the upper right corner of the page.*

[2] *Counsel for the respective parties are reminded that the record on appeal must be returned to this office in sufficient time for filing by this office with the clerk of the appellate court not more than 14 days from the filing of the appellee's brief— the same date on which appellant's reply brief, if any, is due to be filed.*

CLERK'S INDEX

Cover Sheet, Summons, Complaint.................................... 1 — 5
Certified Mail Receipt and Returns.............................. 6 — 8
Affidavit to Obtain Service by Publication..................... 9 — 14
Motion for Service by Publication.............................. — 15
Order for Service by Publication.............................. 16 — 17
Motion in Opposition to Plaintiff's Motion for Service.........
    by Publication and Motion to Quash Service................. 18 — 20
Motion in Response to Plaintiff's Application for Default
    Judgment and REquest for Hearing.......................... 21 — 24
Plaintiff's Response to Defendant's Motion to Quash Service
    by Plaintiff's Application for Default Judgment............ 25 — 28
Order.............................................................. 29 — 30
Westlaw Cite as: 565 So. 2d 84................................. 31 — 35
Westlaw Cite as: 736 So. 2d 635............................... 36 — 39
Notice of Filing Affidavits................................... 41 — 42
Affidavit of Mr. Laythron Tillis.............................. 43 — 52
Affidavit of Dr. Clark Metzger................................ 53 — 54
Affidavit of Ms. Ethel Tillis................................. 55 — 57
Motion for Entry od Damages on Default Judgment............... 58 — 59
Motion to Set Aside Entry of Default and Request to Deny
    Plaintiff's Motion for Entry of Damages on Default Judgment. 60 — 65
Order............................................................. — 66
Motion to Set Aside Default Judgment, or in the Alternative,
    Motion to Alter,Amend or Vacate Judgment.................... 67 — 77
Notice of Appeal to the Supreme Court......................... 78 — 83
Docketing Statement........................................... 84 — 87
Transcript Purchase .......................................... 88 — 89
Deposit of Cash Security...................................... 90 — 91
Motion to Stay Judgment....................................... 92 — 96
Notice of Payment of Monies into Court........................ 97 — 98

Clerk's Index (cont.)

Transcript Purchase Order...................................  –  99
Order........................................................  – 100
Defendant's Exhibit 1....................................... 101 – 103
Defendant's Exhibit 2....................................... 104 – 106
Defendant's Exhibit 3....................................... 107 – 113
Defendant's Exhibit 4....................................... 114 – 115
Defendant's Exhibit 5....................................... 116 – 117
Defendant's Exhibit 6....................................... 118 – 120
Defendant's Exhibit 7....................................... 121 – 123
Defendant's Exhibit 8....................................... 124 – 125
Defendant's Exhibit 9....................................... 126 – 144
Defendant's Exhibit 10...................................... 145 – 150
Defendant's Exhibit 11......................................  – 151
Notice to Stay to Clerk/Court Reporter......................  – 152
Order.......................................................  – 153
Copy of Case Action Summary................................. 154 – 155
Certification of Completion of Clerk's Record...............  – 156

| State of Alabama<br>Unified Judicial System | **CERTIFICATE OF COMPLETION OF RECORD ON APPEAL BY TRIAL CLERK** | Appellate Case Number |
|---|---|---|
| ⌐ ⌐m ARAP-6          Rev. 9/92 | | 1040493 |

| TO THE CLERK OF THE: | ☒ SUPREME COURT OF ALABAMA<br>☐ COURT OF CIVIL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:          1-5-05 |
|---|---|---|

APPELLANT

CECIL E. CAMERON

v.          APPELLEE

LAYTHRON TILLIS, AN INDIVIDUAL AND ETHEL TILLIS, AN INDIVIDUAL

     I certify that I have this date completed the record on appeal by assembling in (a single volume of __167__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that the record on appeal will be made available to the parties for the preparation of briefs.

     I certify that a copy of this certificate will this date be served on counsel for each party[1] to the appeal.

     DATED this ___2nd___ day of __March_____, __2005___.

*James M. Counts*
_____
Circuit Clerk

COFFEE COUNTY/ELBA DIVISION
_____
County

(Amended October 1, 1991.)

---

[1] Counsel for appellant is reminded that the appellant's brief is due to filed with the clerk of appellate court within 28 days from the date of this certificate.

```
VS0304                    ALABAMA JUDICIAL DATA CENTER
                          COFFEE          COUNTY
                             COST BILL
                                              CV 2004 000049.00
                                         ROBERT W BARR
-------------------------------------------------------------------|
            IN THE CIRCUIT COURT OF   COFFEE       COUNTY
LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON

      HENDERSON DAVID WAYNE        ATTY:              CODE: HEN072
        PO BOX 116
         MONTGOMERY   AL   36101
NOTES:
```

```
       COST BILL  -  ABOUT (D001) CAMERON CECIL E
-------------------------------------------------------------------|
                         |   ORDERED    |    PAID     |   BALANCE
-------------------------------------------------------------------|
1. DOCKET  FEE           |              |             |
   SMALL CLAIMS          |_____ |_____ |_____
   DISTRICT              |_____ |_____ |_____
   CIRCUIT               |_____ |_____ |_____
2. JURY DEMAND           |_____ |_____ |_____
3. SERVICE FEES          |              |             |
   EACH DEF OVER ONE     |_____ |_____ |_____
   NON RESID DEFEND      |_____ |_____ |_____
   CERTIFIED MAIL        |_____ |_____ |_____
   SUBPOENA FEE          |_____ |_____ |_____
   ADDL PLAINTIFFS       |_____ |_____ |_____
   _____    |_____ |_____ |_____
   _____    |_____ |_____ |_____
4. WITNESS FEES 1.50/DAY .05M|_____ |_____ |_____
5. POST JUDGEMENT:       |              |             |
   ATTACHMENT            |_____ |_____ |_____
   GARNISHMENT           |_____ |_____ |_____
   EXECUTION             |_____ |_____ |_____
6. PUBLICATION           |_____ |_____ |_____
7. JUDGMENTS DATE:11/03/2004|_____ |_____ |_____
8. PUBLIC LAW LIBRARY TAX|_____ |_____ |_____
9. COSTS FROM LOWER COURT:|             |             |
   _____    |_____ |_____ |_____
   _____    |_____ |_____ |_____
   _____    |_____ |_____ |_____
10. OTHER:               |              |             |
   COURT ADMIN FUND      |              |             |
   APPEAL COSTS          |__$35.00_____ |_____ |_____
   COPIES                |_____ |_____ |_____
   MOTIONS               |_____ |_____ |_____
   T O T A L   C O S T S |__$35.00_____ |_____ |_____
-------------------------------------------------------------------|
 I HEREBY CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT STATEMENT OF THE
   COSTS DUE IN THE SPECIFIED CASE:

      03/02/2005   ISSUED DATE      CLERK:JAMES M COUNTS       BY:
                                          230 M COURT AVE
                                          ELBA  AL  36323
                                          (334)897-2954
-------------------------------------------------------------------|
OPERATOR: COK
PREPARED: 03/02/2005
```



FILED

MAR 2 3 2005

CLERK
SUPREME COURT OF ALABAMA

IN THE SUPREME COURT OF ALABAMA
CASE NO.1040493


CECIL E. CAMERON,

Appellant,

vs.

LAYTHRON TILLIS and ETHEL TILLIS,

Appellees.


## BRIEF OF THE APPELLANT
## CECIL E. CAMERON


ON APPEAL FROM THE CIRCUIT COURT
OF COFFEE COUNTY (ELBA DIVISION), ALABAMA

CV-04-49


RANDALL MORGAN
DAVID W. HENDERSON
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
425 SOUTH PERRY STREET
P.O. BOX 116
MONTGOMERY, ALABAMA 36101-0116
(334) 834-7600

ATTORNEYS FOR APPELLANT

March 23, 2005

IN THE SUPREME COURT OF ALABAMA
CASE NO.1040493


CECIL E. CAMERON,

Appellant,

vs.


LAYTHRON TILLIS and ETHEL TILLIS,

Appellees.

---

BRIEF OF THE APPELLANT
CECIL E. CAMERON

---


ON APPEAL FROM THE CIRCUIT COURT
OF COFFEE COUNTY (ELBA DIVISION), ALABAMA

CV-04-49

---

RANDALL MORGAN
DAVID W. HENDERSON
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
425 SOUTH PERRY STREET
P.O. BOX 116
MONTGOMERY, ALABAMA 36101-0116
(334) 834-7600

ATTORNEYS FOR APPELLANT

March 23, 2005

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Cecil E. Cameron does not feel that oral argument is necessary to resolve this appeal, but is certainly willing to participate in such if this Court determines oral argument is needed or would be helpful in its resolution of this cause.

i

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . ii

STATEMENT OF JURISDICTION . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . iv, v

QUESTIONS PRESENTED . . . . . . . . . . . . . . . 1

STATEMENT OF CASE . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . 6

STATEMENT OF THE STANDARD OF REVIEW . . . . . . . . . 7

SUMMARY OF ARGUMENT . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . 10

    A.   THE TRIAL COURT'S ENTRY OF DEFAULT JUDGMENT WAS INITIALLY IMPROPER BECAUSE THE COURT LACKED *IN PERSONAM* JURISDICTION OVER CAMERON, AND THUS ITS JUDGMENT IS VOID . . . . . . . . . . . . . . 10

    B.   THE TRIAL COURT'S REFUSAL TO SET ASIDE THE ENTRY OF DEFAULT JUDGMENT WAS AN ABUSE OF DISCRETION, AS A REVIEW OF THE FACTORS ARTICULATED IN *KIRTLAND* REVEALS NO EVIDENCE TO WARRANT SUCH ACTION . 16

    C.   ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THERE WAS NO HEARING OR JURY TRIAL, AND THE DAMAGES AWARDED WERE CLEARLY EXCESSIVE . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . 26

ii

## STATEMENT OF JURISDICTION

This case was appealed to this Court from the Circuit Court of Coffee County (Elba Division), Alabama pursuant to § 12-2-7 and § 6-6-754, *Alabama Code* 1975.

## TABLE OF AUTHORITIES

<u>Cases</u>                                                            <u>Pages</u>

*Aldridge V. Hamilton*, 708 So.2d 194, 195
    (Ala. Civ. App. 1997) . . . . . . . . . . . . . . . 18

*Bass Pecan Co. v. Berga*, 694 So.2d 1311 (Ala. 1997) . . . 22

*Bieber v. Bieber*, 623 So.2d 1163 (Ala. Civ. App. 1992) . 11

*Braley v. Horton*, 432 So.2d 463 (Ala. 1983) . . . . . 14, 15

*Chapman v. Smith*, 2004 WL 1008440 (Ala.2004) . . . . . . 7

*DaLee v. Crosby Lumber Co., Inc.*, 561 So.2d 1086
(Ala. 1990) . . . . . . . . . . . . . . . . . . . . . . 7

*Ex parte Family Dollar Stores of Alabama, Inc.*
    2005 WL 32412 (Ala. 2005) . . . . . . . . . . . 17, 18

*Ex parte Gilliam*, 720 So.2d 902, 906 (Ala. 1998) . . . . 19

*Flagstar Enterprises, Inc. v. Foster*, 779 So.2d 1220
(Ala.2000) . . . . . . . . . . . . . . . . . . . . . . 7

*Hutchinson v. Hutchinson*, 647 So.2d 786, 788
    (Ala. Civ. App. 1994) . . . . . . . . . . . . . . . 17

*John H. Peterson, Sr., Enterprises, Inc. v. Chaney*,
486 So.2d 1307 (Ala. Civ. App.1986) . . . . . . . . . . 14

*Kanazawa v. Williams*, 838 So.2d 392
    (Ala. Civ. App. 2002) . . . . . . . . . . . . 10, 11

*Kirtland v. Fort Morgan Authority Sewer Service., Inc.*,
    524 So.2d 600, 604-05 (Ala. 1988) . . 8,16,17,18,19,20

*Marshall v. Mid-State Homes, Inc.*, 468 So.2d 131
(Ala.1985) . . . . . . . . . . . . . . . . . . . . . . 14

*Miles v. McClung*, 385 So.2d 1326 (Ala. Civ. App.1980) . . 14

*Richardson v. Integrity Bible Church, Inc.*,
2004 WL 2009363 (Ala. Civ. App. 2004) . . . . . . . . . 18

*Roberts v. Wettlin*, 431 So.2d 524, 526 (Ala. 1983) . . . 7

*Seventh Wonder v. Southbound Records, Inc.*, 364 So.2d
1173 (Ala.1978) . . . . . . . . . . . . . . . . . . . 11

*Shaddix v. Shaddix*, 603 So.2d 1096, 1098-99
        (Ala. Civ. App. 1992) . . . . . . . . . . . . . 11

*Smith v. Clark*, 468 So.2d 138 (Ala.1985) . . . . . . . 10

*Summit Photographix, Inc. v. Scott*, 763 So.2d 956,
960 (Ala.2000) . . . . . . . . . . . . . . . . . . . 19

*Vaughan v. O'Neal*, 736 So.2d 635, 638
        (Ala. Civ. App. 1999) . . . . . . . . . . . 11, 12

*Wise v. Siegel*, 527 So.2d 1281 (Ala. 1988) . . . . . 14, 15


**Other Authorities**                                    **Pages**
§ 12-2-7, *Alabama Code* 1975 . . . . . . . . . . . . iii
§ 6-6-754, *Alabama Code* 1975 . . . . . . . . . . . . iii
*Ala. R. Civ. P.* Rule 55(c). . . . . . . . . . . . 17, 21
60(b), *Ala. R. Civ. P.* . . . . . . . . . . . . 5, 7, 10
*Ala. R. Civ. P.* Rule 4 . . . . . . . . . . . . . . 11
*Ala. R. Civ. P.* 4.3(a)(1) . . . . . . . . . . . . 12
Rule 4.3 (a)(2) . . . . . . . . . . . . . . . . . . 15
*Ala. R. Civ. P.* Rule 4.3(d)(1) . . . . . . . . . . 12
*Ala. R. Civ. P.*, Rule 60(b)(4) . . . . . . . . . . 10
*Ala. R. Civ. P.* Rule 38 . . . . . . . . . . . . . 21

v

## QUESTIONS PRESENTED

I.      WHETHER THE TRIAL COURT'S ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THE COURT LACKED *IN PERSONAM* JURISDICTION OVER CAMERON.

II.     WHETHER THE TRIAL COURT'S REFUSAL TO SET ASIDE THE ENTRY OF DEFAULT JUDGMENT WAS AN ABUSE OF DISCRETION.

III.    WHETHER THE ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THERE WAS NO HEARING OR JURY TRIAL AND THE DAMAGES AWARDED WERE CLEARLY EXCESSIVE.

1

## STATEMENT OF THE CASE

The Appellant, Cecil E. Cameron appeals from a default judgment entered against him by Judge Robert W. Barr in the Circuit Court of Coffee County (Elba Division), Alabama.

This case originated with the filing of the Appellees/Plaintiffs' Summons and Complaint on April 13, 2004. In the complaint, Plaintiff, Laythron Tillis alleged that he was injured as the result of an automobile accident involving a Hertz rental car driven by Cecil Cameron. In the complaint, Tillis averred negligence and wantonness and sought both compensatory and punitive damages for bodily injury and mental anguish; his wife, Ethel Tillis, sought compensatory damages for loss of consortium. (C.101-103). The Tillises requested a trial by jury.

Plaintiffs attempted to serve Cameron (whose last known address was in Ft. Walton Beach, Florida and whose present whereabouts are unknown) with the Summons and Complaint twice via certified mail on April 13, 2004 and then on May 14, 2004. In each instance, the return receipt came back to the court unclaimed. (C.7-8, 12). After these two attempts, Plaintiffs then filed a motion for service by publication with the trial court, and did not attempt service of process by a process

2

server. (C.9-15). Further, although Plaintiffs' counsel knew the undersigned law firm had been retained to defend Cameron upon proper service, he did not list defense counsel on the certificate of service for their Motion for Service by Publication. (R.5).

The motion for service by publication was granted by the trial court on July 12, 2004. (C.16). Defense counsel found out from Alacourt that plaintiffs' motion for Service by Publication had been both filed and granted and in response filed a Motion in Opposition to Service by Publication and Motion to Quash Service on September 21, 2004. (C.18-19). In response Plaintiffs filed an Application for Default Judgment and Response to Motion to Quash on September 24, 2004. (C.25-27). Defendant then filed a Motion in Response to said Application for Default Judgment, requesting that the trial court hold a hearing on this matter, on September 23, 2004 (C.21-23).

At the hearing concerning the application for default judgment, held on October 6, 2004, Defense counsel made a limited appearance to argue and protect Cameron's interest by opposing plaintiffs' improper service of process by publication; the trial court refused to quash service and

3

suggested in the alternative that defense counsel accept service of process on behalf of the defendant. (R.3-5). Defense counsel could not do so, and the trial court then denied defendant's motions and granted an entry of default for plaintiffs. In the trial court's order entering default on October 6, 2004, it noted that defense counsel would not accept service of process for the defendant and it found that Cameron attempted to avoid service because:

> "the plaintiff attempted service by certified mail twice with both being returned, unclaimed, attempted to find a different address for the defendant via internet searches, attempted to obtain service through the attorney representing the Defendant's interest in this case an address by which the Defendant can be served which was refused or as stated in open Court that he did not know where the Defendant was located."

In its order the trial court also stated it would set a hearing for November 3, 2004, on the matter of damages unless it received a submission from plaintiffs with evidentiary attachments before that time. (C.29-30).

On October 28, 2004, Plaintiffs filed a Motion for Entry of Damages on Default Judgment with evidentiary attachments. (C.41-59). In response, Defendant filed a Motion to Set Aside Entry of Default and Request to Deny Plaintiffs' Motion for

4

Entry of Damages on November 1, 2004. (C.41-59; 60-65). Defense counsel was notified on November 2, 2004 that the November 3 hearing was canceled because the trial judge had received the requested evidentiary submission from plaintiffs.

On November 3, 2004, the trial court denied defendant's motions and entered default judgment against the defendant, assessing damages in the amount of $120,000 for plaintiff Laythron Tillis, and $20,000 for plaintiff Ethel Tillis. (C.66). Defendant then filed a motion to set aside default judgment, or in the alternative, to alter, amend, or vacate the judgment, pursuant to Rules 55(c), 59(e), and 60(b), *Ala. R. Civ. P.*, on November 17, 2004, which was denied by the trial court on December 6, 2004. (C.67-77, 101-151; 155). Defense counsel, on behalf of the defendant, then filed a notice of appeal to this court on January 5, 2005. (C. 78-88).

## STATEMENT OF FACTS

The facts of the underlying lawsuit are undisputed. The case arises as a result of an alleged automobile accident that occurred on or about April 14, 2002, involving one of the appellees, Laythron Tillis, and the appellant, Cecil E. Cameron ("Cameron") who was driving a rental car from The Hertz Corporation ("Hertz").

There are no facts to show that Cameron knows of this lawsuit and/or was culpable in attempting to avoid service of process. Hertz, pursuant to the applicable rental agreement and an excess insurance policy, has provided a defense for Cameron throughout this case without submitting to the jurisdiction of the trial court. Mitch Weinstein, an adjuster with Hertz, retained the undersigned counsel to defend Cameron. At no time has Weinstein had contact with Cameron regarding this claim or lawsuit, despite attempts to contact Cameron by both telephone and U.S. Mail. The last known address of Cameron is 33 A Magnolia Avenue, Ft. Walton Beach, Florida 32548. To Weinstein's knowledge, Cameron does not know about this claim or lawsuit. (C.116-117). In addition, at no time has defense counsel had contact with Cameron, despite attempts to do so. (R.3-4).

6

## STATEMENT OF THE STANDARD OF REVIEW

"The standard for review in the case of an order refusing to set aside a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly abused such discretion." (Citations omitted). *Roberts v. Wettlin*, 431 So.2d 524, 526 (Ala. 1983).

To the extent this court examines the trial court's actions in refusing to grant the defendant's post judgment motion,"[w]hether to grant or deny a post-judgment motion filed pursuant to Rule 59 is within the sound discretion of the trial court. *Flagstar Enterprises, Inc. v. Foster*, 779 So.2d 1220 (Ala.2000). Abuse of discretion by a trial court in granting a Rule 59(e) motion can be found only where a legal right was abused and the record plainly and palpably shows the trial court was in error." See *Chapman v. Smith*, 2004 WL 1008440 (Ala.2004). In addition, a trial court's discretionary authority under the rule governing a motion for relief from judgment is much broader than the authority governing the rule for the setting aside of a default judgment. Rules 55(c), 60(b), *Ala. R. Civ. P.*; *DaLee v. Crosby Lumber Co.*, Inc., 561 So.2d 1086 (Ala. 1990).

7

## SUMMARY OF ARGUMENT

A review of the record on appeal clearly reveals that the trial court has abused its discretion by entering a default judgment against the defendant Cecil Cameron, and then by refusing to overturn the same or grant the Defendant's motion for relief from judgment. First, it is clear that the trial court's initial allowance of service by publication on Cameron was improper as there was no evidence presented to suggest that Cameron was an in-state resident, or culpable and attempting to avoid service of process. The trial court thus lacked *in personam* jurisdiction over Cameron, whose last known address was out of state; because service of process was improper, the default judgment rendered by the trial court was void and the court erred in refusing to set aside the same.

In addition, the trial court clearly abused its discretion by denying Cecil Cameron's motion to set aside its entry of default judgment, or in the alternative, his motion to alter, amend, or vacate said judgment. A cursory review of the factors enunciated by this court in *Kirtland v. Fort Morgan Authority Sewer Service., Inc.*, 524 So.2d 600, 604-05 (Ala. 1988), reveals that Cameron is not guilty of any culpable behavior, that the Tillises would not be prejudiced

8

by the default being set aside, and that Cameron would likely have a meritorious defense to the Tillises' claims if the case were to be reversed and remanded.

Lastly, in the event this court somehow finds both service and the entry of default proper, it is clear that the trial court's award of damages was improper and did not conform to due process of law in that 1) there was no hearing or jury trial held to allow defense counsel to dispute or cross examine the plaintiffs with regard to their damage claims, and 2) the evidence submitted by plaintiffs in their affidavits and medical records does not support the large sum of damages awarded by the trial court. As a result, the award of damages is due to be set aside, or at the least reduced substantially.

9

## ARGUMENT

A.   THE TRIAL COURT'S ENTRY OF DEFAULT JUDGMENT WAS
     INITIALLY IMPROPER BECAUSE THE COURT LACKED *IN
     PERSONAM* JURISDICTION OVER CAMERON, AND THUS ITS
     JUDGMENT IS VOID.

An initial review of the facts presented in this case reveals that it is due to be reversed and remanded pursuant to *Ala. R. Civ. P.*, Rule 60(b)(4), on the grounds that the trial court erred in initially entering a default judgment against the defendant Cecil Cameron when it lacked *in personam* jurisdiction over him, and therefore, its judgment is void.

Rule 60(b), *Ala. R. Civ. P.*, provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...(4) the judgment is void." Further, Rule 60(b)(4), specifically provides relief from a final judgment where the court that rendered it lacked jurisdiction over the subject matter or over the parties. *Kanazawa v. Williams*, 838 So.2d 392, 394 (Ala. Civ. App. 2002). For a judgment to be void, the court rendering the judgment must have lacked jurisdiction of the subject matter or of the parties, or have acted in a manner that was inconsistent with due process. *Smith v. Clark*, 468 So.2d 138

10

(Ala.1985). A motion challenging a judgment as void is not addressed to the discretion of the trial court. If the judgment is void, it must be set aside. *Seventh Wonder v. Southbound Records, Inc.*, 364 So.2d 1173 (Ala.1978).

"It is well settled that failure of proper service under Rule 4, *Ala. R. Civ. P.*, deprives a court of jurisdiction and renders judgment by default void." *Vaughan v. O'Neal*, 736 So.2d 635, 638 (Ala. Civ. App. 1999); *Shaddix v. Shaddix*, 603 So.2d 1096, 1098-99 (Ala. Civ. App. 1992); *Bieber v. Bieber*, 623 So.2d 1163 (Ala. Civ. App. 1992). In this case, the trial court lacked *in personam* jurisdiction because service of process upon Cecil Cameron was improper; thus the default judgment entered against Cameron is void for lack of *in personam* jurisdiction and is due to be set aside.

The burden is on the plaintiff who is seeking service by publication to show that Cameron has avoided service, a burden that must be met by more than mere conclusory assertions. See *Kanazawa v. Williams*, supra. A mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough for a court to allow service by publication in this instance. The plaintiff must allege specific facts which show that Cameron has avoided service, rendering him culpable. *Vaughan*

11

*v. O'Neal*, <u>supra</u> at 638.

In the instant case, the Tillises petitioned the trial court to allow service of publication upon Cameron after twice attempting to serve him out of state via certified mail. The Tillises did not ever attempt to use a process server in order to serve Cameron, nor did they demonstrate to the court that he was either an Alabama resident and/or was actively attempting to avoid service. (C. 9-10). Only in cases of equity or marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as this, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. *Ala. R. Civ. P.* 4.3(a)(1). The affidavit submitted in support of plaintiffs' motion for service by publication did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the *Ala. R. Civ. P.* (C.9-10).

In the trial court's order entering default on October 6, 2004, it noted that defense counsel would not accept service of process for the defendant and it found that Cameron had attempted to avoid service because:

> "the plaintiff attempted service by certified mail twice with both being

12

> returned, unclaimed, attempted to find a different address for the defendant via internet searches, attempted to obtain service through the attorney representing the Defendant's interest in this case an address by which the Defendant can be served which was refused or as stated in open Court that he did not know where the Defendant was located."

(C.29-30). It is respectfully submitted that the above behavior does not constitute avoidance of service of process, nor does it demonstrate that the Plaintiffs have fulfilled their obligations in attempting to serve Cameron. Further, there is no duty on behalf of defense counsel to accept service of process for Cameron, especially when his whereabouts are unknown and counsel does not have his permission to accept service. To accept service of process without permission could subject defense counsel to potential ethical complaints and/or attorney malpractice claims. As such, the trial court's finding of avoidance and allowance of service by publication was improper, and its entry of default judgment is void.

In addition, it is undisputed that Cameron's last known address was in Florida, and there is nothing in the record to suggest that he is in fact an Alabama resident. It is well settled under Alabama law that personal jurisdiction may not

be obtained over a non-resident defendant through service by publication. *Braley v. Horton,* 432 So.2d 463 (Ala. 1983). This court discussed the foregoing principle of law in *Wise v. Siegel*, 527 So.2d 1281 (Ala. 1988), wherein a plaintiff sought to serve an out-of-state defendant by publication, and a default judgment was entered. The Defendant then moved for relief from judgment challenging the service of process, which the trial court denied. 527 So.2d at 1281-1282. On appeal, this Court reversed and remanded:

> "The Court of Civil Appeals has held, and we agree, that the return of certified mail "unclaimed" does not in and of itself constitute avoidance of service of process so as to justify service of process by ordinary mail or by publication. *John H. Peterson, Sr., Enterprises, Inc. v. Chaney,* 486 So.2d 1307 (Ala. Civ. App.1986); see also *Marshall v. Mid-State Homes, Inc.,* 468 So.2d 131 (Ala.1985). . . . "The only question presented in this appeal is whether the trial court erred in denying the defendant's motion to set aside the default judgment on the ground that the service of process by publication was invalid and would not support a default judgment against a non-resident of this state under the undisputed facts in this case. We hold that the trial court erred.
>
> In *Miles v. McClung*, 385 So.2d 1326 (Ala. Civ. App.1980), the Court of Civil Appeals held that the circumstances surrounding service by publication in that case were not sufficient to justify a money judgment. The court there pointed out: "The Committee Comments to Rule 4.3 clearly indicate that in a case such as this service by publication is to be allowed only when there is an 'element of culpability on the part of the defendant.'

14

Moreover, 'More than mere inability to find the defendant is required because of the use of the term "avoidance" of service.' " 385 So.2d at 1327.

".....

"There is an even more basic reason that service by publication in this case was improper: In *Braley v. Horton*, 432 So.2d 463 (Ala.1983), the court held that the question of whether the defendant was a resident or a non-resident of the state was determinative of whether service of process by publication was ever permissible.    There the Court held that Rule 4.3(c) applied only to resident defendants or a corporation with one of its principal places of business within the state. That rule contains the following provision:

> "(c) Avoidance of Service.   When a *resident* defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication...." (Emphasis added.)

Rule 4.3(a)(2) provides that "In no event shall an *in personam* judgment be entered on service by publication except as provided in subparagraph (c) of this rule."... Under the facts of this case, the foregoing authorities compel the conclusion that the Circuit Court of Coffee County never obtained personal jurisdiction over the defendant in this case. It therefore erred in denying his motion for relief from the default judgment.

The judgment is, accordingly, reversed and the cause is remanded."

*Wise*, 527 So. 2d at 1281-1282.

