IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CECIL E. CAMERON, an individual; HERTZ CLAIMS MANAGEMENT, a foreign corporation; THE HERTZ CORPORATION, a foreign corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No.: 1:07-cv-78-WKW |

# ANSWER

**COMES NOW** the Defendant Cecil E. Cameron, and herewith gives answer as follows:

**COUNT ONE-NEGLIGENCE**

1. This Defendant denies the allegations of paragraph 1 of the First Amended Complaint.

2. This Defendant denies the allegations of paragraph 2 of the First Amended Complaint.

3. This Defendant denies that Plaintiff is entitled to any relief.

**COUNT TWO-WANTONESS**

4. In response to Paragraph 3, this Defendant incorporates by reference and realleges as if fully set out herein all previous responses.

5. This Defendant denies the allegations of paragraph 4 of the First

1

Amended Complaint.

6. This Defendant denies the allegations of paragraph 5 of the First Amended Complaint.

7. This Defendant denies that Plaintiff is entitled to any relief.

## COUNT THREE-LOSS OF CONSORTIUM

8. In response to paragraph 6, this Defendant incorporates by reference and realleges as if fully set out herein all previous responses.

9. This Defendant denies the allegations of paragraph 7 of the First Amended Complaint.

10. This Defendant denies that Plaintiff is entitled to any relief.

## COUNT FOUR-BREACH OF CONTRACT

11. In response to paragraph 8, this Defendant incorporates by reference and realleges as if fully set out herein all previous responses.

12. This Defendant avers that paragraphs 9 and 10 make no allegations of wrongdoing against him and no response is necessary; but to the extent they purport to do so, this Defendant denies the allegations of paragraphs 9 and 10.

13. This Defendant denies that Plaintiff is entitled to any relief.

## COUNT FIVE-FRAUD

14. In response to Paragraph 11, this Defendant incorporates by reference and realleges as if fully set out herein all previous responses.

15. This Defendant avers that paragraphs 12 and13 make no allegations of wrongdoing against him and no response is necessary, but to the extent they purport

to do so, this Defendant denies same.

16. This Defendant denies Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. This Defendant denies all allegations not specifically admitted herein.

2. This Defendant pleads the general issue.

3. This Defendant avers this case has been properly removed but in the event it is remanded, Defendant avers that venue is improper in Coffee County, Alabama, Elba Division.

4. This Defendant avers this case has been properly removed but in the event it is remanded, Defendant avers that venue is improper in Coffee County, Alabama, Elba Division. This Defendant avers that venue is proper in Covington County, the scene of the accident and moves this Court to transfer this case to Covington County, Alabama.

5. This Defendant avers this case has been properly removed but in the event it is remanded, while Defendant avers that venue is improper in Coffee County, Alabama, Elba Division, this Defendant avers that same is due to be transferred to Covington County pursuant to §6-3-21.1 in the interest of justice and for the convenience of witnesses.

6. This Defendant pleads contributory negligence.

7. This Defendant pleads assumption of the risk.

8. This Defendant pleads unavoidable accident.

9. This Defendant pleads sudden emergency.

10. This Defendant pleads lack of proximate cause.

11. This Defendant avers Plaintiffs were not injured and damaged to the extent alleged in the First Amended Complaint.

12. This Defendant avers Plaintiffs' damages, if any, are the result of a superceding independent intervening cause.

13. This Defendant pleads the applicable statute of limitations.

14. This Defendant avers the Plaintiffs had the last clear chance to avoid the accident.

15. This Defendant avers Plaintiffs have failed to mitigate their damages.

16. To the extent that Plaintiffs seek punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate this Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiff cannot recover compensatory damages for pain and suffering or punitive damages.

17. The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award.

Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

    a.    It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

    b.    It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;

    c.    It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

    d.    It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

18.    The award of discretionary compensatory damages for mental suffering to Plaintiffs herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendant is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

19.    The award of punitive damages claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

    (a)    That civil procedures pursuant to which punitive damages are

awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

      (j)    That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

      (k)    That standards of conduct upon which punitive damages are awarded are vague.

      (l)    That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

      (m)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

      (n)    That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

      (o)    That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

20.    This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

21.    The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

22.    Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*,

114 S.Ct. 2331 (1994).

23. To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this Defendant, this award contravenes the Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

24. With respect to the Plaintiff's demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

25. This Defendant contends Plaintiffs are not entitled to an award of punitive damages, and that an award of punitive damages against Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiffs are limited to the standards set out in *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

26. The Alabama system and structure for punitive damage awards, together with the claim for punitive damages sought by Plaintiffs in this lawsuit, constitutes a violation of the Due Process Clause of the Constitution of the United States, under

authority of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by Plaintiffs in this action, and the Plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant as to deprive defendant of due process of law.

27. This Defendant pleads the statutory cap applicable to all claims for and/or recovery of punitive damages.

28. Plaintiff's recovery of punitive damages violates provisions of the United States and Alabama Constitution including but not limited to the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, § 1, 6, 10, and other provisions of the Constitution of Alabama.

29. This Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

    a. <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

    b. <u>Sixth Amendment to the Constitution of the United States</u>: Punitive damages are penal and nature and, consequently, the defendants are entitled to the dame procedural safeguards accorded to criminal Defendants.

    c. <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the defendants that are penal and nature, yet compel the to disclose potentially incriminating documents and evidence.

    d. <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive

> damages award against the defendants were to inure to the benefit of any state of governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

30. This Defendant reserves the right to supplement its answer and amended answer by adding thereto any additional defense which may be necessary and appropriate.

31. This Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against it in the complaint.

>  /s/ *Randall Morgan*
> RANDALL MORGAN (MOR037)
> DAVID W. HENDERSON (HEN072)
> Attorneys for Defendant Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
  COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Phone: (334) 834-7600
Facsimile: (334) 263-5969

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been duly served by **electronic filing** and by placing a copy of same in the **U.S**. **Mail**, properly addressed and first class postage prepaid this the 29th day of January, 2007 upon the following:

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

R. Rainer Cotter III, Esq.
MARSH, COTTER & STEWART, L.L.P.
Post Office Box 310910
Enterprise, Alabama 36331

                       /s/ *Randall Morgan*
                       OF COUNSEL