**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LAYTHRON TILLIS, an individual** | ) | |
| **and ETHEL TILLIS, an individual,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **VS.** | ) | **1:07CV78-WKW** |
| | ) | |
| **CECIL E. CAMERON, an individual;** | ) | |
| **HERTZ CLAIMS MANAGEMENT, a** | ) | |
| **foreign corporation; THE HERTZ** | ) | |
| **CORPORATION, a foreign corporation,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**MOTION TO REMAND OR IN THE ALTERNATIVE**
**TO SEVER AND REMAND**

COME NOW the Plaintiffs and move this Court to Remand this action to the Circuit

Court Coffee County–Elba Division, or in the Alternative to sever their claims against Hertz

Claims Management and The Hertz Corporation and then to Remand those claims to the Circuit

Court of Coffee County, Alabama–Elba Division, and in support of this Motion they offer the

following:

1.     Even though a Defendant has a right to remove any state court proceeding to federal

court, if the federal court could have entertained suit originally, the right to remove may be

waived by acts taken in state court that indicate that the Defendant has invoked the jurisdiction of

state court.  See, e.g., *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986)(party that voluntarily

entered case and filed answers and motions of various kinds and "tested the waters" in state court

waived its right to remove); *Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co.*, 933 F.Supp.

1060 (M.D.Fla. 1996) (filing Motion to Dismiss in state court constituted waiver); *Heafitz v.*

*Interfirst Bank*, 711 F.Supp. 92 (S.D.N.Y. 1989)(a party that voluntarily entered case and filed motions which, when adjudicated, would have resulted in dismissal of case, waived right to remove to federal court).   The Defendant will be deemed to have waived its right of removal where removal is, in essence, an appeal from an adverse ruling in state court.  Id. And a right of removal will be lost by a proceeding that adjudicates the case on its merits.  Id.

Factors that guide a court's analysis in determining whether right to remove a case to federal court has been waived include whether actions taken by the Defendant in state court were for purpose of preserving status quo, or manifested intent to litigate on merits in state court, and whether removal can be characterized as appeal from an adverse judgment of state court.  Id. Any doubts regarding the existence of federal jurisdiction are resolved in favor of the non-removing party and a remand is in order.  *Diaz v. Sheppard*, 85 F.3d 1502 (11th Cir. 1996).

Finally, this Court may refuse to exercise supplemental jurisdiction over claims that are separate and independent from any other claims over which it has jurisdiction, and may sever claims to avoid prejudice or to further judicial economy.  See 28 U.S.C. 1367 (2006); Fed. R. Civ. Pro. Rule 42(b).

2.    First, the Defendants waived their right to remove because they actively litigated in state court, and with the Alabama Supreme Court, for over two years, when they were under no obligation to do so, before ever removing this case.  The present case was filed in the Circuit Court of Coffee County–Elba Division, on  April 13, 2004.  See Complaint attached hereto as Exhibit "A."  The Complaint does not state what the citizenship of Mr. Cameron is.  Id. Moreover, Council for Cameron, in the state court proceeding,  repeatedly stated that they did not know where Mr. Cameron was living.

3.     Even though they were under no obligation to do so, on November 17, 2004  the

insurer for Mr. Cameron filed an appearance through counsel on Mr. Cameron's behalf objecting

to service by publication and to the entry of a default judgment against Mr. Cameron, but claimed

that they could not find the Defendant and were not allowed to accept service on his behalf.  See

documents attached hereto as Exhibit "B."  What is important to remember about this filing is that

at this point, neither Hertz Claims Management nor the Hertz Corporation were parties to the

litigation and for that reason, were not required to appear in the case and file anything on behalf

of Mr. Cameron.  In spite of that, however, they voluntarily entered the case in state court and

filed several Motions on his behalf in order to prevent any judgment from being entered against

him.  Id.

4.     As a result of counsel's refusal to file an Answer on behalf of the defendant Cecil

Cameron even though they were in court defending Mr. Cameron through various motions,

however, the Circuit Court of Coffee County entered a default judgment against the defendant

Cameron on November 3, 2004.  See Order attached hereto as Exhibit "C."

5.     The defendant Cecil Cameron, through counsel, again, when under no legal

obligation to do so because they were not parties, appealed that decision to the Supreme Court of

Alabama which ultimately reversed on procedural grounds and remanded the case to state court.

See opinion attached hereto as Exhibit "D" bearing the name of "Cecil Cameron" as a defendant.

6.     After the case was remanded, the Plaintiffs propounded discovery to the Defendant

Cecil Cameron's insurance company on September 25, 2006 for the purpose of obtaining the

Defendants' claims file on this particular matter.  See Case Action Summary attached hereto as

Exhibit "E."

7.     The Defendant Cecil Cameron's insurance company objected to the discovery on

September 27, 2006.  Id.

8.    On November 24, 2006 the Circuit Court of Coffee County, Alabama ordered the discovery to take place, denying the Defendants' Objections and Motions to Quash.  Id.

9.    Counsel for Mr. Cameron's insurance company, moved to reconsider that order.  Id.

10.    Plaintiffs amended their Complaint to add the Hertz Claims Management and The Hertz Corporation on January 16, 2007, claiming, among other things, that their statements regarding their inability to locate and defend their insured, Mr. Cameron, were fraudulent.  See Amended Complaint attached hereto as Exhibit "F."  Eight days later and almost three years after first receiving the lawsuit that was filed against their insured and after voluntarily and vigorously defending Mr. Cameron, and only after being named parties to the lawsuit themselves, on January 24, 2007, counsel for Mr. Cameron advised the Plaintiffs that the Hertz Defendants had finally located their insured and could now accept service on his behalf.  See letter attached hereto as Exhibit "G."

11.    Two days later, on January 26, 2007,  the defendants removed this case.

12.    The Defendants voluntarily litigated on behalf of Mr. Cameron in the Circuit Court of Coffee County for well over two years.  They removed this case only after having received adverse rulings on the merits of the case, as well as on discovery issues, and after having been sued over their claims of not being able to locate Mr. Cameron..  Given the fact that Hertz Claims Management and the Hertz Corporation voluntarily entered the state law case on behalf of Mr. Cameron, given length of time the parties litigated this matter in state court, given the multiple filings (both in pleadings and discovery) that were made by the parties, given the fact that the Circuit Court of Coffee County, Alabama returned a verdict on the merits of the case that was adverse to them, and then subsequently entered a discovery order that was adverse to the defendants, it is clear that the defendants not only have voluntarily submitted to the jurisdiction of

the state court, but also that they have removed the case simply as a way to avoid adverse rulings by the state court. For this reason, the entire action should be remanded.

