## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 107-CV-78-WKW |
| | ) | |
| CECIL E. CAMERON, an individual; HERTZ CLAIMS MANAGEMENT, a foreign corporation; THE HERTZ CORPORATION, a foreign corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

### DEFENDANT CECIL E. CAMERON'S MOTION IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND OR IN THE ALTERNATIVE TO SEVER AND REMAND

COMES NOW the defendant, Cecil E. Cameron ("Cameron"), and opposes plaintiffs' Motion to Remand or in the Alternative to Sever and Remand.  As grounds for his opposition, Cameron shows unto the Court as follows:

### FACTUAL BACKGROUND

1.     This case was originally filed in the Circuit Court of Coffee County (Elba Division), Alabama on April 13, 2004.  (See Exhibit "A", Alacourt case action summary).

2.     This case arises as a result of an alleged automobile accident that occurred on or about April 14, 2002, involving Laythron Tillis and Cameron who was driving a rental vehicle from The Hertz Corporation ("Hertz").  (See Exhibit "B", Plaintiffs' Complaint).

3.     Plaintiffs attempted to serve Cameron (whose last known address was in Ft. Walton Beach, Florida and whose whereabouts were unknown) with the Summons and

Complaint twice via certified mail.[1]  In each instance, the return receipt came back to the court unclaimed.  (See Exhibit "A").

4.      After these two attempts, Plaintiffs then filed a motion for service by publication with the trial court, and did not attempt service of process by a process server. *Id.*

5.      Further, although Plaintiffs' counsel knew the undersigned law firm had been retained to defend Cameron upon proper service, he did not list defense counsel on the certificate of service for their Motion for Service by Publication.

6.      The motion for service by publication was granted by the trial court on July 12, 2004. Defense counsel discovered from Alacourt that plaintiffs' motion for Service by Publication had been both filed and granted.  Defense counsel made a limited appearance to argue and protect Cameron's interest by opposing plaintiffs' improper service of process by publication and filed a Motion in Opposition to Service by Publication and Motion to Quash Service on September 21, 2004. (See Exhibit "A" and "C", Motion to quash service).

7.      Ultimately, the trial court refused to quash service and suggested in the alternative that defense counsel accept service of process on behalf of the defendant. Defense counsel could not do so because he did not know the whereabouts of Cameron and did not have Cameron's permission.  The trial court then denied defendant's motions and granted an entry of default for plaintiffs.  (See Exhibit "A").

8.      Defense counsel filed an appeal to the Alabama Supreme Court and the Alabama Supreme Court reversed and remanded the trial court's entry of default judgment because Cameron was not properly served.  (See Exhibit "D", Opinion).

---

[1]After the filing of this suit, neither the undersigned defense counsel nor Hertz were able to locate or contact Cameron about this lawsuit until January of 2007.

9.      In January of 2007, the undersigned defense counsel located Cameron for the first time and Cameron authorized him to accept service of process on his behalf.  (See Exhibit "E", Cameron Affidavit).

10.     On January 26, 2007, Defendants removed this action to this Court.

## ARGUMENT

11.     Plaintiffs in their motion to remand or in the alternative to sever and remand argue that Cameron waived his right to remove this action by his acts taken in state court that indicated he had invoked the jurisdiction of state court.[2]    However, an action to maintain the status quo in state court, as opposed to an action to dispose of the matter, does not constitute a waiver.  *Bolivar Sand Co. v. Allied Equip., Inc.*, 631 F.Supp. 171, 173 (W.D. Tenn. 1986); *see Ward v. Resolution Trust Co.*, 972 F.2d 196, 198 (8th Cir. 1992) (finding that the defendant's response to motion to dismiss a state-court appeal was not a waiver because the defendant did not request a ruling on the merits), cert. Denied, 507 U.S. 971, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993); *Miami Herald Publishing Co. v. Ferre*, 606 F.Supp. 122, 124 (S.D.Fla. 1984) (finding no waiver by filing an answer and affirmative defenses); *Haun v. Retail Credit Co.*, 420 F.Supp. 859, 863 (W.D.Pa. 1976) (same).

