IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,    )
                                     )
      Plaintiffs,                   )
                                     )
vs.                                  )    CASE NO. 1:07-cv-78-WKW
                                     )
CECIL E. CAMERON, HERTZ CLAIMS       )
MANAGEMENT and THE HERTZ             )
CORPORATION,                         )
                                     )
      Defendants.                   )

## DEFENDANT HERTZ CLAIM MANAGEMENT CORPORATION's and DEFENDANT THE HERTZ CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

COME NOW Hertz Claim Management Corporation and The Hertz Corporation (sometimes referred to collectively as "the Hertz defendants"), and submit this response in opposition to the Plaintiff's Motion to Remand. The Hertz defendants state as follows:

### INTRODUCTION

This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, the diversity jurisdiction statute. There is no dispute that complete diversity of citizenship exists between the Plaintiffs and Defendants. Furthermore, because Plaintiffs seek unspecified compensatory, mental anguish, and punitive damages against Defendants, the amount in controversy is more likely than not in excess of $75,000, exclusive of interest and costs. See Bullock v. United Ben. Ins. Co., 165 F.Supp.2d 1255, 1259 (M.D. Ala. 2001). Accordingly, removal of this action was proper and Plaintiffs' motion to remand is due to be denied. Plaintiffs' two arguments to the contrary are completely without merit.

First, Plaintiffs contend that the defendants somehow waived the right to remove this case

to federal court. However, the Hertz defendants could not have waived their removal rights because they were not named as party defendants until January of 2007, at which time they promptly joined in the removal to this Court.

Second, Plaintiffs assert that the amount in controversy in this case is not satisfied based on their attorney's affidavit that avers that some of Plaintiffs' claims may not exceed $75,000.00 at this point in the litigation. In other words, Plaintiffs contend that some of their claims might not exceed the jurisdictional threshold of this Court. That flimsy contention, however, has no merit because "[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on **all claims made in the complaint**. Jackson v. American Bankers Ins. Co. of Fla., 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) (emphasis added) (citing Burns v. Windsor, 31 F.3d 1092, 1096 (11th Cir.1994)).

In short, Plaintiffs' motion to remand is baseless and Defendants respectfully request that this Court enter an order denying the same.

## RELEVANT FACTS AND PROCEDURAL POSTURE

To begin, it is important to note that the Hertz defendants were not made parties to this case until January 16, 2007. This case was originally filed in the Circuit Court of Coffee County (Elba Division) in 2004. Exhibit "A" attached hereto. Plaintiffs' original Complaint sought compensatory and punitive damages against Cecil Cameron arising out of an automobile accident. Id. Plaintiffs never obtained personal service of process over Mr. Cameron and sought an order from the state court for service by publication. Exhibit "B" attached hereto. Hill, Hill, Carter, Franco, Cole & Black was retained to represent Mr. Cameron upon proper service and said firm appeared in the state

court action, without submitting to jurisdiction, to prevent the service by publication. Exhibit "C" attached hereto. However, the state court granted Plaintiffs' motion to obtain service by publication and ultimately granted a $140,000.00 default judgment. Exhibit "D" attached hereto. Hill, Hill Carter, Franco, Cole & Black, P.C. effectuated an appeal of that ruling and the Alabama Supreme Court reversed the same. Exhibit "E" attached hereto.

Just after the Alabama Supreme Court reversed the default judgment, on or about August 18, 2006, Plaintiffs filed a subpoena seeking production of Hertz Claim Management Corporation's entire claims file as to the accident which forms the basis of Plaintiffs' Complaint against Cecil Cameron (Mr. Cameron was driving a rental car and Hertz Management Corporation is the claims servicer pursuant to a rental agreement and excess insurance policy). Exhibit "F" attached hereto. Even though Hertz Claims Management was not a party to the proceedings, the Plaintiffs also filed a notice of deposition *duces tecum* as to Hertz Claim Management Corporation for the purpose of seeking the claims file. Exhibit "G" attached hereto.

Hertz Claim Management Corporation retained the undersigned counsel to prevent the production of its claims file. In every one of their dealings with the state court, the Hertz Defendants, through counsel, specifically stated that their appearance was limited solely to dispute the improper discovery attempt and without submitting to the jurisdiction of the state court. Exhibit "H" attached hereto. It was Hertz Claim Management Corporation's right, as the third party claims servicer, to prevent Plaintiffs' efforts to improperly obtain discovery. See cases cited within Exhibit "H" attached hereto. Initially, the state court denied Hertz Claim Management Corporation's motion to quash, but reconsidered that order and set it aside. Exhibit "I" attached hereto.

As noted above, neither of the Hertz defendants were made parties to this case until on or about January 16, 2007, when Plaintiffs filed their Amended Complaint and named both Hertz defendants as parties. Exhibit "J" attached hereto.  Plaintiffs filed their Amended Complaint against the Hertz defendants alleging claims for breach of contract and fraud and thereafter the Hertz defendants timely joined in the petition to remove this case.  Id.

## STANDARD OF REVIEW

Regarding Plaintiffs' waiver argument, the following law applies – "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . . **[w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court. . . .**" Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (emphasis added and internal citations omitted).

As for Plaintiffs' contention that the amount in controversy is not satisfied, Defendants need "only show that 'the amount in controversy more likely than not exceeds the jurisdictional requirement.'" Bullock v. United Ben. Ins. Co., 165 F.Supp.2d 1255, 1258-59 (M.D. Ala. 2001) (citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir.1996)), abrogated on other grounds by 204 F.3d 1069 (11th Cir. 2000)).  In cases, like this one, where the plaintiff seeks an unspecified amount of damages, "a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Grubbs v. Pioneer Housing, Inc., 75 F.Supp.2d 1323, 1327 (M.D. Ala. 1999).

**ARGUMENT**

I. Defendants Have Not Waived Removal Rights

Prior to ever being a party to this case, Plaintiffs' counsel forwarded a copy the Complaint filed against Mr. Cameron to Hertz Claim Management Corporation. Exhibit "K" attached hereto. Subsequently, Hill, Hill, Carter, Franco, Cole & Black, P.C. was retained by Hertz and discovered that Plaintiffs' were attempting to obtain service by publication as to Mr. Cameron. See Exhibit "E" (page 2) attached hereto. There can be no dispute that once Hertz Claim Management Corporation became aware that suit had been filed against Cecil Cameron and that Mr. Cameron's interests were being adversely affected by an effort to improperly obtain service of process by publication on him, it was entitled to protect his interests by hiring an attorney to stop such without submitting to the jurisdiction of the court. In any event, counsel's efforts to prevent the service by publication were not successful and Plaintiffs sought and obtained a $140,000.00 default judgment. Exhibit "D" attached hereto. Hill, Hill, Carter, Franco, Cole & Black, P.C. sought the reversal of that judgment. The Alabama Supreme Court agreed and reversed the trial court's judgment. Exhibit "E" attached hereto. There is no law or case cited by Plaintiffs which support their contention that these efforts constituted a voluntarily election to pursue the defense of this matter in state court. To the contrary, the Plaintiffs' counsel sent a copy of the Complaint to Hertz Claim Management and once it discovered procedurally improper efforts in the state court proceedings, it had the right to act. Under the Plaintiffs' theory, Hertz Claim Management should have closed its eyes as to what was taking place.

Unlike the defendants in the cases cited in Plaintiffs' Motion to Remand, the Hertz defendants did no act to "test the waters" in state court. The Hertz defendants filed no motions or

other papers, like the defendants in the cases Plaintiffs cite, which would have resulted in the dismissal of the case. Prior to being named as defendants in this case on January 16, 2007, the Hertz defendants could have in no way removed this case to federal court. They were not parties and no law or rule compelled them to waive service of process as to Mr. Cameron. The Alabama Supreme Court obviously recognized such in their decision. Exhibit "E."

Moreover, the following law applies – "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . . **[w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court. . . .**" Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (emphasis added and internal citations omitted) (In Yusefzadeh, the defendant actually filed a motion to dismiss and still the court held such action was not sufficient to waive the right to remove the case). In no way did the Hertz defendants ever voluntarily or substantially enter the state court proceedings and certainly did not litigate on the merits.


II.   Amount in Controversy Requirement Is Satisfied.

There is complete diversity of citizenship in this case and the amount in controversy more likely than not exceeds $75,000.00. As noted, in their Amended Complaint, Plaintiffs seek an unspecified amount of "compensatory and punitive damages" for fraud and breach of contract. Exhibit "J" attached hereto. The Hertz defendants contend in the Notice of Removal that Plaintiffs seek in excess of $75,000.00 exclusive of interest and costs and as support noted the fact that

Plaintiffs sought and obtained a default judgment in the amount of $140,000.00 and subsequent settlement demand in excess of $175,000.00. Plaintiffs conversely allege in their Motion to Remand, by and through an affidavit executed by their attorney, that "Plaintiffs do not intend to ask the jury to return damages against the Hertz defendants in an amount that exceeds $75,000.00 exclusive of interest and cost because the Plaintiffs have not discovered evidence, "at this point", justifying an award against defendants on the claims filed against them that is in excess of that amount." (Motion to Remand, paragraph 6). Obviously, to say the least, this statement is not a binding stipulation that Plaintiffs will never seek nor accept amounts in excess of $75,00.00 exclusive of interest and costs.

