IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:07-CV-0078-WKW |
| ) | |
| CECIL E. CAMERON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The removing defendant has the burden of establishing the existence of federal jurisdiction. *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If nothing in the complaint, the notice of removal, or the record sufficiently alleges the citizenship of the parties, the district court may allow the defendants to submit evidence in support of jurisdiction in order to ensure complete diversity exists. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004) (remanding to the district court to determine citizenship where removing defendant failed to adequately allege in its notice of removal the citizenship of both parties).

Therefore, it is ORDERED that the defendants shall show cause **on or before September 13, 2007**, how the complete diversity requirement of subject matter jurisdiction exists in this matter.

DONE this 30th day of August, 2007.

                                            /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE