IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-0078-WKW (WO) |
| ) | |
| CECIL E. CAMERON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Defendants Hertz Claims Management and The Hertz Corporation (collectively, the "Hertz companies") and Cecil E. Cameron ("Cameron") removed this case from the Circuit Court of Coffee County, Alabama, on January 26, 2007. Before the court is Laythron and Ethel Tillis's ("Plaintiffs") Motion to Remand or in the Alternative to Sever and Remand (Doc. # 7), which is due to be DENIED for the reasons set forth below.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiffs seek unspecified compensatory and punitive damages from Cameron on the basis of negligence, wantonness, and loss of consortium and from the Hertz companies on the basis of fraud and breach of contract. The plaintiffs allege that Cameron, while driving a rental truck leased from The Hertz Corporation on or about April 14, 2002, collided with a vehicle occupied by Laythron Tillis, thereby injuring him. On or about February 12, 2003, the plaintiffs' attorney contacted Hertz Claims Management to notify them of his representation. (Doc. # 1-8 at 31, ¶ 2.) The plaintiffs only filed suit against Cameron in the Circuit Court of Coffee County, Alabama on April 13, 2004. At this time, Cameron's whereabouts were apparently unknown both to the plaintiffs and the Hertz companies despite attempts to locate him via phone, U.S. mail, and internet searches.

After two unsuccessful attempts to serve Cameron via certified mail to his last known address in Fort Walton Beach, Florida, the plaintiffs filed a motion for service by publication. The Circuit Court granted the motion and gave Cameron until September 12, 2004, to answer the complaint.

At some point before the plaintiffs filed their motion for service by publication, one of the Hertz companies retained counsel "to defend Cameron upon proper service" pursuant to its rental agreement. (Doc. # 1-6 at 53, ¶ 5.) On September 20, 2004, eight days after Cameron's deadline to answer, counsel retained by Hertz on Cameron's behalf ("Cameron's counsel") appeared specially before the Circuit Court to challenge the service by publication. After Cameron's counsel refused to accept service on his behalf at the hearing, claiming they did not have his permission as they had never had contact with him, the Circuit Court granted the plaintiffs' motion for entry of default against Cameron on October 6, 2004. (Doc. # 1-6 at 23.) After the plaintiffs moved for an award of damages on the default judgment, Cameron's counsel moved to set aside the entry of default and to deny the plaintiffs' motion for entry of damages. (Doc. # 1-6 at 45.) The Circuit Court denied these motions and proceeded to award damages of $120,000 to Laythron Tillis and $20,000 to Ethel Tillis. Two weeks later, Cameron's counsel filed a motion to set aside the default judgment, or in the alternative, alter, amend or vacate the judgment (Doc. # 1-6 at 52), which the Circuit Court denied on December 6, 2004. On January 5, 2005, The Hertz Corporation made its first appearance through its own separate counsel ("Hertz's counsel") to deposit cash security of $175,000 (Doc. # 1-6 at 117). On the same day, Cameron's counsel filed notice of appeal to the Alabama Supreme Court on behalf of Cameron (Doc. # 1-6 at 128) and filed a motion to stay judgment and a notice of payment of monies into court on behalf of The Hertz Corporation (Doc. # 1-6 at 120; Doc. # 1-6 at 125).

In time, the Alabama Supreme Court held that Cameron had not been properly served and that the default judgment was void, and it reversed and remanded the case. *Cameron v. Tillis*, 952 So. 2d 352, 354 (Ala. 2006). Back in the Circuit Court, the plaintiffs proceeded to file a civil subpoena on a non-party (*i.e.*, Hertz Claim Management) and sought a deposition duces tecum of Hertz Claim Management's corporate representative. Both were opposed by Hertz's counsel. The Circuit Court initially denied Hertz's objections but eventually set the order aside and granted a hearing date after receiving Hertz's motion for clarification and reconsideration. (Doc. # 1-8 at 58.) Four days later, on January 12, 2007, the plaintiffs filed an amended complaint in Circuit Court adding Hertz Claims Management and The Hertz Corporation as defendants for the first time with counts of fraud and breach of contract. (Doc. # 1-8 at 67-70.)

According to his affidavit, Cameron first learned of the lawsuit sometime in January 2007. (Doc. # 10-6 at 1.) On January 23, 2007, Cameron first met with the counsel who had been retained by one of the Hertz companies on his behalf over two years ago (*i.e.*, Cameron's counsel) and finally authorized him to accept service on his behalf. Three days later, both Cameron and the Hertz companies filed notice of removal to this court. On January 29, 2007, for the first time during the course of this litigation, Cameron and the Hertz companies answered the plaintiffs' complaint. (Docs. # 4 & # 5.) Now before the court is the plaintiffs' motion to remand back to the Circuit Court of Coffee County based on a theory of waiver, or in the alternative, a request to sever the claims against the Hertz companies and then to decline to exercise supplemental jurisdiction over them.

## II. JURISDICTION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The state action was pending in the Circuit Court of Coffee County, Alabama, which is located within the Southern Division of the Middle District of Alabama. As a result, this court is the proper United States district court for consideration of the removed action.

