IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAYTHRON TILLIS, an individual** ) | | |
| **and ETHEL TILLIS, an individual,** ) | | |
| ) | | |
| **PLAINTIFFS,** ) | | |
| ) | | |
| VS. ) | 1:07CV78-WKW | |
| ) | | |
| **CECIL E. CAMERON, an individual;** ) | | |
| **HERTZ CLAIMS MANAGEMENT, a** ) | | |
| **foreign corporation; THE HERTZ** ) | | |
| **CORPORATION, a foreign corporation;** ) | | |
| **HERTZ RENT-A-CAR, a foreign corpora-** ) | | |
| **tion,** ) | | |
| ) | | |
| **DEFENDANTS.** ) | | |

**SECOND AMENDED COMPLAINT**

COME NOW the Plaintiffs and supplement and amend their previously-filed Complaints as follows:

**COUNT ONE--NEGLIGENCE**

1. On or about the 14th day of April, 2002, the Defendant Cecil E. Cameron negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, Laythron Tillis, on U.S. Highway 331.

2. As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiffs seek compensatory damages to include, but not to be limited to, damages for mental anguish.

**COUNT TWO–WANTONNESS**

3. The Plaintiffs incorporate by reference and reallege as if fully set out herein, all

previous allegations.

4. On or about the 14th day of April, 2002, the Defendant, Cecil E. Cameron, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5. As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiffs seek compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

### COUNT THREE–LOSS OF CONSORTIUM

6. The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

7. The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife. As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

### COUNT FOUR–BREACH OF CONTRACT

8. The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

9. The Plaintiffs and the Defendants Hertz Claims Management, The Hertz Corporation, and Hertz Rent-a-Car (hereinafter referred to as "Hertz defendants") were at all times relevant hereto, parties to a contract which provided for the payment of benefits in the event

Cecil Cameron was involved in an accident involving a motor vehicle entrusted to Mr. Cameron by the Hertz defendants.

10. These Defendants have breached this contract in that they failed to tender the benefits to the Plaintiffs to which they are entitled as beneficiaries of the contract, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

## COUNT FIVE–FRAUD

11. The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

12. At all times relevant hereto, the Hertz Defendants have misrepresented directly, and through their agents, servants, and employees that they were unable to accept service of process on behalf of the Defendant Cecil Cameron, or that they were otherwise unable to fully represent Mr. Cameron's interests in this litigation, or that they were unable to locate Mr. Cameron so as to secure his consent for them to defend him.

13. The above-described statements are and were false, and were made for the purpose of deceiving the Plaintiffs, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages, and for punitive damages, as allowed by law.

## COUNT SIX–VICARIOUS LIABILITY

14. The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

15. At all times relevant hereto, The Hertz Defendants were the owners of the motor

vehicle being driven by the Defendant, Cecil Cameron. Moreover, these defendants voluntarily entrusted this motor vehicle to Mr. Cameron, who negligently and/or wantonly operated the above-referenced motor vehicle.

16. As a proximate result of Mr. Cameron's negligent and/or wanton operation of the above-referenced motor vehicle, the Plaintiffs were damaged.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

/s/Thomas B. Albritton
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

CERTIFICATE OF SERVICE

       I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by electronic service if registered, and if not, then by regular U.S. Mail, postage prepaid, to the following on this, the 2nd day of January, 2008:

Mr. David W. Henderson  
HILL, HILL, CARTER, FRANCO,  
COLE & BLACK, P.C.  
Post Office Box 116  
Montgomery, AL 36101-0116

Mr. Rainer Cotter  
MARSH, COTTER, & STEWART  
P.O. Box 310910  
Enterprise, AL 36331

                                              /s/Thomas B. Albritton  
                                              Of Counsel

Case 1:07-cv-00078-WKW-TFM    Document 30    Filed 01/02/2008    Page 6 of 6