IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 1:07-cv-00078-WKW |
| ) | |
| CECIL E. CAMERON, HERTZ CLAIMS ) | |
| MANAGEMENT, and THE HERTZ ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS HERTZ CLAIM MANAGEMENT CORPORATION and THE HERTZ CORPORATION'S MOTION RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**

COME NOW Hertz Claim Management Corporation and The Hertz Corporation, and submit this Response in Opposition to Plaintiffs' Motion to Amend:

1. On January 2, 2008, the Plaintiffs filed a Motion to Amend their Complaint and attached a Second Amended Complaint. The Court entered an order directing the defendants to respond in writing to said Motion on or before January 14, 2008.

2. The Plaintiffs' Motion to Amend should be denied under the doctrine of futility. A district court may properly deny a plaintiff leave to amend a complaint due to futility. See Motorcity of Jacksonville, Ltd. v. Southeast Bank N.A., 83 F.3d 1317, 1323 (11th Cir.1996), vacated on other grounds by Hess v. F.D.I.C., 519 U.S. 1087, 117 S.Ct. 760, 136 L.Ed.2d 708 (1997), reinstated by Motorcity of Jacksonville, Ltd. v. Southeast Bank N.A., 120 F.3d 1140 (11th Cir.1997), cert. denied, 523 U.S. 1093, 118 S.Ct. 1559, 140 L.Ed.2d 791 (1998). First, Plaintiffs seek to amend their complaint by adding a defendant which they list as "Hertz Rent-A-Car." As established by the attached affidavit of Dennis G. McGinley, Assistant General Counsel for Hertz, there is no corporate subsidiary or affiliate of The Hertz Corporation known as Hertz Rent-A-Car. See Exhibit "A" attached hereto.

Second, Plaintiffs' proposed amended complaint adds a claim entitled "vicarious liability." Assuming for the sake of argument that Alabama and not federal law would apply to this issue, Alabama law precludes any claim for vicarious liability in cases such as this. See American Fire & Casualty Co. v. State Farm Mutual Automobile Ins. Co., 273 So.2d 186, 188-89 (Ala. 1973) (noting that a claim for vicarious liability fails where there are no averments to the effect that the owner of the automobile was riding therein and directing its operation, or that the driver of the automobile, while driving it with the owner's permission, was driving it solely for the benefit of the owner.); see also Castro v. Budget Rent-A-Car System, Inc.,65 Cal. Rptr.3d 430, 441-42 (Cal. App. 2007) (Plaintiff sought to recover against the lessor of an automobile and the court noted that Alabama law provides that permissive use alone does not furnish any basis for liability against the owner). Moreover, even if Alabama did not preclude such a claim, federal law does. See 49 U.S.C.A. §30106(2005) (effectively preempting any state's vicarious liability laws related to an owner who is engaged in the business of renting a vehicle). In instant case, there are no allegations in the Plaintiff's proposed, amended complaint that The Hertz Corporation negligently entrusted the subject vehicle to Cecil Cameron; that Hertz was directing its operation or that Mr. Cameron was driving the vehicle solely for Hertz's benefit.

3. As shown above, allowing the Plaintiffs to amend their complaint would be futile and, therefore, their Motion to Amend should be denied.

/s/ R. Rainer Cotter, III

R. RAINER COTTER,III(COT010)
Attorney for Hertz Claim Management Corporation

and The Hertz Corporation

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
Ph. 334-347-2626
Fax 334-393-1396
email: rrc@enterpriselawyers.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 14th day of January, 2008:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

                                                   /s/ R. Rainer Cotter, III
                                                   OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 1:07-cv-78-WKW |
| ) | |
| CECIL E. CAMERON, HERTZ CLAIMS ) | |
| MANAGEMENT and THE HERTZ ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**STATE OF New Jersey**

**COUNTY of BERGEN**

<u>Affidavit</u>

COMES Dennis G. McGinley of The Hertz Corporation, and after being duly sworn, states as follows:

1. My name is Dennis G. McGinley. I serve as Assistant General Counsel for The Hertz Corporation. I am over the age of nineteen years and have personal knowledge of the matters stated herein.

2. I have reviewed the Tillis' Second Amended Complaint. It purports to add "Hertz Rent-A-Car," a foreign corporation. I am familiar with the corporate structure of The Hertz Corporation which is the legal entity in the business of renting vehicles. The Hertz Corporation does not have a corporate subsidiary or affiliate named Hertz Rent-A-Car. There is no corporate affiliate of The Hertz Corporation known as "Hertz Rent-A-Car."

*Dennis G. McGinley* (signature)
Dennis G. McGinley

SWORN TO AND SUBSCRIBED BEFORE ME THIS  10th  JANUARY, 2008.

*Carolyn Fry* (signature)
NOTARY PUBLIC
My Commission Expires:

CAROLYN FRY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 6, 2009

EXHIBIT "A"