**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

LAYTHRON TILLIS, an individual                )
and ETHEL TILLIS, an individual,              )
                                               )
      PLAINTIFFS,                           )
                                               )
VS.                                            )        1:07CV78-WKW
                                               )
CECIL E. CAMERON, an individual;               )
HERTZ CLAIMS MANAGEMENT, a                     )
foreign corporation; THE HERTZ                 )
CORPORATION, a foreign corporation;            )
HERTZ RENT-A-CAR, a foreign corpora-          )
tion,                                          )
                                               )
      DEFENDANTS.                           )

**RESPONSE TO**
**OPPOSITION TO MOTION TO AMEND**

    COME NOW the Plaintiffs and Respond to the Hertz Defendants' Opposition to Motion to Amend Complaint as follows:

    1.   <u>Federal Rules of Civil Procedure,</u> Rule 15(c) provides that Courts should "freely give leave" to amend when justice so requires. And a Motion for Leave to Amend should be denied "only when a substantial reason exists" to do so. See, e.g., <u>Wyatt v. Bellsouth, Inc.,</u> 176 F.R.D. 627 (M.D. Ala. 1998). Although futility is a ground for denying a Motion for Leave to Amend, it should only be granted if the new cause of action does not state a claim upon which relief can be granted. See id. In other words, the Court should analyze the "futility" issue just as it would analyze a Motion to Dismiss. The threshold for a Complaint to survive a Motion to Dismiss is "exceedingly low." <u>Ancata v. Prison Health Servs., Inc.,</u> 769 F.2d 700 (11th Cir. 1985). In order to survive a Motion to Dismiss, however, the Complaint must allege facts that raise the possibility

of recovery to something more than speculation. <u>Bell Atl. Corp v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955 (2007).

2.     The Plaintiffs have filed claims which seek compensation under theories that are supported by the law that is applicable to those theories, and against parties which the facts support recovery against. The Plaintiffs' Amended Complaint adds Hertz Rent-A-Car as a Defendant. According to Hertz, the Defendant Cecil Cameron rented a car from "Hertz Rent-A-Car." See affidavit of Mitch Weinstein, representative from Hertz attached hereto as Exhibit "A." Hertz Claims Management claims that it was adjusting the Plaintiffs' claims as an Administrator for "Hertz Rent-A-Car." See letter attached hereto as Exhibit "B." It is based on this evidence that the Plaintiffs added "Hertz Rent-A-Car" as a defendant in this case.

The Plaintiffs have attempted discovery as to Hertz records, but up to this point the Hertz Defendants have objected to the production of any of their records. See Motion to Quash attached hereto as Exhibit "C." The Defendants represented in their Notice of Removal, however, that the Defendant Cecil Cameron lives in Florida. The owner of the car the Defendant Cecil Cameron drove is Hertz, which is located in Orlando, Florida. See accident report attached hereto as Exhibit "D." Presumably, the contract under which the Defendant Cameron drove the car was executed in Florida, as well. The Plaintiffs allege, and Hertz's own evidence suggests, that it is this contract that enabled Mr. Cameron to drive the car which collided with Mr. Laythron Tillis's car in the first place.

In Alabama courts, the state where the contract was executed provides the law that governs the interpretation of the contract and the relationship of the parties to that contract. See <u>Ferris v. Jennings</u>, 851 F. Supp. 418 (M.D.Ala. 1993). In the present case, therefore, Florida law governs these issues. Under Florida's "dangerous instrumentality doctrine," an owner who

authorizes someone else to operate the owner's vehicle, whether by express or implied consent, has a nondelegable duty to ensure that the vehicle is operated safely. See, e.g., <u>Villaneuva v. Youngblood</u>, 927 So. 2d 955 (Fla. 2006). It is not based on principles of respondeat superior or agency; but is, rather, based on the fact that "the owner of an instrumentality which has the capability of causing death or destruction should in justice answer for the misuse of this instrumentality by anyone operating it with his knowledge and consent." <u>Saullo v. Douglas</u>, 957 So. 2d 80 (Fla. 2007).[1]

The Plaintiffs have amended their Complaint to state, among other things, that as owners of the subject vehicle which Mr. Cameron rented, these defendants are responsible for Mr. Cameron's behavior. The Plaintiffs have, therefore, alleged claims that entitle them to relief; and the possibility of relief is more than speculative. In light of the evidence that exists at this point, the fact that the Defendants can later raise in a dispositive motion the same issues they now raise, and in light of the policy favoring amendments to pleadings in the first place, the Plaintiffs request this Court to allow their amended pleading.

/s/Thomas B. Albritton
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

---

[1]Defendants make reference to 49 U.S.C.A. §30106 (2005), also known as the "Graves Amendment," and claim that it "effectively preempts" any state's vicarious liability law. The Graves Amendment, however, does not apply to actions filed before its effective date. The effective date of the Graves Amendment was August 10, 2005. The present action was filed on April 13, 2004, over a year prior to the effective date of that Amendment. Moreover, the Graves Amendment by its own terms does not preempt claims based on state law if the owner of the vehicle (in this case, Hertz) was negligent. As discovery is just beginning in the present case, disallowing the Amended Complaint at this point would be premature and would involve the resolution of issues of fact more appropriately analyzed at summary judgment.