15

Under the above authority, it is clear that the trial court's entry of default judgment against Cecil Cameron in this case is void due to a lack of jurisdiction, based upon improper service. The Tillises have never shown by affidavit or otherwise that Cameron was a resident of the State of Alabama, nor did the trial court ever make such a finding; it was merely alleged that he was attempting to avoid service. Because there is no evidence whatsoever to suggest that either Cameron is an Alabama resident an/or that he was attempting to avoid service, service by publication was improper. As a result, the trial court did not have *in personam* jurisdiction over Cameron when it entered the default judgment against him, and thus its judgment is void as a matter of law.

B. **THE TRIAL COURT'S REFUSAL TO SET ASIDE THE ENTRY OF DEFAULT JUDGMENT WAS AN ABUSE OF DISCRETION, AS A REVIEW OF THE FACTORS ARTICULATED IN *KIRTLAND* REVEALS NO EVIDENCE TO WARRANT SUCH ACTION.**

In the event that this court finds that service upon Cecil Cameron was proper, it is respectfully submitted that nevertheless the trial court abused its discretion by denying Cecil Cameron's motion to set aside its entry of default judgment, or in the alternative, his motion to alter, amend, or vacate said judgment. (C.67-77, 101-151; 155). Under

16

Alabama law, default judgments are not a favored means of adjudicating cases.   As noted by the Alabama Court of Civil Appeals:

> One primary principle of the *Alabama Rules of Civil Procedure* is that the parties to an action should be afforded a prompt and fair trial upon the merits. (citation omitted).   Inherent in this principle is that default judgments are not favored, and, while the trial Court has discretion to grant such judgments, the exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment. (citation omitted). Thus, in determining whether to grant or deny a motion to set aside a default judgment, a trial Court should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in Court.

*Hutchinson v. Hutchinson*, 647 So.2d 786, 788 (Ala. Civ. App. 1994).  On review of a motion to set aside a default judgment pursuant to Rule 55(c), *Ala. R. Civ. P.*, a trial court must "balance two competing interests associated with default judgments: 1) the need to promote judicial economy and 2) the need to preserve an individual's right to defend on the merits." *Ex parte Family Dollar Stores of Alabama, Inc*. 2005 WL 32412 (Ala. 2005), citing *Kirtland v. Fort Morgan Authority Sewer Service, Inc.*, 524 So.2d 600, 604-05 (Ala. 1988).  In determining whether to set aside a default judgment, "preserving a litigant's right to a trial on the merits is

17

paramount and, therefore, outweighs the interest of promoting judicial economy." *Kirtland,* supra.    "Although a trial court has broad discretion when deciding whether to grant a motion to set aside a default judgment, that discretion is not unlimited." *Aldridge v. Hamilton,* 708 So.2d 194, 195 (Ala. Civ. App.1997) (citing *Kirtland,* 524 So.2d at 604).

This Court in *Kirtland* has held that when a trial court is determining whether to set aside a default judgment, a trial court *must* apply the three-factor analysis as follows: "(1) whether the defendant has a meritorious defense, (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside, and (3) whether the default judgment was a result of the defendant's own culpable conduct." (Citations omitted). *Ex parte Family Dollar Stores of Alabama, Inc.,* supra, citing *Kirtland* supra.    See also *Richardson v. Integrity Bible Church, Inc.,* supra; It is obvious from a review of the trial court's orders entering default and default judgment in this case that it did not consider the *Kirtland* factors, and for this reason alone, its entry of default judgment against Cameron was improper and is due to be reversed. (C.29-30;155).

However, even when the **Kirtland** factors are considered,

18

it is clear that the default judgment was improper and due to be set aside. As discussed at length earlier, there is first no evidence whatsoever to suggest that Cameron is actively attempting to avoid service or is guilty of any sort of culpable conduct, or indeed to suggest that he knows about the existence of this lawsuit at all.

Second, there is is no evidence to suggest that the Tillises would be prejudiced if the default were set aside; no discovery has taken place at all, and this court has stated before that "'[m]ere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment.'" See *Summit Photographix, Inc. v. Scott*, 763 So.2d 956, 960 (Ala.2000)(quoting *Ex parte Gilliam*, 720 So.2d 902, 906 (Ala.1998)). The second factor thus militates in favor of a trial on the merits.

Lastly, under *Kirtland*, Cameron must show the existence of a meritorious defense. To do so, he must satisfy the trial court that he or she is prepared to present a plausible defense; however, he is not required to show that he would necessarily prevail at a trial on the merits. *Kirtland*, 524 So.2d at 605. This factor is complicated by the fact that Cameron is absent from this proceeding thus far, but when he

19

learns of the suit, Cameron will doubtless deny liability and assert defenses to the claims asserted by the Tillises.  This factor thus militates in favor of a trial on the merits as well.  It is clear that even a cursory review of the *Kirtland* factors reveals that the trial court abused its discretion in declining to overturn its entry of default judgment against Cameron, and as such its ruling is due to be overturned.

C. **ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THERE WAS NO HEARING OR JURY TRIAL, AND THE DAMAGES AWARDED WERE CLEARLY EXCESSIVE**

Lastly, in the event that this court finds that both service and the entry of default judgment against Cecil Cameron were properly found, Cameron nevertheless submits that the damages awarded were improper in that there was no hearing or jury trial to determine the merits of the damages claimed by Plaintiffs, nor was defense counsel allowed to cross examine the plaintiffs with regard to their damage claims. A hearing was initially set, but was then canceled by the trial judge once he had received an evidentiary submission from the plaintiffs regarding their damages. Further, the damages awarded to the plaintiffs were general damages and did not specify what amount was compensatory and punitive. (C.66). Therefore, Cameron was not afforded a *Hammond* hearing to

oppose punitive damages. To allow the trial judge to arbitrarily rule on the plaintiffs' damages without allowing defense counsel an opportunity to cross examine the plaintiffs and attempt to mitigate there damages is substantially prejudicial to the defendant and does not conform to due process of the law. Thus, the damage award constitutes a clear abuse of discretion and is due to be overturned.

Additionally, the trial court's award of damages was improper because the plaintiffs failed to withdraw their written jury demand, as required by Rule 38 of the *Alabama Rules of Civil Procedure*. (C.102). Rule 38 precludes the withdrawal of a demand for trial by jury without the consent of the parties, except where an opposing party is in default under Rule 55(c). This provision speaks only to a situation where the <u>defendant</u> had appeared and requested a jury demand prior to the default judgment. As to a <u>plaintiff</u> who has made a jury demand and thereafter seeks a default judgment, Rule 38 provides that such a party "may withdraw that party's demand for a jury as to any defaulting party without the consent of that party and have that party's damages assessed by the court without a jury." In the present case, the plaintiffs did not withdraw their jury demand pursuant to Rule 38. (C.101-103).

21

Their failure to do so mandates that the default judgment is due to be set aside.

Moreover, at the very least, Cameron respectfully submits that he is entitled to a new hearing on damages so that he can present testimony to establish that the monetary award, whether compensatory, punitive or both, is clearly excessive. See **Bass Pecan Co. v. Berga**, 694 So.2d 1311 (Ala. 1997) (evidence presented at default judgment hearing did not support award; therefore trial court was ordered to take additional testimony). Therefore, the default judgment should be reversed and remanded because the damages awarded are both unsupported and excessive. A review of the evidence provided by the plaintiffs in their affidavits and medical records does not support such awards. (C.41-59).

For example, Laythron Tillis was specifically awarded $120,000.00. In his affidavit seeking damages, Tillis stated that he experienced neck and back pain and other problems, and that he has seen six doctors over the last two years. (C.43-45). However, Dr. Clark Metzger, Tillis' treating physician, stated in his affidavit that "the problems Mr. Tillis complains of were pre-existing but asymptomatic (by history) before his accident in April 2002; therefore, the April

22

accident was an aggravating event causing his problems. His problems may or may not be permanent." Moreover, Dr. Metzger did not recommend surgery at this time. (C.53-54).

Mr. Tillis also stated in his affidavit that his medical bills are in excess of $10,000.00. However, he did not provide any supporting evidence such as medical bills or invoices to substantiate such a claim. Additionally, Mr. Tillis stated in his affidavit that he suffered property damage of $1,600.00, but again did not provide any supporting evidence such as repair orders or estimates, to substantiate the same. Thus, the specific damage award to Mr. Tillis is due to be overturned because it is excessive, not supported by the evidence, and an abuse of the trial court's discretion. (C.43-45).

In addition, Ethel Tillis was specifically awarded $20,000.00 for her loss of consortium claim. However, in her affidavit she did not present sufficient evidence to support such an award, such as a time frame or frequency of her damages. Thus, Mrs. Tillis' award is due to be overturned because it is excessive, not supported by the evidence and an abuse of the trial court's discretion as well. (C.55-56). Based upon the foregoing, it is respectfully submitted that

23

the trial court's award of damages constitutes a clear abuse of discretion, and the award is due to be reversed and remanded, either in its entirety, or at the very least for a hearing or trial on the issue of damages wherein counsel for the defense would be able to challenge the same.

## IV.  CONCLUSION

Based upon the foregoing undisputed evidence and applicable Alabama authorities, it is clear that the trial court erred in allowing service by publication and then entering a default judgment against Cecil Cameron, absent evidence suggesting that Cameron was an in-state resident and/or attempting to avoid service of process; as such, its judgment is void for a lack of *in personam* jurisdiction. Second, the trial courts' post-judgment refusal to set aside the default constituted a clear abuse of discretion. Lastly, the damages awarded plaintiffs were both unsupported by the evidence and awarded without allowing defense counsel the opportunity to challenge the same. For the foregoing reasons, it is respectfully submitted that the trial court's rulings are due to be reversed and this case remanded.

24

_____
RANDALL MORGAN
Code No.: MOR037


_____
DAVID W. HENDERSON
Code No.: HEN072


Attorneys for Appellant
Cecil E. Cameron


OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
   COLE & BLACK, P.C.
425 South Perry Street
P.O. BOX 116
MONTGOMERY, AL   36101-0116
334-834-7600
334-263-5969 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following person by U.S. Mail, first-class postage prepaid, on this the 23rd day of March, 2005:

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

26

IN THE SUPREME COURT OF ALABAMA
CASE NO. 1040493

CECIL E. CAMERON,

Appellant,

vs.

LAYTHRON TILLIS and ETHEL TILLIS,

Appellees.

---

BRIEF OF THE APPELLEES
LAYTHRON TILLIS and ETHEL TILLIS

---

ON APPEAL FROM THE CIRCUIT COURT
OF COFFEE COUNTY (ELBA DIVISION), ALABAMA

CV-04-49

---

THOMAS B. ALBRITTON
ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN,P.C.
P.O. BOX 880
ANDALUSIA, ALABAMA 36420
(334)-222-3177

ATTORNEYS FOR APPELLEES

April 20, 2005

## STATEMENT REGARDING ORAL ARGUMENT

The Appellees, Laythron and Ethel Tillis, do not feel that Oral Argument would significantly aid this Court in the resolution of the issues contained herein and for this reason they do not request same.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................. iv

QUESTIONS PRESENTED FOR REVIEW....................... 1

STATEMENT OF THE CASE................................ 2

STATEMENT OF FACTS.................................. 5

SUMMARY OF ARGUMENT................................. 7

ARGUMENT........................................... 10

I.    The Default Judgment returned against
      the Defendant is valid......................... 10

      A.    The Court entered a default judgment
            not only for the Defendant's failure
            to Answer and defend the case, but also
            for conduct which it felt was an attempt
            to circumvent the Court's authority........ 10

      B.    The Court had jurisdiction over
            the Defendant.............................. 18

            1.    The Plaintiffs complied with the
                  requirements for service by
                  publication.......................... 21

            2.    The Plaintiffs' only option was
                  to serve by publication and doing
                  so does not offend notions of
                  due process.......................... 25

                  i.    No one knows how or where to
                        find Mr. Cameron............... 25

                  ii.   The Rules and caselaw support
                        service by publication when
                        no other option exists to
                        perfect service............... 27

ii

**Page**

      3.   Cameron had notice of this case
            because Notice to Counsel was
            notice to client..................... 29

II  An analysis of the Kirtland factors supports
    a denial of the Defendant's Motion........... 32

III. The Court's award of damages is supported by
     the evidence................................. 33

    A.  It is within the Court's discretion
        to hold a hearing on damages upon default.... 34

    B.  Rule 55 permits the resolution of damages
        without a jury when default has occurred..... 35

    C.  The Court was not required to hold a
        Hammond hearing in the present case.......... 36

IV.  Conclusion...................................... 40

## TABLE OF AUTHORITIES

### Alabama Supreme Court                    Page

Ballard Realty Co., Inc. v. Weatherly,
     792 So. 2d 1045 (Ala. 2000)..................    38

Cooper v. Watts, 191 So. 2d 519 (Ala. 1966)........    29

Ex Parte Illinois Cent. Gulf R. Co.,
     514 So. 2d 1283(Ala. 1987)..................    13

Ex Parte Volkswagenwerk Aktiengesellschaft,
     443 So. 2d 880 (Ala. 1983)..................    20

Goldman v. Jameson, 275 So. 2d 108 (Ala. 1973).....    29

Goodall v. Ponderosa Estates, Inc.,
     337 So. 2d 726 (Ala. 1976)..................    29

Iverson v. Xpert Tune, 553 So. 2d 82 (Ala. 1989)...    12

Jones v. Hydro-Wave of Alabama, Inc.,
     524 So. 2d 610 (Ala. 1988)..................    13,14

Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,
     524 So. 2d 600 (Ala. 1988)..................    32

Kmart Corp. v. Kyles, 723 So. 2d 572 (Ala. 1998)...    39

Mitchum v. Hudgens, 533 So. 2d 194 (Ala. 1988).....    29

Mutual Assur. Inc. v. Wilson,
     716 So. 2d 1160 (Ala. 1998)..................    26,29

Nat'l Insur. Assoc. v. Sockwell, 829 So. 2d 111
     Ala. 2002)...................................    39

Ocean Cruise Lines, Inc. v. Abeta Travel
     Service, Inc., 562 So. 2d 205 (Ala. 1990).....    36

iv

**Page**

Owens v. Nat'l Security of AL, Inc.,
    454 So. 2d 1387 (Ala. 1984)...................   29

P.M. Goodall v. Ponderosa Estates, Inc.,
    337 So. 2d 726 (Ala. 1976)...................   13

Rayborn v. Housing Auth. Of Washington County,
    164 So. 2d 494 (1964).......................   29

Robbins v. Battle House Co., 74 Ala. 499 (1883)....   29

Wise v. Siegel, 527 So. 2d 1281 (Ala. 1988)........   19

**Alabama Court of Civil Appeals**

Brooks v. Brooks, 494 So. 2d 645
    (Ala. Civ. App. 1986).......................   27,28

Hinson v. King, 603 So. 2d 1104
    (Ala. Civ. App. 1992).......................   40

K.P. v. Reed, 676 So. 2d 933
    (Ala. Civ. App. 1995).......................   39

Miles v. McClung, 385 So. 2d 1326
    (Ala. Civ. App. 1980).......................   17

Phillips v. Tays, 555 So. 2d 1096
    (Ala. Civ. App. 1989).......................   40

Romans v. J.P. Mills, Inc., 844 So. 2d 1239
    (Ala. Civ. App. 2002).......................   38

Shaddix v. Shaddix, 603 So. 2d 1096
    (Ala. Civ. App. 1992).......................   17

Southtrust Bank v. Jones, Morrison, Womack & Dearing,
    2005 WL 628876 (March 18, 2005).............   16

**Page**

<u>Vaughan v. O'Neal</u>, 736 So. 2d 635
    (Ala. Civ. App. 1999)........................   16,21


<u>Vogus v. Angry</u>, 744 So. 2d 934
    (Ala. Civ. App. 1999)........................   17

### <u>Alabama Rules of Court</u>

Ala. R. Civ. Pro., Rule 1..........................   27

Ala. R. Civ. Pro., Rule 4.2........................   20,21

Ala. R. Civ. Pro., Rule 4.3.....................21,23,27,28

Ala. R. Civ. Pro., Rule 12.........................   18

Ala. R. Civ. Pro., Rule 55.........................   12,35

QUESTIONS PRESENTED FOR REVIEW

1.    WHETHER THE DEFAULT JUDGMENT RETURNED AGAINST THE
       DEFENDANT IS VALID?

2.    WHETHER AN ANALYSIS OF THE KIRTLAND FACTORS SUPPORTS A
       DENIAL OF THE DEFENDANT'S MOTION TO VACATE DEFAULT
       JUDGMENT?

3.    WHETHER THE COURT'S AWARD OF DAMAGES IS SUPPORTED BY THE
       EVIDENCE?

**STATEMENT OF THE CASE**

The Plaintiffs were struck from behind in a motor vehicle accident on April 14, 2002. (C. 3). On April 13, 2004 the Plaintiffs filed suit in the Circuit Court of Coffee County, Alabama and alleged negligence, wantonness, loss of consortium, and sought damages from Cecil Cameron. Id. The Plaintiffs attempted service by publication twice, but both attempts were unsuccessful. (C. 7). On July 1, 2004, the Plaintiffs filed an affidavit requesting service by publication because they did not know how to locate the Defendant. The Defendant's insurer said that it "could not give that information" to counsel for the Plaintiff. (C. 9). On July 12, 2004, the Judge ordered service by publication and gave the Defendant until September 12, 2004 to Answer. (C. 16). On September 21, 2004, the insurance company for Cameron retained counsel who opposed service by publication and moved to quash service. (C. 18). On September 23, 2004 the Defendant opposed an entry of default. (C. 21). On September 24, 2004, the Plaintiffs moved for Default Judgment.

On October 6, 2004, the Court conducted a hearing on all the pending motions. At that hearing, the Defendant was

2

represented by counsel, although the Defendant himself did
not appear.  (R. 3).  Counsel stated that he did not now the
Defendant's whereabouts.  Id.  He stated that he had never
talked to him.  Id.  The insurance company had not talked to
him since the date of the accident over two years ago.  (R.
4).

The Court found that Defense counsel was being
misleading by not being willing to give any indication that
they had had contact with the Defendant.  (R. 5).  The Court
found that counsel for the Defendant refused to file an
Answer on the Defendant's behalf and refused to accept
service for the Defendant.  (R. 6).  The Court determined
that counsel was attempting to circumvent the authority of
the Court and unreasonably stop the case.  (R. 8).  The
Court found it inconsistent that the Defendant's counsel
would say that he represents the interests of the Defendant
but at the same time state that he would not file an Answer
for that Defendant or accept service simply because he did
not know where his client resides.  (R. 8).  He found that
counsel for the Defendant was "misusing the laws of the
state" and was refusing to defend the case.  (R. 9).  For
this reason, he denied the Defendant's motions and granted

3

Default Judgment.    (R. 9).

The Court set a hearing on damages for November 3, 2004, but gave the Plaintiff the opportunity to submit affidavits regarding damages to the court instead.    (C. 30).    The Defendant did not object to this procedure.    On November 1, 2004 the Defendant, essentially, moved to vacate default judgment, but did not raise <u>Kirtland</u> factors in his argument, offered no evidence in support of his motion, and, most important, never filed an Answer for the Defendant. (C. 60).    On November 3, the Court entered damages in the amount of $140,000.00 (C. 66).    On November 17, 2004 the Defendant again moved to vacate Default Judgment but did not argue <u>Kirtland</u> factors, offered no evidence, and still did not file an Answer for the Defendant.    (C. 67).    On January 5, 2005, the Defendant appealed.    (C. 78).    Since his initial motions were denied, counsel for the Defendant has never filed an Answer on the Defendant's behalf.

## STATEMENT OF FACTS

The facts of the underlying lawsuit arise out of a motor vehicle accident that occurred on April 14, 2002 in which the Plaintiffs were rear-ended by Cecil Cameron and received injuries as a result of the accident.  (C. 3).  After filing suit, the Plaintiff attempted service by certified mail but all attempts to do so were unsuccessful. (C. 6-8).  The Plaintiffs tried to find the Defendant's address from his insurer, but they "could not give this information." (C. 9). To this day, the Defendant's insurer has no idea where their insured lives.  Brief of Appellant, p. 2; (C. 116, 117).  No one knows if he is a resident of Alabama, Florida or any other state or country. The Plaintiffs moved for service by publication as a last resort. (C. 15).  The Court ordered service by publication. (C. 16). After that, the insurer retained counsel to defend Cameron and that lawyer filed what in essence was a Motion to Dismiss raising lack of jurisdiction. (C. 18). The Court denied the Motion. (C. 9).

After that denial, Counsel stated that he could not and would not file an Answer for the Defendant. (R. 3).  The court felt that counsel's actions were done with the intent to unreasonably delay the case and were done with intent to

5

circumvent the authority of the Court.  (R. 3-9).
Accordingly, the Court granted a Default Judgment and
assessed damages against the Defendant. Id. The Defendant
moved to vacate Default Judgment, but never Answered for the
Defendant and never argued Kirtland.  (C. 67-77).  To the
present, the Defendant is represented by Counsel who has not
filed an Answer for his client nearly a year after service
of the Complaint and notice of the lawsuit.

## SUMMARY OF ARGUMENT

The lower court properly entered a default judgment in this case largely because there was no other option for the Court but to enter a default judgment. The Defendant in this case has been represented at all stages by counsel retained by his insurance company to represent him. His lawyer, however, has never filed an Answer on his behalf.

The Defendant's whereabouts are unknown to everyone involved in this case. The insurance company has not talked with him in over two years; his lawyer has never talked to him; and the Plaintiffs' attorney has never talked to him. No one knows where he resides. The Defendant's insurer argues that for this reason, the Plaintiffs cannot maintain a lawsuit against him unless they can physically locate him and attempt to serve him physically with the Complaint, even though they do not know where he can be found. Basically, they argue that the Plaintiffs should perform a useless and fruitless act. Alabama law does not support the Defendant's argument.

The Plaintiff, however, has served the Defendant by publication, the only option available to them to perfect service. The Plaintiffs alleged facts of avoidance of

7

service in their affidavit attached to their Motion for Service by Publication. They further alleged facts that showed that there was no alternative method to achieve service other than through service by publication.

The Court found that there had been avoidance of service, and also agreed that there was no other way to proceed with the case. He asked defense counsel whether he intended to file an Answer for the Defendant and counsel said that he did not have the authority to file an Answer. At no time in the year that this case has been pending has the attorney for the Defendant filed an Answer for the Defendant, even though he could have done so and reserved any defenses he might have to jurisdiction or service of process in his Answer.

As a result, the Court entered a Default Judgment, after specifically asking counsel to file an Answer, and after counsel refused to do so. The Court had no other option but to grant the Motion because the Defendant left him with no other option. When the Defendant moved to vacate the Default Judgment, the Defendant did not show why, according to the factors in <u>Kirtland</u>, that it should be vacated. The Defendant offered no evidence of a meritorious defense. The

8

Defendant showed no evidence as to why their own conduct was not responsible for the entry of a default judgment.

Consequently, the Court denied their Motion and subsequently assessed damages against the Defendant for loss of consortium, pain and suffering, mental anguish, property damage and medical expenses.  The award of damages was consistent with the medical testimony in the case as well as testimony of the parties.  No punitive damages were asked for or awarded.  For all of these reasons, the Court did not exceed any discretion afforded to it and its decisions should be affirmed.

**ARGUMENT**

I.   **The Default Judgment returned against the Defendant is
     valid.**

      A.   <u>**The Court entered a default judgment not only
          for the Defendant's failure to Answer and
          defend the case, but also for conduct which it
          felt was an attempt to circumvent the Court's
          authority**</u>.

In the present case, neither defense counsel,

plaintiffs' counsel, nor the insurer for the Defendant knows

how to find the Defendant.  His whereabouts are unknown and

no one knows what state he lives in.  Brief of Appellant,

page 2.  In spite of that, however, the Defendant's

insurance carrier is providing counsel for the Defendant.

Pursuant to that relationship, defense counsel filed,

essentially, a Motion to Dismiss, alleging lack of

jurisdiction and insufficiency of service of process.  The

basis for that Motion was that it was not proper to serve

the Defendant by publication.  The Court denied that Motion.

The Court then requested that Counsel either accept

service for his client or file an Answer to the Complaint on

behalf of his client.  (R. 3).  Counsel refused to do so.

Id.  Counsel for the Defendant argued that he did not have

the authority from the client either to accept service or

file an Answer to the Complaint. Id.; brief of Appellant, page 13. He further argued at the hearing that even though the Defendant's whereabouts are unknown, he could not file an Answer for the Defendant until he was located and properly served. (R. 3).

Notwithstanding the Defendant's arguments, the trial court entered a default judgment for the Plaintiff. (R. 9); (C. 29). The Court, in response to the Defendant's argument, noted that there was in his Court an attorney admittedly representing the Defendant, who at the same time refused to Answer the Complaint on his behalf or accept service. The Court held, "I say this clearly, y'all are trying to play a game here, you're trying to circumvent the authority of this Court, and I want the appellate court to read it, and I'm putting it right in the record, because somebody's going to ask for this record to go up. You're trying to play a game and circumvent the authority of this court and stop this case. I don't like that. I think it stinks. I think it's wrong." (R. 8).

He said at another point, "I think it was a misuse of the laws of this State to do what you're doing, and I'm saying it to you straight. I don't like this. I don't like

11

your approach to this.  If you come in and respond like you're supposed to and defend your client, that's great. We'll get on with the trial and we'll have a trial, and we'll let the jury decide.  But what you're doing is wrong and it's trying to circumvent the law in my opinion." (R. 9).  The Defendant did not Answer and to this date has not Answered for the Defendant.  The Court subsequently entered a default. Id.  That default judgment was a valid judgment.

To begin with, Rule 55 clearly states that a default can be entered for a party's failure to "plead or otherwise defend" the action.  Ala. R. Civ. Pro., Rule 55(a).  That is what occurred in the present case when the Defendant refused to Answer the Complaint.  In addition to that, however, this Court has traditionally upheld decisions of lower courts to grant default judgments based on actions which attempted to unnecessarily delay cases or circumvent the Court's authority.

This Court has noted, in fact, that great deference is given to a trial judge's findings of conduct justifying a default.  In Iverson v. Xpert Tune, 553 So. 2d 82 (Ala. 1989), this Court held,

12

"Due to a trial judge's superior vantage point, the
trial court is the more suitable arbiter for determining
with accuracy the culpability of the defaulting party's
conduct, and, for this reason, we will show great
deference toward the trial court's decisions with
respect to such culpability.  To facilitate an orderly
functioning of the judicial system and to preserve the
integrity of the court, parties who affront the court by
intentionally disregarding trial dates, court orders, or
procedural rules, with resulting unnecessary delay,
should justifiably incur the ultimate sanction of losing
their opportunity to defend.  For the default judgment
to be a potent sanction, the trial court, when
confronting litigants who have manifested willfulness
and bad faith in committing defaults, must not be unduly
hampered in granting default judgments, and
subsequently, upholding those judgment when deciding
Rule 55(c) motions." Id. quoting Jones v. Hydro-Wave of
Alabama, Inc., 524 So. 2d at 616.

This Court has stated, in dicta, that "[t]he trial

court's exercise of its discretion to deny [motions to set

aside default judgment] will be affirmed where the movant is

found to have intentionally engaged in conduct evidencing

disrespect for the judicial system." Ex Parte Illinois

Cent. Gulf R. Co., 514 So. 2d 1283, 1288 (Ala. 1987).

In yet another example this Court noted that litigants

should not benefit from unresponsive and uncooperative

conduct.  In P.M. Goodall v. Ponderosa Estates, Inc., 337

So. 2d 726 (Ala. 1976), the Plaintiff was the owner of land

mortgaged to a certain company(Donahoo) that, in turn,

assigned it to a third party (Goodall) who sold her interest

13

to another, Builders and Southwestern.  While Goodall held
the mortgage, the Plaintiff filed a complaint against
Goodall.  The Plaintiff's attorney attempted to serve
Goodall through publication, when personal service failed.
The Court entered judgment against Goodall, and the
Defendant moved to vacate that judgment, which the lower
court denied.

In affirming the lower court's denial, The Court went on
to find that when the attorney refused to aid in the
Plaintiff's attorney's attempts to locate the Defendant, he
waived his right to complain about service.  The Court held,
"When one beclouds his whereabouts, he should not be allowed
to benefit from the server's consequent confusion.  The
trial judge did not allow such benefit to accrue to the
Defendants from [the attorney's] misleading and unresponsive
replies to [the Plaintiff's] inquiries, and we concur in
this action."

Another example of the deference given to a lower
Court's decision to punish conduct that undermines the
judicial process is Jones v. Hydro-Wave of Alabama, Inc.,
524 So. 2d 610 (Ala. 1988).  In Jones, the Plaintiff moved
for a default judgment, which was granted, and when the

14

Defendant later moved to set it aside, the court denied the Motion.  This Court held that the denial of the motion to set aside was proper.  The lower court held that "the Court is completely incredulous as to the Defendant's claims as to why he can't be here.  It's obvious to this Court that he is just avoiding a trial and playing games with the Court...."  He later referred to the Defendant's conduct as being a "stunt" and cited that conduct as the reason for denying the Motion to Set Aside the Default Judgment.  The Supreme Court affirmed, and further held that because the lower court viewed the party's conduct as an intentional evasion of the court and as a flouting of its authority, the court's actions were within the bounds of Rule 55(c).  Likewise, in the present case, the trial judge was of the opinion that the actions of counsel were an intentional evasion of the court's authority.  In light of previous authority, because he was of that opinion, his actions did not exceed his judicial authority.