13.   In the alternative, however, this Court should sever the Plaintiffs' claims against the Hertz defendants from those against Mr. Cameron, and then decline to exercise supplemental jurisdiction over the Plaintiffs' claims against Hertz Claims Management and The Hertz Corporation. The claims against The Hertz Corporation and Hertz Claims Management are separate and independent state law claims from the claims raised against Mr. Cameron. Moreover, the claims against the Hertz Defendants do not exceed the jurisdictional limits necessary for diversity jurisdiction. See affidavit attached hereto as Exhibit "H."

WHEREFORE, for the above reasons, the Plaintiffs move this Court to Remand this entire matter to the Circuit Court of Coffee County, Alabama, Elba Division. In the alternative, however, the Plaintiffs move this Court to elect not to exercise supplemental jurisdiction over the Plaintiffs' claims against Hertz Claims Management and the Hertz Corporation, then to sever those claims from those against Mr. Cameron, and remand them to the Circuit Court of Coffee County, Alabama–Elba Division.


s/Thomas B. Albritton
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs


OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by e-service on this, the <u>26th</u> day of <u>February</u>, 2007:

Mr. Randall Morgan
Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Mr. Rainer Cotter
MARSH, COTTER, & STEWART
P.O. Box 310910
Enterprise, AL 36331

<u>s/Thomas B. Albritton</u>
Of Counsel

COPY

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

LAYTHRON TILLIS, an individual          )
and ETHEL TILLIS, an individual,        )
                                        )
    PLAINTIFFS,      )
                                        )
VS.                                     )          CV-04-049
                                        )
CECIL E. CAMERON, an individual;        )
HERTZ CLAIMS MANAGEMENT, a              )
foreign corporation; THE HERTZ          )
CORPORATION, a foreign corporation,     )
                                        )
    DEFENDANTS.      )

JAN 2007
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

### FIRST AMENDED COMPLAINT

### COUNT ONE--NEGLIGENCE

1.    On or about the 14th day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

2.    As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

### COUNT TWO--WANTONNESS

3.    The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

4.    On or about the 14th day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the

EXHIBIT   F

motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

6.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.      The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

## COUNT FOUR–BREACH OF CONTRACT

8.      The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

9.      The Plaintiffs and the Defendants Hertz Claims Management and The Hertz Corporation, (hereinafter referred to as "Hertz defendants") were at all times relevant hereto, parties to a contract which provided for the payment of benefits in the event Cecil Cameron was involved in a accident involving a motor vehicle entrusted to Mr. Cameron by the Hertz defendants.

10.      These Defendants have breached this contract in that they failed to tender the

benefits to the Plaintiffs to which they are entitled as beneficiaries of the contract, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

## COUNT FIVE–FRAUD

11.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

12.    At all times relevant hereto, the Hertz Defendants have misrepresented directly, and through their agents, servants, and employees that they are unable to accept service of process on behalf of the Defendant Cecil Cameron, or that they are otherwise unable to fully represent Mr. Cameron's interests in this litigation.

13.    The above-described statement is false, and was made for the purpose of deceiving the Plaintiffs, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages, and for punitive damages, as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the ___*12th*___ day of ___*January*___, 2007:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Mr. Rainer Cotter
MARSH, COTTER, & STEWART
P.O. Box 310910
Enterprise, AL 36331

                                      Of Counsel

Please serve the defendant via certified mail as follows:

Hertz Claim Management Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

The Hertz Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CV-2004-49 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND MOTION TO QUASH SERVICE

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith moves this Court to deny plaintiff's motion for service by publication and to quash the purported service and in support assigns the following grounds separately and severally:

The grounds relied upon by plaintiff are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. ARCP 4.3(a)(1).

The affidavit submitted in support of plaintiff's motion did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the ARCP. Case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough

1

EXHIBIT B

for a court to allow service by publication in this instance. Plaintiff must allege specific facts which show that Cameron has avoided service, rendering him culpable. *Vaughn v. O'Neal,* 736 So.2d 635, 638 (Ala. Civ. App. 1999). Merely not being able to effectuate service is insufficient. In *Fisher v. Amaraneni,* 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the instance case has not satisfied the requirements to allow service by publication and therefore service should be quashed.

WHEREFORE, THESE PREMISES PRAYED, defendant moves this Court to deny plaintiff's motion for service by publication and to quash service.

Respectfully submitted this the 20th day of SEPTEMBER, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 20th day of SEPTEMBER, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

2

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| **LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CV-2004-49** |
| | ) | |
| **CECIL E. CAMERON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO SET ASIDE ENTRY OF DEFAULT AND REQUEST TO DENY PLAINTIFFS' MOTION FOR ENTRY OF DAMAGES ON DEFAULT JUDGMENT

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith respectfully moves that this Court set aside the entry of default entered by this Court and requests that this Court deny plaintiffs' motion for entry of damages on default judgment, and in support therof of assigns the following grounds, separately and severally:

1.    On or about April 13, 2004, Plaintiffs filed the Complaint in this case.

2.    The plaintiffs attempted service of process on the defendant two times by certified mail on April 13, 2004 and then on May 14, 2004. In each instance, the return receipt came back to the court unclaimed.

3.    According to the office of Circuit Clerk, the plaintiffs did not attempt service of process by a process server on defendant.

4.    Plaintiffs then filed a Motion for Service by Publication which this Court granted on

1

July 12, 2004.

    5.      Defendant then filed a Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service on September 21, 2004.

    6.      Plaintiffs then filed a Response to Defendant's Motion to Quash Service and Plaintiffs' Application for Default Judgment.

    7.      Defendant then filed a Motion in Response to Plaintiffs' Application for Default Judgment and Request for Hearing on September 23, 2004.

    8.      A hearing was held on October 6, 2004 wherein this Court denied defendant's motions and granted an entry of default for plaintiffs. Plaintiffs have not filed a Motion for Entry of Damages on Default Judgment.

    9.      Rule 55(c) of the ***Alabama Rules of Civil Procedure*** provides that the Court may set aside an entry of default at any time before judgment.

## FACTS

    10.      This case arises as a result of an alleged automobile accident that occurred on or about April 14, 2002, involving one of the plaintiffs, Laythron Tillis, and the defendant, Cecil E. Cameron. At the time of the accident, Cameron was driving a vehicle rented from Hertz Rent-A-Car.

    11.      The plaintiffs attempted service of process on the defendant two times by certified mail. In each instance, the return receipt came back to the court unclaimed. The plaintiffs did not attempt service of process by a process server.