## CAMERON DID NOT WAIVE HIS RIGHT TO REMOVE

12.     Cameron did not waive his right to remove this case because he was never served with service of process and never manifested an intent to litigate in state court.  Any action that was taken in this case prior to Cameron's knowledge of this case was taken by defense counsel to maintain the status quo, as Cameron had not been properly served with service of process and the state court lacked jurisdiction over him.  The cases cited by

---

[2]Plaintiffs in their motion did not argue Cameron's removal was untimely and have conceded that issue.  Therefore, Cameron will not address timeliness as an issue.

plaintiffs are easily distinguishable in that the defendants in those cases who engaged in litigation on the merits were properly before their respective state courts with no jurisdictional objections in the first place. Here, it is obvious no litigation on the merits was conducted by the parties because they were never properly before the state court.

13.    To determine the existence of a waiver, the court must examine "whether the actions taken by the defendant in state court serve for the purpose of preserving the status quo," or whether they manifested "an intent to litigate on the merits in state court." *Brown v. Sasser*, 128 F.Supp. 2d 1345, 1347 (M.D. Ala. 2000); *see Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414 (M.D. Ala. 1999); *see also Beighley v. Federal Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir. 1989) (The "right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits."). Defendants' acts must express "clear and unequivocal intent to waive the right to remove." *Id.*

14.    Here nothing defendant Cameron did demonstrated such intent to litigate on the merits. Cameron's attorneys merely attempted to maintain the true status of the case, in that Cameron had not been properly served, and thus, no service of process and default judgment was due to be issued by the court as it lacked jurisdiction over Cameron. Cameron's attorneys did not file a motion to dismiss on the merits and did not express "an intent to litigate on the merits in state court." The only issue litigated before the state court was the issue of whether Cameron had been properly served by publication.

15.    Further, a defendant does not waive his right for removal from state court by filing a motion in state court to quash service of a summons on him. *See Phillips v. Manufacturers Trust Co.*, 101 F.2d 723 (Co. C.A.9 1939).

16.    Plaintiffs' also argue waiver might further exist where the facts indicate that removal is, in effect, an appeal from an adverse state court judgment.  However, such grounds are clearly not present in this case as the Alabama Supreme Court ruled in favor of Cameron and found he was never served with service of process, which meant the trial court lacked jurisdiction over him.  As such, there was no adverse ruling against Cameron.

## WAIVER SHOULD ONLY BE FOUND IN EXTREME SITUATIONS

17.    Cameron further submits while it is clear he did not waive removal, waiver itself should only be found in extreme situations.  *See Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991); *Rothner v. City of Chicago*, 879 F.2d 1402, 1417-18 (7th Cir. 1989).  The right to remove cannot be waived without some "extreme situation," such as trying the case on the merits.  *In re Bridgestone/Firestone, Inc.*, 128 F.Supp. 2d 1198, 1201 (S.D. Ind. 2001).  At no time in the litigation was the case tried on the merits.  The only issue litigated before the state court was the issue of whether Cameron had been properly served by publication and whether the trial court had jurisdiction over him.

## THIS CASE WAS NOT RIPE FOR REMOVAL UNTIL CAMERON AUTHORIZED HIS ATTORNEYS TO ACCEPT SERVICE OF PROCESS

18.    In order to be able to remove a case to Federal Court, the case must be ripe for removal.  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." §28 U.S.C. 1446(b).  Alabama requires both the summons and complaint be served upon the defendant.  *See* Rule 4, *A.R.C.P.*  Therefore, the defendant cannot

remove a case to Federal Court before he is served with the summons and complaint.

19.    Cameron could not have waived removal because he was never formally served with the Summons and Complaint by the plaintiffs. Cameron's whereabouts were unknown during the course of this litigation until January of 2007. Once the undersigned defense counsel located Cameron in Panama City, Florida, he agreed to allow defense counsel to accept service of process on his behalf.

## CONCLUSION

20.    Cameron did not waive his right to remove this case to Federal Court. Cameron never manifested an intent to litigate this case in state court because he did not even learn of this case until January of 2007. Cameron's defense attorneys made a limited appearance in state court to argue and protect Cameron's interest by opposing plaintiffs' improper service of process by publication to invoke jurisdiction and to maintain the status quo. As such, this case should not be remanded to state court.