When a complaint fails to specifically set out a dollar amount in controversy but alleges facts which if proven would warrant the imposition of damages in excess of the jurisdictional amount, then the amount in controversy requirement is met. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1318 (11th Cir.2001). "[I]n cases such as this one, where the complaint claims unspecified and unlimited damages, the defendant "must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds ... the jurisdictional requirement." Hall v. CSX Transportation, Inc. , 2006 WL 3313682 (M.D.Ala. 2006) (citing Grubbs v. Pioneer Housing, Inc., 75 F.Supp.2d 1323, 1327 (M.D.Ala.1999). Unlike the "legal certainty" standard imposed to decide cases where there is a specific damage demand, this lower burden of proof is allowed because there is simply no estimate of damages to which a court may defer. Grubbs v. Pioneer Housing, Inc., 75 F.Supp.2d 1323, 1327 (M.D. Ala. 1999).

As this Court implied in Hall v. CSX Transportation, Inc., when a complaint is filed with unspecified damages, the defendant is put in precarious position. This is especially true in this case.

In this case, the statements made in the subject affidavit as to the amount in controversy are not nearly as clear and unequivocal as the stipulation made in <u>Hall.</u>  In <u>Hall</u>, Plaintiffs counsel specifically submitted a declaration which stated that "the total aggregate amount of damages under all counts is not more than $74,500.00, either at the time the Complaint as filed or thereafter" and further stated that "[a]t the time this suit was filed and at the time this civil action was removed to federal court the amount of damages would have not exceeded $74,500.00, nor will damages exceed that amount."  That stipulation is a far cry from what the Plaintiffs have submitted in this case. While a refusal to stipulate by the Plaintiff standing alone may not satisfy the defendants' burden of proof on the jurisdictional issue, it is nonetheless strong evidence that the amount in controversy is met. <u>Alexander v. Captain D's, LLC</u>, 437 F.Supp.2d 1320 (M.D.Ala. 2006).

III.  <u>Severance Is Not Relevant To Plaintiff's Motion To Remand</u>.

The only relevant inquiry here is whether the amount in controversy requirement is met at the "time of removal." <u>Williams v. Best Buy</u>, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  At the time of removal, and at present, the Plaintiffs' Amended Complaint contained all their claims against Mr. Cameron and the Hertz defendants in that one document.  Exhibit "J" attached hereto.  The Plaintiff's Amended Complaint should be looked as whole in determining the amount in controversy.  "The appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint. <u>Jackson v. American Bankers Ins. Co. of Fla.</u>, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997) (<u>citing</u> <u>Burns v. Windsor</u>, 31 F.3d 1092, 1096 (11th Cir.1994)).  Therefore, since Plaintiffs made all their claims in one Complaint and joined all the defendants

together, they cannot simply pick and choose which claims they wish to proceed with. It is not purely coincidental that Plaintiffs were perfectly happy to include all the claims and defendants in one Complaint while the case was pending in the Elba Division of Coffee County, but then when this case was removed to this Court, they suddenly became unhappy and now want the claims severed. The case of Vasura v. Acands, 84 F.Supp2d 531 (S.D. N.Y. 2000) is instructive on this point. In Vasura, a case which was originally removed but contained non-diverse parties, the court noted that post-removal events (in that case, it was the voluntary dismissal of the non-diverse defendant) could not create diversity jurisdiction. The court noted: "If one keeps in mind the fundamental precept that removal jurisdiction must be ascertained as of the time of removal, one may fairly derive from these cases the principle that removal on the ground of diversity is not subject to post-hoc justification." Id. at 538. The same principle should apply in this case only to hold that remand should likewise not be granted on the basis of post-hoc justification. Plaintiffs' request to sever is inapplicable to the matter at hand.

Assuming for the sake of argument only that the Court considers severing the Plaintiffs' claims against the Hertz defendants, Plaintiffs claims still meet the amount in controversy requirement. Applicable law holds that the amount in controversy requirement of 28 U.S.C. §1332 is established at time of removal. Williams v. Best Buy, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). On its face, while vague and hard to understand, the Amended Complaint makes sufficient allegations to establish that the amount of controversy requirement is met. Plaintiffs claim a breach of contract because, as best as the defendants can determine, they allegedly claim they are entitled to receive benefits from an insurance policy insuring Cecil Cameron as the same relates to the subject automobile accident. By their own admission, Plaintiffs seek more than $75,000.00 from

Cecil Cameron and must, therefore, be seeking over that amount as to the Hertz defendants. This was a purpose in showing in the Notice of Removal that Plaintiffs had made settlement offers and actually received a default judgment in excess of $75,000.  In pursuing their Amended Complaint, they are seeking insurance benefits which they claim they are entitled and must be seeking in excess of $75,000.00.  They cannot now say that is not really what they meant.

Moreover, Plaintiffs have brought a fraud claim and are seeking punitive damages. Plaintiffs allege representations which were allegedly false and made for the purpose of deceiving the Plaintiffs.  Fraud claims, with and without allegations of intent to deceive, and breach of contract claims against corporate defendants have routinely brought Plaintiffs in excess of $75,000.00.  For instance, in the case of <u>Bullock v. United Ben. Ins. Co.</u>, 165 F.Supp.2d 1255, 1259 (M.D. Ala. 2001), this Court addressed a case involving breach of contract and fraud claims against a corporate defendant and found that the amount in controversy more likely than not exceeded the jurisdictional requirement. <u>Id.</u>  That is, the Court concluded that the amount in controversy requirement was satisfied because the plaintiff's complaint sought <u>unspecified</u> compensatory and punitive damages against a corporate defendant based on claims of fraud and breach of contract.  <u>Id.</u> (citing <u>Principal Financial Group v. Thomas</u>, 585 So.2d 816 (Ala. 1991); <u>Intercontinental Life Ins. v. Lindblom</u>, 571 So.2d 1092 (Ala. 1990); <u>Davis v. Franklin Life Ins. Co.</u>, 71 F.Supp.2d 1197, 1200 (M.D. Ala. 1999); <u>Bolling v. Union Nat'l Life Ins. Co.</u>, 900 F.Supp. 400, 405 (M.D. Ala. 1995)); <u>see</u> <u>also</u> <u>Fowler v. Provident Life & Acc. Ins</u>. <i>Co.</i>, 256 F. Supp.2d 1243, 1246 (N.D. Ala. 2003) (finding that the amount in controversy requirement was met in an Alabama fraud case); <u>see also</u> <u>In Oliver v. Towns</u>, 770 So.2d 1059 (Ala. 2000) (approving compensatory damage award of $75,000, despite the fact that plaintiff's actual financial loss was only $7,200); <u>Prudential Ballard Realty Co. v. Weatherly</u>,

792 So. 2d 1045 (Ala. 2000) (approving $250,000 compensatory damage award in fraud case); Orkin Exterminating Company, Inc. v. Jeter, 832 So. 2d 25 (Ala. 2001) (approving $300,000 award in fraud and breach of contract case); Liberty Nat. Life Ins. Co. v. Caddell, 701 So.2d 1132 (Ala. Civ. App. 1997) (affirming mental anguish award of $50,000, and $100,000 punitive award in insurance fraud and conversion case).

Furthermore, it is more likely than not that this Court's jurisdictional requirement is satisfied based solely on the unlimited punitive damages claimed by the Plaintiffs. In ascertaining whether the amount in controversy is greater than $75,000.00, this Court must consider a claim for punitive damages. Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). As demonstrated below, it is not uncommon for Alabama plaintiffs to recover punitive damages awards well in excess of $75,000 based on fraud and breach of contract claims. Orkin Exterminating Company, Inc. v. Jeter, 832 So. 2d 25 (Ala. 2001) (approving $2 million punitive damage award in fraud and breach of contract case); Travelers Indemnity Co. of Illinois v. Griner, 809 So. 2d 808 (Ala. 2001) (affirming $200,000 punitive damage award in fraud case); Sparks v. Cash America International, Inc., 789 So. 2d 231 (Ala. 2000) (approving $225,000 punitive damage award, despite plaintiff's actual financial loss of only $25,000); Cooper & Co. v. Lester, 832 So. 2d 628 (Ala. 2000) (approving punitive damages to three separate plaintiffs in the amount of $178,538, $191,663, and $229,380, in a fraud case); Chrysler Corp. v. Schiffer, 736 So. 2d 538 (Ala. 1999) (approving $150,000 award of punitive damages in fraud and breach of contract case); Life Insurance Company of Georgia v. Parker, 726 So. 2d 619 (Ala. 1998) (approving $150,000 punitive damages award in insurance fraud case); Patel v. Patel, 708 So. 2d 159 (Ala. 1998) (affirming $225,000 award of punitive damages in fraud and breach of contract case); Talent Tree Personnel Servs. v. Fleenor, 703

11

So. 2d 917 (Ala. 1997) (approving $1.5 million award of punitive damages in fraud and breach of contract case); <u>American Pioneer Life v. Williamson</u>, 704 So. 2d 1361 (Ala. 1997) (approving $750,000 award of punitive damages in fraud and breach of contract case); <u>Union Sec. Life Ins. Co. v. Crocker</u>, 709 So. 2d 1118 (Ala. 1997) (approving $1 million award of punitive damages in insurance fraud case); <u>Life Ins. Co. of Georgia v. Johnson</u>, 725 So. 2d 934 (Ala. 1998) (approving $3 million award of punitive damages in fraud case); <u>First Commercial Bank v. Spivey</u>, 694 So.2d 1316 (Ala. 1997) (affirming $500,000 award of punitive damages in fraud and breach of contract case); <u>Gallant v. Prudential Ins. Co. of America</u>, CV-93-50, 1994 WL 180709 (Ala. Cir. Ct., Apr. 1994) (awarding $25 million in punitive damages in fraud case).