The removing defendant has the burden of establishing the existence of federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). The district courts of the United States "shall have original jurisdiction of all civil actions where the matter in controversy [(1)] exceeds the sum or value of $75,000, exclusive of interest and costs, and [(2)] is between . . . citizens of different States." 28 U.S.C. § 1332(a). As for the jurisdictional amount, if it "is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). Considering the plaintiffs were initially awarded $140,000 by the trial court after the judgment by default, *Cameron*, 952 So. 2d at 353, and the plaintiffs made a demand to settle the case for $175,072.87 (Doc. # 1 at 2, ¶ 5), it is clear from the removal notice that the amount in controversy exceeds the jurisdictional requirement.

As for complete diversity, the notice of removal clearly asserts Cameron is a resident of Florida and that the Hertz companies are foreign corporations with principal places of business outside the State of Alabama. (Doc. # 1 at 2, ¶ 3.) According to an affidavit made by a corporate representative, Hertz Claim Management is incorporated in the State of Delaware and its principal place of business is in New Jersey. (Doc. # 1-8 at 57.) In the notice of removal, defendants "submit diversity of citizenship exists" in this matter. (Doc. # 1 at 2, ¶ 4.)

However, upon the court's examination of the complaint, the removal notice, and the record, there appeared to be no specific assertions regarding the citizenship of the plaintiffs. Moreover, nothing specific was provided concerning the state of incorporation or principal place of business for The Hertz Corporation. An order to show cause for jurisdiction (Doc. # 15) was issued allowing the defendants an opportunity to submit evidence in order to supplement the record such that a determination of jurisdiction could be made. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004) (remanding to the district court to determine citizenship where removing defendant failed to adequately allege in its notice of removal the citizenship of both parties); *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320-21 (11th Cir. 2001) (allowing the removing defendant an opportunity to submit evidence in support of its assertion of jurisdiction). The defendants' response includes an affidavit stating The Hertz Corporation is incorporated in the State of Delaware and has its principal place of business in the State of New Jersey. (Doc. # 19-6 at 1, ¶ 2.) The response also asserts the plaintiffs are residents of Alabama, both at the time the suit was originally filed and at the time this matter was removed by the defendants. (Doc. # 19 at 2, ¶ 2.) This is supported by an affidavit from the Coffee County Revenue Commissioner, an executor's deed for real estate in Coffee County conveyed to the plaintiffs, and a copy of the police report with Laythron Tillis's address listed as Elba, Alabama. (Docs. # 19-3 & # 19-4.) It is now clear that the parties are completely diverse such that jurisdiction before the court is proper.

### III. DISCUSSION

In their motion to remand, the plaintiffs contend removal of this action from state court was

improper because the defendants waived their right of removal.[1] In the alternative, the plaintiffs seek to sever and remand their claims against the Hertz companies.

### A.    *Waiver of Removal*

Under 28 U.S.C. §1441(a), a defendant may remove a state court proceeding to federal court if the federal court could have entertained the suit originally. However, "[a] state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3721, at 363 (3d ed. 1998). The determination of whether a defendant has waived his right to remove due to his active participation in the state court proceedings is made on a case-by-case basis. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). "As a general rule, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" *Fain v. Biltmore Sec., Inc.*, 166 F.R.D. 39, 40 (M.D. Ala. 1996) (quoting *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989)). "In order to find that a defendant waived its right to remove, a court must find that the defendant clearly and unequivocally intended to waive the right to remove and to submit to the state's jurisdiction." *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414, 416 (M.D. Ala. 1999).

The Eleventh Circuit has held that the filing of a motion to dismiss, in and of itself, does not waive a defendant's right of removal. *See Yusefzadeh*, 365 F.3d at 1247; *Cogdell v. Wyeth*, 366 F.3d

---

[1] Because the plaintiffs do not contest the timeliness of the defendants' removal, the court will not examine the issue and deems it waived. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) ("[T]he district court may not *sua sponte* decide to remand the case for any procedural defect other than lack of subject matter jurisdiction."); *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989) ("Petitioning for removal outside the 30-day window constitutes a defect in removal procedure which may be waived.").

1245, 1249 (11th Cir. 2004). While the Eleventh Circuit has provided little further guidance for determining when removal has been waived by a defendant, persuasive authority from this district provides two factors to guide the analysis: "1) whether the actions taken by the Defendants in the state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court and 2) whether the removal can be characterized as an appeal from an adverse judgment of the state court." *Fain*, 166 F.R.D. at 40-41.

This district and the Northern District of Alabama have found that filing an answer in state court does not waive removal. *Franklin v. City of Homewood*, No. 07-TMP-006-S, 2007 WL 1804411, at *6 (N.D. Ala. June 21, 2007); *Haynes*, 184 F.R.D. at 417. In this district, the filing of a motion to stay and compel arbitration has also been found insufficient to waive the removal right. *Fain*, 166 F.R.D. at 41-42. In another case from this district, not even the filing in state court of an answer with affirmative defenses, a motion for a more definite statement, interrogatories, and requests for production of documents were held to constitute a waiver of the removal right. *Brown v. Sasser*, 128 F. Supp. 2d 1345, 1347-48 (M.D. Ala. 2000). Rather, these actions were found to be "preliminary actions in a lawsuit, not at all comparable to the sort of dispositive motion addressing the merits of a case that arguably might most clearly demonstrate an intent to litigate." *Id.* at 1348.