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696


<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by electronic service if registered, and if not, then by regular U.S. Mail, postage prepaid, to the following on this, the 16th day of January, 2008:

Mr. David W.Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Mr. Rainer Cotter
MARSH, COTTER, & STEWART
P.O. Box 310910
Enterprise, AL 36331


                                                  <u>/s/Thomas B. Albritton</u>
                                                  Of Counsel

# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | |
|---|---|
| **LAYTHRON TILLIS, an individual**<br>**and ETHEL TILLIS, an individual,** | ) |
| **Plaintiffs,** | ) |
| **vs.** | )　　**CV-2004-49** |
| **CECIL E. CAMERON,** | ) |
| **Defendant.** | ) |

STATE OF _FLORIDA_

COUNTY OF _Broward_

## AFFIDAVIT OF MITCH WEINSTEIN

1.　My name is Mitch Weinstein and I am over the age of 19 years and competent to testify. I am the bodily injury examiner (adjuster) for Hertz Claim Management Corporation. I am familiar with the allegations raised in the *Laythron Tillis* Complaint, having reviewed that Complaint myself. I am also aware of the service of process issues arising in this case. I give this affidavit based on personal knowledge and my investigation of this particular claim.

2.　Upon my initial investigation into this case, I found the alleged accident occurred on or about April 14, 2002 and Cecil E. Cameron was driving a car he had rented from Hertz Rent-A-Car. I attempted to contact Mr. Cameron by telephone and U.S. Mail to investigate this claim and lawsuit.

3.　Despite my investigation, at no time have I had any contact with the defendant, Cecil E. Cameron. Mr. Cameron's last known address is 33 A Magnolia Avenue, Ft.

Walton Beach, Florida 32548. To my knowledge, Mr. Cameron does not know about

this claim or lawsuit.

Further affiant saith not.

MITCH WEINSTEIN

STATE OF _____Florida_____

COUNTY OF _____Broward_____

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, personally appeared Mitch Weinstein, whose name is signed to the foregoing and who is known to me, acknowledged before me on this date, that, the foregoing is true and correct to the best of his knowledge, information and belief.

SWORN and subscribed before me, this the 22 day of October, 2004.

Notary Public

My Commission Expires: _____

(seal)



SANDRA H. KELLER
MY COMMISSION # DD 200577
EXPIRES: May 22, 2007
Bonded Thru Notary Public Underwriters



**Hertz Claim Management**

Hertz Claim Management Corporation
3400 Lakeside Drive, Suite 520, Miramar, FL 33027
Telephone: (800) 543-0499
Fax:        (866) 222-7090

07/03/2003

THOMAS      ALBRITTON
109 OPP AVENUE
PO DRAWER 880
ANDALUSIA           AL 36420-0880


RE:  OUR CASE NUMBER:    01-2002-06099-N
     DATE OF ACCIDENT:   04/14/2002
     YOUR CLIENT:        LATHAN      TILLIS
     ADMINISTRATORS FOR: HERTZ RENT A CAR


Dear mr. albritton:

To date, we have received some copies of your client's supporting
documentation.  Please forward a complete packet of specials and a demand to
settle this case.   This information is neccesary to enable Hertz Claim
Management to fully evaluate this claim.

Upon receipt of the above documentation we will be in a position to discuss
the merits of this claim with you.

Very truly yours,

CAROL      CONNOR
Claims Department
(DOCR2-A)

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-2004-049 |
| | ) | |
| CECIL E. CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO QUASH THIRD PARTY SUBPOENA
## OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

COMES NOW Hertz Claim Management, and makes this appearance solely to submit this Motion to Quash or, in the alternative, Motion for Protective Order, and without submitting to the jurisdiction of this Court. As grounds for this Motion, said non-party states as follows:

1.  Upon information and belief, on or about September 11, 2006, Plaintiffs issued a subpoena directing Hertz Claim Management, a non-party, to produce its "complete claims file for Laythron Tillis' claim… ." See Exhibit "A."

2.  Said subpoena is over-broad and seeks information which is protected from disclosure in accordance with relevant Alabama law. See Ex parte Nationwide Mut. Fire Ins. Co., 898 So. 2d 720 (Ala. 2004); Ex parte State Farm Mut. Automobile Ins. Co., 386 So.2d 1133 (Ala. 1980). Said claims file contains privileged matter and constitutes protected work product and matter prepared in anticipation of litigation.

3.  Attached hereto is an affidavit of Jim McAteer of Hertz Claims Management. See Exhibit "B" attached hereto. Mr. McAteer states that the materials in the subject claim file contains privileged matter and contains matter prepared in anticipation of litigation and is protected from disclosure pursuant to the work product doctrine. As noted by Mr. McAteer, the subject claims file contains letters from defense counsel; notes memorializing conversations with defense counsel and Plaintiff's counsel and claims' personnel; litigation strategy; legal opinions, conclusions, and assessments and other similar matter.