Recently, the Court of Appeals addressed the same issue from a different perspective: whether a client can be held vicariously liable to a third party for intentional acts committed by the client's attorneys during litigation.  The

15

Court held that they could. <u>Southtrust Bank v. Jones,
Morrison, Womack & Dearing</u>, 2005 WL 628876 (March 18, 2005).
In that case, the Court reversed summary judgment for the
lawyers in a legal malpractice case.  The Court reasoned
that an attorney is the agent for the client, who is the
principal.  The client is, therefore, bound by the acts of
its attorney.  The Court found, as well, that a client
cannot avoid the consequences of the acts or omissions of
his attorney because the acts or omissions of the attorney
are treated as though they were the acts of the client
himself. Id.

In the present case the Defendant cites to several cases
in support of his position that he does not need to file an
Answer on the Defendant's behalf and he argues that those
cases show why the trial judged erred in granting the
Default. Those cases, however, involve the entry of a
default judgment before an attorney was actively
representing the party who was defaulted.

In <u>Vaughan v. O'Neal</u>, 736 So. 2d 635 (Ala. Civ. App.
1999), default judgment was entered prior to appearance by
anyone for the Defendant.  The Court held that once someone
did appear, the Default Judgment should be set aside.

16

Likewise, in <u>Miles v. McClung</u>, 385 So. 2d 1326 (Ala. Civ. App. 1980), <u>Shaddix v. Shaddix</u>, 603 So. 2d 1096(Ala. Civ. App. 1992), and <u>Vogus v. Angry</u>, 744 So. 2d 934 (Ala. Civ. App. 1999), default judgments were entered prior to an appearance by anyone for the Defendant.  The issue in those cases, therefore, was whether the Courts erred in failing to set aside the default judgments once someone appeared ready to defend the Defendant and the Court held they did.

   That distinction is an important one for the present case.  The lower court here entered a default for the defendant's counsel's refusal to file an Answer for the Defendant once he otherwise had appeared representing the Defendant's interests.  (R. 3-9).  As well, he entered the default for his actions which the Court felt were obstructive and designed to circumvent the Court's authority, either one of which is under the authority on this issue, a sufficient basis for granting the Motion.  Id.

   The trial court granted the default judgment for the Defendant's conduct, through his attorney, which in the lower Court's opinion amounted to intentional conduct evidencing disrespect for the judicial system, as well as failing to satisfy the requirements for pleading. (R. 3-9).

17

If the Defendant wanted to preserve the issue of lack of jurisdiction, he could have raised that issue as an affirmative defense in an Answer to the Complaint, thereby preserving his defense, and keeping a default judgment from being entered against the insured Defendant. Ala. R. Civ. Pro., Rule 12. He chose, however, not to do so, and the Court entered judgment accordingly.  At that point, the Defendant Cameron had no one representing him and to this day, over a year after the Complaint was filed, no one has filed an Answer for him yet.

### B.    <u>The Court had jurisdiction over the Defendant</u>.

It is important to note at the beginning that there is no evidence in the record as to whether the Defendant is a resident or nonresident of Alabama.  Mr. Cameron's last known address was in Florida, but no one knows where he can be found now and no one has talked with him in over two years.  The Defendant concedes in his brief that the Defendant's whereabouts are unknown.  Brief of Appellant, page 2.  Therefore, as the record stands, there is no indication one way or the other as to what Mr. Cameron's citizenship is.  He could just as easily be a resident of

18

Alabama as he could Florida or any other state or country.

As the Defendant argues, however, there is a line of cases in Alabama that have held that personal jurisdiction cannot be obtained over a nonresident defendant through service by publication. See, e.g., <u>Wise v. Siegel</u>, 527 So. 2d 1281 (Ala. 1988). These cases were consistent with language that existed in former Rule 4.3 that made a distinction between resident and nonresident defendants. This restriction on service by publication changed, however, on August 1, 2004 when the Rules of Civil Procedure were amended so as to allow service on nonresidents as well as residents of Alabama. As of August 1, 2004, before service by publication was complete in the present case, and seven weeks before a default judgment was entered against the Defendant, the rules eliminated all distinctions between resident and non-resident defendants. In the present case, however, that line of cases is irrelevant because no one knows where the Defendant lives, not even his own insurer. In any event, these cases are no longer valid because the Rules have changed.

It is clear, however, that even if Mr. Cameron were a resident of Florida, under the facts of the present case,

19

the Court had personal jurisdiction over him.  In order to exercise personal jurisdiction over a nonresident defendant consistent with the dictates of due process, two requirements must be satisfied.  First, the defendant must have sufficient minimum contacts with the forum state. Second there must be compliance with a state statute or rule of court authorizing service of process which is reasonably calculated to give the defendant actual notice.  Ex Parte Volkswagenwerk Aktiengesellschaft, 443 So. 2d at 884.

Cameron, by virtue of his having been involved in a motor vehicle accident in the State of Alabama, had sufficient minimum contacts with the State of Alabama so as to supply personal jurisdiction.  The current version of Ala. R. Civ. Pro., Rule 4.2 provides that if the Defendant has sufficient minimum contacts with the State of Alabama, then process can be served out of state.  The previous version of this rule, which was in effect at the time of the accident made the basis of this lawsuit, and which the present version of the Rule incorporates, defined "sufficient minimum contacts" to specifically include "any person who causes tortious injury through the use of a motor vehicle in this state", which occurred in this case.  See

20

Committee Comments to Rule 4.2.

Therefore, there are two remaining issues for consideration: whether the statute for service by publication was complied with; and whether Cameron had notice of the lawsuit so as to be able to defend himself.

1. **The Plaintiffs complied with the requirements for service by publication.**

Ala. R. Civ. Pro., Rule 4.3, is the rule governing service by publication. That Rule states that service by publication can be made when a Defendant avoids service, and when the Defendant's present location or residence is unknown, and the return receipt shows failure of service. It further provides that before service by publication can be made in an action where the residence of the Defendant is unknown, an affidavit must be filed with the Court that alleges that other process cannot be made because the residence is unknown and cannot with reasonable diligence be ascertained. Ala. R. Civ. Pro., Rule 4.3(c)(d). To establish avoidance of service of process, there must be some evidence of culpable conduct on the part of the Defendant, as well. Vaughan v. O'Neal, 736 So. 2d 635 (Ala. Civ. App. 1999). There is no requirement that a Plaintiff

21

attempt personal service before resorting to other methods of service.

The Complaint in this case was filed on April 13, 2004 (C. 1).  The Plaintiff attempted service by certified mail on that same day.  (C. 4).  Service was attempted two times by this method of service, but the certified letters were "unclaimed." (C. 7, 8).  The Plaintiff searched for the Plaintiff's address on the Internet and could not locate it.  The Plaintiff contacted counsel for the Defendant and asked about his whereabouts and was told that they could not give that information.  (C.9).  As a result, on July 1, 2004, Plaintiff's counsel filed an affidavit and alleged in that affidavit that service by certified mail was unsuccessful, that the Defendant's whereabouts were unknown, could not be obtained through the exercise of due diligence, had not been discovered through research, and most important, <u>could not be given by the insurer for the Defendant</u>.  (C. 9).

On July 12, 2004, the Court ordered the service by publication of the Complaint and ordered the Defendant to Answer the Complaint by September 12, 2004.  (C. 16).  The publication ran on July 22 and 29. Publication ran again on August 5 and 12, 2004. According to Rule 4.3, service of

22

process is complete at the date of the last publication ,
which in this case was August 12, 2004. Ala. R. Civ. Pro.,
Rule 4.3(d).

On September 20, 2004, five weeks after service by
publication was completed, the Defendant appeared through
counsel retained by his insurance company. Counsel filed a
"limited appearance" through a Motion to Quash Service by
Publication. (C. 18). The basis for their Motion was that
there was no evidence that the Defendant had avoided service
so as to justify service by publication. Id. Counsel
stated that the issue addressed in their motion was the only
issue on which they represented the Defendant. They
carefully limited their representation to that one issue.

On September 21, 2004, the Plaintiff moved for default
judgment. (C. 25). After conducting a hearing on the
issue, and after hearing argument from the attorney for the
Defendant, the Court disagreed with the Defendant's
arguments and denied the Defendant's Motion. In that same
hearing, he asked Counsel whether he intended either to
accept service for the Defendant or Answer for the
Defendant, but counsel for the Defendant refused to do so.
Accordingly, the Court granted the Plaintiff's application

23

for default judgment on October 6, 2004. (C. 29). At that
hearing, he specifically found that the conduct of defense
counsel in refusing to acknowledge his representation of the
Defendant by either filing an Answer or accepting service on
his behalf under the facts of this case, was itself evidence
of avoidance of service.  (C. 29,30).

In its Order, the Court held, "In this case, the
Plaintiff has attempted service by certified mail twice with
both being returned, unclaimed, attempted to find a
different address for the Defendant via Internet searches,
attempted to obtain service through the attorney
representing the Defendant's interest in this case which was
refused...," consistent with the affidavit filed in support
of the Motion for Service by publication.  Id.

The Defendant argues, however, that even though they do
not know how to locate their own insured, the Plaintiff must
physically find him before establishing a need for service
by publication, which the rules and caselaw do not require
the Plaintiff to do.  Moreover, the Defendant does not offer
any reasonable alternative to serving Mr. Cameron other than
through publication.  What the Defendant argues by
implication is that if their insured cannot be found, then

24

the Plaintiffs should not be allowed to pursue their case.

As a matter of policy, this cannot be the case.  As a matter

of law, there is support for this not being the case.

> ### 2.   The Plaintiffs' only option was to serve by publication and doing so does not offend notions of due process.

> #### i.   No one knows how or where to find Mr. Cameron.

It is undisputed that the parties to this appeal do not

know how to locate the Defendant, Cecil Cameron.  Brief of

Appellant, page 2.  The attorneys retained by Mr. Cameron's

insurance company to defend him stated that they do not know

how to reach their insured, Mr. Cameron.  Mitch Weinstein,

adjuster for Hertz Claim Management Corporation, testified

through affidavit that he has been unable to locate Mr.

Cameron.  (C. 116).  Their lawyer stated that he did not

know where Mr. Cameron could be located.  (R. 3).  He stated

that he has had no communication whatsoever with Mr.

Cameron.  (R. 4).  Hertz Rental Car had several

conversations with him after the accident made the basis of

this claim, but after that they lost contact with him.  (R.

4).  They had not had contact with him in the nearly two

years prior to the entry of default judgment.  (R. 4).

The Plaintiff attempted service twice on the Defendant's last known address and it was unsuccessful. The Plaintiff researched the Defendant's whereabouts on the Internet, but could not locate the Defendant's mailing address. The Plaintiff's counsel asked the Defendant's insurer to give him the Defendant's contact information and was told that they "could not give this information." Counsel for Cameron, himself, admitted that he could not locate the Defendant. Counsel for the Defendant refused to accept service on behalf of his client.

As the trial court noted, "[W]hat counsel for Cameron wants the Plaintiff to do is to actually go down to Florida to try to locate their insured, when even they do not know if he is there or not." (R. 5). Alabama law does not require the Plaintiff to do what would amount to an unnecessary and fruitless act. See Mutual Assur. Inc. v. Wilson, 716 So. 2d 1160 (Ala. 1998). If the Defendant simply cannot be found, then service by publication is the only other method of perfecting service. Otherwise, a Plaintiff could never maintain a lawsuit against a defendant who moves and leaves no forwarding address.

26

### ii  The Rules and caselaw support service by publication when no other option exists to perfect service.

Ala. R. Civ. Pro., Rule 1(b) provides, "These rules effect an integrated procedural system vital to the efficient functioning of the Courts."  Rule 1(c) states, "These rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action." The rules even provide that at least with respect to service on corporations, when a defendant corporation cannot be served because its officers and agents have moved away and cannot be found, then "such defendant is deemed to have avoided service."  See Ala. R. Civ. Pro., Rule 4.3(c). In other words, the Rules acknowledge that sometimes service by publication is the only method available for service. With respect to Rule 4.3, the Court of Civil Appeals has held that these two provisions regarding the efficient, inexpensive and speedy resolution of actions govern its interpretation of Rule 4.3.

In <u>Brooks v. Brooks</u>, 494 So. 2d 645 (Ala. Civ. App. 1986), the Plaintiff attempted service by publication on the defendant after reasonable and diligent attempts to locate her were made, but no other attempts to serve her were made.

27

The Defendant, after a judgment was entered against her, and after she discovered the judgment, moved to set aside the judge's Order.  She argued that Rule 4.3 required the Plaintiff to attempt other methods of service prior to service by publication. Although not specifically argued in this way, what the Defendant argued was that Rule 4.3, for due process concerns, requires service by publication to be a method of last resort.  The lower court denied her Motion, and the Court of Appeals affirmed.

The Court of Appeals reasoned that the purpose of the Rules of Civil Procedure was to ensure a speedy, efficient resolution of cases.  The court stated, "It is not reasonable or logical to require such service [by other method] where the defendant's residence is unknown and this fact is certified to the clerk.  To construe Rule 4.3 otherwise would be to require the clerk to send a process server or to mail the process to an address where the clerk *knows* the defendant is not located.  Such a result is not only useless, but is contrary to the intended effect and construction of the Rules of Civil Procedure." Brooks v. Brooks, 494 So. 2d 645 (Ala. Civ. App. 1986)(emphasis in original).

Likewise in the present case, requiring the Plaintiff to search for the Defendant everywhere he might be would be useless and contrary to the intended purpose of the Rules to ensure a speedy, efficient resolution of cases. It has long been a maxim observed in this state that the law does not require a vain or fruitless thing. See, e.g., Mutual Assur. Inc. v. Wilson, 716 So. 2d 1160 (Ala. 1998); Owens v. Nat'l Security of AL, Inc., 454 So. 2d 1387 (Ala. 1984); Goldman v. Jameson, 275 So. 2d 108 (Ala. 1973); Rayborn v. Housing Auth. Of Washington County, 164 So. 2d 494 (1964); Robbins v. Battle House Co., 74 Ala. 499 (1883).

### 3. Cameron had notice of this case because Notice to Counsel was notice to the client.

The relationship between the insured and attorney is that of attorney and client. Mitchum v. Hudgens, 533 So. 2d 194 (Ala. 1988). That relationship is the same as if the attorney were hired and paid directly by the insured. Id. Cameron appeared at all hearings in this case through counsel retained by his insurance company. That counsel was given the opportunity by the trial judge to avoid having a default judgment entered in the case, but in spite of that

29

refused to Answer or otherwise defend.  He could have

Answered the Complaint and raised insufficiency of service

of process as an affirmative defense to the action and

avoided the entry of a default judgment but he chose not to

do that.

Service of process is for the purpose of notifying a

Defendant of the claim or charge against him so that he may

properly prepare himself to answer it.  Cooper v. Watts, 191

So. 2d 519 (Ala. 1966).  Alabama law has established that

notice of a lawsuit to an attorney is notice of the lawsuit

to his client.  In the case of Goodall v. Ponderosa Estates,

Inc., 337 So. 2d 726 (Ala. 1976), a plaintiff attempted to

locate the defendant to the lawsuit.  He contacted the

attorney representing the Defendant, but the Defendant's

attorney would not give the Plaintiff's attorney the address

where the Defendant could be located.  The Plaintiff applied

for service by publication; it was ordered; and a subsequent

judgment was entered against the Defendant.  Afterward, the

attorney for the Defendant moved to set the judgment aside

and argued that there had been insufficient service of

process.

In affirming the lower court's denial of the attorney's

motion to set the judgment aside, the Court held,

> We have a defendant, Goodall, who was served by
> publication after her attorney was notified of the
> pendency of the litigation.  Since the purpose of
> service is to notify or inform the defendant of the
> action being lodged against him, it appears to us
> that [the plaintiff's attorney's] conversation with
> [the defendant's attorney], together with the
> newspaper publication, met minimal constructive
> service requirements.  Thus, Goodall had notice of
> the action.

Finally, the Court held that an attorney is not required
to take every feasible action in his efforts to locate those
whom he intends to serve.  He is only required to make
reasonable and diligent efforts. Id.

In the present case, the Plaintiffs did all they
reasonably could to locate the Defendant: they served him at
his last known address; they searched for his address on the
Internet; they even attempted to find his address from the
attorney and insurer for the Defendant, but could not get
this information from them either.  The Rules of Civil
Procedure, the case law on the issue, and due process do not
require the Plaintiffs to do more than they did.  As a
result, the lower court correctly ordered service by
publication and did not abuse its discretion in granting a
default judgment for the Defendant's failure to Answer.

31

**II   An analysis of the Kirtland factors supports a denial of the Defendant's Motion.**

In <u>Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,</u> 524 So. 2d 600 (Ala. 1988), this Court set out a three-pronged test to be used to determine whether a Court has exceeded its discretion in denying a Motion to Set Aside Default Judgment. The factors are: 1) whether the Defendant has a meritorious defense; 2) whether the Plaintiff will be unfairly prejudiced if the default judgment is set aside; **and** whether the default judgment was a result of the Defendant's own culpable conduct. Id.

The Court entered Default Judgment in the present case on October 14, 2004. (C. 29). On November 1, 2004 the Defendant filed a "Motion to Set Aside Entry of Default and Request to Deny Plaintiffs' Motion for Entry of Damages on Default Judgment." (C. 60). Nowhere in that Motion does the Defendant argue any of the <u>Kirtland</u> factors or offer evidence supporting them. On November 17, 2004, the Defendant filed a "Motion to Set Aside Default Judgment, or in the Alternative, Motion to Alter, Amend or Vacate Judgment." (C. 67). Nowhere in that Motion does the Defendant argue any of the <u>Kirtland</u> factors or offer

32

evidence supporting them.  Simply put, the Defendant has not argued Kirtland at any stage of this litigation except during this appeal.  Even on appeal, the Defendant offers no evidence that satisfies Kirtland's requirements. The most the Defendant argues is that "Cameron will doubtless deny liability and assert defenses to the claims asserted by the Tillises."  Brief of Appellant, page 20.  As a result, there is no evidence in the record of any meritorious defense that the Defendant Cameron has to any of the Plaintiffs' claims.

Second, the Court clearly determined that the basis for granting Default Judgment was based entirely on the Defendant's own culpable conduct with respect to the defense of the case.  "Culpable conduct" is characterized by, among other things, intentional nonresponsiveness.  Kirtland, 524 So. 2d at 608.  In the present case, it was the Defendant's nonresponsiveness that lead the Court to grant the Motion in the first place.  Therefore, with two of Kirtland's three factors not being satisfied, there was no basis on which the Court should have vacated its earlier decision regarding Default Judgment.

**III  The Court's award of damages is supported by the evidence.**

### A. **It is within the Court's discretion to hold a hearing on damages upon default.**

Ala. R. Civ. Pro., Rule 55(b) provides, "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, *the court may conduct such hearings or order such references as it deems necessary and proper*...." Id. (emphasis added). The clear language of the Rule, therefore, leaves the manner in which the judge decides the issue of damages to the trial court granting the Motion.

On October 6, 2004 the Court Ordered that by November 3, 2004 either a hearing occur or affidavits be submitted on the issue of damages. (C. 30). The Defendant did not object to the manner in which the Judge had decided to handle the damages issue. On October 29, 2004 Counsel for the Plaintiff submitted the affidavits and moved the Court to assess compensatory damages only. (C. 41). On November 1, 2004, the Defendant filed a "Motion to Set Aside Entry of Default and Request to Deny Plaintiffs' Motion for Entry of Damages on Default Judgment." (C. 60). The Defendant made

34

the same arguments that he made with respect to jurisdiction, but did not challenge the evidence offered on damages. Two days later, the Court entered an Order awarding Laythron Tillis $120,000.00 and awarding Ethel Tillis $20,000.00. (C. 66).

The method that the Court used to determine damages is provided for in Ala. R. Civ. Pro., Rule 55(b). If the Defendant objected to that method, he could have stated so prior to the submission of evidence to the Court, but he did not do so.

### B.   Rule 55 permits the resolution of damages without a jury when default has occurred.

Likewise on this issue, the plain language of Rule 55 allows for the issue of damages to be tried without a jury if the Plaintiff elects to proceed in that manner. The Plaintiff does not need the permission of the Defendant to proceed without a jury in the case of a default. Ala. R. Civ. Pro., Rule 55(a). The Plaintiffs in this case chose to submit the issue of damages to the judge and in so doing waived their right to have a jury decide the issue. Again, because the issue of damages arose as a result of the Defendant's default, the issue of damages is for the

35

Plaintiffs, the non-defaulting parties, to decide.

**C.    The Court was not required to hold a Hammond hearing in the present case.**

The Plaintiffs filed a Motion for Entry of Damages on Default.  (C. 58).  The Plaintiffs did not ask the Court to award them punitive damages.  Id.  They only asked for damages for pain and suffering, mental anguish, property damage, and loss of consortium.  Id. The Plaintiffs request asked for damages in the amount of $120,000.00 for Mr. Tillis and $20,000.00 for Mrs. Tillis.  Id.  The Court's Order set damages as follows: Damages in the amount of $120,000.00 for Mr. Tillis; damages of $20,000.00 for Mrs. Tillis's loss of consortium.  (C. 66).  If the record shows that the judgment is not excessive, then no Hammond hearing is required.  Ocean Cruise Lines, Inc. v. Abeta Travel Service, Inc., 562 So. 2d 205 (Ala. 1990).

In the present case, the Plaintiffs submitted affidavits in support of their request for damages.  First, they submitted the affidavit of Mr. Laythron Tillis.  (C. 43). Mr. Tillis testified that he experienced neck, back and extremity pain after the accident.  Id.  The pain keeps him up at night.  Id.  He only gets temporary relief from the

pain.  Id.  It affects his ability to work.  Id.  It makes him irritable.  Id.  Pain management was unsuccessful in resolving his pain issues.  Id.  He had incurred medical bills in excess of $10,000.00 for conservative treatment. Id.  The Plaintiffs attached portions of Mr. Tillis's medical records to the affidavit showing the treatment he had received and verifying the complaints he made.  (C. 46-52).

Next, they submitted the affidavit of Dr. Clark Metzger, Mr. Laythron Tillis's treating physician.  (C. 53).  Dr. Metzger is a board certified orthopaedic surgeon.  Id.  Dr. Metzger testified that he diagnosed Mr. Tillis as having canal stenosis, foraminal stenosis and central disc bulge secondary to the auto accident made the basis of the claim. Id.  Dr. Metzger testified that he recommended pain management, physical therapy for a period of 6 months to a year before considering surgery.  Id.  He testified that if surgery is required, the cost would be around $60,000.00 for this surgery.  Id.  If it had to be re-performed, which 10%-20% of patients require, then a repeat of the surgery would cost about the same amount of money.  Id.

Last, the Plaintiffs offered the affidavit of Mrs. Ethel

37

Tillis. (C. 55). Mrs. Tillis confirmed the pain issues that her husband experiences. Id. She testified that his pain had affected their ability to have physical relations as husband and wife. Id. She testified that she is greatly bothered emotionally by seeing her husband in pain. Id. Finally, she testified that he is unable to get around and help out with house chores like he could before the accident. Id.

In their Complaint, the Plaintiffs sought damages for compensatory damages to include, but not to be limited to, damages for mental anguish. (C. 3). The Plaintiff, Ethel Tillis, sought, as well, damages for loss of consortium. The Plaintiffs offered evidence through Laythron Tillis's affidavit of medical expenses and property damage in an amount of $131,600.00, without any allowance for mental anguish. The court awarded him $120,000.00.

There is no fixed standard for assessing an award of mental anguish damages. Ballard Realty Co., Inc. v. Weatherly, 792 So. 2d 1045 (Ala. 2000); Romans v. J.P. Mills, Inc., 844 So. 2d 1239 (Ala. Civ. App. 2002). A determination of how much to award is left to the sound discretion of the trier of fact. Id. Moreover, to the

38

extent there is some standard with respect to mental anguish damages, the standard only requires there to be "some evidence" of mental anguish so as to support the verdict. Kmart Corp. v. Kyles, 723 So. 2d 572 (Ala. 1998). In this respect, the Plaintiff is only required to present some evidence of mental anguish, and once the Plaintiff has done so, the question of the amount to award for mental anguish is for the trier of fact. Id. Mental anguish includes anxiety, anger, fear, frustration, disappointment, worry and annoyance. Finally, if the plaintiff has suffered physical pain, then the review of mental anguish damages is not submitted to strict scrutiny. Nat'l Insur. Assoc. v. Sockwell, 829 So. 2d 111 (Ala. 2002). The evidence submitted to the Court supports the conclusion that there was at least some evidence presented to the Court to justify an award of mental anguish damages, at least, in an amount the judge thought appropriate.

Likewise, the standard for the award of damages for loss of consortium is the same as for mental anguish. There is no fixed standard for the award of consortium damages and the determination is left to the discretion of the trier of fact, as well. See, e.g., K.P. v. Reed, 676 So. 2d 933

39

(Ala. Civ. App. 1995); <u>Hinson v. King</u>, 603 So. 2d 1104 (Ala. Civ. App. 1992); <u>Phillips v. Tays</u>, 555 So. 2d 1096 (Ala. Civ. App. 1989).

**IV    Conclusion**

Based upon the foregoing, therefore, it is clear that the Default Judgment entered by the Court was valid.  The Court exercised its broad discretion to take actions which it felt was necessary to preserve the integrity of the Court system and respect for its procedural requirements.  Beyond that issue, however, the judgment was valid because the Defendant failed to Answer the Complaint as required by the Rules, the Court having jurisdiction over him.  Moreover, the Court's award of damages without a hearing or jury was allowed by the Rules of Civil Procedure, and the amount of the damages was supported by the evidence and was not excessive so as to require a <u>Hammond</u> review.  For this reason, Laythron and Ethel Tillis request this Court to affirm the decision of the lower court.

Thomas B. Albritton
Attorney for Appellees

40

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696 (fax)

41

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing has been served upon the following persons by U.S. Mail, first-class postage prepaid, on this the _20th_ day of April 2005:

Randall Morgan
David W. Henderson
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
P.O. Box 116
Montgomery, AL 36101-0116
334-834-7600
334-263-5969 (fax)

OF COUNSEL

42

IN THE SUPREME COURT OF ALABAMA
CASE NO. 1040493


CECIL E. CAMERON,

Appellant,

vs.

LAYTHRON TILLIS and ETHEL TILLIS,

Appellees.

---

MOTION TO SUPPLEMENT BRIEF OF APPELLEES
LAYTHRON TILLIS and ETHEL TILLIS

---

ON APPEAL FROM THE CIRCUIT COURT
OF COFFEE COUNTY (ELBA DIVISION), ALABAMA

CV-04-49

---

THOMAS B. ALBRITTON
ALBRITTONS, CLIFTON,
ALVERSON, MOODY & BOWDEN,P.C.
P.O. BOX 880
ANDALUSIA, ALABAMA 36420
(334)-222-3177

ATTORNEYS FOR APPELLEES


April 22, 2005

COME NOW the Appellees and move this Court to allow them to supplement their previously-filed brief to allow for the following persuasive authority:

1.    The case of <u>Brooks v. Rollins</u>, 457 N.E.2d 1158 (Ohio 1984), attached hereto as Exhibit "A" is being offered for the limited purpose of showing that another Court has determined that inability to locate a Defendant creates a presumption of concealment for purposes of service by publication.  With respect to the appeal before this Court, the lower Court found that there was sufficient evidence of avoidance of service of process.  As an alternative argument, however, the Plaintiffs have argued that because neither they, nor the Defendant's attorney, nor his insurance company are able to locate the Defendant after numerous attempts to find him, no other option exists but to serve him by publication.  <u>Brooks v. Rollins</u> is in line with this reasoning.

2.    The case of <u>Krueger v. Williams</u>, 300 N.W.2d 910 (Michigan 1981), attached hereto as Exhibit "B" is being offered for the limited purpose of showing that Courts have adopted an approach to service that takes into account the realities of modern life and the mobility of society, by finding that personal jurisdiction exists as long as every

reasonable attempt to provide actual notice is attempted, and as long as sufficient minimal contacts exist with the forum state.  In <u>Krueger</u>, the Court held that service on the insurance company for the Defendant was proper.

3.    The Defendants will not be prejudiced by the submission of this authority as the time for filing their Reply brief has not run.

WHEREFORE, for the above reasons, the Plaintiffs/Appellees move this Court to allow them to make the above-noted supplementation to the authority previously presented to this Court.


Thomas B. Albritton
Attorney for Appellees


OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following persons by U.S. Mail, first-class postage prepaid, on this the _22d_ day of April 2005:

Randall Morgan
David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
P.O. Box 116
Montgomery, AL 36101-0116
334-834-7600
334-263-5969 (fax)

OF COUNSEL

Westlaw.

457 N.E.2d 1158                                                                Page 1
9 Ohio St.3d 8, 457 N.E.2d 1158, 9 O.B.R. 57
**(Cite as: 9 Ohio St.3d 8,  457 N.E.2d 1158)**

▷

Supreme Court of Ohio.
BROOKS et al., Appellees,
v.
ROLLINS, Appellant.
No. 82-1849.