    12.      Plaintiffs' counsel did not allege facts in his affidavit to the court for service by publication that the defendant attempted to avoid service. No facts have been presented by the plaintiffs that Cameron knew of this lawsuit and was culpable in attempting to avoid service of

2

process.

13.    The last known address of Cameron is 33 A Magnolia Avenue, Ft. Walton Beach, Florida 32548.

14.    Defense counsel made a limited appearance in this case to argue and protect Cameron's interest by opposing plaintiffs' improper service of process by publication.

15.    At no time has defense counsel had contact with Cameron. Defense counsel is unable to accept service in this case on behalf of Cameron because defense counsel does not have Cameron's permission to do so.

## ARGUMENT

### NO EVIDENCE DEFENDANT WAS CULPABLE IN ATTEMPTING TO AVOID SERVICE

16.    The grounds relied upon by the plaintiffs in their motion for service by publication are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. *Ala. R. Civ. P.* 4.3(a)(1).

17.    The affidavit submitted in support of plaintiff's motion for service by publication did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the *Ala. R. Civ. P.*. Case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough for a court to allow service by publication in this instance. The plaintiff must allege specific facts which show that Cameron has avoided service, rendering him

3

culpable. *Vaughn v. O'Neal*, 736 So.2d 635, 638 (Ala. Civ. App. 1999).

18.    There have been no specific facts presented by the plaintiffs to prove that Cameron was culpable and attempting to avoid service. The plaintiffs merely attempted service twice by certified mail with no success. The plaintiffs never attempted service of process by a process server. Merely not being able to effectuate service is insufficient to allow service by publication. In *Fisher v. Amaraneni*, 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the instant case has not satisfied the requirements to allow service by publication, therefore, service by publication was improper. The burden is on the plaintiff who is seeking service by publication to show that the defendant has avoided service, a burden that must be met by more than mere conclusory assertions. See *Kanazawa v. Williams*, 838 So.2d 392 (Ala. Civ. App. 2002).

## THE COURT LACKS *IN PERSONAM* JURISDICTION OVER CAMERON

19.    The entry of default in this case is due to be set aside because this court lacked *in personam* jurisdiction over the defendant because Cameron was never properly served by service of process.

20.    Moreover, personal jurisdiction may not be obtained over a non-resident defendant through service by publication. *Vaughn* Supra at 636. In this case, the last known address of Cameron is in Ft. Walton Beach, Florida. There is no evidence in this case that Cameron is a resident of Alabama. A party seeking service by publication must show affirmatively, by affidavit or otherwise, that the party to be served is a resident, and the trial court must make a finding of residency. Id. at 636. The plaintiffs in this case have never shown by affidavit or otherwise that Cameron was a resident of the State of Alabama. Nor did the court ever make a finding that

4

Cameron was a resident of Alabama. Therefore, service by publication is improper in this case.

## DEFAULT JUDGMENT IS NOT A FAVORED MEANS OF ADJUDICATION

21.     It is well settled in Alabama case law that default judgments are not a favored means

of adjudicating cases. The Alabama Court of Civil Appeals has held that:

> One primary principle of the Alabama Rules of Civil Procedure is
> that the parties to an action should be afforded a prompt and fair trial
> upon the merits. (citation omitted). Inherent in this principle is that
> default judgments are not favored, and, while the trial Court has
> discretion to grant such judgments, the exercise of discretion should
> be resolved in favor of the defaulting party where there is doubt as to
> the propriety of a default judgment. (citation omitted). Thus, in
> determining whether to grant or deny a motion to set aside a default
> judgment, a trial Court should exercise its broad discretionary powers
> with liberality and should balance the equities of the case with a
> strong bias toward allowing the defendant to have his day in Court.

*Hutchinson v. Hutchinson*, 647 So.2d 786, 788 (Ala. Civ. App. 1994). See also *K.S.C.C. v.*

*W.H.C.*, 857 So.2d 830, 833 (Ala. Civ App. 2002). The Alabama Court of Civil Appeals has also

held that "the trial Court must presume that cases should be decided on the merits whenever

practicable. The preservation of a litigant's right to defend on the merits is paramount, and,

therefore, outweighs the promotion of judicial economy." *McCormick v. Congleton*, 860 So.2d

1275, 1279 (Ala. Civ. App. 2003). See also *Aldridge V. Hamilton*, 708 So.2d 194, 195 (Ala. Civ.

App. 1997).

22.     To allow an entry of default to stand in this case against the defendant would unduly

prejudice the defendant when there are no facts to show that defendant knew of this lawsuit and

attempted to avoid service of process. Moreover, to allow this entry of default to stand in this case

would be a clear abuse of this trial Court's discretion.

23.     Plaintiffs will not be substantially prejudiced by the setting aside of this Court's entry

of default, if any, because the Plaintiffs will still have the opportunity to present their case to the

Court once they properly serve the defendant.

WHEREFORE, for all of the above reasons, Defendant Cecil E. Cameron moves that this

Honorable Court set aside the entry of default that has been entered in this case and moves that the

Court deny the Plaintiff's Motion for Entry of Damages on Default Judgment.

Respectfully submitted this the 1ST day of NOVEMBER, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
        COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:     (334) 834-7600
Facsimile:     (334) 263-5969


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of
record in this cause by placing a copy of same in the United States Mail, first class postage prepaid,
on this the 1ST day of NOVEMBER, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

6

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| **LAYTHRON TILLIS, an individual**<br>**and ETHEL TILLIS, an individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CV-2004-49** |
| | ) | |
| **CECIL E. CAMERON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO SET ASIDE DEFAULT JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO ALTER, AMEND, OR VACATE JUDGMENT

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and pursuant to Rule 55(c), 59(e) and 60(b) of the ***Alabama Rules of Civil Procedure***, herewith respectfully moves that this Court set aside the entry of default judgment entered by this Court, or in the alternative, moves that this Court alter, amend, or vacate the judgment, and in support thereof of assigns the following grounds, separately and severally:

### STATEMENT OF THE CASE AND FACTS/PROCEDURAL HISTORY

1.     This case arises as a result of an alleged automobile accident that occurred on or about April 14, 2002, involving one of the plaintiffs, Laythron Tillis, and the defendant, Cecil E. Cameron. At the time of the accident, Cameron was driving a vehicle rented from Hertz Rent-A-Car. On or about April 13, 2004, Plaintiffs filed the Complaint in this case.  (See Defendant's Exhibit #1, Complaint).

1

2.    The plaintiffs attempted service of process on the defendant two times by certified mail on April 13, 2004 and then on May 14, 2004. In each instance, the return receipt came back to the court unclaimed. (See Defendant's Exhibit #2, Case Action Summary from Alacourt).