WHEREFORE, THESE PREMISES CONSIDERED, defendant Cecil E. Cameron requests this Honorable Court to deny plaintiffs' Motion to Remand or in the Alternative to Sever and Remand.

Respectfully submitted this the 28th day of March, 2007.

        /s/ David W. Henderson
RANDALL MORGAN [MOR037]
DAVID W. HENDERSON (HEN072)
Attorneys for Defendant Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
        COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
(334) 834-7600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 28th day of March, 2007.

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

R. Rainer Cotter, III, Esq.
Marsh, Cotter & Tindol
Post Office Box 310910
Enterprise, Alabama 36331

/s/ *David W. Henderson*
OF COUNSEL



alacourt.com's

## Alabama SJIS Case Detail

| Settings | Parties | Case Action Summary | Witness List | Financial | Consolidated CAS |
|---|---|---|---|---|---|

### Case

| County | 19 | Case Number | ●CV 2004 000049 00 | JID | RWB | Trial | J |
|---|---|---|---|---|---|---|---|
| Style | LAYTHRON TILLIS AND ETHEL TILLIS VS CECIL E CAMERON | | | | | | |
| Code | TOMV | Type | NEGLIGENCE MOTOR VEH | Filed | 04132004 | Track | |
| Amount | 0014000000 | Status | DISPOSED | Plaintiffs | 002 | Defendants | 001 |
| DJID | RWB | Court Action | F (DEFAULT JUDGMT) 11032004 | For | | | C |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | | Lien | | | | | |

### Settings

| Date 1 | 11032004 | Que 1 | 001 | Time 1 | 1000 A | Description | HEAR HEARING |
|---|---|---|---|---|---|---|---|
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | 01052005 | CRT | S | Case | 0000 000000 00 | | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

### Party 1

| Party | C 001 | Name | TILLIS LAYTHRON | | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|---|
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | F (DEFAULT JUDGMT) | Date | 11032004 | For | C | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

### Party 2

| Party | C 002 | Name | TILLIS ETHEL | | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|---|
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | ALBRITTON THOMAS BYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | F (DEFAULT JUDGMT) | Date | 11032004 | For | C | Exep | O |

EXHIBIT
tables'

| AMT | | Cost | | Other | | Satisfied | |
|---|---|---|---|---|---|---|---|
| Comment | | | | | | | |

*Party 3*

| Party | D 001 | Name | CAMERON CECIL E | | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|---|
| INDX | C TILLIS | ANAM | | | | JID | RWB |
| SSN | | Address 1 | 33A MAGNOLIA AVE | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | FT WALTON BCH FL 32548 0000 | | | Phone | 334 000 0000 |
| Atty 1 | HENDERSON DAVID WAYN | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 04132004 | Type | C CERTIFIED MAI | Reissue | 05142004 | Type | C CERTIFIED MA |
| Return | 06042004 | Type | C UNCLAIM CERT | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | F (DEFAULT JUDGMT) | Date | 11032004 | For | C | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

*Party 4*

| Party | O 001 | Name | THE PEOPLES BANK | | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|---|
| INDX | D CAMERON | ANAM | | | | JID | RWB |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | F (DEFAULT JUDGMT) | Date | 11032004 | For | C | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