Because the damage awards grossly exceeded $75,000 in those cases, it is more likely than not that the amount in controversy in this case does as well.  <u>Ibid</u>. Again, Plaintiffs contend, by their own admission, that they should receive over $140,000.00 as a result of the automobile accident in this case and it is not a speculative leap to say that Plaintiffs are alleging that due to the alleged fraud, they are somehow deprived of this recovery.[1]

## IV.  <u>Alternatively, Because Of The Extremely "Unique" Allegations, Limited Discovery Should Be Allowed.</u>

Alternatively, because of the vague and unprecedented allegations in the Complaint (the Hertz defendants have found no case in American jurisprudence which is similar to the allegations made in the Amended Complaint), the Hertz defendants should be allowed to do limited discovery, i.e., depositions of the Plaintiffs.  This request is in accordance with the pronouncements in <u>Williams</u>

---

[1]Nothing stated herein is meant to lend credence to the Plaintiffs' allegations. The Hertz Defendants have previously filed an Answer denying Plaintiffs' claims.

v. Best Buy, Inc., 269 F.3d at 1319 and <u>Sierminski v. Transouth Fin. Corp.</u>, 216 F.3d 945, 949 (11th

Cir.2000), where the Eleventh Circuit noted that if the complaint alleges unspecified damages, the

district court may require evidence relevant to the amount in controversy at the time the case was

removed.  To grant the Hertz defendants this opportunity is accordance with those cases which allow

the parties to present summary judgment type evidence in a case such as this. There has been no

scheduling order entered and these defendants have not had an meaningful opportunity to obtain

such evidence.   In light of the very "unique" allegations made against the Hertz defendants in this

case, sufficient time to conduct some discovery, even at least limited discovery, will not in any way

prejudice the Plaintiffs or harm the interests of justice.   Alternatively, at the very least, this Court

should require Plaintiffs to submit a explicit stipulation that they do not now and will never seek

total damages, either jointly or severally, against the Hertz defendants, in excess of $75,000.00

exclusive of interests or costs.

<div align="center">

**CONCLUSION**

</div>

Removal was proper in this case. The Hertz defendants did not enter the state court

proceeding and substantially participate as to its merits.  To recall, the Hertz defendants did not even

become parties to this case until January, 2007.  Moreover, as shown above, the amount in

controversy requirement is fully met such that removal was proper. Viewing the relevant facts and

circumstances present at the time of removal,   this Court has jurisdiction over the Amended

Complaint pursuant to 28 U.S.C. §1332. The Hertz defendants request the Court to deny the Plaintiffs' Motion to Remand, or in the alternative Motion to Sever and Remand, and retain jurisdiction over this case as to all defendants.

/s/R. Rainer Cotter, III

R. RAINER COTTER,III(COT010)
Attorney for Hertz Claim Management Corporation
and The Hertz Corporation

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 28th day of March, 2007:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

/s/ R. Rainer Cotter, III

OF COUNSEL

# EXHIBITS

**EXHIBIT "A"**

Attorney's
Copy

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                                 )
    PLAINTIFFS, )
                                   )
VS. )            CASE NO. _____
                                   )
CECIL E. CAMERON, )
                                   )
    DEFENDANT. )

## COMPLAINT

### COUNT ONE--NEGLIGENCE

1.     On or about the 14th day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

2.     As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

### COUNT TWO--WANTONNESS

3.     The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

4.     On or about the 14th day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.



EXHIBIT
"A"

5.     As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

6.     The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.     The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.


**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**


Thomas B. Albritton (ALB009)
Attorney for Plaintiffs



OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

Please serve the defendant via certified mail as follows:

Cecil E. Cameron
33A Magnolia Ave.
Ft Walton Beach, Florida 32548

**EXHIBIT "B"**

Attorney's
Copy

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an<br>Individual and ETHEL TILLIS,<br>an Individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CIVIL ACTION NO. CV-2004-49 |
| VS. | ) | |
| CECIL E. CAMERON, | ) | |
| DEFENDANT. | ) | |

### MOTION FOR SERVICE BY PUBLICATION

Comes now the Plaintiff, by and through counsel, and moves this Honorable Court for an

Order directing notice of service by publication on Defendant Cecil E. Cameron.  As grounds for

this motion the Plaintiff adopts by reference the statements contained in the attached Affidavit to

obtain service by publication.

_____

Thomas B. Albritton          ALB009
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177



EXHIBIT
"B"

**IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA**
**ELBA DIVISION**

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual and ETHEL TILLIS, an Individual, | ) ) | |
| PLAINTIFFS, | ) | CIVIL ACTION NO. CV-2004-49 |
| VS. | ) | |
| CECIL E. CAMERON, | ) | |
| DEFENDANT. | ) | |

<u>**AFFIDAVIT TO OBTAIN SERVICE BY PUBLICATION**</u>

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COVINGTON COUNTY | ) |

I, Thomas B. Albritton, being first duly sworn, depose and say on oath as follows:

1.      My name is Thomas B. Albritton and I am the attorney for the Plaintiff in the above-styled action.

2.      I make this Affidavit on personal knowledge in order to obtain service by publication on Defendant Cecil E. Cameron.

3.      The Defendant has been unable to accomplish personal service of process as is indicated by the clerk's notices dated April 14, 2004 and May 14, 2004 . (Ex. "A").

4.      The present residence or location of this Defendant other than as previously served is unknown.

5.      The Defendant's residence or whereabouts cannot be ascertained after the exercise of reasonable diligence.

6.      I have attempted to locate the Defendant by serving him with the Complaint by certified mail at his last known address as contained in the accident report. I have contacted his insurer to ask his whereabouts, and they cannot give me this information. Finally, I have attempted to locate an address for the Defendant over the Internet using various online search engines. None of these methods have resulted in a valid address or location of the Defendant.

Further Affiant saith not.

Thomas B. Albritton

Sworn to and subscribed before me on this 1st day of _____July_____, 2004.

Notary Public

My commission expires:

July 30, 2006

(NOTARIAL SEAL)

FILED
J.M. Counts
Court Clerk
Coffee Co. AL

**EXHIBIT "C"**

### IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an individual   )
and ETHEL TILLIS, an individual,

    )

    Plaintiffs,

    )

vs.       )    CV-2004-49

CECIL E. CAMERON,    )

    Defendant.    )

FILED
J.M. Counts
Court Clerk
Coffee Co. Al

## MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION AND MOTION TO QUASH SERVICE

COMES NOW the defendant, Cecil E. Cameron, by and through his counsel who is appearing specially and without submitting to the jurisdiction of this Court, and herewith moves this Court to deny plaintiff's motion for service by publication and to quash the purported service and in support assigns the following grounds separately and severally:

The grounds relied upon by plaintiff are not applicable in this case. Only in cases of equity or in cases involving marital status is service by publication allowed after merely showing that the defendant's address is unknown or that the defendant has been absent for over 30 days. For cases such as ours, evidence that the defendant is avoiding service is also required before notice by publication can be allowed. ARCP 4.3(a)(1).

The affidavit submitted in support of plaintiff's motion did not allege any facts showing that Cameron has avoided service as required by Rule 4.3(d)(1) of the ARCP . Case law makes it clear that a mere allegation of avoidance of service or the fact that Cameron cannot be found is not enough

1



for a court to allow service by publication in this instance. Plaintiff must allege specific facts which show that Cameron has avoided service, rendering him culpable. *Vaughn v. O'Neal,* 736 So.2d 635, 638 (Ala. Civ. App. 1999). Merely not being able to effectuate service is insufficient. In *Fisher v. Amaraneni,* 565 So.2d 84, 88 (Ala. 1990), the process server had tried six times to serve the defendant. However, even that did not satisfy the avoidance requirement. The plaintiff in the instance case has not satisfied the requirements to allow service by publication and therefore service should be quashed.

WHEREFORE, THESE PREMISES PRAYED, defendant moves this Court to deny plaintiff's motion for service by publication and to quash service.

Respectfully submitted this the 20th day of _SEPTEMBER_, 2004.

DAVID W. HENDERSON (HEN072)
Attorney for Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:    (334) 834-7600
Facsimile:    (334) 263-5969

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first class postage prepaid, on this the 20th day of _SEPTEMBER_, 2004.

Thomas B. Albritton, Esq.
Post Office Box 880
Andalusia, Alabama 36420

OF COUNSEL

2

# EXHIBIT "D"

**IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA**
**ELBA DIVISION**

LAYTHRON TILLIS, an individual   )
and ETHEL TILLIS, an individual,   )
              )
  PLAINTIFFS,       )
              )
VS.            )  **CASE NO. 2004-49**
              )
CECIL E. CAMERON,     )
              )
  DEFENDANT.      )

**ORDER**

The Plaintiffs having moved this Court for the entry of damages in the previously-ordered

Default Judgment and this Court having considered the affidavits and other evidence offered in

support of same, be it hereby:

ORDERED, ADJUDGED and DECREED that judgment be entered for the Plaintiff

Laythron Tillis and against the Defendant in the amount of $____120,000.00____ for which

let execution issue.  Judgment is hereby entered for the Plaintiff, Ethel Tillis, and against the

Defendant in the amount of $____20,000.00____ for her loss of consortium, for which

let execution issue.

Costs taxed to the Defendant.

Done this the ___3rd___ day of ___November___, 2004.