Under very similar circumstances to the case at hand, federal courts in districts outside of this circuit have held motions to set aside default judgments and motions challenging service of process did not waive a defendant's right to remove. *See Hawes v. Cart Prods., Inc.*, 386 F. Supp. 2d 681, 687 (D.S.C. 2005) (holding the filing of a motion for relief from default, a motion challenging service of process, a motion to continue a damages hearing, and a motion to shorten the time for discovery responses "fail[s] to establish the type of substantial step necessary to manifest a clear and

unequivocal intent to proceed solely in state court"); *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1243-44 (D. Kan. 2001) (holding the defendant's efforts to set aside a default judgment and its motion to dismiss for improper service did not waive its right of removal because the defendant "was simply seeking to preserve its right to contest the merits of plaintiffs' claims and was not seeking a ruling on the merits of those claims").

1. **Cameron**

Although it has been well over three years since the initial complaint in state court and Cameron's counsel has submitted multiple filings during that time period, there was only a singular purpose to oppose – correctly as it turned out – a fundamental deficiency in one of the most preliminary steps of the litigation process. This continuous opposition to improper service by Cameron's counsel was hardly a "testing of the waters" in state court clearly demonstrating an intent to litigate there, but rather it was merely an attempt to maintain the status quo (*i.e.*, delay litigation from proceeding and default judgment from occurring until the defendant was properly served). In fact, Cameron never even filed an answer in state court, and, every time a filing was made on his behalf, it was always by special appearance contesting the court's jurisdiction. These actions are a far cry from a dispositive motion addressing the merits of the case or a permissive counterclaim that would clearly indicate an intent to litigate in state court. *See, e.g.*, *Fain*, 166 F.R.D. at 41 n.3 ("Permissive counterclaims have consistently been held to effectuate a waiver."); *Bolivar Sand Co. v. Allied Equip., Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986) (listing cross-claims, permissive counterclaims, and other actions that may result in a disposition on the merits as examples that may constitute waiver of removal).

Nor can Cameron's removal be characterized as an appeal because, as the state court's entry

8

of default judgment was deemed void by the Alabama Supreme Court, Cameron has no adverse judgment from which to appeal through this removal. Because Cameron's counsel only sought to maintain the status quo and there is no adverse judgment from which to appeal, Cameron's actions did not clearly indicate an intent to litigate in state court such that he waived his right to remove to federal court.

### 2. Hertz Companies

Removal is a statutory procedure and is to be strictly construed. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006). Removal procedure under 28 U.S.C. § 1446(a) only grants the right of removal to a "defendant or defendants." Although the Hertz companies appeared in state court prior to filing their notice of removal, it was only as a non-party in order to object to discovery motions made against them and to deposit cash security after the default judgment was awarded. The Hertz companies became defendants only upon the filing of the plaintiffs' first amended complaint on January 12, 2007. As a result, it was only upon their being made defendants that the Hertz companies were able to file a notice of removal in accordance with 28 U.S.C. § 1446. The Hertz companies could not have waived a right they did not yet possess.

### B. *Severance of Claims*

Rule 21 of the Federal Rules of Civil Procedure states that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. "The determination of whether to grant a motion to sever is left to the discretion of the trial court." *Fisher v. Ciba Specialty Chem. Corp.*, __ F. Supp. 2d __, No. 03-0566-WS-B, 2007 WL 1795819, at *1 (S.D. Ala. June 20, 2007). It is so broad that courts have "virtually unfettered discretion in determining whether or not severance is appropriate." *Id.* (quoting *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003)

(internal quotation marks omitted)). Whether severance would facilitate settlement or judicial economy is among the factors a court may examine while determining whether to sever the claims. *See id.* Additionally, a court may consider "the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic." *Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F. Supp. 343, 350 (D. Kan. 1996) (citation omitted).

The plaintiffs bring two claims against the Hertz companies: breach of contract and fraud. The breach of contract claim arises directly out of the automobile accident that is the underlying cause of the plaintiffs' claims against Cameron and, as a result, severance would be inappropriate. While the fraud claim arises out of alleged actions taken by the Hertz companies after the initial complaint was filed, the underlying facts involve the same parties to this suit and are sufficiently related and intertwined that, in the interests of judicial economy and in order to promote the possibility of settlement, they should not be severed from the rest of the claims against Cameron. Additionally, it was the plaintiffs who initially chose to add the Hertz companies to this action against Cameron rather than filing a separate complaint. The plaintiffs' alternative request to now sever their claims against the Hertz companies is denied.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The plaintiffs' Motion to Remand or in the Alternative to Sever and Remand (Doc. # 7) is DENIED;

2. A new scheduling order shall be issued.

DONE this 25th day of September, 2007.

        /s/ W. Keith Watkins
        UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

# CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).