4.  Also, upon information and belief, it is the understanding of the undersigned that Plaintiff's counsel is seeking testimony and production from Hertz Claims Management concerning the whereabouts of the Defendant. As established by the affidavits of Mr. McAteer and Mitch Weinstein (See Exhibits "B" and "C"), Hertz Claims Management has no knowledge concerning the whereabouts of the Defendant.

Wherefore, Hertz Claims Management requests the Court to quash the subject subpoena or in the alternative, enter an appropriate protective order limiting the scope of the same.

R. RAINER COTTER, III (COT010)
Attorney for Hertz Claims Management

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
334-347-2626

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 26th day of September, 2006:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

OF COUNSEL

AST-27
REV. 1/91

**COPY**

# ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT

Shaded Areas To Be Used By Data Processing Only

Sheet 1 of 3 Sheet(s)

Microfilm No. _____

Accident No _____

Local Case No. 202060725

## LOCATION AND TIME

| Date | Time | Day of Week | City | | Highway Classification |
|---|---|---|---|---|---|
| 04 14 2002 | 15:35 PM (MT) | M T W TH F S **23** SU | FLORALA | Rural | 01-Interstate 3-State M-Municipal |

On Street Road or Highway: **U.S. HWY 331**

At Intersection of or Between (Node 1) And (Node 2)

Node Code: 0 0 0 . 0 0 0   Feet Miles From 1 or 2

First Harmful Event **20**   Event Location **1**   Distance to Fixed Object **N/A** FT

No. of Vehicles **2**   Prime Contr Circms **05**   Prime Contr No **1**

## UNIT 1 / DRIVER

Driver Full Name: **CECIL E. CAMERON**   Street Address: **33A MAGNOLIA AVE.**   City and State: **FT. WALTON BCH., FL.**   Zip **32548**   Telephone No **850 362-1176**

DOB: **04 15 1954**   Race **W**   Sex **M**   DL State **FL**   Driver License No. **C565-105-54-135-0**   DL Class **E**   DL Status **C**

Place of Employment: **UNKNOWN**   Liability Insurance Co.: **HERTZ RENTAL CORP.**   Social Security No **3 2 1 - 5 0 - 3 2 0 8**

Maneuver **20**   Travel Road Name **U.S. HWY 331**   Road Code **S009**   Travel Direction E(S) W   Other Contr Circumstance **05**   Prime Harm Event **20**   Event Loc **1**

## COM VEH / UNIT 1

| Veh Year | Make | Model | Body | V.I.N. | License Tag Number | State | Year |
|---|---|---|---|---|---|---|---|
| 2002 | FORD | 150 | PU | 1FTRX18L52NA38823 | EC909P | FL | |

Owner's Name **HERTZ RENTAL CORP.**   Street or RFD **520 N SEMORAN BLVD. SUITE140**   City **ORLANDO**   State **FL**   Zip **32807**

Speed Limit **25** MPH   Est. Speed **999** MPH   Citation Offense Charged **NONE**   Occupants in Unit **2**

Vehicle Towed By Whom: **N/A**   To Where: **N/A**   Enter Point of Initial Impact **1**

## UNIT 2 / DRIVER

Driver Full Name: **LAYTHRON TILLIS**   Street Address: **602 COUNTY RD. 377**   City and State: **ELBA, AL.**   Zip **36323**   Telephone No **334 493-4399**

DOB: **12 31 1959**   Race **B**   Sex **M**   DL State **AL**   Driver License No. **3897631**   DL Class **DM**   DL Status **C**

Place of Employment: **UNKNOWN**   Liability Insurance Co.: **ALFA # A1569933**   Social Security No **4 2 3 1 - 8 8 1 - 3 4 6 2**

Maneuver **19**   Travel Road Name **U.S. HWY 331**   Road Code **S009**   Travel Direction E S W **(N)** - Not on Rd U-Unk   Other Contr Circumstance **19**   Prime Harm Event **20**   Event Loc **1**

## COM VEH / VEHICLE OR PEDESTRIAN

| Veh Year | Make | Model | Body | V.I.N. | License Tag Number | State | Year |
|---|---|---|---|---|---|---|---|
| 1995 | NISS | ALT | 4D | 1N4BU31D0SC208709 | 19AM853 | AL | 2002 |

Owner's Name **LAYTHRON TILLIS**   Street or RFD **602 COUNTY RD 377**   City **ELBA**   State **AL**   Zip **36323**

Speed Limit **25** MPH   Est. Speed **000** MPH   Citation Offense Charged **NONE**   Occupants in Unit **1**

Vehicle Towed By Whom: **N/A**   To Where: **N/A**   Enter Point of Initial Impact **5**

## CODES

Contributing Circumstances / Driver Maneuver / Pedestrian Action / Event Location