Jan. 4, 1984.

Plaintiff, a motorist injured in automobile collision, brought action against the other motorist.  After failing to locate defendant in order to serve her, service by publication was obtained.  Following entry of a default judgment in plaintiff's favor, defendant, through counsel, filed motion to quash service and vacate judgment.  The Court of Common Pleas, Summit County, sustained motion to quash service and vacated judgment.  On appeal, the Court of Appeals for Summit County reversed and remanded cause. Upon allowance of a motion to certify the record, the Supreme Court, William B. Brown, J., held that "concealment" of a defendant, as that term is used in statute authorizing service by publication, may reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of "reasonable diligence," as that term is used in civil procedure statute;  such inference was sufficient to support service by publication where defendant, when challenging sufficiency of such service, did not present evidence contradicting inference.

Affirmed.

Clifford F. Brown, J., filed concurring opinion.

West Headnotes

**[1] Process** ☞90
313k90 Most Cited Cases
"Concealment" of a defendant, as that term is used in statute authorizing service by publication, may reasonably be inferred from plaintiff's inability to

locate that defendant after the exercise of "reasonable diligence," as that term is used in civil procedure statute;  such inference was sufficient to support service by publication where defendant, when challenging sufficiency of such service, did not present evidence contradicting inference.  Rules Civ.Proc., Rule 4.4(A);  R.C. § 2703.14(L).

**[2] Process** ☞95
313k95 Most Cited Cases
Once inference of concealment of a defendant, as that term is used in statute authorizing service by publication, is raised by plaintiff's inability to locate that defendant after exercise of reasonable diligence, burden is placed on defendant to overcome its effect either by producing himself or by producing other independent evidence contradicting inference.  Rules Civ.Proc., Rule 4.4(A);  R.C. § 2703.14(L).

**1158 Syllabus by the Court

*8 "Concealment" of a defendant, as that term is used in R.C. 2703.14(L), may reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of "reasonable diligence," as that term is used in Civ.R. 4.4(A).  This inference is sufficient to support service by publication if the defendant, when challenging the sufficiency of such service, does not present evidence contradicting the inference.

On May 15, 1978, plaintiff-appellee, Jayann M. Brooks, was injured when her automobile was involved in a collision with a car driven by defendant-appellant, Helen M. Rollins.  Brooks filed this action on March 26, 1980, and attempted certified mail service on Rollins at the address she had given the police officers at the time of the accident.  Service was returned "not deliverable as addressed, unable to forward."  Brooks then obtained a different address for Rollins from the Bureau of Motor Vehicles and again attempted certified mail service.  This service was returned "Moved--Left no *9 address."  Brooks called the telephone number given the police by Rollins on the accident report but was unable to make contact. Additionally, she searched the Akron and Vicinity

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT, A

457 N.E.2d 1158
9 Ohio St.3d 8, 457 N.E.2d 1158, 9 O.B.R. 57
(Cite as: 9 Ohio St.3d 8,  457 N.E.2d 1158)

Page 2

phone book and checked with the telephone operators but **1159 was unable to find a current address or phone number for Rollins.

On October 21, 1980, Brooks' counsel filed an affidavit setting forth the unsuccessful efforts to locate the defendant and indicating that service by publication was authorized by R.C. 2703.14(L). Service by publication was obtained on December 15, 1980. Rollins did not respond and on May 6, 1981, the trial court entered a default judgment in Brooks' favor.    After thirty days had elapsed without satisfaction of the judgment, Brooks joined Rollins' insurer, Motorists Mutual Insurance Company, to recover the amount of the judgment.

In November 1981, Rollins, through counsel, filed a motion to quash service and vacate judgment.    A hearing upon the propriety of service by publication was conducted.   Rollins' counsel did not present any evidence as to her whereabouts, activities or intent during the time which had elapsed since the accident. On May 6, 1982, the trial court determined that Brooks had demonstrated efforts from which a good faith effort to serve Rollins could be found and that Brooks had in fact done all she could to obtain service before resorting to service by publication. Nevertheless, the court concluded that evidence of intentional delay, avoidance, or concealment was required and, as it was lacking, sustained the motion to quash service and vacate the judgment. Brooks appealed and the court of appeals reversed and remanded the cause.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Emershaw, Mushkat, Shumaker, Siegfried & Luck, George J. Emershaw and Thomas P. Kot, Akron, for appellees.

Buckingham, Doolittle & Burroughs Co., L.P.A., and David J. Hanna, Akron, for appellant.

WILLIAM B. BROWN, Justice.

The issue presented by this case is whether service of process by publication was proper pursuant to Civ.R. 4.4(A) and R.C. 2703.14(L).    More specifically, the question is whether proof which is limited to a showing of reasonable diligence in attempting to locate a defendant but does not prove actual intent by that defendant to conceal herself is sufficient to satisfy the requirements for service of process by publication. This court concludes that such a showing of diligence raises an inference of concealment sufficient to support service by publication.

Civ.R. 4.4(A) sets forth the procedural requirements for obtaining service by publication in relevant part as follows:

"Residence unknown.    When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law.   Before service by publication can be made, an affidavit of a party *10 or his counsel must be filed with the court.   The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained."

R.C. 2703.14 sets forth those categories of cases where service by publication is authorized by law. The present case is based upon subsection (L) which provides that service may be made by publication:

"In an action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent."

Considering these provisions together it is clear that two requirements must be met before service of process may be made in the present case.   First, a party or her counsel must exercise reasonable diligence in attempting to locate a defendant.   In Sizemore v. Smith (1983), 6 Ohio St.3d 330, 453 N.E.2d 632, this court considered the issue of reasonable diligence and held that it requires the taking of steps "which an individual

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 N.E.2d 1158                                                                                          Page 3
9 Ohio St.3d 8, 457 N.E.2d 1158, 9 O.B.R. 57
**(Cite as: 9 Ohio St.3d 8,  457 N.E.2d 1158)**

of ordinary prudence would reasonably expect to be successful in locating a defendant's address." *Id.* at 332, 453 N.E.2d 632.   There is no question but that **1160 reasonable diligence was exercised in attempting to locate Rollins in the present case.

Secondly, service by publication must be authorized by law.  Rollins contends that Brooks failed to satisfy this second requirement.    Rollins argues that R.C. 2703.14(L) contains mandatory elements which are separate and distinct from the reasonable diligence standard of Civ.R. 4.4(A).   In Rollins' view, plaintiff must prove that the defendant is a resident of this state and that she has either departed from the county of her residence to avoid service of summons or keeps herself concealed with like intent before service by publication is permitted under the statute.   Failure to do so, the argument continues, would effectively deprive the statute of any independent meaning and would violate defendant's due process rights.   Further, Rollins urges, the proof of concealment must demonstrate conduct which is purposely conceived of and acted upon to prevent service of process and reasonably capable of accomplishing its purpose.    Rollins contends that Brooks has failed to carry this burden of proof.

This court is not persuaded by these contentions.  To accept Rollins' arguments and require Brooks to prove actual intent to conceal would effectively deny her the ability to serve process by publication.   The only practical way to prove that a defendant had intentionally concealed herself to avoid service would be through the defendant herself.  In most cases, as in the instant case, the defendant does not appear.   This places plaintiff in the impossible position of proving an intent which exists in the mind of an unavailable party.  As Judge George J. McMonagle stated in *Rasmussen v. Vance* (1973), 34 Ohio Misc. 87, 94, 293 N.E.2d 114 [63 O.O.2d 400], "[t]estimony was never required as to the actual voluntary, intentional concealment of a defendant, in order that valid service by publication be carried out."

[1][2]   Therefore, this court concludes that "concealment" of a defendant, as *11 that term is used

in R.C. 2703.14(L), may reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of "reasonable diligence," as that term is used in Civ.R. 4.4(A).    This inference is sufficient to support service by publication if the defendant, when challenging the sufficiency of such service, does not present evidence contradicting the inference.   See *Sizemore v. Smith, supra*, 6 Ohio St.3d at 333, 453 N.E.2d 632.   Once the inference of concealment is raised, the burden is placed on the defendant to overcome its effect either by producing herself or by producing other independent evidence.   A defendant who stands pat risks a finding of concealment sufficient to satisfy the requirements of R.C. 2703.14(L) and support service of process by publication.   See *Wilson v. Sinsabaugh* (1978), 61 Ohio App.2d 224, 401 N.E.2d 454 [15 O.O.3d 365].  This result does not render R.C. 2703.14(L) meaningless as a separate provision because, once defendant has come forward and overcome the inference of concealment, the plaintiff must independently prove that the statutory requirements have been satisfied.

The approach adopted today not only takes into account the practical difficulties under which the party seeking service must operate but also affords protection to the interests of both parties.    Initially, the defendant's right to reasonable notice is protected because the plaintiff must prove that reasonable diligence has been exercised to locate the address of the defendant.    The defendant is further protected because she has the opportunity to challenge the sufficiency of service by a motion to quash service and may bring in independent evidence to contradict the reasonable diligence of the plaintiff's search or to rebut the inference of concealment.    Such an appearance would then afford the plaintiff an opportunity to examine the defendant on his or her conduct.

In the present case, Brooks submitted an affidavit averring that reasonable diligence had been exercised to locate Rollins.    This allegation has not been challenged; indeed, the trial court determined that Brooks had done all she could to obtain service before

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

457 N.E.2d 1158
9 Ohio St.3d 8, 457 N.E.2d 1158, 9 O.B.R. 57
(Cite as: 9 Ohio St.3d 8, 457 N.E.2d 1158)

Page 4

**1161** resorting to service by publication. This showing of reasonable diligence was sufficient to give rise to an inference of concealment to satisfy the requirements of R.C. 2703.14(L). At the hearing on the motion to quash service, Rollins' counsel presented no evidence to overcome the inference of concealment.

The trial court could have concluded that the requirements for service by publication were satisfied; regardless, it was error to require proof of intentional delay, avoidance, or concealment. The court of appeals' judgment reversing the trial court and remanding the cause was therefore proper.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

FRANK D. CELEBREZZE, C.J., and SWEENEY, LOCHER, HOLMES, CLIFFORD F. BROWN and JAMES P. CELEBREZZE, JJ., concur.

*12 CLIFFORD F. BROWN, Justice, concurring.

The flawless analysis by Justice William B. Brown of Civ.R. 4.4(A) and R.C. 2703.14(L) creates a legal precedent constituting the quintessence of justice in this case and will cause just results to be reached in many future cases with the same or similar issues. The precedent we establish today is a clarion judicial call that this court will fulfill the main objective of justice " 'that cases should be decided on their merits,' rather than upon procedural niceties and technicalities," a fundamental tenet of justice espoused in many recent cases, as in *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, concurring opinion at pages 3 and 4, 454 N.E.2d 951; *Maritime Manufacturers, Inc. v. Hi-Skipper Marina* (1982), 70 Ohio St.2d 257, at 260, 436 N.E.2d 1034 [24 O.O.3d 344]; *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 431 N.E.2d 644 [23 O.O.3d 210]; *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648; *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 129, 447 N.E.2d 104; *Hardesty v. Cabotage* (1982), 1 Ohio St.3d 114, 117, 438 N.E.2d 431; and *Peterson v.*

*Teodosio* (1973), 34 Ohio St.2d 161, 175, 297 N.E.2d 113 [63 O.O.2d 262]. This basic theme of justice fulfills the Civ.R. 1(B) mandate that "[t]hese rules shall be construed and applied to effect just results by eliminating delay * * * and all other impediments to the expeditious administration of justice." See, also, R.C. 1.11.

Unfortunately, this court on rare occasions has retreated from this basic tenet or theme and for hypertechnical reasons has caused claims to be dismissed, as in *Sizemore v. Smith* (1983), 6 Ohio St.3d 330, 453 N.E.2d 632, or default judgment affirmed, as in *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365. For other misapplications of procedural rules, see *Elsnau v. Weigel* (1983), 5 Ohio St.3d 77, 448 N.E.2d 1377 and *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 436 N.E.2d 1008 [24 O.O.3d 322].

**END OF DOCUMENT**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

300 N.W.2d 910                                                                          Page 1
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144, 300 N.W.2d 910)**

▷

Supreme Court of Michigan.
Esther V. KRUEGER, Plaintiff-Appellant,
v.
Alice J. WILLIAMS, Defendant-Appellee.
Robert RODGERS and Johnny Hampton,
Plaintiffs-Appellees,
v.
Fanny Mae DAVIS, Willie Davis, Louis Scott, Paul
Hines and Secretary of State,
State of Michigan, Director of Motor Vehicle
Accident Claims Fund, Defendants-
Appellees,
v.
DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE, Garnishee Defendant-Appellant.
Docket Nos. 59743, 61861.
Calendar Nos. 2, 3.

Argued Jan. 8, 1980.
Decided Feb. 3, 1981.

One action was brought to recover damages for personal injuries allegedly sustained in automobile collision and a second action was brought to recover damages for personal injuries allegedly sustained in bus-automobile collision.    After judgment was rendered in the trial courts, the Court of Appeals, Burns, P. J., and Kelly and Hughes, JJ., held that method of substituted service of process in first action was inadequate and affirmed trial court's decision in unpublished opinion in second action. Leave to appeal was granted. The Supreme Court, Fitzgerald, J., held that: (1) service of process upon defendant's liability insurer in first action comported with guarantees of due process of law and enabled Michigan courts to exercise jurisdiction; (2) in first action, trial court erred by not allowing plaintiff to use some method of substituted service of process to serve absent defendant; and (3) in second action, verified motion for substituted service by publication presented on behalf of plaintiffs was insufficient in that it failed to

show with particularity either that service of process could not reasonably have been made according to prescribed methods or that better alternative means of giving notice were available than publication.

First action reversed and remanded; second action remanded.

Ryan, J., dissented in first action; concurred in second action and filed opinion in which Kavanagh and Coleman, JJ., joined.

West Headnotes

**[1] Courts** ☞12(2.5)
106k12(2.5) Most Cited Cases
(Formerly 106k12(2))
To assert jurisdiction, sufficient minimum contacts must exist between forum, defendant and subject matter of litigation so as not to offend traditional notions of fair play and justice.

**[2] Automobiles** ☞235(1)
48Ak235(1) Most Cited Cases

**[2] Constitutional Law** ☞309(3)
92k309(3) Most Cited Cases
Service of process upon defendant's liability insurer in action to recover damages for personal injuries allegedly sustained in automobile collision comported with guarantees of due process of law and enabled Michigan courts to exercise jurisdiction over defendant, whose last known address had been in Arkansas. U.S.C.A.Const. Amend. 14.

**[3] Process** ☞73
313k73 Most Cited Cases
In action to recover damages for personal injuries allegedly sustained in automobile collision, trial court erred by not allowing plaintiff to exercise some form of substituted service of process on defendant, whose last known address had been in Arkansas, where plaintiff attempted service of process by compliance with

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT    B

nonresident motorist statute but letter was returned unopened so that that type of service was unavailable and plaintiff had made diligent efforts to locate defendant through investigators. GCR 1963, 105.8.

**[4] Constitutional Law** ☞**309(1)**
92k309(1) Most Cited Cases

**[4] Process** ☞**77**
313k77 Most Cited Cases
Due process requirements of notice of pendency of an action are satisfied if method of imparting notice is reasonably calculated under all the circumstances to afford notice. U.S.C.A.Const. Amend. 14.

**[5] Constitutional Law** ☞**309(2)**
92k309(2) Most Cited Cases

**[5] Process** ☞**84**
313k84 Most Cited Cases
Publication notice is permissible under due process clause in certain limited situations. U.S.C.A.Const. Amend. 14.

**[6] Process** ☞**77**
313k77 Most Cited Cases
A party seeking relief from compliance with methods of service specifically prescribed by court rule or statute must show to the court's satisfaction that proposed method of service is reasonably calculated to give a defendant actual notice of proceedings and that service of process cannot reasonably be made in manner provided for under other rules. GCR 1963, 105.8.

**[7] Process** ☞**73**
313k73 Most Cited Cases
A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to ordering of substituted service. GCR 1963, 105.8.

**[8] Process** ☞**95**
313k95 Most Cited Cases
Verified motion for substituted service by publication presented on behalf of plaintiffs in action to recover

damages for personal injuries allegedly sustained in bus-automobile collision was insufficient in that it failed to show with particularity either that service of process could not reasonably have been made according to prescribed methods or that no other alternative means of giving notice were available other than publication. GCR 1963, 105.8.

**[9] Process** ☞**73**
313k73 Most Cited Cases
Nature and extent of efforts to locate and notify parties under normal methods of service sufficient to justify ordering of substituted service will vary according to circumstances presented in each case; however, efforts required should be evaluated at least in part according to type of substituted service proposed by party seeking relief. GCR 1963, 105.8.

**[10] Process** ☞**90**
313k90 Most Cited Cases
Use of publication as notice-giving device of pending action should be limited to discrete circumstances where strong specific factual showing is made that notice cannot reasonably be effectuated in manner provided under other rules and that means which are better calculated to give notice than publication are not reasonably available or feasible. GCR 1963, 105.8.
**\*\*912 \*152** Church, Wyble, Kritselis, Anderson & Robinson, P. C. by Thomas H. Hay, Lansing, for plaintiff-appellant.

Allaben, Massie, Vander, Weyden & Timmer by Timothy I. Miner, Grand Rapids, for defendant-appellee, Alice J. Williams.

Gittleman & Paskel, P. C. by Robert Gittleman, Southfield, for plaintiffs-appellees.

Dickinson, Pike, Mourad, Brandt & Hanlon by David R. Tuffley, Detroit, for garnishee defendant-appellant; Gromek, Bendure & Thomas by Carl L. Gromek, James G. Gross, Detroit, of counsel.

FITZGERALD, Justice.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910                                                                    Page 3
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144, 300 N.W.2d 910)**

We are asked to construe GCR 1963, 105.8. In the Krueger case, we must decide whether the rule will permit substituted service of process upon a defendant's liability insurer. In the Rodgers case, we must determine if this rule authorizes *153 service of process by publication to obtain personal jurisdiction over a defendant.

I

In Krueger v. Williams, plaintiff and defendant were involved in an automobile accident. At the time, both parties were insured by the Detroit Automobile Inter-Insurance Exchange (hereafter DAIIE). Plaintiff attempted to negotiate a settlement with DAIIE. When resolution became impossible, approximately six months before the statute of limitations was to run, plaintiff filed suit against Alice Williams, who at the time of the accident was apparently a resident of Grand Rapids.

After the complaint was filed, plaintiff tried to locate the defendant. An investigator was hired but all attempts to find Alice Williams were unsuccessful.

Four months after the complaint was filed, a copy of the summons and complaint were sent by registered mail, return receipt requested, to the defendant's last known address in Arkansas. These were returned unopened with the notation "Moved left no address." Copies were also served upon the Secretary of State, Non-Resident Section, and defendant's liability insurance carrier. The summons, complaint, affidavit and proof of service were mailed to the DAIIE office in Grand Rapids. The attorney for the insurance company entered a special appearance, challenging the circuit court's jurisdiction since no personal service was made on Alice Williams.

Plaintiff then filed a motion pursuant to GCR 1963, 105.8, to allow substituted service upon defendant by service of process on the liability carrier. Following hearings on the motion, this form *154 of substituted service was denied. The circuit court also granted defendant's application for a writ of mandamus dismissing the cause of action. The Court of Appeals

agreed that the method of substituted service was inadequate. We granted leave to appeal, directing the parties to address the issue of whether the trial court erred by refusing to allow plaintiff substituted service of process upon the defendant's liability insurer.

In Rodgers, plaintiffs were passengers on a city bus when a police car chasing a **913 vehicle went through a stop sign and collided with the bus. The plaintiffs sustained injuries and filed a complaint naming various officials as defendants and alleging that the driver and/or owner of the car was unknown. After the plaintiffs learned that the owners of the automobile were Fanny Mae and Willie Davis, and that the driver was either Louis Scott or Paul Hines, a motion was made and granted to amend the complaint and add these four persons as defendants. Shortly thereafter, plaintiffs filed a motion for substituted service by mail and publication stating that following diligent attempts by their office staff and outside investigative agencies, they had been unable to locate the added defendants.[FN1]     This motion was granted.[FN2] The added defendants failed to appear and a default judgment was entered against Fanny Mae Davis, Willie Davis, Louis Scott and Paul Hines.

> FN1. Fanny Mae Davis' last known address was in Clarksville, Tennessee. Louis Scott was on parole at the time to the Michigan State Department of Corrections; however, he hadn't reported to his parole officer for a substantial period of time, and his parole officer did not know his current whereabouts. Plaintiffs had no knowledge of the whereabouts of defendants Hines and Willie Davis.

> FN2. Letters were sent by registered mail to Fanny Mae Davis' last known address. A notice was published in the Detroit Legal News once a week for five weeks naming all defendants involved in this cause of action.

*155 Plaintiffs then filed an affidavit for garnishment against the Detroit Automobile Inter-Insurance

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910                                                                                    Page 4
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144, 300 N.W.2d 910)**

Exchange which had a policy of insurance in effect on the named insured Willie Davis and on Louis Scott. DAIIE moved to vacate the default and dismiss the garnishment on the grounds that personal jurisdiction was never obtained over the principal added defendants and that the order for substituted service was improperly granted because it was not calculated to give actual notice of the proceedings. This motion was denied.

The trial of garnishee liability resulted in judgment for the plaintiffs. The court found that the insurance company had adequate notice of the case well before the default judgment was taken and had failed to sustain the burden of proving that it was prejudiced. The Court of Appeals affirmed in an unpublished per curiam opinion.[FN3] Rehearing in the Court of Appeals was denied. We granted leave to appeal, directing the parties to include among the issues to be briefed whether the trial court erred in finding that GCR 1963, 105.8, authorizes service of process by publication to obtain personal jurisdiction as a means reasonably calculated to give actual notice of the proceedings and an opportunity to be heard and whether the *156 trial court, when considering the prerequisites for substituted service when personal jurisdiction is required, erred by not requiring an appropriate affidavit in support to show diligent inquiry.

> FN3. The Court of Appeals agreed that DAIIE had adequate notice of the pending action sufficiently before the default judgment was entered. In regard to the substituted service by mail and publication, the court noted that the evidence indicated that the added defendants had purposefully concealed their whereabouts. In such a situation it would be unfair to allow the garnishee to escape liability when the judgments are within the policy limits and the garnishee is the truly interested party. Thus, service under GCR 1963, 105.8, was appropriate. The court held, however, that service on Fanny Mae Davis was not proper since there was no

evidence that a return receipt of the registered mail was made a part of the record as required by statute. M.C.L. s 257.403; M.S.A. s 9.2103. Thus, judgment against Fanny Mae Davis was vacated. The default judgment against Willie Davis, Louis Scott and Paul Hines was affirmed, as was the judgment of garnishment against DAIIE.

II

GCR 1963, 105.8 reads:
"Discretion of the Court. The court in which an action has been commenced may, in its discretion, allow service of process to be made upon a defendant in any other manner which is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard, if an order permitting such service is entered before service of process is made upon showing to the court that service of process cannot reasonably be **914 made in the manner provided for under other rules."

Service of process is defined as:
"(T)he giving of such actual or constructive notice of a suit or other legal proceeding to defendant as makes him a party thereto, and compels him to appear or suffer judgment by default; and 'service' in this connection means the execution of process or the particular act of the officer by which the copy of the citation was communicated." 72 CJS, Process, s 25, pp. 1022-1023.

Service may be made personally on a defendant or, if this is not possible, constructive service is permitted. Our court rules provide various methods to achieve substituted service. The Legislature has recognized that these rules must be drawn so as to be applicable to a wide variety of facts. The inherent limit is the requirement that the means chosen be reasonably expected to give notice of the pendency of the action. GCR 1963, 105.8, recognizes this by allowing service in any manner as *157 long as it can be shown to the court that other, more traditional, modes are unavailable.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910                                                                                    Page 5
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144, 300 N.W.2d 910)**

The committee notes to rule 105.8 read:
"This provision is included to give the court discretion to allow service of process to be made in a manner which satisfies the language of Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357 (1940), rehearing denied 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941), i. e., a method 'reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard.'
"The state of the law seldom remains static for very long, and particularly in the field of service of process, change has been occurring rapidly. * * * It is thus believed desirable to confer discretion upon the courts to permit utilization of new methods of service of process which may be developed, and to permit courts themselves to propose and effectuate other methods of service of process, so long as the methods meet the requirements of the due process clause of the 14th Amendment to the United States Constitution, and the equivalent clause in the Michigan constitution." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed.), pp. 111-112.

[1] Traditionally, service of process was integrally linked with jurisdiction and the power of a court to render a binding decision. See Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877). This "power concept" has been substantially altered by the United States Supreme Court decision in Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Jurisdiction and notice may now be viewed as two separate aspects of one due-process guarantee. Shaffer addressed itself to the jurisdiction question, reaffirming the basic requirements set out in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). To assert jurisdiction sufficient minimum contacts must exist *158 between the forum, the defendant and the subject matter of the litigation so as not to offend traditional notions of fair play and justice.

The notice component, equally fundamental to any due process analysis, but with its own distinct

requirements, is guided by the reasoning set forth in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). See also Lacy, Personal Jurisdiction and Service of Summons After Shaffer v. Heitner, 57 Oregon L.Rev. 505, 506-511 (1978).
"Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane, supra, p. 313, 70 S.Ct. p. 656.
The requirement of notice so as to afford an opportunity to be heard is clearly the heart of GCR 105.8. The rule adopts a liberal approach to service of process which recognizes the mobility of contemporary society and the state's interest in providing recompense for injured plaintiffs. The court is given the discretion to implement any **915 method for service of process beyond those set out in other rules when it is shown that in the context of a given situation other methods are not reasonable. This omnibus rule is meant to allow flexibility, and as long as the means chosen meet Mullane's standards, service will be allowed. See Conrad v. Ward, 33 Mich.App. 687, 690, 190 N.W.2d 361 (1971); Felix v. Felix, 47 Mich.App. 744, 209 N.W.2d 871 (1973).

It is important to note that Mullane acknowledged *159 the possibility that the means chosen would never reach the defendant.
"(I)t has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." Mullane, supra, 339 U.S. p. 317, 70 S.Ct. p. 658.

This language reflects an awareness that there may be situations in which an injured plaintiff will not be denied a cause of action even though a defendant cannot be found. Similarly, the broad scope of GCR 1963, 105.8, offers an injured plaintiff the possibility

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
(Cite as: 410 Mich. 144, 300 N.W.2d 910)

of fashioning a method of service which will serve to permit an action to proceed. The rule recognizes that substituted service in an extraordinary case is not an automatic right. After consideration of all the relevant circumstances of the individual case, it is the court that must make an independent evaluation regarding available alternative methods of service consistent with the guarantees of due process. As long as the means are "reasonably calculated" to reach the defendant, the requirement of actual notice is satisfied and service will be sustained. We are reminded of the frequently quoted words of Justice Holmes, "Now and then an extraordinary case may turn up, but constitutional law like other mortal contrivances has to take some chances, and in the great majority of instances, no doubt justice will be done." Blinn v. Nelson, 222 U.S. 1, 7, 32 S.Ct. 1, 56 L.Ed. 65 (1911).

### III

The argument in the Krueger case involve two *160 issues: 1) will service of process upon a defendant's liability insurer comport with the guarantees of due process of law and enable our courts to exercise jurisdiction, and 2) did the lower courts err by not allowing plaintiff to use some method of substituted service of process to serve an absent defendant.

We conclude that jurisdiction was proper to Michigan courts and that litigation here does not offend the due process rights of defendants. Defendant Williams argues:

"The landmark case of Pennoyer v. Neff (supra) declared that, to have a determination of personal liability of the defendant, he must be brought within the jurisdiction of the court by service of process within the state, or by his voluntary appearance. * * * In other words, while the court might have jurisdiction over the subject matter, it would not have jurisdiction over the defendant unless he was personally served with process within the state."

We rely again on the United States Supreme Court's recent decision of Shaffer v. Heitner, in which the Court said, "Pennoyer itself recognized that its rigid categories * * * could not accommodate some

necessary litigation." Shaffer, supra, 433 U.S. p. 201, 97 S.Ct. p. 2578. Cases involving automobile accidents comprised one such category.

"The advent of automobiles, with the concomitant increase in the incidence of individuals causing injury in States where they were not subject to in personam actions under Pennoyer, required further moderation of the territorial limits on jurisdictional power. This modification, like the accommodation to the realities of interstate corporate activities, was accomplished by use of a legal fiction that left the conceptual structure established in Pennoyer theoretically unaltered." Shaffer, supra, 433 U.S. p. 202, 97 S.Ct. p. 2578.

*161 Thus, under Pennoyer, service could be made on an in-state resident as the basis of **916 in personam jurisdiction and, by using the legal fiction that the out-of-state motorist appointed a state official to act as his agent and accept process, in personam jurisdiction was also possible for the non-resident driver.