3.    According to the office of Circuit Clerk, the plaintiffs did not attempt service of process by a process server on defendant.

4.    Plaintiffs then filed a Motion for Service by Publication which this Court granted on July 12, 2004. (See Defendant's Exhibit #3, Motion for Service by Publication and Order).

5.    Plaintiffs counsel knew the undersigned law firm had been retained to defend Cameron upon proper service and did not list defense counsel on the certificate of service for their Motion for Service by Publication.

6.    Defendant's counsel found out from Alacourt that plaintiffs' motion for Service by Publication had been filed and granted and then defendant's counsel filed a Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service on September 21, 2004. (See Defendant's Exhibit #4, Motion in Opposition to Plaintiffs' Motion for Service by Publication and Motion to Quash Service). Defense counsel made a limited appearance in this case to argue and protect Cameron's interest by opposing plaintiffs' improper service of process by publication.

7.    Plaintiffs' counsel did not allege facts in his affidavit to the court for service by publication that the defendant attempted to avoid service. (See Defendant's Exhibit #3). No facts have ever been presented to this Court by the plaintiffs that Cameron knew of this lawsuit and was culpable in attempting to avoid service of process.

8.    Mitch Weinstein, a bodily injury examiner (adjuster), with Hertz Claim Management

2

Corporation, retained the undersigned counsel to defend Cameron. At no time has Weinstein had

contact with Cameron regarding this claim or lawsuit despite attempts to contact Cameron by

telephone and U.S. Mail. (See Defendant's Exhibit # 5, affidavit of Mitch Weinstein). The last

known address of Cameron is 33 A Magnolia Avenue, Ft. Walton Beach, Florida 32548. (See

Defendant's Exhibit # 5). To Weinstein's knowledge, Cameron does not know about this claim or

lawsuit. (See Defendant's Exhibit # 5). At no time has defense counsel had contact with Cameron.

Defense counsel is unable to accept service in this case on behalf of Cameron because defense

counsel does not have Cameron's permission to do so.

9.     Plaintiffs then filed a Response to Defendant's Motion to Quash Service and

Plaintiffs' Application for Default Judgment. (See Defendant's Exhibit #6, Response to Defendant's

Motion to Quash Service and Plaintiffs' Application for Default Judgment).

10.     Defendant then filed a Motion in Response to Plaintiffs' Application for Default

Judgment and Request for Hearing on September 23, 2004. (See Defendant's Exhibit #7, Motion

in Response to Plaintiffs' Application for Default Judgment and Request for Hearing).

11.     A hearing was held on October 6, 2004 wherein this Court denied defendant's

motions and granted an entry of default for plaintiffs. (See Defendant's Exhibit #8, Entry of Default

Order). Plaintiffs then filed a Motion for Entry of Damages on Default Judgment. (See Defendant's

Exhibit #9, Motion for Entry of Damages on Default Judgment).

12.     Defendant then filed a Motion to Set Aside Entry of Default and Request to Deny

Plaintiffs' Motion for Entry of Damages on Default Judgment on November 1, 2004. (See

Defendant's Exhibit #10, Motion to Set Aside Entry of Default and Request to Deny Plaintiffs'

Motion for Entry of Damages on Default Judgment).

13.     On November 3, 2004 a hearing on damages was set in this case. Defense counsel was called by Judge Barr's secretary on November 2, 2004 and notified that the hearing was canceled because Judge Barr had received the plaintiffs' motion for entry of damages on default judgment and accompanying affidavits.

14.     On November 3, 2004, this court denied defendant's motion to set aside entry of default and request to deny plaintiffs' motion for entry of damages on default judgment and entered default judgment against defendant and assessed damages in the amount of $120,000 for plaintiff Laythron Tillis and $20,000 for plaintiff Ethel Tillis.  (See Defendant's Exhibit #11, Default Judgment Order).

15.     Defendant now files this Motion to Set Aside Default Judgment, or in the Alternative, Motion to Alter, Amend, or Vacate Judgment.

16.     Rule 55(c) of the *Alabama Rules of Civil Procedure* provides that the Court may set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.

17.     Rule 59(e) of the *Alabama Rules of Civil Procedure* provides that a motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment.

18.     Rule 60(b) of the *Alabama Rules of Civil Procedure* provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...(4) the judgment is void.

## **ARGUMENT**

## **ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THERE WAS NO EVIDENCE DEFENDANT WAS CULPABLE IN ATTEMPTING TO AVOID SERVICE**

19. The grounds relied upon by the plaintiffs in their motion for service by publication are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. *Ala. R. Civ. P.* 4.3(a)(1).

20. The affidavit submitted in support of plaintiff's motion for service by publication did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the *Ala. R. Civ. P.*. (See defendant's Exhibit # 3). Alabama case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough for a court to allow service by publication in this instance. The plaintiff must allege specific facts which show that Cameron has avoided service, rendering him culpable. *Vaughn v. O'Neal*, 736 So.2d 635, 638 (Ala. Civ. App. 1999). The committee comments themselves to Rule 4.3 state that without this element of culpability, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication. There are substantial constitutional questions presented in this case.

21. There have been no specific facts presented by the plaintiffs to prove that Cameron was culpable and attempting to avoid service. The plaintiffs merely attempted service twice by certified mail with no success. The plaintiffs never attempted service of process by a process server. Merely not being able to effectuate service is insufficient to allow service by publication. In *Fisher*

5

*v. Amaraneni,* 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the

defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the instant

case has not satisfied the requirements to allow service by publication, therefore, service by

publication was improper. The burden is on the plaintiff who is seeking service by publication to

show that the defendant has avoided service, a burden that must be met by more than mere

conclusory assertions. See *Kanazawa v. Williams,* 838 So.2d 392 (Ala. Civ. App. 2002).

22.    This Courts holding in it's October 6, 2004 order that the defendant was culpable

because "Plaintiff has attempted service by certified mail twice with both being returned, unclaimed,

attempted to find a different address for the Defendant via internet searches, attempted to obtain

service through the attorney representing the Defendant's interest in this case which was refused and

requested from the attorney representing the Defendant's interest in this case an address by which

the Defendant can be served which was refused or as stated in open Court that he did not know

where the Defendant was located" is insufficient grounds under Alabama law to show culpability

on behalf of the defendant and does not show that the defendant attempted to avoid service.    (See

defendant's Exhibit # 8).

## ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THE COURT LACKS *IN PERSONAM* JURISDICTION OVER CAMERON

23.    The entry of default judgment in this case on November 3, 2004 is due to be set aside

pursuant to *Ala. R. Civ. P.,* Rule 60(b)(4) because this court lacked *in personam* jurisdiction over

the defendant, Cameron, and therefore, the judgment is void. Rule 60(b), *Ala. R. Civ. P.,* provides:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal

representative from a final judgment, order, or proceeding for the following reasons: ...(4) the

6

judgment is void." Rule 60(b)(4), *Ala. R. Civ. P.*, provides relief from a final judgment where the court that rendered it lacked jurisdiction over the subject matter or over the parties. *Kanazawa* Supra at 394. "It is well settled that failure of proper service under Rule 4, *Ala. R. Civ. P.*, deprives a court of jurisdiction and renders judgment by default void." *Vaughn* Supra at 636; *Shaddix v. Shaddix*, 603 So.2d 1096, 1098-99 (Ala. Civ. App. 1992); See *Bieber v. Bieber*, 623 So.2d 1163 (Ala. Civ. App. 1992). In this case, this court lacked *in personam* jurisdiction because service of process was improper. Therefore, where service of publication is improper, a judgment is void for lack of *in personam* jurisdiction and should be set aside.

24.    Moreover, it is well settled that personal jurisdiction may not be obtained over a non-resident defendant through service by publication. *Vaughn* Supra at 636; *P.D. v. J.K.*, 636 So.2d 681 (Ala. 1994); *Wise v. Siegel*, 527 So.2d 1281 (Ala. 1988); *Braley v. Horton*, 432 So.2d 463 (Ala. 1983). In this case, the last known address of Cameron is in Ft. Walton Beach, Florida. There is no evidence in this case that Cameron is a resident of Alabama. A party seeking service by publication must show affirmatively, by affidavit or otherwise, that the party to be served is a resident, and the trial court must make a finding of residency. Id. at 636. The plaintiffs in this case have never shown by affidavit or otherwise that Cameron was a resident of the State of Alabama. Nor did the court ever make a finding that Cameron was a resident of Alabama. Therefore, service by publication is improper in this case.

## ENTRY OF DEFAULT JUDGMENT IS IMPROPER BECAUSE IT IS NOT A FAVORED MEANS OF ADJUDICATION

25.    It is well settled in Alabama case law that default judgments are not a favored means of adjudicating cases. The Alabama Court of Civil Appeals has held that:

7

> One primary principle of the Alabama Rules of Civil Procedure is that the parties to an action should be afforded a prompt and fair trial upon the merits. (citation omitted). Inherent in this principle is that default judgments are not favored, and, while the trial Court has discretion to grant such judgments, the exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment. (citation omitted). Thus, in determining whether to grant or deny a motion to set aside a default judgment, a trial Court should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in Court.

*Hutchinson v. Hutchinson*, 647 So.2d 786, 788 (Ala. Civ. App. 1994). See also *K.S.C.C. v. W.H.C.*, 857 So.2d 830, 833 (Ala. Civ App. 2002). The Alabama Court of Civil Appeals has also held that "the trial Court must presume that cases should be decided on the merits whenever practicable. The preservation of a litigant's right to defend on the merits is paramount, and, therefore, outweighs the promotion of judicial economy." *McCormick v. Congleton*, 860 So.2d 1275, 1279 (Ala. Civ. App. 2003). See also *Aldridge V. Hamilton*, 708 So.2d 194, 195 (Ala. Civ. App. 1997).

26.     To allow an entry of default judgment to stand in this case against the defendant would unduly prejudice the defendant when there are no facts to show that defendant knew of this lawsuit and attempted to avoid service of process. Moreover, to allow this entry of default judgment to stand in this case would be a clear abuse of this Court's discretion and would violate the defendant's right of due process under the Fourteenth Amendment to the United States Constitution.

27.     Plaintiffs will not be substantially prejudiced by the setting aside of this Court's entry of default judgment, if any, because the Plaintiffs will still have the opportunity to present their case to the Court once they properly serve the defendant. In Alabama, prejudice must be substantial before it can warrant a refusal to set aside a default judgment. See *Ex parte Gilliam*, 720 So.2d 902,

906 (Ala. 1998). It is well-settled under Alabama law that potential prejudice to a plaintiff in the form of a delay in recovering on the claim or the possibility that the plaintiff will not succeed on the merits of the claim are insufficient grounds to justify a refusal to set aside a default judgment. See *Cunningham v. Gibson*, 618 So.2d at 1343 - 44; *Ex parte Gilliam*, Supra ("mere delay or increased cost is not sufficient to justify a refusal to set aside a default judgment.")

### ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE THE DEFENDANT HAS BEEN UNDULY PREJUDICED AND THE DAMAGES AWARDED ARE UNSUPPORTED AND EXCESSIVE

28.    The defendant was unduly prejudiced when plaintiffs counsel did not list defense counsel on the certificate of service for plaintiffs motion for service by publication.

29.    The defendant was also unduly prejudiced when this Court canceled the hearing on damages the day before the hearing and did not provide the defendant's counsel an opportunity to cross examine the plaintiffs regarding their damages.

30.    Moreover, the affidavits presented in support of plaintiffs Motion for Entry of Damages on Default Judgment do not support the damages awarded in this case.

31.    The plaintiff Laythron Tillis was awarded $120,000. Laythron Tillis presented no evidence of his medical bills (in excess of $10,000 as stated in Laythron Tillis' affidavit), no evidence of whether he was liable for those bills or whether he had medical insurance, no estimates for the repair of his vehicle ($1,600 as stated in Laythron Tillis' affidavit) and no evidence that he would  unequivocally have to have back surgery. (See defendant's Exhibit # 9). Furthermore, Dr. Metzger stated in his affidavit that "the problems Mr. Tillis complains of were pre-existing" and that he recommended pain management, physical therapy and anti-inflammatory medication for 6 months to a year before considering surgery. (See defendant's Exhibit # 9).

32.    The evidence presented in Ethel Tillis' affidavit does not support damages of $20,000 for a loss of consortium claim.   (See defendant's Exhibit # 9).

33.    Therefore, at the very least, defendant respectfully submits that he is entitled to a new hearing on damages so that it can present testimony to establish that the monetary award, whether compensatory, punitive or both, is clearly excessive. See **Bass Pecan Co. v. Berga**, 694 So.2d 1311 (Ala. 1997) (evidence presented at default judgment hearing did not support award; therefore trial court was ordered to take additional testimony).

34.    It cannot be determined from the default judgment order whether any portion of the awards of $120,000 to Laythron Tillis and $20,000 to Ethel Tillis represents punitive damages.  To the extent that punitive damages have been awarded against defendant, it is hereby requested that a Hammond/Green Oil hearing be set so that defendant can present evidence that the awards are excessive.