*Case Action Summary*

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 04132004 | 1331 | FILE | FILED THIS DATE: 04/13/2004 (AV01) | PSH |
| 04132004 | 1331 | ORIG | ORIGIN: INITIAL FILING (AV01) | PSH |
| 04132004 | 1331 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | PSH |
| 04132004 | 1331 | TDMJ | JURY TRIAL REQUESTED (AV01) | PSH |
| 04132004 | 1331 | ASSJ | ASSIGNED TO JUDGE: ROBERT W BARR (AV01) | PSH |
| 04132004 | 1332 | PART | TILLIS LAYTHRON ADDED AS C001 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C001: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1332 | PART | TILLIS ETHEL ADDED AS C002 (AV02) | PSH |
| 04132004 | 1332 | ATTY | LISTED AS ATTORNEY FOR C002: ALBRITTON THOMAS BYN | PSH |
| 04132004 | 1333 | PART | CAMERON CECIL E ADDED AS D001 (AV02) | PSH |
| 04132004 | 1333 | CASP | CASE ACTION SUMMARY PRINTED (AV02) | PSH |
| 05142004 | 1151 | SUMM | CERTIFIED MAI ISSUED: 04/13/2004 TO D001 (AV02) | PSH |
| 05142004 | 1151 | RETU | RETURN OF UNCLAIM CERT ON 05/01/2004 FOR D001 | PSH |
| 05142004 | 1151 | REIS | REISSUE OF CERTIFIED MA ON 05/14/2004 FOR D001 | PSH |
| 06252004 | 1043 | RETU | RETURN OF UNCLAIM CERT ON 06/04/2004 FOR D001 | PSH |
| 07022004 | 1116 | TEXT | MOTION FOR SERVICE BY PUBLICATION FILED BY........ | PSH |
| 07022004 | 1116 | TEXT | ....THOMAS ALBARITTON | PSH |
| 07022004 | 1116 | TEXT | FILE TO JUDGE BARR | PSH |
| 09212004 | 0852 | TEXT | MOTION IN OPPOSITION TO PLAINTIFFS MOTION FOR..... | PSH |
| 09212004 | 0852 | TEXT | ...SERVICE BY PUBLICATION AND MOTION TO QUASH FILED | PSH |
| 09212004 | 0852 | TEXT | BY DAVID HENDERSON, FILE TO JUDGE BARR | PSH |