_____
Circuit Judge

NOV 2004
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

EXHIBIT
"D"

# EXHIBIT "E"

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of <u>Southern Reporter</u>.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in <u>Southern Reporter</u>.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2006

---

### 1040493

---

### Cecil E. Cameron

### v.

### Laythron Tillis and Ethel Tillis

### Appeal from Coffee Circuit Court
### (CV-04-49)

LYONS, Justice.

### I. Facts and Procedural History

Laythron Tillis and his wife, Ethel Tillis, allege that, on or about April 14, 2002, Cecil E. Cameron, while driving a rental car he had leased from Hertz Corporation, rear-ended



EXHIBIT
"E"

1040493

the vehicle occupied by Laythron, injurying him. As a result, the Tillises sued Cameron in the Coffee Circuit Court; Laythron alleged negligence and wantonness, and Ethel alleged loss of consortium.

The Tillises twice attempted to serve Cameron with the summons and complaint via certified mail at Cameron's last-known address in Ft. Walton Beach, Florida. Both attempts failed, and each return-receipt came back unclaimed. Subsequently, the Tillises filed a motion with the trial court for service by publication, which the trial court granted. The trial court ordered that notice of the complaint be published once a week for four successive weeks in a newspaper published in Coffee County. Apparently, Hertz became aware of the litigation and, pursuant to its rental agreement with Cameron, retained an attorney to represent Cameron. Hertz denies having had any contact with Cameron since entering into the rental agreement, and the attorney Hertz retained to represent Cameron denies ever having any contact with Cameron. Both Hertz and the attorney it retained to represent Cameron deny knowledge of Cameron's current whereabouts.

1040493

The attorney Hertz retained to represent Cameron states that he discovered through "alacourt.com," an Internet database of court records, that service had been made by publication, and he thereafter made a limited appearance in the trial court for the purpose of challenging such service. The attorney filed a "motion in opposition to plaintiff's motion for service by publication and motion to quash service." In effect, the motion falls under Rule 12(b)(4), Ala. R. Civ. P., attacking the sufficiency of process by arguing that Cameron was not subject to service by publication under the terms of the version of Rule 4.3(c), Ala. R. Civ. P., in effect at the time service by publication was made and that, the attorney says, applies to this proceeding.

The Tillises opposed the motion and moved for an entry of default. At a hearing in the trial court, the attorney retained to represent Cameron refused to accept service of process on Cameron's behalf. After the hearing, the trial court entered a written order denying the attorney's motion to quash service and granting the Tillises' motion for the entry of a default judgment. Subsequently, the trial court entered a judgment by default against Cameron and assessed damages of

1040493

$120,000 for Laythron and $20,000 for Ethel.  Fourteen days later, the attorney retained to represent Cameron filed a motion requesting the trial court to set aside the default judgment under Rule 55(c), Ala. R. Civ. P.; to grant relief from the judgment under Rule 60(b), Ala. R. Civ. P.; or to alter, amend, or vacate the judgment under Rule 59(e), Ala. R. Civ. P.  The attorney for Cameron argued in his motion that a nonresident defendant cannot be served by publication; that, in any event, before service may be made by publication, there must be evidence indicating that the defendant has avoided service; that default judgments are disfavored in the law; that the default judgment unduly prejudiced Cameron; and that the damages awarded were unsupported and excessive.  The trial court denied the motion, and Cameron appealed.

## II. Standard of Review

"The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion." Roberts v. Wettlin, 431 So. 2d 524, 526 (Ala. 1983).  However, "[w]hen the grant or denial

4

1040493

[of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand." Smith v. Clark, 468 So. 2d 138, 141 (Ala. 1985).

### III. Analysis

The attorney for Cameron argues that the trial court erred in refusing to set aside the default judgment or otherwise to grant Cameron relief from that judgment because, according to Cameron's attorney, the judgment was void in that the trial court lacked personal jurisdiction over Cameron. See, generally, Clark, 468 So. 2d at 141 ("A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."). According to Cameron's attorney, the trial court lacked personal jurisdiction over Cameron because he had not been properly served with the summons and complaint. See, generally, Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So. 2d 655, 657 (Ala. 2001) ("It is settled law that failure to effect proper service

1040493

under Rule 4, Ala. R. Civ. P., deprives the court of jurisdiction and renders a default judgment void.").

Cameron's attorney argues that Cameron was not properly served because the law provides that only Alabama residents may be served by publication. In Wise v. Siegel, 527 So. 2d 1281, 1282 (Ala. 1988), this Court stated:

> "In Braley v. Horton, 432 So. 2d 463 (Ala. 1983), the court held that the question of whether the defendant was a resident or a non-resident of the state was determinative of whether service of process by publication was ever permissible. There the Court held that Rule 4.3(c)[, Ala. R. Civ. P.,] applied only to resident defendants or a corporation with one of its principal places of business within the state. That rule contains the following provision:
>
>> "'(c) Avoidance of Service. When a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication ....' (Emphasis added.)
>
> "Rule 4.3(a)(2) provides that 'In no event shall an in personam judgment be entered on service by publication except as provided in subparagraph (c) of this rule.'"

Cameron's attorney argues that, because the Tillises did not show that Cameron was a resident of Alabama and because the

6

1040493

trial court made no finding that Cameron was a resident of Alabama, the above-quoted authority requires reversal of the trial court's order refusing to grant Cameron relief from the default judgment.

Wise was decided in 1998. An amendment to Rule 4.3, Ala. R. Civ. P., effective August 1, 2004, deleted the term "resident" from subsection (c) of Rule 4.3, which was quoted in Wise and Braley. The Committee Comments to Amendment to Rule 4.3 Effective August 1, 2004, state: "Under the Rule as amended, any defendant who is avoiding service is amenable to service by publication, even nonresident defendants." In the instant case, the trial court's order for service by publication was entered on July 12, 2004, before the amendment to Rule 4.3(c) took effect. Under Rule 4.3(d)(3), valid service by publication must be published for four consecutive weeks, and in the instant case, publication was made on July 22, July 29, August 5, and August 12. However, under our caselaw, service by publication on a nonresident defendant was invalid on July 22 and July 29. Therefore, service in this case has not been validly published for four consecutive

7

1040493

weeks.  Because Cameron was not properly served, the default judgment is void.

## IV. Conclusion

Because the default judgment is void, Cameron was due relief from that judgment, and the trial court erred in denying that relief.  We pretermit discussion of the other questions presented by the brief filed by Cameron's attorney dealing with the sufficiency of the evidence of avoidance of service under the circumstances as they existed at the time of publication, because consideration of that issue presupposes the availability of Rule 4.3(c), Ala. R. Civ. P., as amended effective August 1, 2004.

REVERSED AND REMANDED.

Nabers, C.J., and Woodall, Smith, and Parker, JJ., concur.

EXHIBIT "F"

COPY

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual | ) | |
| and ETHEL TILLIS, an Individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CASE NO. 2004-49 |
| | ) | |
| VS. | ) | |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice the Defendant will apply to the Clerk of this Court for issuance of the attached subpoena directed to Hertz Claim Management, who is not a party and whose address is 3400 Lakeside Drive, Suite 520, Miramar, Florida 33027, to produce the documents and things at the time and place specified in the subpoena.

Thomas B. Albritton          ALB009
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

EXHIBIT
"F"

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the ___21st___ day of ___August___ , 2006:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

Of Counsel

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual | ) | |
| and ETHEL TILLIS, an Individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CASE NO. 2004-49 |
| | ) | |
| VS. | ) | |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

CIVIL SUBPOENA FOR PRODUCTION
OF DOCUMENTS UNDER RULES 34(C) AND 45

TO:   Hertz Claim Management
      Attn: Custodian of Records
      3400 Lakeside Drive, Suite 520
      Miramar, Florida 33027

You are hereby commanded, at the instance of the Plaintiffs within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

The complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Cecil F. Cameron.

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.  Please inform us if the reasonable copying cost will be over $25.00.  **If you produce the records via return mail, please execute the enclosed certification of records, as well.**

Protection of Persons Subject to Subpoenas:

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)   (A)   A person commanded to produce and inspection and copying of designated books, papers, documents, or tangible things or inspection of premises need not

appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)  If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    required disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    required a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.**

**For your information Alabama law restricts the charges for records as follows: Retrieval fee, $5.00; pages 1-25, $1.00 per page; pages 26 and over, $.50 per page.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This _21st_ day of _August_ , 2006.

Thomas B. Albritton          ALB009
Attorney for Plaintiffs
109 Opp Avenue
P. O. Box 880
Andalusia, Alabama 36420

CIRCUIT CLERK

BY: _____


## RETURN ON SERVICE

    Received this subpoena on _____ and served it on

the within named _____ on the _____ day of _____,

2006.


_____

PROCESS SERVER

## CERTIFICATION OF CUSTODIAN

I, _____, hereby certify and affirm in writing that I am _____ of Hertz Claim Management, which is an insurance company organized and operated pursuant to or under the laws of Florida, located at 3400 Lakeside Drive, Suite 520, Miramar, Florida 33027, that I am custodian of these records and that the within copy of said records are an exact, full, true and correct copy of said records pertaining to the incident that occurred on April 14, 2002 involving Laythron Tillis and Cecil E. Cameron.

I further certify that these records were made in the regular course of the business of the above-described insurance company and it was the regular course of said insurance company to make such record at the time the records attached hereto were made; and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made, or within a reasonable time thereafter.

All of which I hereby certify and affirm on this the _____ day of _____, 2006.