International Shoe Co. v. Washington, supra, acknowledged this use of legal fictions and announced that the ancient concept of in personam jurisdiction based on the court's power over the defendant was no longer the proper focus of inquiry. Rather, courts were to evaluate the contacts that existed between the defendant and the forum and if sufficient contacts were shown to exist, jurisdiction could be maintained. The standard to be used was one of reasonableness under all of the circumstances; no mechanical formulas could determine whether or not due process was satisfied. The Shaffer Court said, "Thus, the relationship among the defendant, the forum, and the litigation, rather than the mutually exclusive sovereignty of the States on which the rules of Pennoyer, rest, became the central concern of the inquiry into personal jurisdiction." Shaffer, supra, 433 U.S. p. 204, 97 S.Ct. p. 2579.

Our courts have utilized this minimum contact approach. See Parish v. Mertes, 84 Mich. App. 336, 269 N.W.2d 591 (1978); Cole v. Doe, 77 Mich. App. 138, 258 N.W.2d 165 (1977). The language of our court rules reflects these concepts. GCR 1963, 105.9,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910                                                                     Page 7
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144,  300 N.W.2d 910)**

Personal Jurisdiction, speaks of the contacts, ties and relations between the defendant and the state as the tests to determine whether our courts may assert personal jurisdiction. In Schneider v. Linkfield, 40 Mich.App. 131, 198 N.W.2d 834 (1972), aff'd *162 389 Mich. 608, 209 N.W.2d 225 (1973), the Court of Appeals, addressing the jurisdiction issue and not the validity of service, said, "We see nothing unfair about allowing a plaintiff to sue in Michigan a defendant who was a resident of the jurisdiction at the time the cause of action arose." In Schneider, an automobile accident occurred in Michigan. The defendants were Michigan residents at the time of the accident but had subsequently moved out of state.

[2] Recent United States Supreme Court decisions have questioned the validity of the Pennoyer type of reasoning in favor of the dual aspect analysis we have explored in Part II. We conclude that Alice Williams did have sufficient contacts with Michigan to make our courts a proper forum for litigation.

[3] In addressing the issue of substituted service of process, we conclude that the lower courts did err by not allowing, consistent with the provisions of GCR 1963, 105.8, some form of substituted service of process.

Some additional facts are pertinent. On the date of the accident, both parties were insured by DAIIE. Alice Williams was an assigned risk. Thus, though DAIIE did not sell the policy to Mrs. Williams, and while the actual notice of the accident was forwarded by the "Producer of Record" (the producing agent who sold the policy to Alice Williams), DAIIE did have an obligation to the defendant. The parties do state that at one point, albeit early in the history of this case, the defendant did write a letter to the insurance company. Also, plaintiff did attempt to negotiate this claim with a representative of DAIIE. Suit was filed only after these negotiations failed.

Plaintiff attempted service of process by compliance with the non-resident motorist statute, *163 M.C.L. s 257.403; M.S.A. s 9.2103. Because the letter was

returned unopened, this type of service was unavailable. See Tomkiw v. Sauceda, 374 Mich. 381, 132 N.W.2d 125 (1965).

Plaintiff made diligent efforts to locate the defendant. An investigator was hired and various locations checked. Affidavits of two investigators as well as plaintiff's attorney were filed reflecting these efforts. Plaintiff has demonstrated that there were no other means available to her to effect service of process except by appealing to the court, in its discretion, to allow her to serve the defendant's liability insurer.

While the ability to effect service of process in this manner is a new concept for Michigan, we are not without precedent. A **917 unanimous opinion of the highest court of New Jersey has held that consistent with the requirements of due process, service of process on a motorist, insured at the time of the accident but missing at the time of suit, may be made by service on the defendant's liability insurance carrier and notice to the defendant's last known address. Feuchtbaum v. Constantini, 59 N.J. 167, 280 A.2d 161 (1971).

In Dobkin v. Chapman, 21 N.Y.2d 490, 289 N.Y.S.2d 161, 236 N.E.2d 451 (1968), the New York Court ruled that following an automobile accident when the whereabouts of the defendant is unknown, alternative methods of service of process may be used, including service by ordinary mail or service by mail and service on the insurance carrier. After noting that due process cannot be measured by any rigid formula, the New York Court evaluated four factors before reaching its conclusion. Weighing "the plaintiff's need, the public interest, the reasonableness of the plaintiff's efforts under all the circumstances to inform the defendant, and *164 the availability of other safeguards for the defendant's interests", the Court concluded that the interests of the plaintiffs are paramount.

After considering the same factors, the New Jersey Court wrote:
"Upon a consideration of all of the interests involved, the balance must be struck in plaintiff's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144, 300 N.W.2d 910)**

favor. Substituted service should be ordered. We agree that service upon the carrier would be appropriate. By its contract the carrier has the right and the duty to defend any action against the insured. The carrier thus has a representative role, which, though it does not include an express agency to accept service of process, is nonetheless relevant when process cannot otherwise be served upon the insured. Realistically there is more of a chance that defendant will learn of the suit by such service than through available alternatives, for the carrier is likely to have an interest in finding him." Feuchtbaum, supra, 59 N.J. p. 178, 280 A.2d 161.

We agree with these analyses. Plaintiff has made diligent attempts to serve defendant. Plaintiff's need to utilize constructive service in this case is obvious. Our mobile society affords elusive defendants the potential to escape liability by avoiding service of process. The insurance company, while undertaking negotiations to settle this controversy, was aware of the possibility that a suit would be filed. We would allow constructive service under these circumstances.

In Rodgers, the second case before us, appellant DAIIE contests both the type of service which was allowed and the manner in which the substituted service was granted. It argues that to premise personal jurisdiction on service of process by publication alone is violative of the constitutional guarantee of a due-process right to notice. Appellant also contends that where personal jurisdiction is **\*165** necessary, GCR 1963, 105.8, requires an appropriate affidavit of facts showing the diligent inquiry made by plaintiffs to locate defendants.

The method of imparting notice sufficient to pass constitutional muster was discussed by the United States Supreme Court in Mullane:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

\* \* \*

"The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." (Emphasis added.) (Citations **\*918** omitted.) Mullane, supra, 339 U.S. 314-315, 70 S.Ct. 657-658.

[4] It is evident that due process does not require that actual notice be given in every case. Due process requirements are satisfied if the method of imparting notice is reasonably calculated under all the circumstances to afford notice. When circumstances make it doubtful that actual notice will be effected, the method used may not be substantially less likely to afford notice than other customary substitutes.

[5] Service of process by publication is generally regarded as the method least likely to impart actual notice. However, publication notice is permissible under the Due Process Clause in certain **\*166** limited situations. As we have quoted, the Mullane Court recognized that if, for example, the specific whereabouts of a person is unknown, service of process by publication may be the most practicable and adequate method of service available.

Notice must be reasonably calculated to inform interested parties that an action against them is pending, but there is no rigid formula to determine when personal service is required or when constructive service may be utilized. The kind of notice required will, of necessity, vary with the circumstances of each case. See Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).

In a number of cases subsequent to Mullane, the Supreme Court was confronted with the issue of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
(Cite as: 410 Mich. 144, 300 N.W.2d 910)

Page 9

whether service of process by publication constituted fair notice to a defendant consistent with due process. It is significant that in every instance where alternate means of giving notice were available which were better calculated to give actual notice, the Court held service of process by publication constitutionally deficient.[FN4]

FN4. See, e. g., City of New York v. New York, N. H. & H. R. Co., 344 U.S. 293, 296, 301, 73 S.Ct. 299, 97 L.Ed. 333 (1953), which involved a railroad reorganization proceeding where publication notice to a creditor of the time for filing claims was held insufficient. In Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956), publication notice to a landowner of condemnation proceedings was deemed constitutionally deficient where the landowner's name was known to the city and the city failed to present any "compelling or even persuasive reasons why * * * direct notice * * * (could not) be given." Id., 116, 77 S.Ct. 202.

Similarly, in Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), publication notice to a landowner whose property rights were affected by diversion of a river was held insufficient. The Court noted that the landowner's name and address were ascertainable from deed records and tax rolls and concluded:

"The general rule that emerges from the Mullane case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." Schroeder, 212-213, 83 S.Ct. 282-283.

In other cases concerning the adequacy of notice, the Court has stressed that notice will not be considered reasonable if better means of actually informing a party are available. Thus, in Covey v. Town of Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956), the

Court held that mailed notice in a foreclosure proceeding was insufficient where the city knew that the party receiving the notice was incompetent and therefore incapable of understanding the meaning of the notice. Also, in Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972), notice was held insufficient where notice was mailed to defendant's home address and the state knew that defendant was no longer at that address but was incarcerated.

*167 The Hutchinson Court rejected service of process by publication as an adequate method of imparting notice in that case, stating that "if feasible, notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests." (Emphasis added.) Id., 115, 77 S.Ct. 202. Thus, although the United States Supreme Court has not set forth a rigid test as to what showing is required before publication notice is deemed sufficient, the Court has not hesitated to disapprove the use of publication notice where alternative means better calculated to impart actual notice are reasonably available and where resort to these alternate means is not overly burdensome.

Similarly, our Court has held unconstitutional statutory schemes which authorize service by publication as the only required **919 means of imparting notice especially where the identity and whereabouts of parties are readily ascertainable. See Dow v. Michigan, 396 Mich. 192, 240 N.W.2d 450 (1976); Ridenour v. Bay County, 366 Mich. 225, 114 N.W.2d 172 (1962).

[6] GCR 1963, 105.8 was designed to give trial judges freedom to fashion methods of giving notice consistent with due process, where a sufficient showing has been made to justify relieving a party from compliance with methods of service specifically prescribed by court rule or statute. A party *168 seeking such relief must show to the court's satisfaction that the proposed method of service "is reasonably calculated to give him (defendant) actual notice of the proceedings" and that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144, 300 N.W.2d 910)**

Page 10

"service of process cannot reasonably be made in the manner provided for under other rules". GCR 1963, 105.8.

[7] A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service. "(W)hen notice is a person's due, process which is a mere gesture is not due process." Mullane, supra, 339 U.S. 315, 70 S.Ct. 657.

[8] The verified motion for substituted service presented on behalf of plaintiffs in Rodgers is insufficient. It fails to show with particularity either that service of process could not reasonably have been made according to prescribed methods or that no better alternative means of giving notice were available than publication.

The only evidence in the record of plaintiffs' efforts to personally serve defendants appears in a conclusory statement contained in plaintiffs' motion for substituted service supported by a general affidavit by one of their attorneys that the motion's allegations are "true to the best of his knowledge, except those matters therein stated to be on information and belief, and as to those matters he believes the same to be true". In short, there is no direct sworn testimony.[FN5]

> FN5. Such testimony as there is is contained in the following three paragraphs:
> "1. Plaintiffs petition this Honorable Court to serve the defendants, Fanny Mae Davis, Willie Davis, Louis Scott and Paul Hines by substituted service to their last known addresses as may be reasonably determined by plaintiffs for the reason that plaintiffs have sought to serve defendants, Fanny Mae Davis, Louis Scott, Willie Davis and Paul Hines personally, but same is not possible.
> "2. That plaintiffs verily believe that Fanny Mae Davis' last known address has been 705 Dixon Street, Clarksville, Tennessee; and, defendant, Louis Scott is presently on parole to the Michigan State Department of Corrections, but has not reported to his parole

officer for a long period of time, and his present whereabouts are unknown to his parole officer, and, defendants, Paul Hines and Willie Davis' whereabouts are totally unknown to plaintiffs.
> "3. That plaintiffs have made diligent attempts through members of their office staff and outside investigative agencies to locate the defendants, but has (sic) been unable to do so."

*169 The motion first asserts that personal service on defendants "is not possible". It then states the last known address of one defendant and that the whereabouts of the other defendants are "unknown". The motion further alleges that despite "diligent attempts" by office staff and investigative agencies, plaintiffs have been unable to locate defendants. In short, the pleadings contain insufficient factual assertions as to what diligent attempts were undertaken to find and serve defendants under other rules. Further, the pleadings offer no explanation as to why other means better calculated to impart actual notice than publication were not reasonably available.

While it may very well be that the unnamed members of the office staff and the anonymous outside investigative agencies did everything necessary to constitute an effective good-faith effort under GCR 1963, 105.8, from the record before us we just do not know. As stated in Thompson v. Shiawassee Circuit Judge, 54 Mich. 236, 237; 19 N.W. 967 (1884):
"The affidavit should state the facts of inquiry and investigation, so that the court can see that the conclusion that the party cannot be found for the reason stated is a reasonable one upon such facts."
**920 The plaintiffs bear this burden so that the trial judge and appellate bench may make an informed and reasonable determination.

[9] The nature and extent of efforts to locate and *170 notify parties under normal methods of service, sufficient to justify the ordering of substituted service under Rule 105.8, will vary according to the circumstances presented in each case. However, the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910                                                                                    Page 11
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144, 300 N.W.2d 910)**

efforts required should be evaluated at least in part according to the type of substituted service proposed by the party seeking relief.

[10] In this case, the plaintiffs requested substituted service by publication and mailing to one defendant's last known address. Under this rule, the use of publication as a notice-giving device should be limited to discrete circumstances where a strong specific factual showing is made that notice cannot reasonably be effectuated in the manner provided under other rules and that means which are better calculated to give notice than publication are not reasonably available or feasible.

Therefore, we remand the Rodgers case to the trial court so that plaintiffs may be permitted to show that they did indeed satisfy the requirements of GCR 1963, 105.8. If plaintiffs can demonstrate to the trial judge's satisfaction that, prior to the time substituted service was originally ordered, they had exercised due diligence to locate defendants but were unable to serve them under other rules and that means better calculated to give actual notice than publication were not feasible, the judgments of the trial court and the Court of Appeals shall be affirmed. If plaintiffs are unable to make such a showing, we would reverse and require the trial court to enter an appropriate order of dismissal.

Krueger is reversed and remanded for further proceedings in accordance with this opinion.

MOODY, LEVIN and WILLIAMS, JJ., concur.

**\*171** RYAN, Justice (dissenting in Krueger; concurring in Rodgers).

### Krueger

I dissent from the opinion of the Court in Krueger because I am not persuaded that the trial court abused its discretion in refusing to permit the particular substituted service requested by the plaintiff-appellant.

Our court rule is explicit. GCR 1963, 105.8 provides:

"The court in which an action has been commenced may, in its discretion, allow service of process to be made upon a defendant in any other manner which is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard, if an order permitting such service is entered before service of process is made upon showing to the court that service of process cannot reasonably be made in the manner provided for under other rules."

While minimum due process standards might be satisfied in a given case by service of process upon a liability insurance carrier, it is for the trial judge to determine, in the exercise of his discretion, on a case-by-case basis whether a specifically proposed "other manner" of service "is reasonably calculated to give * * * actual notice * * *." Here, the trial judge was informed that the insurance company had received no premium payments and had no contact with the insured for almost three years. He also knew that the plaintiff's letter to the defendant's last known address had been returned unopened and that the best efforts of two investigators failed to locate the defendant. Certainly in the face of those facts the trial judge committed no abuse of discretion in concluding that service **\*172** upon the insurance carrier was not "reasonably calculated to give (defendant) actual notice" of the lawsuit.

By the adoption of GCR 1963, 105.8, this Court determined that the minimal due process requirements of notice of the pendency of a civil lawsuit would not be the standard in Michigan. Rather, for us, the right to obtain service of process in a manner other than that "provided for under **\*\*921** other rules" was made dependent upon the judgment of the trial court in the exercise of its discretion that such "other manner" is reasonably calculated in a given case to give "actual notice" of the pendency of the proceedings.

In my view the trial judge in this case did not abuse his discretion in declining to approve the service upon the liability insurance carrier, given the facts with which he was presented.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

300 N.W.2d 910                                                                    Page 12
410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902
**(Cite as: 410 Mich. 144,  300 N.W.2d 910)**

Rodgers

  I concur in the reasoning and conclusion of my colleagues in the majority with respect to Rodgers.

  COLEMAN, C. J., and KAVANAGH, J., concur.

  410 Mich. 144, 300 N.W.2d 910, 17 A.L.R.4th 902

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



# IN THE SUPREME COURT OF ALABAMA

April 26, 2005

4 28 05

**1040493**

Cecil E. Cameron v. Laythron Tillis, an individual and Ethel Tillis, an individual
(Appeal from Elba Division of Coffee Circuit Court: CV-04-49).


## **NOTICE**

Motion of appellees to supplement brief is granted and supplemental brief filed. Appellant's reply brief due to be filed May 10, 2005.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 26th day of ___April___ 2005

*Robert D Esdale Sr*

**Clerk, Supreme Court of Alabama**

**cc:**
Coffee County Circuit Clerk's Office
David W. Henderson, Attorney
Randall Morgan, Attorney
Thomas Albritton, Attorney

/sm

IN THE SUPREME COURT OF ALABAMA
CASE NO.1040493



FILED

MAY - 5 2005

CLERK
SUPREME COURT OF ALABAMA

CECIL E. CAMERON,

Appellant,

vs.

LAYTHRON TILLIS and ETHEL TILLIS,

Appellees.

---

REPLY BRIEF OF THE APPELLANT
CECIL E. CAMERON

---

ON APPEAL FROM THE CIRCUIT COURT
OF COFFEE COUNTY (ELBA DIVISION), ALABAMA

CV-04-49

---

RANDALL MORGAN
DAVID W. HENDERSON
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
425 SOUTH PERRY STREET
P.O. BOX 116
MONTGOMERY, ALABAMA 36101-0116
(334) 834-7600

ATTORNEYS FOR APPELLANT

May 5, 2005

IN THE SUPREME COURT OF ALABAMA
CASE NO.1040493

CECIL E. CAMERON,

Appellant,

vs.

LAYTHRON TILLIS and ETHEL TILLIS,

Appellees.

---

REPLY BRIEF OF THE APPELLANT
CECIL E. CAMERON

---

ON APPEAL FROM THE CIRCUIT COURT
OF COFFEE COUNTY (ELBA DIVISION), ALABAMA

CV-04-49

---

RANDALL MORGAN
DAVID W. HENDERSON
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
425 SOUTH PERRY STREET
P.O. BOX 116
MONTGOMERY, ALABAMA 36101-0116
(334) 834-7600

ATTORNEYS FOR APPELLANT

May 5, 2005

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . ii, iii

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

**Cases**                                                              **Pages**

*Bass Pecan Co. v. Berga*, 694 So.2d 1311 (Ala. 1997) . . . 15

*Bieber v. Bieber*, 623 So.2d 1163 (Ala. Civ. App. 1992) . 7

*Brooks v. Rollins*, 457 N. E. 2d 1158 (Ohio 1984) . . . . 10

*City of Birmingham v. Southern Bell*, 234 Ala. 526
(Ala. 1937) . . . . . . . . . . . . . . . . . . . . . . 11

*Fisher v. Amanareni*, 565 So.2d 84 (Ala. 1990) . . . . . 8,9

*Goodall v. Ponderosa Estates, Inc.*, 337 So.2d 726
(Ala. 1976) . . . . . . . . . . . . . . . . . . . . 11, 12

*Gross v. Loewen*, 522 So.2d 306 (Ala. Civ. App. 1988) . 8,9

*John H. Peterson, Sr., Enterprises, Inc. v. Chaney*, 486 So.2d
1307 (Ala. Civ. App. 1986) . . . . . . . . . . . . . . 8,9

*Kanazawa v. Williams*, 838 So.2d 392
(Ala. Civ. App. 2000) . . . . . . . . . . . . . . . . . 8

*Kirtland v. Fort Morgan Authority Sewer Service., Inc.*,
524 So.2d 600, 604-05 (Ala. 1988) . . . . . . . 1, 13, 14

*Krueger v. Williams*, 300 N. W. 2d 910
(Michigan 1981) . . . . . . . . . . . . . . . . . . 10, 11

*Marshall v. Mid-State Homes, Inc.*, 468 So.2d 131
(Ala.1985) . . . . . . . . . . . . . . . . . . . . . . . 8

*Martin v. Robbins*, 628 So.2d 614 (Ala. 1993) . . . . . . 15

*Miles v. McClung*, 385 So.2d 1326 (Ala. Civ. App. 1980) . 8

*Moyer v Lott*, 272 NW2d 232(1978) . . . . . . . . . . . 11

ii

*Richardson v. Arrington*, 431 So.2d 1301
(Ala. Civ. App. 1983) . . . . . . . . . . . . . . . . 8

*Shaddix v. Shaddix*, 603 So.2d 1096
(Ala. Civ. App. 1992) . . . . . . . . . . . . . . . . 7

*Summit Photographix, Inc. v. Scott*, 763 So.2d 956,
960 (Ala.2000) . . . . . . . . . . . . . . . . . . . 14

*Vaughan v. O'Neal*, 736 So.2d 635 (Ala. Civ. App. 1999)  7, 8

*Vogus v. Angry*, 744 So.2d 934 (Ala. Civ. App. 1999) . . 8,9

*Wise v. Siegel*, 527 So.2d 1281 (Ala. 1988) . . . . . . . 8


## LAW

Rule 55, Ala. R. Civ. P . . . . . . . . . . . . . . . 15

Rule 4.3, *Ala. R. Civ. P.* . . . . . . . . . . . . . . 9

iii

## SUMMARY OF ARGUMENT

A review of the record on appeal clearly reveals that the trial court abused its discretion in entering a default judgment against Cecil Cameron and then refusing to overturn the same or grant his motion for relief from judgment. The initial allowance of service by publication on Cameron was improper as there was no evidence presented to suggest that he was an in-state resident, or was culpable and attempting to avoid service of process. Accordingly, the trial court lacked *in personam* jurisdiction over Cameron, making its entry of default void and due to be overturned.

The trial court further abused its discretion by denying Cameron's motion to set aside the entry of default, or to alter, amend, or vacate the judgment. Its failure to review the factors enunciated by this court in *Kirtland v. Fort Morgan Authority Sewer Service., Inc.*, 524 So.2d 600, 604-05 (Ala. 1988), mandates that the award be set aside, and its refusal to further allow a hearing wherein the damages claimed by the Tillises could be contested, as well as its award of damages with insufficient evidence to support the same, also clearly constitute an abuse of discretion; as such the award is due to be overturned or at the least substantially reduced.

1

<u>ARGUMENT</u>

1.    **THE TRIAL COURT'S ENTRY OF DEFAULT JUDGMENT AS A SANCTION BASED UPON PERCEIVED DISRESPECT OR BAD FAITH BY DEFENSE COUNSEL WAS IMPROPER AS THERE IS NO EVIDENCE TO SUGGEST THE SAME.**

A review of the appellee's brief reveals two important facts for this court to remember in its review of this cause: 1) the Tillises do not dispute factually what occurred in their attempts to serve Mr. Cameron via certified mail and by publication, or what occurred before the trial court, and 2) the Tillises freely admit that the defense counsel and company attempting to defend Mr. Cameron's interests honestly have no idea where Mr. Cameron is, any more than they do. A review of the undisputed evidence and applicable Alabama law, especially in light of the above, reveals that service upon Mr. Cameron by publication was clearly improper, and thus the trial court lacked *in personam* jurisdiction over him when it entered the default judgment; as such, it is due to be set aside.

The Tillises first argue that the trial court's entry of default judgment and award of damages stems from its perception of defense counsel's disrespect by appearing in court and refusing service, as much as from the fact that the defendant never filed an answer in this case. This argument and perception first ignores the undisputed fact that defense

2

counsel's expressed appearance before the trial court was in a limited capacity without waiving the issue of jurisdiction. [C. 18].

Moreover, there is no evidence whatsoever to suggest that by refusing to accept service on behalf of Mr. Cameron defense counsel was attempting manipulate or deceive the court and/or to thwart the progress of the case. While it is certainly frustrating for the appellees and the trial court that Mr. Cameron has not been found - as it is for defense counsel as well - this frustration does not compel defense counsel to accept service on his client's behalf to simply make things easier for the appellees or simply because the trial court wishes he would. Besides the fact that defense counsel does not have permission from Mr. Cameron to do so, a host of ethical issues and legal malpractice considerations forbid him from doing so as well, and if for no other reason the trial court's attempt to force defense counsel into doing so or else suffer a default constitutes an abuse of discretion, and shows why the default is due to be overturned.

Lastly, such frustration will not serve to compel defense counsel to file an answer on behalf of his client and reserve the question of jurisdiction and improper service until some

3

other time; why should a case be allowed to proceed forward when its procedural underpinnings are fatally flawed, and it will eventually be overturned and rendered null upon those very grounds on appeal? The appellees harp in their brief upon how one should not have to perform a futile act; to allow this case to proceed without proper service and/or jurisdiction over the defendant is the very definition of futility, for no matter what is accomplished therein, the case will eventually end up before this court and be overturned upon the same grounds as presented here.

The Tillises cite with approval to this court several cases wherein a trial court entered a default judgment in response to wilful behavior evidencing bad faith or disrespect for the judicial system; however, it is axiomatic that in such instances there must actually be evidence of such execrable behavior to warrant such a sanction. There is no evidence here of the destruction of key evidence (*Iverson*), deliberate attempts by the defense attorney to hide his client's whereabouts with the knowledge of same (*Goodall*), or of a deliberate failure to appear in court despite being ordered to do so (*Jones*); as acknowledged by the appellees themselves, defense counsel honestly and legitimately does not know where

4

Mr. Cameron is, and there is no evidence that Mr. Cameron is purposely avoiding service or even knows about this lawsuit at all. To equate this lack of knowledge to the behavior cited above and to suggest that it deserves some sort of penalty, or to suggest that Mr. Cameron is due to be penalized as the principal for his defense counsel's "bad acts" (such as those actions in the *Southtrust Bank* case cited by the appellees), is simply incredible.

Moreover, the distinction suggested by appellees regarding the line of cases wherein a default was overturned due to a lack of jurisdiction - that this case is different because the default here was entered after an attorney was retained - is a distinction without a difference. Defense counsel and the company who retained him do not know where Mr. Cameron is. There is no evidence that Mr. Cameron is attempting to avoid service or even knows about this lawsuit at all. Defense counsel cannot accept service on Cameron's behalf because he does not have permission to do so and would run also afoul of ethical and/or malpractice considerations if he did so. Try as the appellees and trial court might to paint the above behavior as sinister, sly, manipulative, or fraudulent, there is simply no evidence to suggest such

5

motivation on the part of either defense counsel or his client. As such, the argument that default judgment was properly entered as a penalty for such behavior is due to be rejected by this court, and the default judgment itself is due to be overturned on the grounds that the trial court's judgment was void due to a lack of jurisdiction.

2. **A FAILURE TO PROPERLY SERVE CAMERON DEPRIVED THE TRIAL COURT OF JURISDICTION AND RENDERED ITS ENTRY OF DEFAULT JUDGMENT VOID.**

The Tillises begin their argument as to this issue by stating that there is no evidence to suggest that Cecil Cameron is <u>not</u> a resident of the state of Alabama, and thus service might have been proper. There also is no evidence one way or another to suggest that Cecil Cameron is <u>not</u> a resident of the moon, or Japan, but such does not in fact serve to conclusively establish, or even suggest, that he is. It is undisputed - and the Tillises admit - that Cameron's last known address was in Florida, and it is also undisputed that there is no evidence at all to suggest that he is now a resident of this state, let alone that he is aware of this lawsuit and/or is attempting to avoid service. Accordingly, the appellees' attempts at service by publication are

6

insufficient as a matter of law, rendering the court devoid of *in personam* jurisdiction and its entry of default judgment invalid. See *Vaughan v. O'Neal*, 736 So.2d 635 (Ala. Civ. App. 1999); *Shaddix v. Shaddix*, 603 So.2d 1096 (Ala. Civ. App. 1992); *Bieber v. Bieber*, 623 So.2d 1163 (Ala. Civ. App. 1992).

While the Tillise acknowledge the foregoing authority exists, they argue that said cases have been abrogated in light of the newly revised Rule 4.3, *Ala. R. Civ. P.*, which was amended to allow service by publication for "any defendant who is avoiding service . . . , even nonresident defendants. Subdivision (d)(2) was amended to provide that publication shall be made both in the forum and at the defendant's last known county of residence, **when avoidance is the basis for publication.**" (Emphasis added). See Committee Comments to Amendment of Rule 4.3, effective August 1, 2004. The Tillises can point this court to no authority which states that the case law embodied in *Vaughn* and *Shaddix* is overruled; Moreover, they also ignore the fact that the Rule has been amended for non-residents <u>only</u> in those instances when it is clear that they are <u>avoiding service</u>. See above.