35.    Therefore, taking the above into account, the default judgment should be set aside because the defendant has been unduly prejudiced and the damages awarded are unsupported and excessive.

## ENTRY OF DEFAULT JUDGMENT WAS IMPROPER BECAUSE PLAINTIFFS FAILED TO WITHDRAW THEIR JURY DEMAND

36.    As additional grounds for defendant's entitlement to the setting aside of the default judgment against him, defendant avers that the trial court's award of damages was improper because the plaintiffs failed to withdraw their written jury demand, as required by Rule 38 of the **Alabama Rules of Civil Procedure**.  Rule 38 precludes the withdrawal of a demand for trial by jury without the consent of the parties, except where an opposing party is in default under Rule 55(c).  This

10

provision speaks only to a situation where the _defendant_ had appeared and requested a jury demand prior to the default judgment. As to a _plaintiff_ who has made a jury demand and thereafter seeks a default judgment, Rule 38 provides that such a party "may withdraw that party's demand for a jury as to any defaulting party without the consent of that party and have that party's damages assessed by the court without a jury." In the present case, the plaintiffs did not withdraw their jury demand pursuant to Rule 38. Their failure to do so mandates that the default judgment is due to be set aside.

WHEREFORE, for all of the above reasons, Defendant Cecil E. Cameron moves that this Honorable Court set aside the judgment by default that has been entered in this case, or in the alternative, moves that the Court alter, amend, or vacate the default judgment.

Respectfully submitted this the 17TH day of _November_, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 17TH day of _November_, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

11

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                            )
    PLAINTIFFS, )
                            )
VS. )        **CASE NO. 2004-49**
                            )
CECIL E. CAMERON, )
                            )
    DEFENDANT. )

### ORDER

The Plaintiffs having moved this Court for the entry of damages in the previously-ordered

Default Judgment and this Court having considered the affidavits and other evidence offered in

support of same, be it hereby:

ORDERED, ADJUDGED and DECREED that judgment be entered for the Plaintiff

Laythron Tillis and against the Defendant in the amount of $____120,000.00____ for which

let execution issue. Judgment is hereby entered for the Plaintiff, Ethel Tillis, and against the

Defendant in the amount of $____20,000.00____ for her loss of consortium, for which

let execution issue.

Costs taxed to the Defendant.

Done this the ____3rd____ day of ____November____, 2004.

_____
Circuit Judge

NOV 2004
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

EXHIBIT ____C____



AUG 1 8 2006

CLERK
SUPREME COURT OF ALABAMA

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2006

---

### 1040493

---

### Cecil E. Cameron

### v.

### Laythron Tillis and Ethel Tillis

### Appeal from Coffee Circuit Court
### (CV-04-49)

LYONS, Justice.

## I. Facts and Procedural History

Laythron Tillis and his wife, Ethel Tillis, allege that, on or about April 14, 2002, Cecil E. Cameron, while driving a rental car he had leased from Hertz Corporation, rear-ended

EXHIBIT  D

1040493

the vehicle occupied by Laythron, injurying him. As a result,
the Tillises sued Cameron in the Coffee Circuit Court;
Laythron alleged negligence and wantonness, and Ethel alleged
loss of consortium.

The Tillises twice attempted to serve Cameron with the
summons and complaint via certified mail at Cameron's last-
known address in Ft. Walton Beach, Florida. Both attempts
failed, and each return-receipt came back unclaimed.
Subsequently, the Tillises filed a motion with the trial court
for service by publication, which the trial court granted.
The trial court ordered that notice of the complaint be
published once a week for four successive weeks in a newspaper
published in Coffee County. Apparently, Hertz became aware of
the litigation and, pursuant to its rental agreement with
Cameron, retained an attorney to represent Cameron. Hertz
denies having had any contact with Cameron since entering into
the rental agreement, and the attorney Hertz retained to
represent Cameron denies ever having any contact with Cameron.
Both Hertz and the attorney it retained to represent Cameron
deny knowledge of Cameron's current whereabouts.

2

1040493

The attorney Hertz retained to represent Cameron states that he discovered through "alacourt.com," an Internet database of court records, that service had been made by publication, and he thereafter made a limited appearance in the trial court for the purpose of challenging such service. The attorney filed a "motion in opposition to plaintiff's motion for service by publication and motion to quash service." In effect, the motion falls under Rule 12(b)(4), Ala. R. Civ. P., attacking the sufficiency of process by arguing that Cameron was not subject to service by publication under the terms of the version of Rule 4.3(c), Ala. R. Civ. P., in effect at the time service by publication was made and that, the attorney says, applies to this proceeding.

The Tillises opposed the motion and moved for an entry of default. At a hearing in the trial court, the attorney retained to represent Cameron refused to accept service of process on Cameron's behalf. After the hearing, the trial court entered a written order denying the attorney's motion to quash service and granting the Tillises' motion for the entry of a default judgment. Subsequently, the trial court entered a judgment by default against Cameron and assessed damages of

3

1040493

$120,000 for Laythron and $20,000 for Ethel. Fourteen days later, the attorney retained to represent Cameron filed a motion requesting the trial court to set aside the default judgment under Rule 55(c), Ala. R. Civ. P.; to grant relief from the judgment under Rule 60(b), Ala. R. Civ. P.; or to alter, amend, or vacate the judgment under Rule 59(e), Ala. R. Civ. P. The attorney for Cameron argued in his motion that a nonresident defendant cannot be served by publication; that, in any event, before service may be made by publication, there must be evidence indicating that the defendant has avoided service; that default judgments are disfavored in the law; that the default judgment unduly prejudiced Cameron; and that the damages awarded were unsupported and excessive. The trial court denied the motion, and Cameron appealed.

## II. Standard of Review

"The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion." Roberts v. Wettlin, 431 So. 2d 524, 526 (Ala. 1983). However, "[w]hen the grant or denial

4

1040493

[of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand." <u>Smith v. Clark</u>, 468 So. 2d 138, 141 (Ala. 1985).

### III. Analysis

The attorney for Cameron argues that the trial court erred in refusing to set aside the default judgment or otherwise to grant Cameron relief from that judgment because, according to Cameron's attorney, the judgment was void in that the trial court lacked personal jurisdiction over Cameron. See, generally, <u>Clark</u>, 468 So. 2d at 141 ("A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."). According to Cameron's attorney, the trial court lacked personal jurisdiction over Cameron because he had not been properly served with the summons and complaint. See, generally, <u>Image Auto, Inc. v. Mike Kelley Enters., Inc.</u>, 823 So. 2d 655, 657 (Ala. 2001) ("It is settled law that failure to effect proper service

5

1040493

under Rule 4, Ala. R. Civ. P., deprives the court of jurisdiction and renders a default judgment void.").