| Date | Time | Code | Description | User |
|------|------|------|-------------|------|
| 09212004 | 1136 | ATTY | LISTED AS ATTORNEY FOR D001: HENDERSON DAVID WAYN | PSH |
| 09232004 | 1033 | TEXT | MOTION IN RESPONSE TO PLAINTIFFS APPLICATION FOR.. | PSH |
| 09232004 | 1033 | TEXT | ..DEFAULT JUDGMENT AND REQUEST FOR HEARING, FILE.. | PSH |
| 09232004 | 1033 | TEXT | ...JUDGE BARR | PSH |
| 09272004 | 1607 | DAT1 | SET FOR: HEARING ON 10/06/2004 AT 0900A (AV01) | PSH |
| 10142004 | 0925 | DAT1 | SET FOR: HEARING ON 11/03/2004 AT 0900A (AV01) | PSH |
| 10142004 | 0925 | DAT1 | SET FOR: HEARING ON 11/03/2004 AT 1000A (AV01) | PSH |
| 10292004 | 1610 | TEXT | MOTION FOR ENTRY OF DAMAGES ON DEFAULT JUDGMENT | PSH |
| 10292004 | 1610 | TEXT | NOTICE OF FILING AFFIDAVITS, AFFIDAVIT OF LATHRON. | PSH |
| 10292004 | 1610 | TEXT | ..TILLIS, ETHEL TILLIS AND DR METZGER | PSH |
| 11012004 | 1610 | TEXT | MOTION TO SET ASIDE ENTRY OF DEFAULT AND REQUEST.. | PSH |
| 11012004 | 1610 | TEXT | ..TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DAMAGES. | PSH |
| 11012004 | 1610 | TEXT | .....ON DEFAULT JUDGMENT, FILE TO JUDGE BARR | PSH |
| 11032004 | 1108 | TEXT | DEFENDANTS MOTION TO SET ASIDE ENTRY OF DEFAULT | PSH |
| 11032004 | 1108 | TEXT | ...DENIED | PSH |
| 11042004 | 1106 | STAT | CASE ASSIGNED STATUS OF: DISPOSED (AV01) | PSH |
| 11042004 | 1106 | DISP | DISPOSED ON: 11/03/2004 BY (DEFAULT JUDGMT) (AV01) | PSH |
| 11042004 | 1106 | CACJ | COURT ACTION JUDGE: ROBERT W BARR (AV01) | PSH |
| 11042004 | 1106 | PDIS | C001 DISPOSED BY (DEFAULT JUDGMT) ON 11/03/2004 | PSH |
| 11042004 | 1106 | PDIS | C002 DISPOSED BY (DEFAULT JUDGMT) ON 11/03/2004 | PSH |
| 11042004 | 1106 | PDIS | D001 DISPOSED BY (DEFAULT JUDGMT) ON 11/03/2004 | PSH |
| 11172004 | 1339 | TEXT | MOTION TO SET ASIDE DEFAULT JUDGMENT OR IN THE.... | PSH |
| 11172004 | 1339 | TEXT | ..ALTERNATIVE, MOTIO TO ALTER, AMEND OR VACATE ... | PSH |
| 11172004 | 1339 | TEXT | ...JUDGMENT, FILE TO JUDGE BARR | PSH |
| 12062004 | 1604 | TEXT | ORDER, DEFENDANTS MOTION TO SET ASIDE OR VACATE | PSH |
| 12062004 | 1604 | TEXT | ......ARE EACH DENIED | PSH |
| 01062005 | 1354 | APPL | APPEALED ON: 01/05/2005 IN SUPREME COURT (AV01) | COK |
| 01112005 | 1118 | PART | THE PEOPLES BANK ADDED AS O001 (AV02) | PSH |
| 01112005 | 1118 | PDIS | O001 DISPOSED BY (DEFAULT JUDGMT) ON 11/03/2004 | PSH |
| 03022005 | 0934 | COST | COST BILL PREPARED FOR C001 | COK |
| 03022005 | 1004 | COST | COST BILL PREPARED FOR D001 | COK |
| 03022005 | 1005 | COST | COST BILL PREPARED FOR D001 | COK |
| 09252006 | 1004 | TEXT | APPEAL BOND RELEASED | PSH |
| 09272006 | 1011 | TEXT | OBJECTION TO DEPOSITION DUCES TECUM | PSH |
| 09272006 | 1011 | TEXT | MOTION TO QUASH THIRD PARTY SUBP TO HERTZ OR IN | PSH |
| 01082007 | 1429 | ETXT | ORDER E-FILED. | AJA |
| 01082007 | 1445 | ETXT | ORDER - TRANSMITTAL | AJA |
| 01262007 | 1521 | ETXT | D001-OTHER - NOTICE OF FILING NOTICE OF REMOVAL FI | AJA |
| 01262007 | 1530 | ETXT | D001-OTHER /DOCKETED | AJA |
| 01262007 | 1545 | ETXT | MOTION - TRANSMITTAL | AJA |
| 02022007 | 1126 | ETXT | ORDER E-FILED. | AJA |
| 02022007 | 1131 | ETXT | ORDER - TRANSMITTAL | AJA |
| 03072007 | 1646 | ETXT | D001-OTHER /NO ACTION | AJA |

**Attorney's Copy**

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual      )
and ETHEL TILLIS, an individual,    )
                                    )
    PLAINTIFFS,                      )
                                    )
VS.                                 )         CASE NO. _____
                                    )
CECIL E. CAMERON,                    )
                                    )
    DEFENDANT.                       )

## COMPLAINT

### COUNT ONE--NEGLIGENCE

1.      On or about the 14th day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

2.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

### COUNT TWO--WANTONNESS

3.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

4.      On or about the 14th day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.



EXHIBIT
B

5.    As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE—LOSS OF CONSORTIUM

6.    The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.    The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

Please serve the defendant via certified mail as follows:

Cecil E. Cameron
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548

Attorney's Copy

| State of Alabama Unified Judicial System | SUMMONS - CIVIL - | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | CV. 2004- _49_ |

IN THE _____ CIRCUIT _____ COURT OF _COFFEE (ELBA DIVISON)_COUNTY

Plaintiff LAYTHRON TILLIS, an individual v. Defendant  CECIL E. CAMERON
and ETHEL TILLIS, an individual

NOTICE TO _CECIL E. CAMERON, 33A Magnolia Avenue, Ft. Walton Beach, Florida 325._

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _Thomas B. Albritton_ WHOSE ADDRESS IS _ALBRITTONS, CLIFTON, ALVERSON, MOODY & BOWDEN, P.C., P. O. Box 880, Andalusia, AL._

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT 36420 WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of _Plaintiffs_ pursuant to the Alabama Rules of Civil Procedure.