_____
Records Custodian

STATE OF _____    )
COUNTY OF _____    )

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____, whose name is signed to the foregoing and who is known to me, acknowledged before me under oath on this day that after first being duly sworn and after being informed of the contents of this Certification, that the same is true. This person then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this, the _____ day of _____, 2006.

_____
Notary Public

My commission expires:

_____

(NOTARIAL SEAL)



# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | | |
|---|---|---|
| **LAYTHRON TILLIS, an Individual** | ) | |
| **and ETHEL TILLIS, an Individual,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | **CASE NO. 2004-49** |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **CECIL E. CAMERON,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## NOTICE OF 30(B)(6) DEPOSITION DUCES TECUM

Please take notice that at 10:00 a.m. CST on the 3rd day of October, 2006, pursuant to *Alabama Rules of Civil Procedure*, at the offices of Albrittons, Clifton, Alverson, Moody & Bowden, P.C., 109 Opp Avenue, Andalusia, Alabama 36420, the Plaintiffs will take the deposition of the corporate representative from Hertz Claims Management who is most knowledgeable regarding the following matters, and he/she is requested to bring with him/her the following records:

a.    All attempts made by Hertz Claims Management to locate Cecil E. Cameron;

b.    The policy of insurance covering Cecil E. Cameron at the time of the accident made the basis of the above-referenced lawsuit

c.    Complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Hertz Claims Management's insured Cecil E. Cameron.

_____
Thomas B. Albritton         ALB009
Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _12th_ day of _September_ 2006:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

                              Of Counsel

**EXHIBIT "G"**

COPY

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

LAYTHRON TILLIS, an Individual )
and ETHEL TILLIS, an Individual, )
                           )
        PLAINTIFFS, )      CASE NO. 2004-49
                           )
VS. )
                           )
CECIL E. CAMERON, )
                           )
        DEFENDANT. )

### NOTICE OF 30(B)(6) DEPOSITION DUCES TECUM

Please take notice that at 10:00 a.m. CST on the 3rd day of October, 2006, pursuant to *Alabama Rules of Civil Procedure*, at the offices of Albrittons, Clifton, Alverson, Moody & Bowden, P.C., 109 Opp Avenue, Andalusia, Alabama 36420, the Plaintiffs will take the deposition of the corporate representative from Hertz Claims Management who is most knowledgeable regarding the following matters, and he/she is requested to bring with him/her the following records:

a.     All attempts made by Hertz Claims Management to locate Cecil E. Cameron;

b.     The policy of insurance covering Cecil E. Cameron at the time of the accident made the basis of the above-referenced lawsuit

c.     Complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Hertz Claims Management's insured Cecil E. Cameron.

                                  Thomas B. Albritton      ALB009
                                  Attorney for Plaintiffs



EXHIBIT
"G"

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _12th_ day of _September_ 2006:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

Of Counsel

**EXHIBIT "H"**

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,    )
                                          )
       Plaintiffs,                     )
                                          )
vs.                                      )   CASE NO. CV-2004-049
                                          )
CECIL E. CAMERON,               )
                                          )
       Defendant.                )

## MOTION TO QUASH THIRD PARTY SUBPOENA
## OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Motion to Quash or, in the alternative, Motion for Protective Order, and without submitting to the jurisdiction of this Court. As grounds for this Motion, said non-party states as follows:

1. Upon information and belief, on or about September 11, 2006, Plaintiffs issued a subpoena directing Hertz Claim Management, a non-party, to produce its "complete claims file for Laythron Tillis' claim... ." See Exhibit "A."

2. Said subpoena is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation.

3. Attached hereto is an affidavit of Jim McAteer of Hertz Claims Management. See Exhibit "B" attached hereto. Mr. McAteer states that the materials in the subject claim file contains privileged matter and contains matter prepared in anticipation of litigation and is protected from disclosure pursuant to the work product doctrine. As noted by Mr. McAteer, the subject claims file contains letters from defense counsel; notes memorializing conversations with defense counsel and Plaintiff's counsel and claims' personnel; litigation strategy; legal opinions, conclusions, and assessments and other similar matter.

4. Also, upon information and belief, it is the understanding of the undersigned that Plaintiff's counsel is seeking testimony and production from Hertz Claims Management concerning the whereabouts of the Defendant. As established by the affidavits of Mr. McAteer and Mitch Weinstein (See Exhibits "B" and "C"), Hertz Claims Management has no knowledge concerning the whereabouts of the Defendant.



EXHIBIT
"H"

Wherefore, Hertz Claims Management requests the Court to quash the subject subpoena or in the alternative, enter an appropriate protective order limiting the scope of the same.


_____

R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management


OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 26th day of September, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101


_____

OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an Individual )
and ETHEL TILLIS, an Individual, )
)
      PLAINTIFFS, )    CASE NO. 2004-49
)
VS. )
)
CECIL E. CAMERON, )
)
      DEFENDANT. )

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULES 34(C) AND 45

TO:   Hertz Claim Management
      Attn: Custodian of Records
      3400 Lakeside Drive, Suite 520
      Miramar, Florida 33027

You are hereby commanded, at the instance of the Plaintiffs within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

The complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Cecil F. Cameron.

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. Please inform us if the reasonable copying cost will be over $25.00. **If you produce the records via return mail, please execute the enclosed certification of records, as well.**

Protection of Persons Subject to Subpoenas:

    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

    (2)    (A)  A person commanded to produce and inspection and copying of designated books, papers, documents, or tangible things or inspection of premises need not



EXHIBIT "A"

appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)  If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    required disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    required a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.**

**For your information Alabama law restricts the charges for records as follows: Retrieval fee, $5.00; pages 1-25, $1.00 per page; pages 26 and over, $.50 per page.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This _21st_ day of _August_, 2006.

Thomas B. Albritton            ALB009
Attorney for Plaintiffs
109 Opp Avenue
P. O. Box 880
Andalusia, Alabama 36420

CIRCUIT CLERK

BY: _____

### RETURN ON SERVICE

Received this subpoena on _____ and served it on

the within named _____ on the _____ day of _____,

2006.

_____
PROCESS SERVER

## CERTIFICATION OF CUSTODIAN

I, _____, hereby certify and affirm in writing that I am _____ of Hertz Claim Management, which is an insurance company organized and operated pursuant to or under the laws of Florida, located at 3400 Lakeside Drive, Suite 520, Miramar, Florida 33027, that I am custodian of these records and that the within copy of said records are an exact, full, true and correct copy of said records pertaining to the incident that occurred on April 14, 2002 involving Laythron Tillis and Cecil E. Cameron.

I further certify that these records were made in the regular course of the business of the above-described insurance company and it was the regular course of said insurance company to make such record at the time the records attached hereto were made; and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made, or within a reasonable time thereafter.

All of which I hereby certify and affirm on this the _____ day of _____, 2006.

_____
Records Custodian

STATE OF _____    )
COUNTY OF _____    )

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____, whose name is signed to the foregoing and who is known to me, acknowledged before me under oath on this day that after first being duly sworn and after being informed of the contents of this Certification, that the same is true. This person then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this, the _____ day of _____, 2006.

_____
Notary Public

My commission expires:

_____

(NOTARIAL SEAL)

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,       )
                                        )
      Plaintiffs,                       )
                                        )
vs.                                     )       CASE NO. CV-2004-049
                                        )
CECIL E. CAMERON,                       )
                                        )
      Defendant.                        )

STATE OF _____

_____ COUNTY

### Affidavit

    COMES NOW James P. McAteer of Hertz Claim Management, and after being duly sworn, states as follows:

    1. My name is James P. McAteer. I serve as Casualty Analyst for Hertz Claims Management. I am over the age of nineteen years and have personal knowledge of the matters stated herein. I give this affidavit in support of the Motion to Quash on behalf of Hertz Claim Management.

    2. Before this litigation ensued, on or about February 12, 2003, an attorney notified Hertz Claims Management that he represented the Plaintiffs. Before an attorney even contacted Hertz, the Plaintiff had refused settlement offers and the claims file memorializes all of this in a manner that establishes from near the very inception of the claims' file, it appeared that litigation would ensue.

    3. The subject claim file contains documents reflecting opinions and conclusions of Hertz Claim Management personnel and defense counsel related to subject accident and the nature of the claims being made in connection with the litigation and potential litigation. The claims file contains letters from defense counsel; notes memorializing conversations with defense counsel and Plaintiff's counsel and claims' personnel; litigation strategy; legal opinions, conclusions, and assessments and other similar matter.

    4. Hertz Claim Management contends said subpoena is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation.


EXHIBIT
"B"

5. Hertz Claims Management does not know the whereabouts of Cecil Cameron. The claims file does not contain any materials which would aid in knowing his whereabouts.

_____

JAMES P. MCATEER

SWORN TO AND SUBSCRIBED BEFORE ME THIS 26th DAY OF SEPTEMBER, 2006.

_____

NOTARY PUBLIC

My Commission Expires:

CAROLYN FRY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 6, 2009

**IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA**
**ELBA DIVISION**

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
)
    Plaintiffs, )
)
vs. )    CV-2004-49
)
CECIL E. CAMERON, )
)
    Defendant. )

STATE OF   _FLORIDA_

COUNTY OF   _BROWARD_

### AFFIDAVIT OF MITCH WEINSTEIN

1.    My name is Mitch Weinstein and I am over the age of 19 years and competent to
testify. I am the bodily injury examiner (adjuster) for Hertz Claim Management
Corporation. I am familiar with the allegations raised in the *Laythron Tillis*
Complaint, having reviewed that Complaint myself. I am also aware of the service
of process issues arising in this case. I give this affidavit based on personal
knowledge and my investigation of this particular claim.