The burden is on the plaintiff who is seeking service by publication to show that Cameron has avoided service, a burden

7

that must be met by more than mere conclusory assertions. *Kanazawa v. Williams*, 838 So.2d 392 (Ala. Civ. App. 2000). A mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough for a court to allow service by publication in this instance.   The Tillises must allege <u>specific</u> <u>facts</u> which show that Cameron has avoided service, rendering him culpable. *Vaughan v. O'Neal*, <u>supra</u> at 638. Numerous Alabama cases have held that a mere conclusory averment by a plaintiff that a nonresident defendant is avoiding service, absent corroborating evidence of any kind to suggest the same, is insufficient as a matter of law to permit service by publication. <u>See</u> *Fisher v. Amanareni*, 565 So.2d 84 (Ala. 1990); *Vogus v. Angry*, 744 So.2d 934 (Ala. Civ. App. 1999); *Kanazawa v. Williams*, *supra*; *Richardson v. Arrington*, 431 So.2d 1301 (Ala. Civ. App. 1983); *Miles v. McClung*, 385 So.2d 1326 (Ala. Civ. App. 1980); *Gross v. Loewen*, 522 So.2d 306 (Ala. Civ. App. 1988).  Further, some of the above cases, as well as others, have also held that the mere return of a certified letter as unclaimed is insufficient to establish an avoidance of service. <u>See</u> *Wise v. Siegel*, 527 So.2d 1281 (Ala. 1988); *Marshall v. Mid-State Homes, Inc.*, 468 So.2d 131 (Ala.1985); *John H. Peterson, Sr., Enterprises, Inc. v.*

8

*Chaney,* 486 So.2d 1307 (Ala. Civ. App. 1986); *Vogus,* <u>supra</u>;

*Fisher,* <u>supra</u>; *Gross,* <u>supra</u>.

In the instant case, the Tillises petitioned the trial court to allow service of publication upon Cameron after twice attempting to serve him out of state via certified mail. The Tillises admittedly did not ever attempt to use a process server, or a private investigator, in order to locate and serve Cameron, nor is there evidence that they attempted to forward the returned letters, or could demonstrate to the trial court in any way that Cameron was either an Alabama resident and/or was actively attempting to avoid service. (C. 9-10). Accordingly, under the above authorities and Rule 4.3, *Ala. R. Civ. P.* (amended or not), their efforts to serve Cameron were insufficient as a matter of law to allow service by publication, and thus the default judgment rendered against him is void.

While the Tillises aver that their efforts to locate Cameron failed because his insurer would not tell them his whereabouts, they omit to mention that this was due to the fact that Cameron's insurer admittedly did not know where he was either. The Tillises also argue that further attempts by them to locate Cameron should be unnecessary because the law

does not require one to commit a futile act. However, there is no evidence that further attempts to locate Cameron would be futile; for example, the Tillises have not used a process server, hired a private investigator, attempted to have the certified mail forwarded when it was returned, checked with the armed services to see if Cameron has enlisted, performed nationwide internet searches for Cameron, etc.

In an attempt to sidestep the foregoing Alabama law, the Tillises have cited to this court two out-of-state cases which have held that a plaintiff's failure to locate a defendant can in some instances liken such an absence to that of "concealment" or "avoidance of service," or else will permit service upon a missing defendant's insurer. See *Brooks v. Rollins*, 457 N. E. 2d 1158 (Ohio 1984) and *Krueger v. Williams*, 300 N. W. 2d 910 (Michigan 1981). However, these cases are easily distinguished from the Alabama cases, law, and factual situation presented here.

In *Brooks*, the Supreme Court of Ohio was interpreting an Ohio statute, R.C. 2703.14, which sets out explicitly defined factual scenarios wherein service by publication may be allowed; this statute, as well as case law interpreting the same, has no Alabama equivalent, and thus is not helpful to

10

this Court. Additionally, while the court in *Krueger* allowed service upon a missing defendant's insurer, the same court earlier in *Moyer v. Lott,* 272 NW2d 232(1978), also held that service of process upon a missing defendant's insurer is not reasonably calculated to inform a defendant of the pendency of the suit against him and in fact violates his due process rights. See *Moyer*, 272 N.W.2d at 232-234. In the face of such contradictory holdings by the same court, it cannot be said that the *Krueger* case should serve to persuade this court that service of process upon a party's insurer is proper; besides, it is undisputed that the Tillises did not ever attempt to serve Cameron via Hertz, and thus this court has not even been presented with such an issue. See *City of Birmingham v. Southern Bell*, 234 Ala. 526 (Ala. 1937)(It is not within the province of appellate courts to decide abstract, hypothetical, or moot questions). As such, the out of state cases cited by the Tillises are of no help to this court's inquiry and are due to be disregarded.

In the alternative, the Tillises argue that service by publication was proper because notice to Cameron of the lawsuit should be imputed to him on the grounds that his defense counsel is aware of the suit, citing *Goodall v.*

11

*Ponderosa Estates, Inc.*, 337 So.2d 726 (Ala. 1976). However, the location of the defendant in *Goodall* was actually known to defense counsel, who not only refused to give the plaintiffs any information concerning his client's whereabouts, but actively attempted to mislead them concerning the same. See *Goodall*, 337 So.2d at 728. Such is not the case here; the Tillises themselves admit that defense counsel does not know where Cameron is, and there is certainly no evidence of concealment by defense counsel and/or his misleading the Tillises as to his client's location. As such, notice to defense counsel of this suit under *Goodall* should not serve to confer service of process in this instance.

Based upon the foregoing undisputed facts and applicable Alabama authorities, it is clear that the trial court's entry of default judgment against Cecil Cameron is due to be overturned, on the grounds that insufficient service of process deprived the trial court of *in personam* jurisdiction at the time it entered the default, and thus its judgment is void. The Tillises can point to no facts which would indicate that Cameron was properly served under the Rules and Alabama case law, or that they had conducted a reasonably thorough search for Cameron before service by publication was

12

necessary, nor can they point to any evidence that Cameron is an Alabama resident, is attempting to avoid service, or is even aware of this lawsuit. As such, the entry of default is due to be overturned.

3.    THE TRIAL COURT'S FAILURE TO ANALYZE THE DEFAULT JUDGMENT UNDER *KIRTLAND* AND/OR TO SET ASIDE THE ENTRY OF DEFAULT WAS AN ABUSE OF DISCRETION.

In brief the Tillises do not dispute the fact that the trial court failed to perform a mandatory analysis of the default judgment it entered under the factors set out by this Court in *Kirtland v. Fort Morgan Authority Sewer Service, Inc.*, 524 So.2d 600 (Ala. 1988), after defense counsel filed a motion to set the default aside. For this reason alone, the trial court's entry of default judgment against Cameron was improper and is due to be reversed. (C.29-30;155).

While the Tillises argue that the factors were not considered because the trial court was seeking to punish the behavior of defense counsel and the non-responsiveness of Cameron, as discussed previously no such evidence exists to support such a conclusion and such will not serve to excuse the fact that the analysis was not conducted; the default judgment is therefore due to be overturned.

13

In addition, a review of the **Kirtland** factors reveals that the default judgment was improper and due to be set aside. As discussed at length in the initial brief, there is no evidence whatsoever to suggest that Cameron is actively attempting to avoid service or is guilty of any sort of culpable conduct, or of prejudice to the Tillises if the default were to be set aside. See *Summit Photographix, Inc. v. Scott*, 763 So.2d 956, 960 (Ala.2000). Lastly, while Cameron's assertion of a meritorious defense is complicated by the fact that he is absent from this proceeding thus far, when he learns of the suit Cameron will doubtless deny liability and assert defenses to the claims asserted by the Tillises, which militates in favor of a trial on the merits as well.

It is clear that even a cursory review of the **Kirtland** factors reveals that the trial court abused its discretion in declining to overturn its entry of default judgment against Cameron, and thus based on the foregoing, as well as the fact that the trial court refused to perform any sort of analysis at all, its entry of default is due to be overturned.

14

4.   THE TRIAL COURT'S AWARD OF DAMAGES ABSENT AN
EVIDENTIARY HEARING OR JURY TRIAL CONSTITUTED AN
ABUSE OF DISCRETION, AND THE DAMAGES AWARDED WERE
CLEARLY EXCESSIVE.

Lastly, in the event that this court finds that both service and the entry of default judgment against Cecil Cameron were properly found, Cameron nevertheless submits that the damages awarded were improper in that there was no hearing or jury trial to determine the merits of the damages claimed by Plaintiffs, nor was defense counsel allowed at all to cross examine the plaintiffs in regard to their damage claims.

In brief the Tillises argue that such a hearing was within the discretion of the trial court, pursuant to Rule 55, Ala. R. Civ. P.; however, while this rule does not require a trial court to conduct an evidentiary hearing on the issue of damages, the discretion bestowed therein is not so great as to vitiate the need for any sort of inquiry as to the amount of damages where the claim is not for a sum certain, or a sum capable of being made certain by computation. *Martin v. Robbins*, 628 So.2d 614 (Ala. 1993); See *Bass Pecan Co. v. Berga*, 694 So.2d 1311 (Ala. 1997).

Mr. Tillis' pre-existing conditions and failure to provide the court with any medical or repair bills to substantiate his claims do not provide the trial court with

15

the clear guidance needed to bestow the amount awarded here, nor does Mrs. Tillis' affidavit provide the trial court with sufficient guidance regarding her loss of consortium. Because defense counsel was presented with no opportunity to contest the amount of damages, particularly pertaining to mental anguish, and because the trial court made no distinction between punitive and compensatory damages, the trial court clearly abused its discretion in bestowing such an unfettered award of damages to the Tillises and the award is due to be overturned, or at the very least substantially reduced. Further, as previously noted in Cameron's initial brief, the Tillises' failure to withdraw their jury demand pursuant to Rule 38, Ala. R. Civ. P., also mandates that the award is due to be set aside.

16

## IV.  CONCLUSION

Based upon the foregoing undisputed evidence and applicable Alabama authorities, it is clear that the trial court erred in allowing service by publication and then entering a default judgment against Cecil Cameron, absent evidence suggesting that Cameron was an in-state resident and/or attempting to avoid service of process; as such, its judgment is void for a lack of *in personam* jurisdiction. Further, the trial courts' post-judgment refusal to set aside the default constituted a clear abuse of discretion. Lastly, the damages awarded plaintiffs were both unsupported by the evidence and an abuse of discretion in that they were awarded without allowing defense counsel the opportunity to challenge the same.  For the foregoing reasons, it is respectfully submitted that the trial court's rulings are due to be reversed and this case remanded.

17

_____

RANDALL MORGAN
Code No.: MOR037


_____

DAVID W. HENDERSON
Code No.: HEN072


Attorneys for Appellant
Cecil E. Cameron


OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
   COLE & BLACK, P.C.
425 South Perry Street
P.O. BOX 116
MONTGOMERY, AL  36101-0116
334-834-7600
334-263-5969 (Fax)


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been
served upon the following person by U.S. Mail, first-class
postage prepaid, on this the _____5TH_____ day of May, 2005:


Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420


_____

OF COUNSEL

18



# IN THE SUPREME COURT OF ALABAMA

## May 24, 2005

**1040493**

Cecil E. Cameron v. Laythron Tillis, an individual and Ethel Tillis, an individual
(Appeal from Elba Division of Coffee Circuit Court: CV-04-49).

5 25 05

## **NOTICE**

Circuit Clerk:  Pursuant to Rule 11(a)(3), Alabama Rules of
Appellate Procedure, please forward the record on appeal to
this Court within seven (7) days.

If you are unable to comply with this rule, please notify
this Court, in writing, within seven (7) days.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 24th day of ___May___ 2005

*Robert D Esdale Sr*
**Clerk, Supreme Court of Alabama**

cc:
Coffee County Circuit Clerk's Office
David W. Henderson, Attorney
Randall Morgan, Attorney
Thomas Albritton, Attorney

/sm



# IN THE SUPREME COURT OF ALABAMA

June 1, 2005

**1040493**

Cecil E. Cameron v. Laythron Tillis, an individual and Ethel Tillis, an individual
(Appeal from Elba Division of Coffee Circuit Court: CV-04-49).

## NOTICE

This cause is submitted on briefs June 1, 2005.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this _1st_ day of _June_    _2005_

*Robert G Esdale Sr*

**Clerk, Supreme Court of Alabama**

cc:
Hon. Robert W. Barr, Circuit Judge
David W. Henderson, Attorney
Randall Morgan, Attorney
Thomas Albritton, Attorney

/sm

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2006

---

### 1040493

---

### Cecil E. Cameron

### v.

### Laythron Tillis and Ethel Tillis

### Appeal from Coffee Circuit Court
### (CV-04-49)

LYONS, Justice.

### I. Facts and Procedural History

Laythron Tillis and his wife, Ethel Tillis, allege that, on or about April 14, 2002, Cecil E. Cameron, while driving a rental car he had leased from Hertz Corporation, rear-ended

1040493

the vehicle occupied by Laythron, injurying him. As a result, the Tillises sued Cameron in the Coffee Circuit Court; Laythron alleged negligence and wantonness, and Ethel alleged loss of consortium.

The Tillises twice attempted to serve Cameron with the summons and complaint via certified mail at Cameron's last-known address in Ft. Walton Beach, Florida. Both attempts failed, and each return-receipt came back unclaimed. Subsequently, the Tillises filed a motion with the trial court for service by publication, which the trial court granted. The trial court ordered that notice of the complaint be published once a week for four successive weeks in a newspaper published in Coffee County. Apparently, Hertz became aware of the litigation and, pursuant to its rental agreement with Cameron, retained an attorney to represent Cameron. Hertz denies having had any contact with Cameron since entering into the rental agreement, and the attorney Hertz retained to represent Cameron denies ever having any contact with Cameron. Both Hertz and the attorney it retained to represent Cameron deny knowledge of Cameron's current whereabouts.

2

1040493

The attorney Hertz retained to represent Cameron states that he discovered through "alacourt.com," an Internet database of court records, that service had been made by publication, and he thereafter made a limited appearance in the trial court for the purpose of challenging such service. The attorney filed a "motion in opposition to plaintiff's motion for service by publication and motion to quash service." In effect, the motion falls under Rule 12(b)(4), Ala. R. Civ. P., attacking the sufficiency of process by arguing that Cameron was not subject to service by publication under the terms of the version of Rule 4.3(c), Ala. R. Civ. P., in effect at the time service by publication was made and that, the attorney says, applies to this proceeding.

The Tillises opposed the motion and moved for an entry of default. At a hearing in the trial court, the attorney retained to represent Cameron refused to accept service of process on Cameron's behalf. After the hearing, the trial court entered a written order denying the attorney's motion to quash service and granting the Tillises' motion for the entry of a default judgment. Subsequently, the trial court entered a judgment by default against Cameron and assessed damages of

3

1040493

$120,000 for Laythron and $20,000 for Ethel.  Fourteen days later, the attorney retained to represent Cameron filed a motion requesting the trial court to set aside the default judgment under Rule 55(c), Ala. R. Civ. P.; to grant relief from the judgment under Rule 60(b), Ala. R. Civ. P.; or to alter, amend, or vacate the judgment under Rule 59(e), Ala. R. Civ. P.  The attorney for Cameron argued in his motion that a nonresident defendant cannot be served by publication; that, in any event, before service may be made by publication, there must be evidence indicating that the defendant has avoided service; that default judgments are disfavored in the law; that the default judgment unduly prejudiced Cameron; and that the damages awarded were unsupported and excessive.  The trial court denied the motion, and Cameron appealed.

## II. Standard of Review

"The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion." Roberts v. Wettlin, 431 So. 2d 524, 526 (Ala. 1983).  However, "[w]hen the grant or denial

4

1040493

[of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation.  If the judgment is void, it is to be set aside; if it is valid, it must stand." <u>Smith v. Clark</u>, 468 So. 2d 138, 141 (Ala. 1985).

### III. Analysis

The attorney for Cameron argues that the trial court erred in refusing to set aside the default judgment or otherwise to grant Cameron relief from that judgment because, according to Cameron's attorney, the judgment was void in that the trial court lacked personal jurisdiction over Cameron. See, generally, <u>Clark</u>, 468 So. 2d at 141 ("A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.").  According to Cameron's attorney, the trial court lacked personal jurisdiction over Cameron because he had not been properly served with the summons and complaint. See, generally, <u>Image Auto, Inc. v. Mike Kelley Enters., Inc.</u>, 823 So. 2d 655, 657 (Ala. 2001) ("It is settled law that failure to effect proper service

5

1040493

under Rule 4, Ala. R. Civ. P., deprives the court of jurisdiction and renders a default judgment void.").

Cameron's attorney argues that Cameron was not properly served because the law provides that only Alabama residents may be served by publication. In <u>Wise v. Siegel</u>, 527 So. 2d 1281, 1282 (Ala. 1988), this Court stated:

> "In <u>Braley v. Horton</u>, 432 So. 2d 463 (Ala. 1983), the court held that the question of whether the defendant was a resident or a non-resident of the state was determinative of whether service of process by publication was ever permissible. There the Court held that Rule 4.3(c)[, Ala. R. Civ. P.,] applied only to resident defendants or a corporation with one of its principal places of business within the state. That rule contains the following provision:
>
>> "'(c) Avoidance of Service. When a <u>resident</u> defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication ....' (Emphasis added.)
>
> "Rule 4.3(a)(2) provides that 'In no event shall an <u>in personam</u> judgment be entered on service by publication except as provided in subparagraph (c) of this rule.'"

Cameron's attorney argues that, because the Tillises did not show that Cameron was a resident of Alabama and because the

6

1040493

trial court made no finding that Cameron was a resident of Alabama, the above-quoted authority requires reversal of the trial court's order refusing to grant Cameron relief from the default judgment.

Wise was decided in 1998. An amendment to Rule 4.3, Ala. R. Civ. P., effective August 1, 2004, deleted the term "resident" from subsection (c) of Rule 4.3, which was quoted in Wise and Braley. The Committee Comments to Amendment to Rule 4.3 Effective August 1, 2004, state: "Under the Rule as amended, any defendant who is avoiding service is amenable to service by publication, even nonresident defendants." In the instant case, the trial court's order for service by publication was entered on July 12, 2004, before the amendment to Rule 4.3(c) took effect. Under Rule 4.3(d)(3), valid service by publication must be published for four consecutive weeks, and in the instant case, publication was made on July 22, July 29, August 5, and August 12. However, under our caselaw, service by publication on a nonresident defendant was invalid on July 22 and July 29. Therefore, service in this case has not been validly published for four consecutive

7

1040493

weeks. Because Cameron was not properly served, the default judgment is void.

## IV. Conclusion

Because the default judgment is void, Cameron was due relief from that judgment, and the trial court erred in denying that relief. We pretermit discussion of the other questions presented by the brief filed by Cameron's attorney dealing with the sufficiency of the evidence of avoidance of service under the circumstances as they existed at the time of publication, because consideration of that issue presupposes the availability of Rule 4.3(c), Ala. R. Civ. P., as amended effective August 1, 2004.

REVERSED AND REMANDED.

Nabers, C.J., and Woodall, Smith, and Parker, JJ., concur.

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual,

     Plaintiffs,

vs.

CECIL E. CAMERON,

     Defendant.

)
)
)
)
)
)
)

CV-2004-49

## MOTION TO RELEASE APPEAL BOND

COMES NOW The Hertz Corporation, without submitting to the jurisdiction of this court, and hereby request this court to release payment of the appeal bond in the amount of $175,000.00 plus interests accrued back to The Hertz Corporation as the appeal in the above-referenced case has been concluded. (See attached order from the Supreme Court of Alabama). It is respectfully requested that the clerk issue a draft in the amount of $175,000.00 plus the interest which has accrued made payable to The Hertz Corporation.

Respectfully submitted this the _8TH_ day of September, 2006.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone: (334) 834-7600
Facsimile: (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the ___8TH___ day of September, 2006.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

_____
OF COUNSEL

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

### SPECIAL TERM, 2006

---

### 1040493

---

### Cecil E. Cameron

### v.

### Laythron Tillis and Ethel Tillis

### Appeal from Coffee Circuit Court
### (CV-04-49)

LYONS, Justice.

### I. Facts and Procedural History

Laythron Tillis and his wife, Ethel Tillis, allege that, on or about April 14, 2002, Cecil E. Cameron, while driving a rental car he had leased from Hertz Corporation, rear-ended

1040493

the vehicle occupied by Laythron, injurying him. As a result, the Tillises sued Cameron in the Coffee Circuit Court; Laythron alleged negligence and wantonness, and Ethel alleged loss of consortium.

The Tillises twice attempted to serve Cameron with the summons and complaint via certified mail at Cameron's last-known address in Ft. Walton Beach, Florida. Both attempts failed, and each return-receipt came back unclaimed. Subsequently, the Tillises filed a motion with the trial court for service by publication, which the trial court granted. The trial court ordered that notice of the complaint be published once a week for four successive weeks in a newspaper published in Coffee County. Apparently, Hertz became aware of the litigation and, pursuant to its rental agreement with Cameron, retained an attorney to represent Cameron. Hertz denies having had any contact with Cameron since entering into the rental agreement, and the attorney Hertz retained to represent Cameron denies ever having any contact with Cameron. Both Hertz and the attorney it retained to represent Cameron deny knowledge of Cameron's current whereabouts.

2

1040493

The attorney Hertz retained to represent Cameron states that he discovered through "alacourt.com," an Internet database of court records, that service had been made by publication, and he thereafter made a limited appearance in the trial court for the purpose of challenging such service. The attorney filed a "motion in opposition to plaintiff's motion for service by publication and motion to quash service." In effect, the motion falls under Rule 12(b)(4), Ala. R. Civ. P., attacking the sufficiency of process by arguing that Cameron was not subject to service by publication under the terms of the version of Rule 4.3(c), Ala. R. Civ. P., in effect at the time service by publication was made and that, the attorney says, applies to this proceeding.

The Tillises opposed the motion and moved for an entry of default. At a hearing in the trial court, the attorney retained to represent Cameron refused to accept service of process on Cameron's behalf. After the hearing, the trial court entered a written order denying the attorney's motion to quash service and granting the Tillises' motion for the entry of a default judgment. Subsequently, the trial court entered a judgment by default against Cameron and assessed damages of

3

1040493

$120,000 for Laythron and $20,000 for Ethel.    Fourteen days later, the attorney retained to represent Cameron filed a motion requesting the trial court to set aside the default judgment under Rule 55(c), Ala. R. Civ. P.; to grant relief from the judgment under Rule 60(b), Ala. R. Civ. P.; or to alter, amend, or vacate the judgment under Rule 59(e), Ala. R. Civ. P.    The attorney for Cameron argued in his motion that a nonresident defendant cannot be served by publication; that, in any event, before service may be made by publication, there must be evidence indicating that the defendant has avoided service; that default judgments are disfavored in the law; that the default judgment unduly prejudiced Cameron; and that the damages awarded were unsupported and excessive.    The trial court denied the motion, and Cameron appealed.

## II. Standard of Review

"The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion." Roberts v. Wettlin, 431 So. 2d 524, 526 (Ala. 1983).    However, "[w]hen the grant or denial

4

1040493

[of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand." <u>Smith v. Clark</u>, 468 So. 2d 138, 141 (Ala. 1985).

### III. Analysis

The attorney for Cameron argues that the trial court erred in refusing to set aside the default judgment or otherwise to grant Cameron relief from that judgment because, according to Cameron's attorney, the judgment was void in that the trial court lacked personal jurisdiction over Cameron. See, generally, <u>Clark</u>, 468 So. 2d at 141 ("A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."). According to Cameron's attorney, the trial court lacked personal jurisdiction over Cameron because he had not been properly served with the summons and complaint. See, generally, <u>Image Auto, Inc. v. Mike Kelley Enters., Inc.</u>, 823 So. 2d 655, 657 (Ala. 2001) ("It is settled law that failure to effect proper service

5

1040493

under Rule 4, Ala. R. Civ. P., deprives the court of
jurisdiction and renders a default judgment void.").

Cameron's attorney argues that Cameron was not properly
served because the law provides that only Alabama residents
may be served by publication.  In <u>Wise v. Siegel</u>, 527 So. 2d
1281, 1282 (Ala. 1988), this Court stated:

> "In <u>Braley v. Horton</u>, 432 So. 2d 463 (Ala. 1983),
> the court held that the question of whether the
> defendant was a resident or a non-resident of the
> state was determinative of whether service of
> process by publication was ever permissible.  There
> the Court held that Rule 4.3(c)[, Ala. R. Civ. P.,]
> applied only to resident defendants or a corporation
> with one of its principal places of business within
> the state.  That rule contains the following
> provision:
>
>> "'(c) Avoidance of Service. When a <u>resident</u>
>> defendant avoids service and his present
>> location or residence is unknown and the
>> process server has endorsed the fact of
>> failure of service and the reason therefor
>> on the process and returned same to the
>> clerk or where the return receipt shows a
>> failure of service, the court may, on
>> motion, order service to be made by
>> publication ....' (Emphasis added.)
>
> "Rule 4.3(a)(2) provides that 'In no event shall an
> <u>in personam</u> judgment be entered on service by
> publication except as provided in subparagraph (c)
> of this rule.'"

Cameron's attorney argues that, because the Tillises did not
show that Cameron was a resident of Alabama and because the

6

1040493

trial court made no finding that Cameron was a resident of Alabama, the above-quoted authority requires reversal of the trial court's order refusing to grant Cameron relief from the default judgment.

Wise was decided in 1998. An amendment to Rule 4.3, Ala. R. Civ. P., effective August 1, 2004, deleted the term "resident" from subsection (c) of Rule 4.3, which was quoted in Wise and Braley. The Committee Comments to Amendment to Rule 4.3 Effective August 1, 2004, state: "Under the Rule as amended, any defendant who is avoiding service is amenable to service by publication, even nonresident defendants." In the instant case, the trial court's order for service by publication was entered on July 12, 2004, before the amendment to Rule 4.3(c) took effect. Under Rule 4.3(d)(3), valid service by publication must be published for four consecutive weeks, and in the instant case, publication was made on July 22, July 29, August 5, and August 12. However, under our caselaw, service by publication on a nonresident defendant was invalid on July 22 and July 29. Therefore, service in this case has not been validly published for four consecutive

7

1040493

weeks.  Because Cameron was not properly served, the default
judgment is void.

## IV. Conclusion

Because the default judgment is void, Cameron was due
relief from that judgment, and the trial court erred in
denying that relief.  We pretermit discussion of the other
questions presented by the brief filed by Cameron's attorney
dealing with the sufficiency of the evidence of avoidance of
service under the circumstances as they existed at the time of
publication, because consideration of that issue presupposes
the availability of Rule 4.3(c), Ala. R. Civ. P., as amended
effective August 1, 2004.

REVERSED AND REMANDED.

Nabers, C.J., and Woodall, Smith, and Parker, JJ.,
concur.



# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an Individual )
and ETHEL TILLIS, an Individual, )
                               )
          PLAINTIFFS, )          CASE NO. 2004-49
                               )
VS. )
                               )
CECIL E. CAMERON, )
                               )
          DEFENDANT. )

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice the Defendant will apply to the Clerk of this Court for issuance of the attached subpoena directed to Hertz Claim Management, who is not a party and whose address is 3400 Lakeside Drive, Suite 520, Miramar, Florida 33027, to produce the documents and things at the time and place specified in the subpoena.

                                                 _Thomas B. Albritton_     ALB009
                                                 Thomas B. Albritton
                                                 Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _21st_ day of _August_, 2006:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

Of Counsel

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

| | | |
|---|---|---|
| **LAYTHRON TILLIS, an Individual** | ) | |
| **and ETHEL TILLIS, an Individual,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | **CASE NO. 2004-49** |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **CECIL E. CAMERON,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(C) AND 45

TO:     Hertz Claim Management
Attn: Custodian of Records
3400 Lakeside Drive, Suite 520
Miramar, Florida 33027

You are hereby commanded, at the instance of the Plaintiffs within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

The complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Cecil F. Cameron.

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. Please inform us if the reasonable copying cost will be over $25.00. **If you produce the records via return mail, please execute the enclosed certification of records, as well.**

Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)     (A)   A person commanded to produce and inspection and copying of designated books, papers, documents, or tangible things or inspection of premises need not

appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

   (i)      fails to allow reasonable time for compliance;

   (ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

   (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv)     subjects a person to undue burden.

   (B)   If a subpoena

   (i)      requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

   (ii)     required disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    required a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.**

**For your information Alabama law restricts the charges for records as follows: Retrieval fee, $5.00; pages 1-25, $1.00 per page; pages 26 and over, $.50 per page.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This _21st_ day of _August_, 2006.

Thomas B. Albritton            ALB009
Attorney for Plaintiffs
109 Opp Avenue
P. O. Box 880
Andalusia, Alabama 36420

CIRCUIT CLERK

BY: _____

### RETURN ON SERVICE

Received this subpoena on _____ and served it on

the within named _____ on the _____ day of _____,

2006.

_____

PROCESS SERVER

# CERTIFICATION OF CUSTODIAN

I, _____, hereby certify and affirm in writing that I am _____ of Hertz Claim Management, which is an insurance company organized and operated pursuant to or under the laws of Florida, located at 3400 Lakeside Drive, Suite 520, Miramar, Florida 33027, that I am custodian of these records and that the within copy of said records are an exact, full, true and correct copy of said records pertaining to the incident that occurred on April 14, 2002 involving Laythron Tillis and Cecil E. Cameron.

I further certify that these records were made in the regular course of the business of the above-described insurance company and it was the regular course of said insurance company to make such record at the time the records attached hereto were made; and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made, or within a reasonable time thereafter.

All of which I hereby certify and affirm on this the _____ day of _____, 2006.

_____
Records Custodian

STATE OF _____    )
COUNTY OF _____    )

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____, whose name is signed to the foregoing and who is known to me, acknowledged before me under oath on this day that after first being duly sworn and after being informed of the contents of this Certification, that the same is true. This person then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this, the _____ day of _____, 2006.