Cameron's attorney argues that Cameron was not properly served because the law provides that only Alabama residents may be served by publication. In <u>Wise v. Siegel</u>, 527 So. 2d 1281, 1282 (Ala. 1988), this Court stated:

> "In <u>Braley v. Horton</u>, 432 So. 2d 463 (Ala. 1983), the court held that the question of whether the defendant was a resident or a non-resident of the state was determinative of whether service of process by publication was ever permissible. There the Court held that Rule 4.3(c)[, Ala. R. Civ. P.,] applied only to resident defendants or a corporation with one of its principal places of business within the state. That rule contains the following provision:
>
>> "'(c) Avoidance of Service. When a <u>resident</u> defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication ....' (Emphasis added.)
>
> "Rule 4.3(a)(2) provides that 'In no event shall an <u>in personam</u> judgment be entered on service by publication except as provided in subparagraph (c) of this rule.'"

Cameron's attorney argues that, because the Tillises did not show that Cameron was a resident of Alabama and because the

6

1040493

trial court made no finding that Cameron was a resident of Alabama, the above-quoted authority requires reversal of the trial court's order refusing to grant Cameron relief from the default judgment.

Wise was decided in 1998. An amendment to Rule 4.3, Ala. R. Civ. P., effective August 1, 2004, deleted the term "resident" from subsection (c) of Rule 4.3, which was quoted in Wise and Braley. The Committee Comments to Amendment to Rule 4.3 Effective August 1, 2004, state: "Under the Rule as amended, any defendant who is avoiding service is amenable to service by publication, even nonresident defendants." In the instant case, the trial court's order for service by publication was entered on July 12, 2004, before the amendment to Rule 4.3(c) took effect. Under Rule 4.3(d)(3), valid service by publication must be published for four consecutive weeks, and in the instant case, publication was made on July 22, July 29, August 5, and August 12. However, under our caselaw, service by publication on a nonresident defendant was invalid on July 22 and July 29. Therefore, service in this case has not been validly published for four consecutive

7

1040493

weeks.  Because Cameron was not properly served, the default
judgment is void.

## IV. Conclusion

Because the default judgment is void, Cameron was due
relief from that judgment, and the trial court erred in
denying that relief.  We pretermit discussion of the other
questions presented by the brief filed by Cameron's attorney
dealing with the sufficiency of the evidence of avoidance of
service under the circumstances as they existed at the time of
publication, because consideration of that issue presupposes
the availability of Rule 4.3(c), Ala. R. Civ. P., as amended
effective August 1, 2004.

REVERSED AND REMANDED.

Nabers, C.J., and Woodall, Smith, and Parker, JJ.,
concur.

**Attorney's Copy**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number<br><br>CV 2004— |
|---|---|---|

IN THE ___CIRCUIT___ COURT OF ___COFFEE (ELBA DIVISON)___ COUNTY

**Plaintiff** LAYTHRON TILLIS, an individual **v. Defendant** CECIL E. CAMERON
and ETHEL TILLIS, an individual

**NOTICE TO** CECIL E. CAMERON, 33A Magnolia Avenue, Ft. Walton Beach, Florida 3254

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ___Thomas B. Albritton___ WHOSE ADDRESS IS ___ALBRITTONS, CLIFTON, ALVERSON, MOODY & BOWDEN, P.C., P. O. Box 880, Andalusia, AL.___

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT 36420 WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of ___Plaintiffs___ pursuant to the Alabama Rules of Civil Procedure.

Date _____    _____ By: _____

Clerk/Register

---

☒ Certified Mail is hereby requested.    *Thomas B. Albr___*

Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

*[stamp: APR 2004 FILED J.M. Counts Court Clerk Coffee Co. AL]*

Date _____

Address of Server _____

Server's Signature _____

Type of Process Server _____

**EXHIBIT A**

Attorney's Copy

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, an individual<br>and ETHEL TILLIS, an individual,<br><br>      PLAINTIFFS,<br><br>VS.<br><br>CECIL E. CAMERON,<br><br>      DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)    CASE NO. _CV-2004-49_<br>)<br>)<br>)<br>) |

### COMPLAINT

### COUNT ONE--NEGLIGENCE

1.      On or about the 14th day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

2.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

### COUNT TWO--WANTONNESS

3.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

4.      On or about the 14th day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

### COUNT THREE–LOSS OF CONSORTIUM

6.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.      The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

Please serve the defendant via certified mail as follows:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548

Attorney's Copy

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>`C` `V` ⬚⬚⬚⬚⬚⬚ . ⬚⬚⬚<br>Date of Filing:   Judge Code:<br>⬚⬚ ⬚⬚ ⬚⬚⬚⬚   ⬚⬚⬚⬚⬚<br>Month  Day  Year |
| --- | --- | --- |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ COFFEE COUNTY (ELBA DIVISION) _____, ALABAMA
*(Name of County)*

LAYTHRON TILLIS, an individual and
ETHEL TILLIS, an individual          v.          CECIL E. CAMERON
**Plaintiff**                                        **Defendant**

**First Plaintiff**  ☐ Business   ☒ Individual       **First Defendant**   ☐ Business   ☒ Individual
⬚ ☐ Government  ☐ Other                                  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☒ TOMV - Negligence: Motor Vehicle
- ☒ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN** *(check one):*   F ☒ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER:
                                                    DISTRICT COURT         _____
                          R ☐ REMANDED        T ☐ TRANSFERRED FROM
                                                    OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**   ☒ YES  ☐ NO        Note: Checking "Yes" **does not** constitute a demand for a
jury trial. (See **Rules 38 and 39**, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED        ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**
`A` `L` `B` `0` `0` `9`     4/13/04                *Thomas B. Albrittons*
                          Date                 Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**    ☐ YES  ☐ NO  ☐ UNDECIDED

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | )    1:07CV78-WKW ) |
| CECIL E. CAMERON, an individual; HERTZ CLAIMS MANAGEMENT, a foreign corporation; THE HERTZ CORPORATION, a foreign corporation, | ) ) ) ) ) |
| DEFENDANTS. | ) |

**AFFIDAVIT**

COMES NOW the affiant, and after being duly sworn testifies under oath as follows:

1. The information contained herein is based on my first-hand knowledge of the facts stated herein.

2. The Plaintiffs' lawsuit against the Defendant Cecil Cameron is based on a car wreck. The Plaintiffs could not effect service on that Defendant at his last known address. Moreover, in that case, the insurance company for Cecil Cameron stated repeatedly that they had attempted to locate their insured, could not locate him, and did not have the ability to accept service on his behalf. The Plaintiff served Mr. Cameron by publication and obtained a default judgment against Mr. Cameron, but the Defendants appealed those orders. The Alabama Supreme Court reversed the lower Court and remanded the case.