Date _____   By: _____
                Clerk/Register

☒ Certified Mail is hereby requested.      _signature_
                                Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____
Address of Server _____

Server's Signature _____

Type of Process Server _____

Attorney's Copy

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93  Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>☐C☐V☐☐☐☐☐☐☐☐☐☐<br>Date of Filing:  Judge Code:<br>Month  Day  Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ COFFEE COUNTY (ELBA DIVISION) _____, ALABAMA
(Name of County)

LAYTHRON TILLIS, an individual and
ETHEL TILLIS, an individual _____ v. _____ CECIL E. CAMERON
Plaintiff _____ Defendant

First Plaintiff:  ☐ Business  ☒ Individual  ☐ Government  ☐ Other
First Defendant:  ☐ Business  ☒ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA – Wrongful Death
- ☐ TONG – Negligence: General
- ☒ TOMV – Negligence: Motor Vehicle
- ☒ TOWA – Wantonness
- ☐ TOPL – Product Liability/AEMLD
- ☐ TOMM – Malpractice-Medical
- ☐ TOLM – Malpractice-Legal
- ☐ TOOM – Malpractice-Other
- ☐ TBFM – Fraud/Bad Faith/Misrepresentation
- ☐ TOXX – Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE – Personal Property
- ☐ TORE – Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN – Abandoned Automobile
- ☐ ACCT – Account & Nonmortgage
- ☐ APAA – Administrative Agency Appeal
- ☐ ADPA – Administrative Procedure Act
- ☐ ANPS – Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX – Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT – Civil Rights
- ☐ COND – Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP – Contempt of Court
- ☐ CONT – Contract/Ejectment/Writ of Seizure
- ☐ TOCN – Conversion
- ☐ EQND – Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD – Eviction Appeal/Unlawful Detainer
- ☐ FORJ – Foreign Judgment
- ☐ FORF – Fruits of Crime Forfeiture
- ☐ MSHC – Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB – Protection From Abuse
- ☐ FELA – Railroad/Seaman (FELA)
- ☐ RPRO – Real Property
- ☐ WTEG – Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP – Workers' Compensation
- ☐ CVXX – Miscellaneous Circuit Civil Case

**ORIGIN** (check one):  F ☒ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER:
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☒ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:  ☐A☐L☐B☐0☐0☐9    4/13/04
Date

Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☐ UNDECIDED

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual,
                                 )
        Plaintiffs,
                                 )

vs.                              )        CV-2004-49

CECIL E. CAMERON,                )

        Defendant.               )

FILED
J.M. Counts
Court Clerk
Coffee Co. Al

## MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND MOTION TO QUASH SERVICE

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith moves this Court to deny plaintiff's motion for service by publication and to quash the purported service and in support assigns the following grounds separately and severally:

The grounds relied upon by plaintiff are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. ARCP 4.3(a)(1).

The affidavit submitted in support of plaintiff's motion did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the ARCP. Case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough

1



for a court to allow service by publication in this instance. Plaintiff must allege specific facts which

show that Cameron has avoided service, rendering him culpable. *Vaughn v. O'Neal*, 736 So.2d 635,

638 (Ala. Civ. App. 1999). Merely not being able to effectuate service is insufficient. In *Fisher v.*

*Amaraneni*, 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the

defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the

instance case has not satisfied the requirements to allow service by publication and therefore service

should be quashed.

WHEREFORE, THESE PREMISES PRAYED, defendant moves this Court to deny

plaintiff's motion for service by publication and to quash service.

Respectfully submitted this the 20TH day of SEPTEMBER, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of
record in this cause by placing a copy of same in the United States Mail, first class postage prepaid,
on this the 20TH day of SEPTEMBER, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

2

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of <u>Southern Reporter</u>. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in <u>Southern Reporter</u>.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2006

---

### 1040493

---

Cecil E. Cameron

v.

Laythron Tillis and Ethel Tillis

Appeal from Coffee Circuit Court
(CV-04-49)

LYONS, Justice.