2.    Upon my initial investigation into this case, I found the alleged accident occurred on
or about April 14, 2002 and Cecil E. Cameron was driving a car he had rented from
Hertz Rent-A-Car. I attempted to contact Mr. Cameron by telephone and U.S. Mail
to investigate this claim and lawsuit.

3.    Despite my investigation, at no time have I had any contact with the defendant, Cecil
E. Cameron. Mr. Cameron's last known address is 33 A Magnolia Avenue, Ft.



EXHIBIT
"C"

Walton Bea..., Florida 32548. To my knowledge, Mr. Ca... on does not know about

this claim or lawsuit.

Further affiant saith not.

MITCH WEINSTEIN

STATE OF _Florida_

COUNTY OF _Broward_

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, personally appeared Mitch Weinstein, whose name is signed to the foregoing and who is known to me, acknowledged before me on this date, that, the foregoing is true and correct to the best of his knowledge, information and belief.

SWORN and subscribed before me, this the 22 day of October, 2004.



Notary Public

(seal)                           My Commission Expires: _____

SANDRA H. KELLER
MY COMMISSION # DD 200577
EXPIRES: May 22, 2007
Bonded Thru Notary Public Underwriters

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,    )
                                     )
        Plaintiffs,                  )
                                     )
vs.                                  )    CASE NO. CV-2004-049
                                     )
CECIL E. CAMERON,                    )
                                     )
        Defendant.                   )

## OBJECTION TO DEPOSITION DUCES TECUM

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Objection to Plaintiff's Deposition Notice Duces Tecum and without submitting to the jurisdiction of this Court. As grounds for this Objection, said non-party states as follows:

1. The subject deposition notice duces tecum directs Hertz Claim Management to produce a 30(b)(6) representative to testify concerning and produce documents related to its "complete claims file for Laythron Tillis' claim....," "attempts made by Hertz Claim Management to located Cecil Cameron," and "[t]he policy of insurance covering Cecil Cameron."

2. Plaintiffs have failed to properly show substantial need, undue hardship and/or other proper grounds for said deposition duces tecum and the same is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation. In addition, it is important to note that Hertz Claim Management is not a party to this proceeding.

3. Hertz Claim Management seeks the withdrawal of said deposition notice duces tecum or will have no choice but to seek a protective order and/or motion to quash said notice.

_____
R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 25th day of September, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-2004-049 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTION TO THIRD PARTY SUBPOENA

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Objection to Plaintiff's Third Party Subpoena and without submitting to the jurisdiction of this Court. As grounds for this Objection, said non-party states as follows:

1. The subject subpoena directs Hertz Claim Management to produce its "complete claims file for Laythron Tillis' claim... ."

2. Said subpoena is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation.

3. Upon proper limitation of the subject matter of Plaintiffs' subpoena, Hertz Claim Management may reconsider its objection. Otherwise, Hertz Claim Management will have no choice but to seek a protective order and/or motion to quash said subpoena if the same is served.

_____
R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331

334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 25th day of September, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____
OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,  )
                                    )
    Plaintiffs,                      )
                                    )
vs.                                 )    CASE NO. CV-2004-049
                                    )
CECIL E. CAMERON,                   )
                                    )
    Defendant.                       )

## MOTION FOR CLARIFICATION OF COURT'S ORDER OVERRULING HERTZ'S OBJECTION TO PLAINTIFFS' NOTICE OF DEPOSITION DUCES TECUM OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

COMES NOW Hertz Claim Management ("Hertz"), and makes this appearance solely to submit this Motion for Clarification, or in the Alternative, Motion for Protective Order, and without submitting to the jurisdiction of this Court states as follows:

1. The Court's order of November 29, 2006, includes a notation overruling the objection Hertz made to the Notice of Deposition Duces Tecum filed by Plaintiffs. As noted in its Objections to the Notice of Deposition, Hertz is not a party to these proceedings. A notice of deposition sent to the Defendant Cameron's counsel is not sufficient to require a deposition of a non-party. (See Notice of Deposition Duces Tecum attached Exhibit "A" attached hereto). There has been no subpoena issued for the attendance of representative of Hertz to attend any deposition which, of course, would be required of any non-party. It is unclear whether Hertz is required to make application for a protective order at this juncture since there has been no attempt by Plaintiffs to compel the attendance of Hertz representative at a deposition but to the extent such is deemed required, Hertz makes this Motion.

2. Hertz Claims Management requests the Court to clarify its previous docket entry and withdraw its notation overruling Hertz's objections to the Notice of Deposition Duces Tecum. Such notation or similar order is premature pending further action of the Plaintiffs.

3. Alternatively, Hertz, in a height of caution, seeks a protective order to limit the subject matters of any such deposition. Plaintiffs have failed to properly show substantial need, undue hardship and/or other proper grounds for said deposition duces tecum and the same is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). For instance, Plaintiffs should not be allowed to ask questions or seek responses which invade the work product doctrine, attorney-client privilege or seek such information which was prepared in anticipation of litigation. Similarly, the Court should limit the production of any documents requested in the Notice of Deposition.

_____

R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 4th day of January, 2007:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____
OF COUNSEL

**COPY**

### IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an Individual | ) | |
| and ETHEL TILLIS, an Individual, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CASE NO. 2004-49 |
| | ) | |
| VS. | ) | |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### NOTICE OF 30(B)(6) DEPOSITION DUCES TECUM

Please take notice that at 10:00 a.m. CST on the 3rd day of October, 2006, pursuant to *Alabama Rules of Civil Procedure*, at the offices of Albrittons, Clifton, Alverson, Moody & Bowden, P.C., 109 Opp Avenue, Andalusia, Alabama 36420, the Plaintiffs will take the deposition of the corporate representative from Hertz Claims Management who is most knowledgeable regarding the following matters, and he/she is requested to bring with him/her the following records:

    a.    All attempts made by Hertz Claims Management to locate Cecil E. Cameron;

    b.    The policy of insurance covering Cecil E. Cameron at the time of the accident made the basis of the above-referenced lawsuit

    c.    Complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Hertz Claims Management's insured Cecil E. Cameron.

Thomas B. Albritton    ALB009
Attorney for Plaintiffs

Ex "A"

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the _12th_ day of _September_ 2006:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

Of Counsel

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,  )
             )
   Plaintiffs,       )
             )
vs.             )  CASE NO. CV-2004-049
             )
CECIL E. CAMERON,     )
             )
   Defendant.      )

### SUPPLEMENT TO MOTION TO RECONSIDER COURT'S ORDER DENYING MOTION TO QUASH THIRD PARTY SUBPOENA OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER and SUPPLEMENT TO MOTION FOR CLARIFICATION COURT'S ORDER OF NOVEMBER 29, 2006 ORDER

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Supplement to its Motion to Quash, or in the alternative, Motion for Protective Order, Motion to Reconsider the Motion to Quash or, in the alternative, Motion for Protective Order, and Motion for Clarification of Court's Order of November 29, 2006, and without submitting to the jurisdiction of this Court states as follows:

1. A case which originated in this Circuit is directly on point related to the subject matter and Hertz submits the same as further grounds for why the Court's order of November 29, 2006 was in error. The case of In re National Contract Poultry Growers' Association, 771 So. 2d 466, 469 (Ala. 2000) holds that when one seeks to secure the attendance of a witness or to procure the production of documents located outside the state, that party must follow the procedures as outlined in In re National Contract Poultry Grower's Association, to wit: The party must seek the issuance of a subpoena in the courts of the state where the corporation exists. (A copy of said case is attached hereto as Exhibit "A"). As shown by the attached document (Exhibit "B") from the Secretary of State

of Alabama, Hertz Claim Management is a foreign corporation with its principal place of business in New Jersey. This Court had no authority to issuance the subpoena directed to Hertz Claim Management. Finally, service of process of the subpoena was defective

2. For these reasons as well as all the reasons previously set out in its prior filings, Hertz requests the Court to set aside its order of November 29, 2006. The presumptive "reasonable" time in this case in which to file a petition for writ of mandamus is due to expire on January 10, 2007. Therefore, Hertz requests the Court to set aside its order of November 29, 2006, pending a hearing on this matter.

3. A proposed Order is attached hereto.

_____
R. RAINER COTTER,III(COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 5th day of January, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____
OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,      )
                                       )
            Plaintiffs,                )
                                       )
vs.                                    )    CASE NO. CV-2004-049
                                       )
CECIL E. CAMERON,                      )
                                       )
            Defendant.                 )

ORDER

Pending further consideration of Hertz Claim Management's Motion to Quash and Motion to Reconsider this Court's order of November 29, 2006, it is ORDERED that the Court's order of November 29, 2006 is SET ASIDE. A hearing on said Motions shall take place on the _____ day of _____, 2007, at _____ a.m./p.m. at the Courthouse in Elba.

DONE THIS _____ DAY OF _____, 2007.

_____
Circuit Court Judge

Westlaw.

771 So.2d 466
771 So.2d 466
(Cite as: 771 So.2d 466)

C

Supreme Court of Alabama.
In re NATIONAL CONTRACT POULTRY
GROWERS' ASSOCIATION.
(In re Celia English et al.
v.
ConAgra, Inc., et al.)
**1980946.**

May 5, 2000.