_____
Notary Public

My commission expires:

_____

(NOTARIAL SEAL)



## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, an Individual<br>and ETHEL TILLIS, an Individual,<br><br>PLAINTIFFS,<br><br>VS.<br><br>CECIL E. CAMERON,<br><br>DEFENDANT. | )<br>)<br>)<br>)     CASE NO. 2004-49<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF 30(B)(6) DEPOSITION DUCES TECUM

Please take notice that at 10:00 a.m. CST on the 3rd day of October, 2006, pursuant to *Alabama Rules of Civil Procedure*, at the offices of Albrittons, Clifton, Alverson, Moody & Bowden, P.C., 109 Opp Avenue, Andalusia, Alabama 36420, the Plaintiffs will take the deposition of the corporate representative from Hertz Claims Management who is most knowledgeable regarding the following matters, and he/she is requested to bring with him/her the following records:

    a.    All attempts made by Hertz Claims Management to locate Cecil E. Cameron;

    b.    The policy of insurance covering Cecil E. Cameron at the time of the accident made the basis of the above-referenced lawsuit

    c.    Complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Hertz Claims Management's insured Cecil E. Cameron.

Thomas B. Albritton    ALB009
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _12th_ day of _September_, 2006:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

_____
Of Counsel

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   CASE NO. CV-2004-049 |
| | ) |
| CECIL E. CAMERON, | ) |
| | ) |
| Defendant. | ) |

## OBJECTION TO DEPOSITION DUCES TECUM

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Objection to Plaintiff's Deposition Notice Duces Tecum and without submitting to the jurisdiction of this Court. As grounds for this Objection, said non-party states as follows:

1. The subject deposition notice duces tecum directs Hertz Claim Management to produce a 30(b)(6) representative to testify concerning and produce documents related to its "complete claims file for Laythron Tillis' claim....," "attempts made by Hertz Claim Management to located Cecil Cameron," and "[t]he policy of insurance covering Cecil Cameron."

2. Plaintiffs have failed to properly show substantial need, undue hardship and/or other proper grounds for said deposition duces tecum and the same is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation. In addition, it is important to note that Hertz Claim Management is not a party to this proceeding.

3. Hertz Claim Management seeks the withdrawal of said deposition notice duces tecum or will have no choice but to seek a protective order and/or motion to quash said notice.

_____
R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 25th day of September, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

 

OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-2004-049 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTION TO THIRD PARTY SUBPOENA

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Objection to Plaintiff's Third Party Subpoena and without submitting to the jurisdiction of this Court. As grounds for this Objection, said non-party states as follows:

1. The subject subpoena directs Hertz Claim Management to produce its "complete claims file for Laythron Tillis' claim... ."

2. Said subpoena is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation.

3. Upon proper limitation of the subject matter of Plaintiffs' subpoena, Hertz Claim Management may reconsider its objection. Otherwise, Hertz Claim Management will have no choice but to seek a protective order and/or motion to quash said subpoena if the same is served.

_____
R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331

334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 25th day of September, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____
OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-2004-049 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO QUASH THIRD PARTY SUBPOENA
## OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Motion to Quash or, in the alternative, Motion for Protective Order, and without submitting to the jurisdiction of this Court. As grounds for this Motion, said non-party states as follows:

1.  Upon information and belief, on or about September 11, 2006, Plaintiffs issued a subpoena directing Hertz Claim Management, a non-party, to produce its "complete claims file for Laythron Tillis' claim... ." See Exhibit "A."

2.  Said subpoena is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation.

3. Attached hereto is an affidavit of Jim McAteer of Hertz Claims Management. See Exhibit "B" attached hereto. Mr. McAteer states that the materials in the subject claim file contains privileged matter and contains matter prepared in anticipation of litigation and is protected from disclosure pursuant to the work product doctrine. As noted by Mr. McAteer, the subject claims file contains letters from defense counsel; notes memorializing conversations with defense counsel and Plaintiff's counsel and claims' personnel; litigation strategy; legal opinions, conclusions, and assessments and other similar matter.

4.  Also, upon information and belief, it is the understanding of the undersigned that Plaintiff's counsel is seeking testimony and production from Hertz Claims Management concerning the whereabouts of the Defendant. As established by the affidavits of Mr. McAteer and Mitch Weinstein (See Exhibits "B" and "C"), Hertz Claims Management has no knowledge concerning the whereabouts of the Defendant.

Wherefore, Hertz Claims Management requests the Court to quash the subject subpoena or in the alternative, enter an appropriate protective order limiting the scope of the same.

R. RAINER COTTER,III(COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 26th day of September, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an Individual )
and ETHEL TILLIS, an Individual, )
                                 )
        PLAINTIFFS,              )          CASE NO. 2004-49
                                 )
VS.                              )
                                 )
CECIL E. CAMERON,                )
                                 )
        DEFENDANT.               )

CIVIL SUBPOENA FOR PRODUCTION
OF DOCUMENTS UNDER RULES 34(C) AND 45

TO:   Hertz Claim Management
      Attn: Custodian of Records
      3400 Lakeside Drive, Suite 520
      Miramar, Florida 33027

      You are hereby commanded, at the instance of the Plaintiffs within fifteen (15) days after service of this subpoena:

      To produce and permit said party to inspect and to copy each of the following documents:

      The complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Cecil F. Cameron.

      Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. Please inform us if the reasonable copying cost will be over $25.00. **If you produce the records via return mail, please execute the enclosed certification of records, as well.**

Protection of Persons Subject to Subpoenas:

      (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

      (2)   (A)   A person commanded to produce and inspection and copying of designated books, papers, documents, or tangible things or inspection of premises need not


EXHIBIT
"A"

appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)      fails to allow reasonable time for compliance;

        (ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)     subjects a person to undue burden.

(B)  If a subpoena

        (i)      requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii)     required disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    required a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.**

**For your information Alabama law restricts the charges for records as follows: Retrieval fee, $5.00; pages 1-25, $1.00 per page; pages 26 and over, $.50 per page.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This _2/5ᵗ_ day of _August_, 2006.

Thomas B. Albritton            ALB009
Attorney for Plaintiffs
109 Opp Avenue
P. O. Box 880
Andalusia, Alabama 36420

<u>CIRCUIT CLERK</u>

BY:    _____

## <u>RETURN ON SERVICE</u>

Received this subpoena on _____ and served it on

the within named _____ on the _____ day of _____,

2006.


_____
PROCESS SERVER

## CERTIFICATION OF CUSTODIAN

I, _____, hereby certify and affirm in writing that I am
_____ of Hertz Claim Management, which is an insurance company
organized and operated pursuant to or under the laws of Florida, located at 3400 Lakeside Drive,
Suite 520, Miramar, Florida 33027, that I am custodian of these records and that the within copy
of said records are an exact, full, true and correct copy of said records pertaining to the incident
that occurred on April 14, 2002 involving Laythron Tillis and Cecil E. Cameron.

I further certify that these records were made in the regular course of the business of the
above-described insurance company and it was the regular course of said insurance company to
make such record at the time the records attached hereto were made; and that said records were
made at the time of such acts, transactions, occurrences, or events therein referred to or occurred
or arose or were made, or within a reasonable time thereafter.

All of which I hereby certify and affirm on this the _____ day of _____, 2006.

_____
Records Custodian

STATE OF _____        )
COUNTY OF _____        )

I, _____, a Notary Public in and for said County, in said
State, hereby certify that _____, whose name is signed to the foregoing
and who is known to me, acknowledged before me under oath on this day that after first being
duly sworn and after being informed of the contents of this Certification, that the same is true.
This person then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this, the _____ day of _____, 2006.

_____
Notary Public

My commission expires:

_____

(NOTARIAL SEAL)

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-2004-049 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

STATE OF _____

_____ COUNTY

### Affidavit

COMES NOW James P. McAteer of Hertz Claim Management, and after being duly sworn, states as follows:

1. My name is James P. McAteer. I serve as Casualty Analyst for Hertz Claims Management. I am over the age of nineteen years and have personal knowledge of the matters stated herein. I give this affidavit in support of the Motion to Quash on behalf of Hertz Claim Management.

2. Before this litigation ensued, on or about February 12, 2003, an attorney notified Hertz Claims Management that he represented the Plaintiffs. Before an attorney even contacted Hertz, the Plaintiff had refused settlement offers and the claims file memorializes all of this in a manner that establishes from near the very inception of the claims' file, it appeared that litigation would ensue.

3. The subject claim file contains documents reflecting opinions and conclusions of Hertz Claim Management personnel and defense counsel related to subject accident and the nature of the claims being made in connection with the litigation and potential litigation. The claims file contains letters from defense counsel; notes memorializing conversations with defense counsel and Plaintiff's counsel and claims' personnel; litigation strategy; legal opinions, conclusions, and assessments and other similar matter.

4. Hertz Claim Management contends said subpoena is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation.



EXHIBIT
"B"

5. Hertz Claims Management does not know the whereabouts of Cecil Cameron. The claims file does not contain any materials which would aid in knowing his whereabouts.

JAMES P. MCATEER

SWORN TO AND SUBSCRIBED BEFORE ME THIS _26ᵗʰ_ DAY OF SEPTEMBER, 2006.

NOTARY PUBLIC
My Commission Expires:

CAROLYN FRY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 6, 2009

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                                 )
     Plaintiffs, )
                                 )
vs.                              )        CV-2004-49
                                 )
CECIL E. CAMERON, )
                                 )
     Defendant. )

STATE OF _FLORIDA_

COUNTY OF _Broward_

### AFFIDAVIT OF MITCH WEINSTEIN

1.    My name is Mitch Weinstein and I am over the age of 19 years and competent to
      testify. I am the bodily injury examiner (adjuster) for Hertz Claim Management
      Corporation. I am familiar with the allegations raised in the *Laythron Tillis*
      Complaint, having reviewed that Complaint myself. I am also aware of the service
      of process issues arising in this case. I give this affidavit based on personal
      knowledge and my investigation of this particular claim.

2.    Upon my initial investigation into this case, I found the alleged accident occurred on
      or about April 14, 2002 and Cecil E. Cameron was driving a car he had rented from
      Hertz Rent-A-Car. I attempted to contact Mr. Cameron by telephone and U.S. Mail
      to investigate this claim and lawsuit.

3.    Despite my investigation, at no time have I had any contact with the defendant, Cecil
      E. Cameron. Mr. Cameron's last known address is 33 A Magnolia Avenue, Ft.



EXHIBIT
"C"

Walton Bea___, Florida 32548. To my knowledge, Mr. Ca___.on does not know about this claim or lawsuit.

Further affiant saith not.

MITCH WEINSTEIN

STATE OF _Florida_

COUNTY OF _Broward_

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, personally appeared Mitch Weinstein, whose name is signed to the foregoing and who is known to me, acknowledged before me on this date, that, the foregoing is true and correct to the best of his knowledge, information and belief.

SWORN and subscribed before me, this the 22 day of October, 2004.

Notary Public

(seal)

My Commission Expires: _____



SANDRA H. KELLER
MY COMMISSION # DD 200577
EXPIRES: May 22, 2007
Bonded Thru Notary Public Underwriters

```
AVS0351                                              CV 2004 000049.80
```

JUDGE: ROBERT W BARR

ALABAMA JUDICIAL DATA CENTER          *Raise Colter for*
CASE ACTION SUMMARY                   *Hertz Claims Mg.*
CIRCUIT CIVIL

IN THE CIRCUIT COURT OF COFFEE COUNTY

LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON
FILED: 08/21/2006 TYPE: NEGLIGENCE MOTOR VEH TYPE TRIAL: JURY     TRACK:

*****************************************************************************
DATE1:          CA:               CA DATE:
DATE2:          AMT:      $.00    PAYMENT:
DATE3:
*****************************************************************************
PLAINTIFF  001: LAYTHRON TILLIS
                                  ATTORNEY: ALBRITTON THOMAS BYNUM
                                  ALB009    P O BOX 880
              , AL  00000-0000
              PHONE: (334)000-0000            ANDALUSIA, AL  36420
ENTERED: 08/22/2006 ISSUED:       TYPE:            (334)222-3177
SERVED:           ANSWERED:       JUDGEMENT:
---------------------------------------------------------------------------
PLAINTIFF  002: TILLIS ETHEL
                                  ATTORNEY: ALBRITTON THOMAS BYNUM
                                  ALB009    P O BOX 880
              , AL  00000-0000
              PHONE: (334)000-0000            ANDALUSIA, AL  36420
ENTERED: 08/22/2006 ISSUED:       TYPE:            (334)222-3177
SERVED:           ANSWERED:       JUDGEMENT:
---------------------------------------------------------------------------
DEFENDANT  001: CAMERON CECIL E
                                  ATTORNEY: HENDERSON DAVID WAYNE
                                  HEN072    PO BOX 116
              , AL  00000-0000
              PHONE: (334)000-0000            MONTGOMERY, AL  36101
ENTERED: 08/22/2006 ISSUED:       TYPE:            (334)834-7600
SERVED:           ANSWERED:       JUDGEMENT:
---------------------------------------------------------------------------
```

8-21-06 Remanded back from the Supreme Court
8-22-06 Notice of Intent to serve Subp on Non Party
9-8-06 Subp to Hertz Claim Mgmt
9-11-06 Motion to Release Appeal Bond
9-13-06 Notice of Deposition Duces Tecum
9/19/06 The Motion To Release Appeal Bond is granted
        Robert Barr Circuit Judge

9-25-06 cc: Attorneys
9-25-06 Hertz Served W/ Subp
9-27-06 Objection to Deposition Duces Tecum
9-27-06 Motion to Quash Third Party Subp (Hertz) or in the
        Alternative Motion for Protective Order
11/29/06 Hertz Claim Management Objection To Deposition Duces Tecum,
        Objection To Third Party Subpoena and Motion To Quash
        Third Party Subpoena are each denied and Overruled

        Robert Barr, Circuit Judge

PSH    08/22/2006                              CV 2004 000049.80

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION


LAYTHRON TILLIS and ETHEL TILLIS,    )
    )
    Plaintiffs,    )
    )
vs.    )    CASE NO. CV-2004-049
    )
CECIL E. CAMERON,    )
    )
    Defendant.    )

## MOTION TO RECONSIDER COURT'S ORDER DENYING MOTION TO QUASH THIRD PARTY SUBPOENA OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Motion to Reconsider the Court's order denying its Motion to Quash or, in the alternative, Motion for Protective Order, and without submitting to the jurisdiction of this Court. As grounds for this Motion, said non-party states as follows:

1. As shown in its previously filed Motion to Quash, the Plaintiff's counsel filed a subpoena directing the production of Hertz Claim Management's entire claims file in this matter. The Court denied Hertz's Motion to Quash said subpoena and Motion for Protective Order.

2. First, Hertz is not a party to these proceedings. Second, pursuant to the authority submitted in its Motion, Hertz contends that Plaintiff is not entitled to the claims file in this matter because the same contains privileged, confidential and protected communications. For instance, there are letters from attorneys, opinions concerning the current litigation and other matter which is clearly protected from disclosure.

3. Hertz maintains that the subject subpoena should be quashed. Alternatively, Hertz contends that the Court should enter a protective order to limit the scope of the subpoena. Plaintiff has implied he would like information from the claims file which may aid in showing the whereabouts of Cecil Cameron. While Hertz contends Plaintiff should not be entitled to any material from its claims file, at the very least the Court should limit the subpoena "to all non-privileged/proteced materials in the claims file, not equally accessible by Plaintiff, which would show or aid in showing Cecil Cameron's whereabouts."

Wherefore, Hertz Claims Management requests the Court to reconsider its order and quash the subject subpoena or in the alternative, enter an appropriate protective order limiting the scope of the same.

_____

R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 18th day of December, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____

OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-2004-049 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR CLARIFICATION OF COURT'S ORDER OVERRULING HERTZ'S OBJECTION TO PLAINTIFFS' NOTICE OF DEPOSITION DUCES TECUM OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

COMES NOW Hertz Claim Management ("Hertz"), and makes this appearance solely to submit this Motion for Clarification, or in the Alternative, Motion for Protective Order, and without submitting to the jurisdiction of this Court states as follows:

1. The Court's order of November 29, 2006, includes a notation overruling the objection Hertz made to the Notice of Deposition Duces Tecum filed by Plaintiffs. As noted in its Objections to the Notice of Deposition, Hertz is not a party to these proceedings. A notice of deposition sent to the Defendant Cameron's counsel is not sufficient to require a deposition of a non-party. (See Notice of Deposition Duces Tecum attached Exhibit "A" attached hereto). There has been no subpoena issued for the attendance of representative of Hertz to attend any deposition which, of course, would be required of any non-party. It is unclear whether Hertz is required to make application for a protective order at this juncture since there has been no attempt by Plaintiffs to compel the attendance of Hertz representative at a deposition but to the extent such is deemed required, Hertz makes this Motion.

2.   Hertz Claims Management requests the Court to clarify its previous docket entry and withdraw its notation overruling Hertz's objections to the Notice of Deposition Duces Tecum.  Such notation or similar order is premature pending further action of the Plaintiffs.

3.   Alternatively, Hertz, in a height of caution, seeks a protective order to limit the subject matters of any such deposition. Plaintiffs have failed to properly show substantial need, undue hardship and/or other proper grounds for said deposition duces tecum and the same is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). For instance, Plaintiffs should not be allowed to ask questions or seek responses which invade the work product doctrine, attorney-client privilege or seek such information which was prepared in anticipation of litigation. Similarly, the Court should limit the production of any documents requested in the Notice of Deposition.

_____
R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management


OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 4th day of January, 2007:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____
OF COUNSEL

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an Individual )
and ETHEL TILLIS, an Individual, )
)
        PLAINTIFFS, )      CASE NO. 2004-49
)
VS. )
)
CECIL E. CAMERON, )
)
        DEFENDANT. )

### NOTICE OF 30(B)(6) DEPOSITION DUCES TECUM

Please take notice that at 10:00 a.m. CST on the 3rd day of October, 2006, pursuant to *Alabama Rules of Civil Procedure*, at the offices of Albrittons, Clifton, Alverson, Moody & Bowden, P.C., 109 Opp Avenue, Andalusia, Alabama 36420, the Plaintiffs will take the deposition of the corporate representative from Hertz Claims Management who is most knowledgeable regarding the following matters, and he/she is requested to bring with him/her the following records:

    a.    All attempts made by Hertz Claims Management to locate Cecil E. Cameron;

    b.    The policy of insurance covering Cecil E. Cameron at the time of the accident made the basis of the above-referenced lawsuit

    c.    Complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Hertz Claims Management's insured Cecil E. Cameron.

                                Thomas B. Albritton    ALB009
                                  Attorney for Plaintiffs

Ex "A"

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _12th_ day of _September_ 2006:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

Of Counsel

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   CASE NO. CV-2004-049 |
| | ) |
| CECIL E. CAMERON, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING ORIGINAL AFFIDAVIT

Comes Now Hertz Claim Management, and files the original Affidavit of James P. McAteer of Hertz Claim Management, a copy of which was attached to Motion for Clarification of Court's Order Overruling Hertz's Objection to Plaintiffs' Notice of Deposition Duces Tecum or, in the Alternative, Motion for Protective Order.

_____
R. RAINER COTTER,III(COT010)
Attorney for Plaintiff

OF COUNSEL:
MARSH, COTTER & STEWART, LLP.
Post Office Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served a copy of the foregoing upon the attorney of record below by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed, this the 5th day of January, 2007.

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

G:\shared\docs\2006\2006-0551RC\noticeoffilingoriginalaffidavit.wpd

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____
**OF COUNSEL**

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,    )
                                     )
      Plaintiffs,                    )
                                     )
vs.                                  )    CASE NO. CV-2004-049
                                     )
CECIL E. CAMERON,                    )
                                     )
      Defendant.                     )

STATE OF ___NEW JERSEY___

___BERGEN_____ COUNTY

### Affidavit

    COMES NOW James P. McAteer of Hertz Claim Management, and after being duly sworn, states as follows:

    1. My name is James P. McAteer. I serve as Casualty Analyst for Hertz Claims Management. I am over the age of nineteen years and have personal knowledge of the matters stated herein. I give this affidavit in support of the Motion to Quash on behalf of Hertz Claim Management.

    2. Before this litigation ensued, on or about February 12, 2003, an attorney notified Hertz Claims Management that he represented the Plaintiffs. Before an attorney even contacted Hertz, the Plaintiff had refused settlement offers and the claims file memorializes all of this in a manner that establishes from near the very inception of the claims' file, it appeared that litigation would ensue.

    3. The subject claim file contains documents reflecting opinions and conclusions of Hertz Claim Management personnel and defense counsel related to subject accident and the nature of the claims being made in connection with the litigation and potential litigation. The claims file contains letters from defense counsel; notes memorializing conversations with defense counsel and Plaintiff's counsel and claims' personnel; litigation strategy; legal opinions, conclusions, and assessments and other similar matter.

    4. Hertz Claim Management contends said subpoena is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation.

5. Hertz Claims Management does not know the whereabouts of Cecil Cameron. The claims file does not contain any materials which would aid in knowing his whereabouts.

_____
JAMES P. MCATEER

SWORN TO AND SUBSCRIBED BEFORE ME THIS _26th_ DAY OF SEPTEMBER, 2006.

_____
NOTARY PUBLIC
My Commission Expires:

CAROLYN FRY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 6, 2009

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,    )
                                     )
          Plaintiffs,                )
                                     )
vs.                                  )    CASE NO. CV-2004-049
                                     )
CECIL E. CAMERON,                    )
                                     )
          Defendant.                 )

**SUPPLEMENT TO MOTION TO RECONSIDER COURT'S ORDER
DENYING MOTION TO QUASH THIRD PARTY SUBPOENA OR, IN THE
ALTERNATIVE, MOTION FOR PROTECTIVE ORDER and
SUPPLEMENT TO MOTION FOR CLARIFICATION COURT'S
ORDER OF NOVEMBER 29, 2006 ORDER**

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this

Supplement to its Motion to Quash, or in the alternative, Motion for Protective Order, Motion to

Reconsider the Motion to Quash or, in the alternative, Motion for Protective Order, and Motion for

Clarification of Court's Order of November 29, 2006, and without submitting to the jurisdiction of

this Court states as follows:

1.    A case which originated in this Circuit is directly on point related to the subject matter

and Hertz submits the same as further grounds for why the Court's order of November 29, 2006 was

in error. The case of In re National Contract Poultry Growers' Association, 771 So. 2d 466, 469 (Ala.

2000) holds that when one seeks to secure the attendance of a witness or to procure the production

of documents located outside the state, that party must follow the procedures as outlined in In re

National Contract Poultry Grower's Association, to wit: The party must seek the issuance of a

subpoena in the courts of the state where the corporation exists. (A copy of said case is attached

hereto as Exhibit "A"). As shown by the attached document (Exhibit "B") from the Secretary of State

of Alabama, Hertz Claim Management is a foreign corporation with its principal place of business in New Jersey. This Court had no authority to issuance the subpoena directed to Hertz Claim Management. Finally, service of process of the subpoena was defective

2. For these reasons as well as all the reasons previously set out in its prior filings, Hertz requests the Court to set aside its order of November 29, 2006. The presumptive "reasonable" time in this case in which to file a petition for writ of mandamus is due to expire on January 10, 2007. Therefore, Hertz requests the Court to set aside its order of November 29, 2006, pending a hearing on this matter.

3. A proposed Order is attached hereto.

_____
R. RAINER COTTER,III(COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 5th day of January, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____
OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,    )
                                     )
            Plaintiffs,              )
                                     )
vs.                                  )    CASE NO. CV-2004-049
                                     )
CECIL E. CAMERON,                    )
                                     )
            Defendant.               )

## ORDER

Pending further consideration of Hertz Claim Management's Motion to Quash and Motion to Reconsider this Court's order of November 29, 2006, it is ORDERED that the Court's order of November 29, 2006 is SET ASIDE. A hearing on said Motions shall take place on the _____ day of _____, 2007, at _____ a.m./p.m. at the Courthouse in Elba.

DONE THIS _____ DAY OF _____, 2007.

_____
Circuit Court Judge

Westlaw.

771 So.2d 466                                                                                      Page 1
771 So.2d 466
(Cite as: 771 So.2d 466)

**C**

Supreme Court of Alabama.
In re NATIONAL CONTRACT POULTRY
GROWERS' ASSOCIATION.
(In re Celia English et al.
v.
ConAgra, Inc., et al.)
1980946.

May 5, 2000.

Out-of-state nonparty was held in contempt by the
Coffee Circuit Court, No. CV-96-025, Thomas E.
Head III, J., for refusing to respond to nonparty
subpoena issued in civil action. Nonparty appealed.
The Supreme Court, Brown, J., held that Alabama
court lacked authority to issue subpoena directed to
nonparty.

Reversed and remanded.

West Headnotes

**[1] Process** ☜62
313k62
Process beyond the jurisdiction of the courts to
secure issuance of subpoena from nonparty located
outside of state must depend upon the existence of a
rule or statute in the other state or country which
makes available compulsory process to foreign
litigants who desire to return to their home state for
trial with the fruits of discovery thus obtained. Rules
Civ.Proc., Rules 34(c), 45(b).

**[2] Pretrial Procedure** ☜130
307Ak130
Alabama court lacked authority to issue subpoena for
production of documents to nonparty located outside
of state; subpoena had to be issued by court of other
state and had to be served in accordance with other
state's law. Rules Civ.Proc., Rules 34(c), 45(b).
**\*466** Kimberly J. Calametti of Gardner,
Middlebrooks, Fleming, Gibbons & Kittrell, P.C.,
Mobile, for National Contract Poultry Growers'
Association.

Robert H. Harris of Harris, Caddell & Shanks, P.C.,
Decatur; and Kenneth T. Fuller, M. Dale Marsh, and
M. Chad Tindol of Cassady, Fuller & Marsh, L.L.P.,
Enterprise, for ConAgra, Inc.

BROWN, Justice.

The National Contract Poultry Growers' Association
("NCPGA") appeals from an order finding it in
contempt for its failure to respond to a nonparty
subpoena issued at the request of ConAgra, Inc., a
defendant in an action pending in the Coffee Circuit
Court. We reverse and remand.

On February 27, 1996, a group of poultry growers
sued ConAgra, Inc.; one of its subsidiaries, ConAgra
Poultry Company; and a number of ConAgra
employees, alleging that the defendants had engaged
in discriminatory business practices. During the
discovery phase of that case, ConAgra requested that
the trial court issue a nonparty subpoena to NCPGA
for the production of documents.

NCPGA is a corporation organized under the laws of
Arkansas, with its principal place of business in
Rushton, Louisiana. NCPGA has no office in
Alabama, and it is not qualified to do business in
Alabama. NCPGA does have an affiliated state
organization, the Alabama Contract Poultry Growers'
Association. NCPGA's contacts with Alabama are
limited to communication with the state association
and the fact that a number of its dues-paying
members live in Alabama. A number of these
members **\*467** are plaintiffs in the lawsuit pending in
the Coffee Circuit Court. The subpoena was served
by certified mail on NCPGA at its office in Rushton,
Louisiana. The subpoena sought the production of
documents kept by NCPGA at that office. NCPGA
did not respond to the subpoena.

Because NCPGA did not respond to the subpoena,
ConAgra filed a motion to compel production. The
motion to compel was served on NCPGA by certified
mail at its Rushton, Louisiana, office. The circuit
court held a hearing on ConAgra's motion to compel;
however, NCPGA did not appear for the hearing.
Following the hearing, the trial court entered an order
directing NCPGA to comply with the subpoena. This
order was also served on NCPGA by certified mail at
its principal place of business in Rushton, Louisiana.

On July 27, 1998, NCPGA filed a motion for a
reconsideration of the court's order of compulsion.
The trial court denied that motion on September 24,
1998. On the advice of counsel, NCPGA did not
produce the documents sought by the nonparty

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. "A"

771 So.2d 466
771 So.2d 466
(Cite as: 771 So.2d 466)

Page 2

subpoena.

On December 23, 1998, ConAgra filed a motion requesting that NCPGA be required to show cause why it should not be held in contempt. A hearing was set on that motion. NCPGA, through counsel, argued that the trial court lacked the jurisdiction to issue, as well as to enforce, a subpoena directed to a nonparty located outside the State of Alabama. In an order dated January 28, 1999, the trial court rejected NCPGA's argument, stating:

"[T]he said National Association appeared, through counsel, and presented arguments by which it contended that the National Association is not subject to the force of a subpoena issued by this Court but served outside the State of Alabama. The Court is unpersuaded by such argument since it appears to the Court, and is conceded by the National Association that: (1) It is a corporation organized under the laws of the State of Louisiana [sic]; (2) it does business in the State of Alabama where it solicits members from whom it solicits and collects dues; and (3) it is not qualified to do business in the State of Alabama and does not have an agent within the State of Alabama authorized to accept service of process. The Court considers that, under these circumstances and upon a consideration of Section 232, Constitution of Alabama, § 10-2B-15.10(b), Code of Alabama 1975, Rule 4(c)(6), and Rule 34, [Ala.R.Civ.P.], the National Association was effectively served with the subject subpoena and that its obedience to that subpoena may be enforced within the State of Alabama. It further appears to the Court that the National Contract Poultry Growers' Association has not shown any cause why it should not be [found] in contempt of this Court by failing to respond to the subject subpoena by producing the records therein described and required to be produced...."

Concluding that NCPGA was in contempt, the trial court ordered it to produce the documents requested by the subpoena and to pay ConAgra's counsel $1,000 for expenses and fees incurred in seeking enforcement of the subpoena. Additionally, the court ordered that until such time as NCPGA purged itself of the contempt, it was forbidden from conducting any business activity in Alabama, including, but not limited to: (1) soliciting or accepting any new members of NCPGA; (2) collecting dues from any current NCPGA members; (3) conducting any NCPGA meetings; (4) communicating in any way with any NCPGA members; and (5) communicating or conducting any kind of business with its corresponding Alabama association. This appeal followed.

NCPGA argues that the trial court lacked jurisdiction to issue and enforce a subpoena directed to a nonparty located outside the State of Alabama. Although technically it is not a party to this appeal, ConAgra has filed a brief in support of its contention that NCPGA was properly *468 served with the subpoena. The gist of ConAgra's argument appears to be that because NCPGA solicits members from Alabama and accepts dues from Alabama poultry growers, it does business in Alabama and has therefore subjected itself to the jurisdiction of Alabama courts. As a foreign corporation doing business in Alabama, ConAgra claims, NCPGA was required to obtain a certificate of authority from the secretary of state. See § 10-2B-15.01, Ala.Code 1975. ConAgra further contends that because NCPGA had no registered agent in Alabama, § 10-2B-15.10, Ala.Code 1975, authorized service as provided for in the Alabama Rules of Civil Procedure. [FN1]

> FN1. Section 10-2B-15.10, Ala.Code 1975, entitled "Service on foreign corporation," states:
> "(a) The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation.
> "(b) A foreign corporation may be served as provided by the Alabama Rules of Civil Procedure if the foreign corporation:
> "(1) Has no registered agent or its registered agent cannot be with reasonable diligence served;
> "(2) Has withdrawn from transacting business in this state under Section 10-2B-15.20; or
> "(3) Has had its certificate of authority revoked under Section 10-2B-15.31.
> "(c) This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation."

Rule 34(c), Ala.R.Civ.P., provides that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45," Ala.R.Civ.P. Rule 45 governs the issuance of subpoenas in civil actions. That rule reads, in pertinent part:

"(b) Service.

"(1) A subpoena may be served by the sheriff, a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

771 So.2d 466
771 So.2d 466
(Cite as: 771 So.2d 466)

Page 3

deputy sheriff, or by any other person who is not a party and is not less than eighteen (18) years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person or by leaving a copy at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein and, if the person's attendance at a place more than 100 miles from the person's residence is commanded, by tendering to that person the fees for one day's attendance and an amount to reimburse the mileage allowed by law. Prior notice of intent to secure the issuance of a subpoena to command production of documents and things or inspection of premises before trial under the procedure set forth in subparagraph (a)(3) of this rule shall be served on each party in the manner prescribed by Rule 5(b).

"(2) Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the state.

"....

"(c) *Protection of Persons Subject to Subpoenas.*

"....

"(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

"(i) fails to allow reasonable time for compliance;

"(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of **469** clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held...."

The fact that NCPGA may have sufficient contacts with the State of Alabama to subject it to the jurisdiction of the Alabama courts under the Alabama long-arm personal-jurisdiction provisions is irrelevant to the question presented in this case. However, a finding that NCPGA is subject to the personal jurisdiction of Alabama courts would not necessarily mean that it was obligated to respond to a subpoena by having to appear and produce

documents in an Alabama court in a lawsuit to which it is not a party. The underlying concepts of personal jurisdiction and subpoena power are entirely different. Personal jurisdiction is based on conduct that subjects the nonresident to the power of the Alabama courts to adjudicate its rights and obligations in a legal dispute. For example, a foreign corporation that qualifies to do business in Alabama subjects itself to the jurisdiction of an Alabama court, even if it is not a party to a lawsuit. *Ex parte Nissei Sangyo America, Ltd.,* 577 So.2d 912, 914-15 (Ala.1991). By contrast, the subpoena power of an Alabama court over an individual or a corporation that is not a party to a lawsuit is based on the power and authority of the court to compel the attendance of a person at a deposition or the production of documents by a person or entity. See *Ex parte Leverton,* 536 So.2d 41, 44 (Ala.1988) (state trial court does not have jurisdiction over a nonparty, out-of-state witness).

[1] When one seeks a subpoena to secure the attendance of a witness, or to procure the production of documents, located outside the state, a different procedure is warranted. Although we find no Alabama decision addressing this specific situation, one commentator has stated the applicable procedure:

"Process beyond the jurisdiction of the courts to which these rules apply must depend upon the existence of a rule or statute in the other state or country which makes available compulsory process to foreign litigants who desire to return to their home state for trial with the fruits of discovery thus obtained. For our rule extending this courtesy to foreign litigants who need discovery in Alabama for actions pending outside of Alabama, see Rule 28(c) which makes our Rule 45 available."

1 Champ Lyons, Jr., *Alabama Rules of Civil Procedure Annotated* § 45.2 (3d ed.1996). This procedure accords with the procedure used in other jurisdictions to secure the issuance of a subpoena for the attendance of a person, or the production of documents from a nonparty, located outside the state's boundaries. See, e.g., *Craft v. Chopra,* 907 P.2d 1109, 1111 (Okla.App.1995); *Phillips Petroleum Co. v. OKC Ltd. Partnership,* 634 So.2d 1186, 1189 (La.1994); *In re Special Investigation No. 219,* 52 Md.App. 17, 24-25, 445 A.2d 1081, 1085-86 (1982).

[2] ConAgra sought to subpoena documents in the possession of NCPGA, documents located in Louisiana. Therefore, the subpoena had to be issued by a Louisiana court and had to be served in accordance with Louisiana law. Louisiana law

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

771 So.2d 466
771 So.2d 466
**(Cite as: 771 So.2d 466)**

provides:

"A subpoena shall be served and a return thereon made in the same manner and with the same effect as a service of and return on a citation. When a party is summoned as a witness, service of the subpoena may be made by personal service on the witness' attorney of record."

Art. 1355, La.Code. Civ. Proc. Ann. (West 1984). Article 1261, La.Code. Civ. Proc. Ann., governs service on domestic and foreign corporations. That article requires personal service on the corporation's designated agent, or, in the absence of a designated agent, personal service on any officer, director, resident agent, or an "employee of suitable age and discretion." **\*470** Service by certified mail is allowed only when a subpoena that has been personally served is ordered reissued because of a continuance. Art. 1355.1, La.Code. Civ. Proc. Ann.

For the reasons stated above, the trial court lacked the authority to issue a subpoena directed to NCPGA. Accordingly, NCPGA cannot be held in contempt for failing to respond to that subpoena. The judgment of the trial court holding NCPGA in contempt of court is reversed and this cause is remanded.

REVERSED AND REMANDED.

HOOPER, C.J., and HOUSTON, SEE, and ENGLAND, JJ., concur.

771 So.2d 466

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



# CORPORATE DETAILS

Office of the Secretary of State
State of Alabama



INITIATE NEW BROWSE

Corporation                                                    F/C 905-772
  Legal Name:   Hertz Claim Management Corporation

State Of Inc:   Delaware

Qualified...:   03-07-1996

Date Of Inc.:   11-20-1979

Reg Agent...:   THE CORPORATION COMPANY
                2000 INTERSTATE PARK DRIVE STE 204
                MONTGOMERY, AL  36109

Prin Address:   225 BRAE BLVD
                PARK RIDGE, NJ  07656

Nat Of Bus..:   ---

2006   ANNUAL REPORTS

← PREVIOUS PAGE

© 2007, Office of the Secretary of State, State of Alabama

Ex. B

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,  )
                                                       )
            Plaintiffs,                           )
                                                       )
vs.                                                 )    CASE NO. CV-2004-049
                                                       )
CECIL E. CAMERON,                       )
                                                       )
            Defendant.                          )

JAN 2007
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

## HERTZ CLAIM MANAGEMENT'S ADDITIONAL SUBMISSION

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Additional Submission in support of its previous filings and without submitting to the jurisdiction of this Court states as follows:

1.  In re National Contract Poultry Growers' Association, 771 So. 2d 466, 469 (Ala. 2000) holds that when one seeks to secure the attendance of a witness or to procure the production of documents located outside the state from a non-party, that party must follow the procedures as outlined in In re National Contract Poultry Grower's Association. That is, the party must seek the issuance of a subpoena in the courts of the state where the documents exists.

2.  As established by the attached affidavit, Hertz Claim Management is a foreign corporation with its principal place of business in New Jersey. The documents requested in the Plaintiffs' subpoena are located outside Alabama. The documents are maintained and located in New Jersey and Florida. In In re National Contract Poultry Growers' Association, 771 So. 2d at 469, the Alabama Supreme Court held that when a party seeks to subpoena non-party documents located outside Alabama, that party must seek a subpoena issued by a court in the state where the documents are located. It is irrelevant that a non-party,

foreign corporation may be subject to the jurisdiction of an Alabama court if the documents sought are not maintained within Alabama. Id.

_____

R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 8th day of January, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____

OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  CASE NO. CV-2004-049 |
| | ) |
| CECIL E. CAMERON, | ) |
| | ) |
| Defendant. | ) |

**STATE OF New Jersey**

**COUNTY of BERGEN**

<u>**Affidavit**</u>

COMES NOW Lisa Coulter of Hertz Claim Management, and after being duly sworn, states as follows:

1. My name is Lisa Coulter. I serve as Senior Casualty Analyst for Hertz Claims Management Corporation. I am over the age of nineteen years and have personal knowledge of the matters stated herein.

2. Hertz Claim Management is incorporated in the State of Delaware. Its principal place of business is in New Jersey.

3. The "claims file" documents related to the 2002 accident involving Cecil Cameron and Laythron Tillis are kept and maintained in New Jersey and Florida. Those documents are not maintained by Hertz in the State of Alabama.

_Lisa M Coulter_
Lisa Coulter

SWORN TO AND SUBSCRIBED BEFORE ME THIS _8th_ DAY OF JANUARY, 2007.

_Carolyn Fry_
NOTARY PUBLIC
My Commission Expires:

**CAROLYN FRY**
**NOTARY PUBLIC OF NEW JERSEY**
**MY COMMISSION EXPIRES DEC. 6, 2009**


ELECTRONICALLY FILED
1/8/2007 2:29 PM
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
MICKEY COUNTS, CLERK

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

ELBA DIVISION

LAYTHRON TILLIS AND ETHEL
TILLIS,

       PLAINTIFFS,

VS.

CECIL E. CAMERON,

       DEFENDANT.

CASE NO.:    CV 2004-49

## _O R D E R_

Pending further consideration of Hertz Claim Management's Motion to Quash and Motion to reconsider this Court's Order of November 29, 2006, *IT IS ORDERED* that the Court's Order of November 29, 2006, is **SET ASIDE**.  A hearing on said Motions shall take place on the 24th day of January 2007 at 9:00 a.m. at the Courthouse in Elba.

This the 8th day of January 2007.

         /s/ ROBERT W. BARR
         Circuit Judge

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CASE NO. CV-2004-049 |
| | ) |
| CECIL E. CAMERON, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING ORIGINAL AFFIDAVITS

Comes Now Hertz Claim Management, and makes this appearance solely to submit the original Affidavit of Lisa Coulter of Hertz Claim Management, a copy of which was attached to previous filings in this matter.  Also, an additional affidavit of Ms. Coulter is attached establishing that Hertz Claim Management maintains no offices in the State of Alabama.

_____
R. RAINER COTTER,III(COT010)
Attorney for Hertz Claim Management

OF COUNSEL:
MARSH, COTTER & STEWART, LLP.
Post Office Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served a copy of the foregoing upon the attorney of record below by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed, this the 9th day of January, 2007.

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

G:\shared\docs\2006\2006-0551RC\noticeoffilingoriginalaffidavits2.wpd

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____

**OF COUNSEL**

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-2004-049 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

**STATE OF New Jersey**

**COUNTY of BERGEN**

### Affidavit

COMES NOW Lisa Coulter of Hertz Claim Management, and after being duly sworn, states as follows:

1. My name is Lisa Coulter. I serve as Senior Casualty Analyst for Hertz Claims Management Corporation. I am over the age of nineteen years and have personal knowledge of the matters stated herein.

2. Hertz Claim Management is incorporated in the State of Delaware. Its principal place of business is in New Jersey.

3. The "claims file" documents related to the 2002 accident involving Cecil Cameron and Laythron Tillis are kept and maintained in New Jersey and Florida. Those documents are not maintained by Hertz in the State of Alabama.

*Lisa M Coulter*

Lisa Coulter

SWORN TO AND SUBSCRIBED BEFORE ME THIS _8th_ DAY OF JANUARY, 2007.

*Carolyn Fry*

NOTARY PUBLIC

My Commission Expires:

CAROLYN FRY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 6, 2009

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,       )
                                        )
            Plaintiffs,                 )
                                        )
vs.                                     )      CASE NO. CV-2004-049
                                        )
CECIL E. CAMERON,                       )
                                        )
            Defendant.                  )

**STATE OF New Jersey**

**COUNTY of BERGEN**

<u>**Affidavit**</u>

COMES NOW Lisa Coulter of Hertz Claim Management, and after being duly sworn, states as follows:

1. My name is Lisa Coulter. I serve as Senior Casualty Analyst for Hertz Claims Management Corporation. I am over the age of nineteen years and have personal knowledge of the matters stated herein.

2. Hertz Claim Management is incorporated in the State of Delaware. Its principal place of business is in New Jersey.

3. The "claims file" documents related to the 2002 accident involving Cecil Cameron and Laythron Tillis are kept and maintained in New Jersey and Florida. Those documents are not maintained by Hertz in the State of Alabama and said corporation has no offices in Alabama.

*Lisa M Coulter*
Lisa Coulter

SWORN TO AND SUBSCRIBED BEFORE ME THIS _8th_ DAY OF JANUARY, 2007.

*Carolyn Fry*
NOTARY PUBLIC
My Commission Expires:

CAROLYN FRY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 8, 2008



## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual<br>and ETHEL TILLIS, an Individual, | ) <br> ) <br> ) | |
| PLAINTIFFS, | ) <br> ) | CASE NO. 2004-49 |
| VS. | ) <br> ) | |
| CECIL E. CAMERON, an individual;<br>HERTZ CLAIMS MANAGEMENT, a<br>foreign corporation; THE HERTZ<br>CORPORATION, a foreign corporation, | ) <br> ) <br> ) <br> ) <br> ) | |
| DEFENDANTS. | ) | |

### NOTICE OF 30(B)(6) DEPOSITION DUCES TECUM

Please take notice that on a mutually-convenient date and time at the office of Thomas B.

Albritton, 109 Opp Avenue, Andalusia, Alabama 36420, pursuant to *Alabama Rules of Civil*

*Procedure*, Rule 30(B)(6), the Plaintiffs will take the deposition of the corporate representative

from Hertz Claims Management who is most knowledgeable regarding the following matters,

and he/she is requested to bring with him/her the following records:

    a.    All attempts made by Hertz Claims Management to locate Cecil E. Cameron;

    b.    The policy of insurance covering Cecil E. Cameron at the time of the accident

        made the basis of the above-referenced lawsuit

    c.    Complete claims file for Laythron Tillis' claim maintained by you or your office

        relating to the incident that occurred on April 14, 2002, involving Hertz Claims

        Management's insured Cecil E. Cameron.

                                       _____

                                      Thomas B. Albritton       ALB009
                                        Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the ___/2th___ day of _____January_____, 2007:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

Mr. Rainer Cotter
MARSH, COTTER & TINDOL
P. O. Box 310910
Enterprise, Alabama 36331

                                              Of Counsel



## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an Individual      )
and ETHEL TILLIS, an Individual,    )
                                    )
      PLAINTIFFS,                   )         CASE NO. 2004-49
                                    )
VS.                                 )
                                    )
CECIL E. CAMERON, an individual;    )
HERTZ CLAIMS MANAGEMENT, a          )
foreign corporation; THE HERTZ      )
CORPORATION, a foreign corporation, )
                                    )
      DEFENDANTS.                   )

### MOTION FOR SERVICE BY PUBLICATION

Comes now the Plaintiff, by and through counsel, and moves this Honorable Court for an

Order directing notice of service by publication on Defendant Cecil E. Cameron. As grounds for

this Motion the Plaintiff adopts by reference the statements contained in the attached Affidavit to

obtain service by publication.

_____
Thomas B. Albritton          ALB009
Attorney for Plaintiffs


OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Box 880
Andalusia, Alabama 36420
334-222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _12th_ day of _January_, 2007:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

Mr. Rainer Cotter
MARSH, COTTER & TINDOL
P. O. Box 310910
Enterprise, Alabama 36331

_____
Of Counsel

COPY

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual       )
and ETHEL TILLIS, an individual,     )
                                     )
        PLAINTIFFS,                  )
                                     )
VS.                                  )            CV-04-049
                                     )
CECIL E. CAMERON, an individual;     )
HERTZ CLAIMS MANAGEMENT, a           )
foreign corporation; THE HERTZ       )
CORPORATION, a foreign corporation,  )
                                     )
        DEFENDANTS.                  )

## FIRST AMENDED COMPLAINT

### COUNT ONE--NEGLIGENCE

1.      On or about the 14th day of April, 2002, the Defendant negligently caused or

allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on

U.S. Highway 331.

2.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis,

was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to

include, but not to be limited to, damages for mental anguish.

### COUNT TWO–WANTONNESS

3.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all

previous allegations.

4.      On or about the 14th day of April, 2002, the Defendant, with a conscious

disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the

motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

6.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.      The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife. As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

## COUNT FOUR–BREACH OF CONTRACT

8.      The Plaintiffs incorporate by reference and realleges as if fully set out herein, all previous allegations.

9.      The Plaintiffs and the Defendants Hertz Claims Management and The Hertz Corporation, (hereinafter referred to as "Hertz defendants") were at all times relevant hereto, parties to a contract which provided for the payment of benefits in the event Cecil Cameron was involved in a accident involving a motor vehicle entrusted to Mr. Cameron by the Hertz defendants.

10.      These Defendants have breached this contract in that they failed to tender the

benefits to the Plaintiffs to which they are entitled as beneficiaries of the contract, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

## COUNT FIVE–FRAUD

11.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

12.    At all times relevant hereto, the Hertz Defendants have misrepresented directly, and through their agents, servants, and employees that they are unable to accept service of process on behalf of the Defendant Cecil Cameron, or that they are otherwise unable to fully represent Mr. Cameron's interests in this litigation.

13.    The above-described statement is false, and was made for the purpose of deceiving the Plaintiffs, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages, and for punitive damages, as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the _12th_ day of _January_, 2007:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Mr. Rainer Cotter
MARSH, COTTER, & STEWART
P.O. Box 310910
Enterprise, AL 36331

Of Counsel

Please serve the defendant via certified mail as follows:

Hertz Claim Management Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

The Hertz Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109



## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an Individual          )
and ETHEL TILLIS, an Individual,        )
                                        )
            PLAINTIFFS,                 )          CASE NO. 2004-49
                                        )
VS.                                     )
                                        )
CECIL E. CAMERON, an individual;        )
HERTZ CLAIMS MANAGEMENT, a              )
foreign corporation; THE HERTZ          )
CORPORATION, a foreign corporation,     )
                                        )
            DEFENDANTS.                 )

### MOTION FOR SERVICE BY PUBLICATION

Comes now the Plaintiff, by and through counsel, and moves this Honorable Court for an

Order directing notice of service by publication on Defendant Cecil E. Cameron.  As grounds for

this Motion the Plaintiff adopts by reference the statements contained in the attached Affidavit to

obtain service by publication.


_____
Thomas B. Albritton          ALB009
Attorney for Plaintiffs


OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Box 880
Andalusia, Alabama 36420
334-222-3177

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _12th_ day of _January_, 2007:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

Mr. Rainer Cotter
MARSH, COTTER & TINDOL
P. O. Box 310910
Enterprise, Alabama 36331

_____
Of Counsel



IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an Individual     )
and ETHEL TILLIS, an Individual,     )
                                     )
        PLAINTIFFS,                  )          CASE NO. 2004-49
                                     )
VS.                                  )
                                     )
CECIL E. CAMERON, an individual;     )
HERTZ CLAIMS MANAGEMENT, a           )
foreign corporation; THE HERTZ       )
CORPORATION, a foreign corporation,  )
                                     )
        DEFENDANTS.                  )

## AFFIDAVIT TO OBTAIN SERVICE BY PUBLICATION

STATE OF ALABAMA     )
COVINGTON COUNTY     )

        I, Thomas B. Albritton, being first duly sworn, depose and say on oath as follows:

        1.      My name is Thomas B. Albritton and I am the attorney for the Plaintiffs in the above-styled action.

        2.      I make this Affidavit on personal knowledge in order to obtain service by publication on Defendant Cecil E. Cameron.

        3.      The Defendant has been unable to accomplish personal service of process as is indicated by the Clerk's notices dated April 14, 2004 and May 14, 2004. (Exhibit "A").

        4.      The present residence or location of this Defendant other than as previously served is unknown.

        5.      The Defendant's residence or whereabouts cannot be ascertained after the exercise of reasonable diligence.

        6.      I have attempted to locate the Defendant by serving him with the Complaint by certified mail at his last known address as contained in the accident report.  I have contacted his insurer to ask his whereabouts, and they say they cannot give me this information.   I have requested their claims file in an attempt to find other locations to serve him, but they refuse to produce this file.  Finally, I have attempted to locate an address for the Defendant over the Internet using various online search engines.  None of these methods have resulted in a valid

address or location of the Defendant.

       7.      The Defendant, individually, was aware of the accident, as was his insurer, yet neither has acknowledged why they failed to maintain contact with each other even though they were aware of potential litigation. Consequently, it appears that Mr. Cameron is avoiding service individually and by and through his agents or servants.

       Further Affiant saith not.

Thomas B. Albritton

Sworn to and subscribed before me on this _12th_ day of _January_, 2007.

Notary Public

My commission expires:

_July 20, 2010_

(NOTARIAL SEAL)

On-Line SJIS Case Detail: AI  RITTONS CLIFTON ALVERSON &  IOODY          Page 1 of 2

 *alacourt.com's*

## *Alabama SJIS Case Detail*

| Settings | Parties | Case Action Summary | Witness List | Financial |

| **Case.** | | | | | | | |
|---|---|---|---|---|---|---|---|
| County | 19 | Case Number | CV 2004 000049 00 | JID | RWB | Trial | J |
| Style | LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON | | | | | | |
| Code | TOMV | Type | NEGLIGENCE MOTOR VEH | Filed | 04132004 | Track | |
| Amount | | Status | ACTIVE | Plaintiffs | 002 | Defendants | 001 |
| DJID | | Court Action | 00000000 | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | | Lien | | | | | |
| **Settings** | | | | | | | |
| Date 1 | | Que 1 | | Time 1 | | Description | |
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | 0000 000000 00 | | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |
| **Party 1** | | | | | | | |
| Party | C 001 | Name | TILLIS LAYTHRON | | | Type | INDIVIDUAL |
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |
| **Party 2** | | | | | | | |
| Party | C 002 | Name | TILLIS ETHEL | | | Type | INDIVIDUAL |
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |

EXHIBIT "A"

| AMT | | Cost | | Other | | Satisfied | |
|---|---|---|---|---|---|---|---|
| Comment | | | | | | | |
| Party 3 | | | | | | | |
| Party | D 001 | Name | CAMERON CECIL E | | | Type | INDIVIDUAL |
| INDX | C TILLIS | ANAM | | | | JID | RWB |
| SSN | | Address 1 | 33A MAGNOLIA AVE | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | FT WALTON BCH FL 32548 0000 | | | Phone | 334 000 0000 |
| Atty 1 | | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 04132004 | Type | C CERTIFIED MAI | Reissue | 05142004 | Type | C CERTIFIED MA |
| Return | 06042004 | Type | C UNCLAIM CERT | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

*Case Action Summary*

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 04132004 | 1331 | FILE | FILED THIS DATE: 04/13/2004 (AV01) | PSH |
| 04132004 | 1331 | ORIG | ORIGIN: INITIAL FILING (AV01) | PSH |
| 04132004 | 1331 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | PSH |
| 04132004 | 1331 | TDMJ | JURY TRIAL REQUESTED (AV01) | PSH |
| 04132004 | 1331 | ASSJ | ASSIGNED TO JUDGE: ROBERT W BARR (AV01) | PSH |
| 04132004 | 1332 | PART | TILLIS LAYTHRON ADDED AS C001 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1332 | PART | TILLIS ETHEL ADDED AS C002 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C002: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1333 | PART | CAMERON CECIL E ADDED AS D001 (AV02) | PSH |
| 04132004 | 1333 | CASP | CASE ACTION SUMMARY PRINTED (AV02) | PSH |
| 05142004 | 1151 | SUMM | CERTIFIED MAI ISSUED: 04/13/2004 TO D001 (AV02) | PSH |
| 05142004 | 1151 | RETU | RETURN OF UNCLAIM CERT ON 05/01/2004 FOR D001 | PSH |
| 05142004 | 1151 | REIS | REISSUE OF CERTIFIED MA ON 05/14/2004 FOR D001 | PSH |
| 06252004 | 1043 | RETU | RETURN OF UNCLAIM CERT ON 06/04/2004 FOR D001 | PSH |





**CERTIFIED MAIL**™

7002 2410 0003 7261 6728

Mr. Cecil E. Cameron
33A Magnolia Avenue
Ft. Walton Beach, Florida 32548

UNCLAIMED



IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an Individual )
and ETHEL TILLIS, an Individual, )
                                 )
        PLAINTIFFS,              )          CASE NO. 2004-49
                                 )
VS.                              )
                                 )
CECIL E. CAMERON, an individual; )
HERTZ CLAIMS MANAGEMENT, a       )
foreign corporation; THE HERTZ   )
CORPORATION, a foreign corporation, )
                                 )
        DEFENDANTS.              )

## ORDER FOR SERVICE BY PUBLICATION

The Plaintiff having made a Motion for Service by Publication supported by the Affidavit

of Thomas B. Albritton, stating that Defendant is avoiding service and his present location or

residence is unknown; and it appearing that the Plaintiff has filed a Complaint seeking damages

in excess of $10,000.00 for negligence and wantonness.  It is:

ORDERED and ADJUDGED that Defendant Cecil E. Cameron, answer the Complaint of

the Plaintiff by the _____ day of _____, 200___, or thereafter a judgment by default

may be rendered against said Defendant.  It is further

ORDERED that this Order and notice be publish once a week for four successive weeks

in the Elba Clipper, a newspaper of general circulation in Coffee County, Elba Division,

Alabama, and The Northwest Florida Daily News, a newspaper of general circulation in

Okaloosa County, Florida, as well as in a newspaper of general circulation in the County of the

Defendant's last known location or residence within the United States.

DONE this _____ day of _____, 200___.

_____
Circuit Judge

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. CV-2004-049 |
| ) | |
| CECIL E. CAMERON, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO CONTINUE HEARING

COMES NOW Hertz Claim Management ("Hertz"), and makes this appearance solely to submit this Motion to Continue Hearing, and without submitting to the jurisdiction of this Court states as follows:

1. By order dated January 8, 2007, the Court set aside its previous order of November 29, 2007, and set a hearing on various motions for January 24, 2007. The attorney for Hertz Claim Management serves as City Attorney for the City of Enterprise, Alabama. On January 24, 2007, the undersigned has been asked to appear at the Alabama Department of Environmental Management in Montgomery, Alabama for City business with approximately five different employees of ADEM and several other people. This meeting was difficult to arrange due to the schedules of all the persons involved. The meeting was arranged by other City officials and the undersigned was notified that he needed to attend. While under no circumstances is either this case or the January 24, 2007, hearing less important than the meeting with ADEM, due to the difficulty in scheduling the same with the large number of people involved, the undersigned finds it necessary to request a continuance of the hearing in this case.

2. The undersigned has contacted the other attorneys in this case and they do not oppose this Motion.

3. Wherefore, the undersigned requests a continuance of the hearing set for January 24, 2007.

/s/R. Rainer Cotter, III
R. RAINER COTTER,III(COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 19 day of January, 2007:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

/s/ R. Rainer Cotter, III
OF COUNSEL



ELECTRONICALLY FILED
1/23/2007 2:32 PM
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
MICKEY COUNTS, CLERK

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

| | | |
|---|---|---|
| LAYTHRON TILLIS | ) | |
| TILLIS ETHEL | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No.: CV-2004-000049.80 |
| | ) | |
| CAMERON CECIL E | ) | |
| HERTZ CLAIMS MGMT | ) | |
| Defendants | ) | |

## ORDER

ON MOTION OF THE DEFENDANT DUE TO A CONFLICT IN SCHEDULE, THIS CASE IS CONTINUED FROM JANUARY 24, 2007 TO JANUARY 31, 2007 AT 10:00 A.M.

DONE this 23rd day of January, 2007

/s ROBERT W BARR
_____

CIRCUIT JUDGE