2. On January 16, 2007, nearly three years after first filing a complaint against Mr. Cameron, the Plaintiffs, through counsel, amended their Complaint that was pending in the Circuit Court of Coffee County, Alabama, Elba Division, to add Hertz Claims Management and the Hertz


EXHIBIT  H

Corporation as defendants, and alleged that their statements to the effect that they had attempted to locate their insured, could not locate him, and did not have the ability to accept service on his behalf were fraudulent. Subsequent to the filing of that amended complaint, Counsel for Cecil Cameron accepted service on his behalf, claiming that they had now been able to locate him.

3.  The allegations against the Hertz defendants, therefore, are for fraud and for breach of a third-party beneficiary contract based on their contract of insurance with Mr. Cameron and are based their statements to the Coffee County Circuit Court and counsel in the state court action that they had attempted to locate their insured, could not locate him, and did not have the ability to accept service on his behalf, all of which were made several years after the car wreck over which the Plaintiffs originally filed suit. As such, the claims against Hertz and Hertz Claims Management arise out of different facts than those made the basis of the claims against Cecil Cameron, and are based on Alabama state law. The claims are, therefore, factually separate and independent from those raised against Mr. Cameron.

5.  Moreover, the Plaintiffs did not state a specific amount in controversy in their Amended Complaint when they added those Defendants. The Defendants, in their Notice of Removal cite to evidence supporting an award of damages against the Defendant Cameron in an amount that exceeds $75,000.00, exclusive of interest and cost. The Plaintiffs concede that Mr. Tillis's damages that are recoverable against Mr. Cameron exceed $75,000.00, exclusive of interest and costs. The Plaintiff's deny, however, that the value of their claims against the Hertz defendants exceeds the jurisdictional minimum for this Court.

6.  Now that Defendant Cameron has counsel, the Plaintiffs do not intend to ask the jury to return damages against the Hertz defendants in an amount that exceeds $75,000.00 exclusive of interest and cost because the Plaintiffs have not discovered evidence, at this point, justifying an

award against those defendants on the claims filed against them that is in excess of that amount.

FURTHER AFFIANT SAYETH NOT.

Thomas B. Albritton
Attorney for Plaintiffs


STATE OF ALABAMA          )
COVINGTON COUNTY       )

I, _Tina Bellard_, a Notary Public in and for said County, in said State, hereby certify that Thomas B. Albritton, whose name is signed to the foregoing affidavit and who is known to me, after first being duly sworn, acknowledged before me on this day that, being informed of the contents of this affidavit, and having reviewed same, that said affidavit is true and is based on his first-hand knowledge of the facts contained herein; he then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this _26th_ day of _February_ 2007.

Notary Public


My commission expires:

_7-10-07_
(NOTARIAL SEAL)

AVS0351

CV 2004 000049.80

JUDGE: ROBERT W BARR

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
CIRCUIT CIVIL

*Rainer Cotter for*
*Hertz Claims Mg.*

IN THE CIRCUIT COURT OF    COFFEE    COUNTY

LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON
FILED:    08/21/2006 TYPE: NEGLIGENCE MOTOR VEH TYPE TRIAL: JURY    TRACK:

```
************************************************************************
DATE1:              CA:                      CA DATE:
DATE2:              AMT:          $.00       PAYMENT:
DATE3:
************************************************************************
```

PLAINTIFF   001: LAYTHRON TILLIS

ATTORNEY: ALBRITTON THOMAS BYNUM
ALB009     P O BOX 880

, AL  00000-0000
PHONE: (334)000-0000                      ANDALUSIA, AL  36420
ENTERED:  08/22/2006 ISSUED:        TYPE:          (334)222-3177
SERVED:              ANSWERED:      JUDGEMENT:

PLAINTIFF   002: TILLIS ETHEL

ATTORNEY: ALBRITTON THOMAS BYNUM
ALB009     P O BOX 880

, AL  00000-0000
PHONE: (334)000-0000                      ANDALUSIA, AL  36420
ENTERED:  08/22/2006 ISSUED:        TYPE:          (334)222-3177
SERVED:              ANSWERED:      JUDGEMENT:

DEFENDANT   001: CAMERON CECIL E

ATTORNEY: HENDERSON DAVID WAYNE
HEN072     PO BOX 116

, AL  00000-0000
PHONE: (334)000-0000                      MONTGOMERY, AL  36101
ENTERED:  08/22/2006 ISSUED:        TYPE:          (334)834-7600
SERVED:              ANSWERED:      JUDGEMENT:

8-21-06, Remanded back from the Supreme Court
8-22-06 Notice of Intent to Serve Subp on Non Party
9-8-06 Subp to Hertz Claim Mgmt
9-11-06 Motion to Release Appeal Bond
9-13-06 Notice of Deposition Duces Tecum
9/19/06 The Motion To Release Appeal Bond is granted
Robert Barr Circuit Judge
9-25-06 cc: Attorneys
9-25-06 Hertz Served W/ Subp
9-22-06 Objection to Deposition Duces Tecum
9-27-06 Motion to Quash Third Party Subp (Hertz) or in the Alternative Motion for Protective Order
11/24/06 Hertz Claim Management Objection to Deposition Duces Tecum, Objection to Third Party Subpoena and Motion To Quash Third Party Subpoena are each denied and Overruled

PSH    08/22/2006

Robert Barr, Circuit Judge

CV 2004 000049.80

EXHIBIT  E

 **Hill Hill Carter**

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

January 24, 2007

*Via Facsimile & U. S. Mail*

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

**Re:  Laythron Tillis and Ethel Tillis v. Cecil E. Cameron
In the Circuit Court of Coffee County (Elba Division), Alabama
CV-04-49**

Dear Tom:

I have just recently located my client, Cecil Cameron. In speaking with Mr. Cameron, he has authorized me to accept service of process on his behalf. Therefore, please have the clerk issue the Summons and Complaint to my attention at Post Office Box 116, Montgomery, Alabama 36101-0116. Of course, the time to file a responsive pleading will not start to run until the court clerk issues the Summons and Complaint to me.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/js
cc    R. Rainer Cotter, III, Esq. (Via Facsimile & U. S. Mail)

EXHIBIT, ___G___