### I. Facts and Procedural History

Laythron Tillis and his wife, Ethel Tillis, allege that, on or about April 14, 2002, Cecil E. Cameron, while driving a rental car he had leased from Hertz Corporation, rear-ended



1040493

the vehicle occupied by Laythron, injuring him.  As a result, the Tillises sued Cameron in the Coffee Circuit Court; Laythron alleged negligence and wantonness, and Ethel alleged loss of consortium.

The Tillises twice attempted to serve Cameron with the summons and complaint via certified mail at Cameron's last-known address in Ft. Walton Beach, Florida.  Both attempts failed, and each return-receipt came back unclaimed. Subsequently, the Tillises filed a motion with the trial court for service by publication, which the trial court granted. The trial court ordered that notice of the complaint be published once a week for four successive weeks in a newspaper published in Coffee County.  Apparently, Hertz became aware of the litigation and, pursuant to its rental agreement with Cameron, retained an attorney to represent Cameron.  Hertz denies having had any contact with Cameron since entering into the rental agreement, and the attorney Hertz retained to represent Cameron denies ever having any contact with Cameron. Both Hertz and the attorney it retained to represent Cameron deny knowledge of Cameron's current whereabouts.

2

1040493

The attorney Hertz retained to represent Cameron states that he discovered through "alacourt.com," an Internet database of court records, that service had been made by publication, and he thereafter made a limited appearance in the trial court for the purpose of challenging such service. The attorney filed a "motion in opposition to plaintiff's motion for service by publication and motion to quash service." In effect, the motion falls under Rule 12(b)(4), Ala. R. Civ. P., attacking the sufficiency of process by arguing that Cameron was not subject to service by publication under the terms of the version of Rule 4.3(c), Ala. R. Civ. P., in effect at the time service by publication was made and that, the attorney says, applies to this proceeding.

The Tillises opposed the motion and moved for an entry of default. At a hearing in the trial court, the attorney retained to represent Cameron refused to accept service of process on Cameron's behalf. After the hearing, the trial court entered a written order denying the attorney's motion to quash service and granting the Tillises' motion for the entry of a default judgment. Subsequently, the trial court entered a judgment by default against Cameron and assessed damages of

3

1040493

$120,000 for Laythron and $20,000 for Ethel.  Fourteen days later, the attorney retained to represent Cameron filed a motion requesting the trial court to set aside the default judgment under Rule 55(c), Ala. R. Civ. P.; to grant relief from the judgment under Rule 60(b), Ala. R. Civ. P.; or to alter, amend, or vacate the judgment under Rule 59(e), Ala. R. Civ. P.  The attorney for Cameron argued in his motion that a nonresident defendant cannot be served by publication; that, in any event, before service may be made by publication, there must be evidence indicating that the defendant has avoided service; that default judgments are disfavored in the law; that the default judgment unduly prejudiced Cameron; and that the damages awarded were unsupported and excessive.  The trial court denied the motion, and Cameron appealed.

## II. Standard of Review

"The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion." Roberts v. Wettlin, 431 So. 2d 524, 526 (Ala. 1983).  However, "[w]hen the grant or denial

4

1040493

[of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand." <u>Smith v. Clark</u>, 468 So. 2d 138, 141 (Ala. 1985).

### III. Analysis

The attorney for Cameron argues that the trial court erred in refusing to set aside the default judgment or otherwise to grant Cameron relief from that judgment because, according to Cameron's attorney, the judgment was void in that the trial court lacked personal jurisdiction over Cameron. See, generally, <u>Clark</u>, 468 So. 2d at 141 ("A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."). According to Cameron's attorney, the trial court lacked personal jurisdiction over Cameron because he had not been properly served with the summons and complaint. See, generally, <u>Image Auto, Inc. v. Mike Kelley Enters., Inc.</u>, 823 So. 2d 655, 657 (Ala. 2001) ("It is settled law that failure to effect proper service

5

1040493

under Rule 4, Ala. R. Civ. P., deprives the court of jurisdiction and renders a default judgment void.").