Out-of-state nonparty was held in contempt by the Coffee Circuit Court, No. CV-96-025, Thomas E. Head III, J., for refusing to respond to nonparty subpoena issued in civil action. Nonparty appealed. The Supreme Court, Brown, J., held that Alabama court lacked authority to issue subpoena directed to nonparty.

Reversed and remanded.

West Headnotes

**[1] Process** ☞62
313k62
Process beyond the jurisdiction of the courts to secure issuance of subpoena from nonparty located outside of state must depend upon the existence of a rule or statute in the other state or country which makes available compulsory process to foreign litigants who desire to return to their home state for trial with the fruits of discovery thus obtained. Rules Civ.Proc., Rules 34(c), 45(b).

**[2] Pretrial Procedure** ☞130
307Ak130
Alabama court lacked authority to issue subpoena for production of documents to nonparty located outside of state; subpoena had to be issued by court of other state and had to be served in accordance with other state's law. Rules Civ.Proc., Rules 34(c), 45(b).
*466 Kimberly J. Calametti of Gardner, Middlebrooks, Fleming, Gibbons & Kittrell, P.C., Mobile, for National Contract Poultry Growers' Association.

Robert H. Harris of Harris, Caddell & Shanks, P.C., Decatur; and Kenneth T. Fuller, M. Dale Marsh, and M. Chad Tindol of Cassady, Fuller & Marsh, L.L.P., Enterprise, for ConAgra, Inc.

BROWN, Justice.

The National Contract Poultry Growers' Association ("NCPGA") appeals from an order finding it in contempt for its failure to respond to a nonparty subpoena issued at the request of ConAgra, Inc., a defendant in an action pending in the Coffee Circuit Court. We reverse and remand.

On February 27, 1996, a group of poultry growers sued ConAgra, Inc.; one of its subsidiaries, ConAgra Poultry Company; and a number of ConAgra employees, alleging that the defendants had engaged in discriminatory business practices. During the discovery phase of that case, ConAgra requested that the trial court issue a nonparty subpoena to NCPGA for the production of documents.

NCPGA is a corporation organized under the laws of Arkansas, with its principal place of business in Rushton, Louisiana. NCPGA has no office in Alabama, and it is not qualified to do business in Alabama. NCPGA does have an affiliated state organization, the Alabama Contract Poultry Growers' Association. NCPGA's contacts with Alabama are limited to communication with the state association and the fact that a number of its dues-paying members live in Alabama. A number of these members *467 are plaintiffs in the lawsuit pending in the Coffee Circuit Court. The subpoena was served by certified mail on NCPGA at its office in Rushton, Louisiana. The subpoena sought the production of documents kept by NCPGA at that office. NCPGA did not respond to the subpoena.

Because NCPGA did not respond to the subpoena, ConAgra filed a motion to compel production. The motion to compel was served on NCPGA by certified mail at its Rushton, Louisiana, office. The circuit court held a hearing on ConAgra's motion to compel; however, NCPGA did not appear for the hearing. Following the hearing, the trial court entered an order directing NCPGA to comply with the subpoena. This order was also served on NCPGA by certified mail at its principal place of business in Rushton, Louisiana.

On July 27, 1998, NCPGA filed a motion for a reconsideration of the court's order of compulsion. The trial court denied that motion on September 24, 1998. On the advice of counsel, NCPGA did not produce the documents sought by the nonparty

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. "A"

771 So.2d 466
771 So.2d 466
**(Cite as: 771 So.2d 466)**

subpoena.

On December 23, 1998, ConAgra filed a motion requesting that NCPGA be required to show cause why it should not be held in contempt. A hearing was set on that motion. NCPGA, through counsel, argued that the trial court lacked the jurisdiction to issue, as well as to enforce, a subpoena directed to a nonparty located outside the State of Alabama. In an order dated January 28, 1999, the trial court rejected NCPGA's argument, stating:

"[T]he said National Association appeared, through counsel, and presented arguments by which it contended that the National Association is not subject to the force of a subpoena issued by this Court but served outside the State of Alabama. The Court is unpersuaded by such argument since it appears to the Court, and is conceded by the National Association that: (1) It is a corporation organized under the laws of the State of Louisiana [sic]; (2) it does business in the State of Alabama where it solicits members from whom it solicits and collects dues; and (3) it is not qualified to do business in the State of Alabama and does not have an agent within the State of Alabama authorized to accept service of process. The Court considers that, under these circumstances and upon a consideration of Section 232, Constitution of Alabama, § 10-2B-15.10(b), Code of Alabama 1975, and Rule 4(c)(6), and Rule 34, [Ala.R.Civ.P.], the National Association was effectively served with the subject subpoena and that its obedience to that subpoena may be enforced within the State of Alabama. It further appears to the Court that the National Contract Poultry Growers' Association has not shown any cause why it should not be [found] in contempt of this Court by failing to respond to the subject subpoena by producing the records therein described and required to be produced...."

Concluding that NCPGA was in contempt, the trial court ordered it to produce the documents requested by the subpoena and to pay ConAgra's counsel $1,000 for expenses and fees incurred in seeking enforcement of the subpoena. Additionally, the court ordered that until such time as NCPGA purged itself of the contempt, it was forbidden from conducting any business activity in Alabama, including, but not limited to: (1) soliciting or accepting any new members of NCPGA; (2) collecting dues from any current NCPGA members; (3) conducting any NCPGA meetings; (4) communicating in any way with any NCPGA members; and (5) communicating or conducting any kind of business with its corresponding Alabama association. This appeal

followed.

NCPGA argues that the trial court lacked jurisdiction to issue and enforce a subpoena directed to a nonparty located outside the State of Alabama. Although technically it is not a party to this appeal, ConAgra has filed a brief in support of its contention that NCPGA was properly *468 served with the subpoena. The gist of ConAgra's argument appears to be that because NCPGA solicits members from Alabama and accepts dues from Alabama poultry growers, it does business in Alabama and has therefore subjected itself to the jurisdiction of Alabama courts. As a foreign corporation doing business in Alabama, ConAgra claims, NCPGA was required to obtain a certificate of authority from the secretary of state. See § 10-2B-15.01, Ala.Code 1975. ConAgra further contends that because NCPGA had no registered agent in Alabama, § 10-2B-15.10, Ala.Code 1975, authorized service as provided for in the Alabama Rules of Civil Procedure. [FN1]

> FN1. Section 10-2B-15.10, Ala.Code 1975, entitled "Service on foreign corporation," states:
> "(a) The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation.
> "(b) A foreign corporation may be served as provided by the Alabama Rules of Civil Procedure if the foreign corporation:
> "(1) Has no registered agent or its registered agent cannot be with reasonable diligence served;
> "(2) Has withdrawn from transacting business in this state under Section 10-2B-15.20; or
> "(3) Has had its certificate of authority revoked under Section 10-2B-15.31.
> "(c) This section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation."

Rule 34(c), Ala.R.Civ.P., provides that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45," Ala.R.Civ.P. Rule 45 governs the issuance of subpoenas in civil actions. That rule reads, in pertinent part:

"(b) *Service.*
"(1) A subpoena may be served by the sheriff, a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

771 So.2d 466
771 So.2d 466
**(Cite as: 771 So.2d 466)**

deputy sheriff, or by any other person who is not a party and is not less than eighteen (18) years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person or by leaving a copy at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein and, if the person's attendance at a place more than 100 miles from the person's residence is commanded, by tendering to that person the fees for one day's attendance and an amount to reimburse the mileage allowed by law. Prior notice of intent to secure the issuance of a subpoena to command production of documents and things or inspection of premises before trial under the procedure set forth in subparagraph (a)(3) of this rule shall be served on each party in the manner prescribed by Rule 5(b).

"(2) Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the state.
"....

"(c) *Protection of Persons Subject to Subpoenas.*
"....

"(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

"(i) fails to allow reasonable time for compliance;

"(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of *469 clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held...."

The fact that NCPGA may have sufficient contacts with the State of Alabama to subject it to the jurisdiction of the Alabama courts under the Alabama long-arm personal-jurisdiction provisions is irrelevant to the question presented in this case. However, a finding that NCPGA is subject to the personal jurisdiction of Alabama courts would not necessarily mean that it was obligated to respond to a subpoena by having to appear and produce

documents in an Alabama court in a lawsuit to which it is not a party. The underlying concepts of personal jurisdiction and subpoena power are entirely different. Personal jurisdiction is based on conduct that subjects the nonresident to the power of the Alabama courts to adjudicate its rights and obligations in a legal dispute. For example, a foreign corporation that qualifies to do business in Alabama subjects itself to the jurisdiction of an Alabama court, even if it is not a party to a lawsuit. *Ex parte Nissei Sangyo America, Ltd.,* 577 So.2d 912, 914-15 (Ala.1991). By contrast, the subpoena power of an Alabama court over an individual or a corporation that is not a party to a lawsuit is based on the power and authority of the court to compel the attendance of a person at a deposition or the production of documents by a person or entity. See *Ex parte Leverton,* 536 So.2d 41, 44 (Ala.1988) (state trial court does not have jurisdiction over a nonparty, out-of-state witness).

[1] When one seeks a subpoena to secure the attendance of a witness, or to procure the production of documents, located outside the state, a different procedure is warranted. Although we find no Alabama decision addressing this specific situation, one commentator has stated the applicable procedure:

"Process beyond the jurisdiction of the courts to which these rules apply must depend upon the existence of a rule or statute in the other state or country which makes available compulsory process to foreign litigants who desire to return to their home state for trial with the fruits of discovery thus obtained. For our rule extending this courtesy to foreign litigants who need discovery in Alabama for actions pending outside of Alabama, see Rule 28(c) which makes our Rule 45 available."