Cameron's attorney argues that Cameron was not properly served because the law provides that only Alabama residents may be served by publication.  In <u>Wise v. Siegel</u>, 527 So. 2d 1281, 1282 (Ala. 1988), this Court stated:

> "In <u>Braley v. Horton</u>, 432 So. 2d 463 (Ala. 1983), the court held that the question of whether the defendant was a resident or a non-resident of the state was determinative of whether service of process by publication was ever permissible.  There the Court held that Rule 4.3(c)[, Ala. R. Civ. P.,] applied only to resident defendants or a corporation with one of its principal places of business within the state.  That rule contains the following provision:
>
>> "'(c) Avoidance of Service. When a <u>resident</u> defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication ....' (Emphasis added.)
>
> "Rule 4.3(a)(2) provides that 'In no event shall an <u>in personam</u> judgment be entered on service by publication except as provided in subparagraph (c) of this rule.'"

Cameron's attorney argues that, because the Tillises did not show that Cameron was a resident of Alabama and because the

6

1040493

trial court made no finding that Cameron was a resident of Alabama, the above-quoted authority requires reversal of the trial court's order refusing to grant Cameron relief from the default judgment.

Wise was decided in 1998. An amendment to Rule 4.3, Ala. R. Civ. P., effective August 1, 2004, deleted the term "resident" from subsection (c) of Rule 4.3, which was quoted in Wise and Braley. The Committee Comments to Amendment to Rule 4.3 Effective August 1, 2004, state: "Under the Rule as amended, any defendant who is avoiding service is amenable to service by publication, even nonresident defendants." In the instant case, the trial court's order for service by publication was entered on July 12, 2004, before the amendment to Rule 4.3(c) took effect. Under Rule 4.3(d)(3), valid service by publication must be published for four consecutive weeks, and in the instant case, publication was made on July 22, July 29, August 5, and August 12. However, under our caselaw, service by publication on a nonresident defendant was invalid on July 22 and July 29. Therefore, service in this case has not been validly published for four consecutive

1040493

weeks. Because Cameron was not properly served, the default judgment is void.

### IV. Conclusion

Because the default judgment is void, Cameron was due relief from that judgment, and the trial court erred in denying that relief. We pretermit discussion of the other questions presented by the brief filed by Cameron's attorney dealing with the sufficiency of the evidence of avoidance of service under the circumstances as they existed at the time of publication, because consideration of that issue presupposes the availability of Rule 4.3(c), Ala. R. Civ. P., as amended effective August 1, 2004.

REVERSED AND REMANDED.

Nabers, C.J., and Woodall, Smith, and Parker, JJ., concur.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LAYTHRON TILLIS, an individual**<br>**and ETHEL TILLIS, an individual,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )   **Case No.: 107-CV-78-WKW** |
| | ) |
| **CECIL E. CAMERON, an individual;** | ) |
| **HERTZ CLAIMS MANAGEMENT, a** | ) |
| **foreign corporation; THE HERTZ** | ) |
| **CORPORATION, a foreign corporation,** | ) |
| | ) |
| **Defendants.** | |

**STATE OF FLORIDA**    )

**COUNTY OF BAY**        )

AFFIDAVIT OF CECIL CAMERON

My name is Cecil Cameron and I am over the age of 19 years of age and competent to testify. I first learned of this lawsuit in January of 2007. Up until that time, I had no knowledge of this lawsuit. I have been a resident of the state of Florida since June of 1998. At all times relevant to this lawsuit, I have been a resident of the state of Florida.

On January 23, 2007, I met with my attorney David Henderson for the first time and I authorized him to accept service of process on my behalf in this lawsuit.

Further affiant saith not.

_____
Cecil Cameron



**STATE OF FLORIDA** )

**COUNTY OF BAY** )

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, personally appeared Cecil Cameron, whose name is signed to the foregoing and who is known to me, acknowledged before me on this date, that, the foregoing is true and correct to the best of his knowledge, information and belief.

SWORN and subscribed before me, this the 24 day of _MARCH_, 2007.

_____
Notary Public

(SEAL)                           My Commission Expires: _____

DAN HUDSON
MY COMMISSION EXPIRES
September 25, 2009
#DD 475126
Bonded thru
Notary Public Underwriters
NOTARY PUBLIC, STATE OF FLORIDA