1 Champ Lyons, Jr., *Alabama Rules of Civil Procedure Annotated* § 45.2 (3d ed.1996). This procedure accords with the procedure used in other jurisdictions to secure the issuance of a subpoena for the attendance of a person, or the production of documents from a nonparty, located outside the state's boundaries. See, e.g., *Craft v. Chopra,* 907 P.2d 1109, 1111 (Okla.App.1995); *Phillips Petroleum Co. v. OKC Ltd. Partnership,* 634 So.2d 1186, 1189 (La.1994); *In re Special Investigation No. 219,* 52 Md.App. 17, 24-25, 445 A.2d 1081, 1085-86 (1982).

[2] ConAgra sought to subpoena documents in the possession of NCPGA, documents located in Louisiana. Therefore, the subpoena had to be issued by a Louisiana court and had to be served in accordance with Louisiana law. Louisiana law

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

771 So.2d 466
771 So.2d 466
**(Cite as: 771 So.2d 466)**

provides:

"A subpoena shall be served and a return thereon made in the same manner and with the same effect as a service of and return on a citation. When a party is summoned as a witness, service of the subpoena may be made by personal service on the witness' attorney of record."

Art. 1355, La.Code. Civ. Proc. Ann. (West 1984). Article 1261, La.Code. Civ. Proc. Ann., governs service on domestic and foreign corporations. That article requires personal service on the corporation's designated agent, or, in the absence of a designated agent, personal service on any officer, director, resident agent, or an "employee of suitable age and discretion." *470 Service by certified mail is allowed only when a subpoena that has been personally served is ordered reissued because of a continuance. Art. 1355.1, La.Code. Civ. Proc. Ann.

For the reasons stated above, the trial court lacked the authority to issue a subpoena directed to NCPGA. Accordingly, NCPGA cannot be held in contempt for failing to respond to that subpoena. The judgment of the trial court holding NCPGA in contempt of court is reversed and this cause is remanded.

REVERSED AND REMANDED.

HOOPER, C.J., and HOUSTON, SEE, and ENGLAND, JJ., concur.

771 So.2d 466

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



# CORPORATE DETAILS
## Office of the Secretary of State
## State of Alabama

**INITIATE NEW BROWSE**

Corporation                                                          F/C 905-772
  Legal Name:   Hertz Claim Management Corporation

State Of Inc:   Delaware

Qualified...:   03-07-1996

Date Of Inc.:   11-20-1979

Reg Agent...:   THE CORPORATION COMPANY
                2000 INTERSTATE PARK DRIVE STE 204
                MONTGOMERY, AL  36109

Prin Address:   225 BRAE BLVD
                PARK RIDGE, NJ  07656

Nat Of Bus..:   ---

 2006    **ANNUAL REPORTS**

**← PREVIOUS PAGE**



© 2007, Office of the Secretary of State, State of Alabama

Ex. B

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,      )
                                       )
        Plaintiffs,                    )
                                       )
vs.                                    )        CASE NO. CV-2004-049
                                       )
CECIL E. CAMERON,                      )
                                       )
        Defendant.                     )

**HERTZ CLAIM MANAGEMENT'S ADDITIONAL SUBMISSION**

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this

Additional Submission in support of its previous filings and without submitting to the jurisdiction of this

Court states as follows:

1.   In re National Contract Poultry Growers' Association, 771 So. 2d 466, 469 (Ala. 2000)

holds that when one seeks to secure the attendance of a witness or to procure the production of documents

located outside the state from a non-party, that party must follow the procedures as outlined in In re

National Contract Poultry Grower's Association. That is, the party must seek the issuance of a subpoena

in the courts of the state where the documents exists.

2.   As established by the attached affidavit, Hertz Claim Management is a foreign corporation

with its principal place of business in New Jersey. The documents requested in the Plaintiffs' subpoena are

located outside Alabama. The documents are maintained and located in New Jersey and Florida. In In re

National Contract Poultry Growers' Association, 771 So. 2d at 469, the Alabama Supreme Court held

that when a party seeks to subpoena non-party documents located outside Alabama, that party must seek

a subpoena issued by a court in the state where the documents are located. It is irrelevant that a non-party,

foreign corporation may be subject to the jurisdiction of an Alabama court if the documents sought are not maintained within Alabama. Id.

_____
R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 8th day of January, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

_____
OF COUNSEL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    CASE NO. CV-2004-049 |
| | ) |
| CECIL E. CAMERON, | ) |
| | ) |
| Defendant. | ) |

**STATE OF New Jersey**

**COUNTY of BERGEN**

<div align="center">

**Affidavit**
</div>

COMES NOW Lisa Coulter of Hertz Claim Management, and after being duly sworn, states as follows:

1. My name is Lisa Coulter. I serve as Senior Casualty Analyst for Hertz Claims Management Corporation. I am over the age of nineteen years and have personal knowledge of the matters stated herein.

2. Hertz Claim Management is incorporated in the State of Delaware. Its principal place of business is in New Jersey.

3. The "claims file" documents related to the 2002 accident involving Cecil Cameron and Laythron Tillis are kept and maintained in New Jersey and Florida. Those documents are not maintained by Hertz in the State of Alabama.

_Lisa M Coulter_
Lisa Coulter

SWORN TO AND SUBSCRIBED BEFORE ME THIS _8th_ DAY OF JANUARY, 2007.

_Carolyn Fry_
NOTARY PUBLIC
My Commission Expires:

**CAROLYN FRY**
**NOTARY PUBLIC OF NEW JERSEY**
**MY COMMISSION EXPIRES DEC. 6, 2009**

EXHIBIT "I"



ELECTRONICALLY FILED
1/8/2007 2:29 PM
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
MICKEY COUNTS, CLERK

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

ELBA DIVISION

| LAYTHRON TILLIS AND ETHEL TILLIS, | * | |
|---|---|---|
| | * | |
| PLAINTIFFS, | * | CASE NO.:   CV 2004-49 |
| | * | |
| VS. | * | |
| | * | |
| CECIL E. CAMERON, | * | |
| | * | |
| DEFENDANT. | * | |

### *O R D E R*

Pending further consideration of Hertz Claim Management's Motion to Quash and Motion to reconsider this Court's Order of November 29, 2006, *IT IS ORDERED* that the Court's Order of November 29, 2006, is **SET ASIDE**.  A hearing on said Motions shall take place on the 24th day of January 2007 at 9:00 a.m. at the Courthouse in Elba.

This the 8th day of January 2007.


/s/ ROBERT W. BARR
Circuit Judge



EXHIBIT

**EXHIBIT "J"**

COPY

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual          )
and ETHEL TILLIS, an individual,        )
                                        )
        PLAINTIFFS,                     )
                                        )
VS.                                     )          CV-04-049
                                        )
CECIL E. CAMERON, an individual;        )
HERTZ CLAIMS MANAGEMENT, a              )
foreign corporation; THE HERTZ          )
CORPORATION, a foreign corporation,     )
                                        )
        DEFENDANTS.                     )

## FIRST AMENDED COMPLAINT

### COUNT ONE--NEGLIGENCE

1.      On or about the 14th day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

2.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

### COUNT TWO–WANTONNESS

3.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

4.      On or about the 14th day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the



EXHIBIT
"J"

motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5.    As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

6.    The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.    The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

## COUNT FOUR–BREACH OF CONTRACT

8.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

9.    The Plaintiffs and the Defendants Hertz Claims Management and The Hertz Corporation, (hereinafter referred to as "Hertz defendants") were at all times relevant hereto, parties to a contract which provided for the payment of benefits in the event Cecil Cameron was involved in a accident involving a motor vehicle entrusted to Mr. Cameron by the Hertz defendants.

10.    These Defendants have breached this contract in that they failed to tender the

benefits to the Plaintiffs to which they are entitled as beneficiaries of the contract, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

## COUNT FIVE–FRAUD

11.     The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

12.     At all times relevant hereto, the Hertz Defendants have misrepresented directly, and through their agents, servants, and employees that they are unable to accept service of process on behalf of the Defendant Cecil Cameron, or that they are otherwise unable to fully represent Mr. Cameron's interests in this litigation.

13.     The above-described statement is false, and was made for the purpose of deceiving the Plaintiffs, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages, and for punitive damages, as allowed by law.


**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the _12th_ day of _January_, 2007:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Mr. Rainer Cotter
MARSH, COTTER, & STEWART
P.O. Box 310910
Enterprise, AL 36331

Of Counsel

Please serve the defendant via certified mail as follows:

Hertz Claim Management Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

The Hertz Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

EXHIBIT "K"

# FAX TRANSMISSION

ALBRITTONS, CLIFTON, ALVERSON, MOODY & BOWDEN, P.C.
Post Office Drawer 880
109 Opp Avenue
Andalusia, Alabama 36420
334-222-3177 - Phone
334-222-2696 - Fax

| | | | |
|---|---|---|---|
| **To:** | Mitch | **Date:** | April 27, 2004 |
| **Fax #** | 866-888-9067 | **Pages:** | 6, including cover sheet |
| **From:** | Tom Albritton | | |
| **Subject:** | Laythron Tillis | | |

COMMENTS: Copy of lawsuit filed April 13, 2004.

**If you do not receive all of the pages, or if they are not legible, please call immediately.**

CONFIDENTIALITY NOTICE: The documents accompanying this facsimile transmission may contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone or arrange for return of the original documents to us.

tabbies
EXHIBIT
"K"