**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LAYTHRON TILLIS, an individual**<br>**and ETHEL TILLIS, an individual,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )    **Case No.: 107-CV-78-WKW** |
| | ) |
| **CECIL E. CAMERON, an individual;**<br>**HERTZ CLAIMS MANAGEMENT, a**<br>**foreign corporation; THE HERTZ**<br>**CORPORATION, a foreign corporation,** | ) |
| | ) |
| | ) |
| **Defendants.** | |

## MOTION TO COMPEL

COME NOW the Defendant **Cecil E. Cameron ("Cameron")** by and through counsel of record and moves this Honorable Court to compel the Plaintiffs to fully respond to his discovery requests.   As grounds for this motion, Defendant shows unto this Honorable Court as follows:

1.    Cameron served discovery requests on Plaintiffs on October 18, 2007.  (See Defendant's Exhibit 1).

2.    The responses to those discovery requests became overdue pursuant to the *Federal Rules of Civil Procedure.*

3.    Cameron's counsel of record notified Plaintiffs' counsel by letter dated November 27, 2007 that the responses to the Cameron's discovery requests were overdue. Cameron's counsel requested Plaintiffs respond by December 4, 2007.  (See Exhibit 2, November 27, 2007 letter).  Plaintiffs did not respond by December 4, 2007.

4.     On December 14, 2007, the undersigned had a telephone conversation with Plaintiffs' counsel who agreed to respond to Cameron's discovery requests by December 31, 2007.  (See Exhibit 3, December 18, 2007 letter).  Plaintiffs still did not respond by December 31, 2007.

5.     On January 10, 2008, Plaintiff Laythron Tillis finally responded to interrogatories to him.  However, his responses were unsigned.  Plaintiff Ethel Tillis failed to respond at all to Cameron's interrogatories to her and both Plaintiffs completely failed to respond to Cameron's first request for production of documents.  Moreover, Plaintiffs failed to respond to Request for Admissions numbers 29 and 30.  (See Exhibit 4, Plaintiffs' incomplete responses).

6.     Cameron's counsel does not believe further efforts to resolve this matter will be successful in that he has communicated several times in the past with Plaintiffs' attorney and granted him extensions but still does not have responses to his discovery requests.

WHEREFORE, THESE PREMISES considered, for the reasons stated herein, Defendant request that this Honorable Court compel the Plaintiffs to fully respond to his discovery requests.

 /s/ David W. Henderson
RANDALL MORGAN [MOR037]
DAVID W. HENDERSON (HEN072)
Attorneys for Defendant Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
     COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
(334) 834-7600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the Ala-File system and served a copy via United States Mail, postage prepaid, properly addressed this the 22nd day of January, 2008 to the following:

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

R. Rainer Cotter, III, Esq.
Marsh, Cotter & Tindol
Post Office Box 310910
Enterprise, Alabama 36331

/s/ David W. Henderson
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
)
    Plaintiffs, )
)
vs. )    Case No.: 107-CV-78-WKW
)
CECIL E. CAMERON, an individual; )
HERTZ CLAIMS MANAGEMENT, a )
foreign corporation; THE HERTZ )
CORPORATION, a foreign corporation, )
)
    Defendants.

## DEFENDANT CECIL E. CAMERON'S
## FIRST INTERROGATORIES TO PLAINTIFFS

COMES NOW the Defendant **CECIL E. CAMERON** ("Cameron") and propounds the following interrogatories to Plaintiffs to be answered separately and severally:

    1.    Please state your full name, date and place of birth, social security number, home address and telephone number, business address and telephone number.

    2.    By whom have you been employed for the last 10 years? In what position? Give your job title and a description of your duties.

    3.    For each marriage, please state the name of each spouse, the date of each marriage, the place of each marriage, the date of termination of each marriage, the place of termination, the last known address of any former spouse still living and the names, addresses and ages of children born of each marriage.

    4.    Have you ever been charged or convicted of any criminal offense, including traffic violations? If so, please state the nature of the offense with which you were charged,



EXHIBIT

tabbies'

1

the state, county and city in which you were charged, the name of the person making such charge, the approximate date you were charged with such offense, whether you pleaded guilty or were convicted or acquitted of such charge, and the fine paid or sentence imposed, if you were found to be or pleaded guilty.

5.    Please state in detail your activities 24 hours prior to the accident made the basis of this suit.

6.    Describe in detail your version of the accident made the basis of this suit.

7.    Please state the full name, current address, current telephone number, and place of employment of each and every witness to this accident.

8.    Did you ever prepare, submit, or make any written statement or report of this accident?  If so, please state the date, substance, and contents of any such written statement or report and give the full name, current address, and current telephone number of the person now in custody of that document.

9.    State the name and address of any person who has assisted you in answering these interrogatories.

10.    Give the full details of any and all statements and/or conversations between yourself and Defendant Cecil E. Cameron or between Defendant Cecil E. Cameron and any other person which conversation you overheard.

11.    Do you have any videotapes and/or photographs of the accident scene, the vehicles, any injury done by the accident, or any other matters related to this accident?  If so, where are these photographs and videotapes at this time?

12.    Identify all witnesses that you expect or intend to call as expert witnesses at the trial of this case and for each such witness:

(a)    State the witness' full name, current address, and current telephone number.

(b)    State the subject matter on which the expert is expected to testify.

(c)    State the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

13.    Identify all medical doctors, chiropractors, physical therapists, osteopaths, or other health care providers from whom you have sought treatment or advice or who have actually provided treatment or advice to you for any condition or complaint 10 years prior to April 14, 2002 and, for each such person, provide the following information:

(a)    Full name, office address, or office telephone number.

(b)    Specialty.

(c)    Complaint for which each doctor treated you.

(d)    Inclusive dates of treatment.

14.    Identify all doctors from whom you have sought treatment or advice or who have actually provided treatment or advice to you for any condition or complaint since April 14, 2002 and, for each such person, provide the following information:

(a)    Full name, office address, and office telephone number.

(b)    Specialty.

(c)    Complaint for which each doctor treated you.

(d)    Inclusive dates of treatment.

15.    List and itemize all damages which you contend were incurred as a result of the accident made the basis of this suit.

16.    Were any of the medical, doctor, and/or hospital charges which you contend were incurred as a result of the accident made the basis of this suit paid by any insurance company or indemnitor on your behalf? If so, answer the following:

      (a)    Identify your insurance company, give its mailing address, current telephone number, and identify the knowledgeable person with said company who is handling your claim.

      (b)    Provide your claim number.

17.    Provide a full, comprehensive and detailed listing and itemization showing the amounts paid to you or on your behalf by your own insurance company for any of the medical, doctor, hospital, or other expenses incurred as a result of the accident made the basis of this suit.

18.    Please state whether you have been involved in a motor vehicle accident in the last 10 years. If so, answer the following:

      (a)    Identify the date and location of the accident.

      (b)    Identify whether you were injured and what parts of your body were injured.

      (c)    Identify whether you received medical treatment and the name and address of such medical providers.

      (d)    Identify whether you filed a lawsuit or made a UM/UIM claim and the name, address and claim number of the insurance carrier involved.

19.    Please state whether you have filed a lawsuit or been a party to a lawsuit in the last 10 years. If so, answer the following:

      (a)    Identify the style of the suit to include the county, court and case number.

(b)     Describe your involvement in the suit.

(c)     Identify whether you received a settlement or judgment and the amount of such award.

20.     Please state whether you have received any injuries to your body in the last 10 years preceding April 14, 2002.  If so, please describe in detail.

21.     Please state whether you have received surgery to your body in the last 10 years preceding April 14, 2002.  If so, please describe in detail.

22.     Please state whether you have received surgery to your body since April 14, 2002.  If so, please describe in detail.

23.     Please state whether you are receiving any disability benefits.  If so, please describe in detail.

RANDALL MORGAN [MOR037]
DAVID W. HENDERSON (HEN072)
Attorneys for Defendant Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
        COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
(334) 834-7600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 18th day of October, 2007.

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

R. Rainer Cotter, III, Esq.
Marsh, Cotter & Tindol
Post Office Box 310910
Enterprise, Alabama 36331

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )    Case No.: 107-CV-78-WKW |
| | ) |
| CECIL E. CAMERON, an individual; HERTZ CLAIMS MANAGEMENT, a foreign corporation; THE HERTZ CORPORATION, a foreign corporation, | ) |
| | ) |
| | ) |
|     Defendants. | |

## DEFENDANT CECIL E. CAMERON'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

COMES NOW the Defendant **CECIL E. CAMERON** ("Cameron") and requests that the Plaintiffs produce the following documents and things, separately and severally, at the offices of HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C., 425 South Perry Street, Montgomery, Alabama, 36104, within the time prescribed by law:

1.    A copy of your driver's license.

2.    All medical records relating to your care and treatment which you contend were necessitated by the accident made the basis of this suit.

3.    Copies of all bills which you contend relate to medical treatment received in the accident made the basis of this suit.

4.    Copies of all documents which support any and all financial losses you now claim to have incurred as a result of the accident made the basis of this suit.

5. Copies of your state and federal income tax returns for the five tax years next preceding 2003.

6. If any portion of the medical, doctor, hospital expenses and/or any other expenses relating to the accident made the basis of this suit have been paid by another source, please produce documentary evidence of all health, life, and other insurance which made such payment.

7. Any and all expert reports which the plaintiffs intend to rely upon at the trial of this case.

8. A copy of the certificate of title on the vehicle which you were driving at the time of the accident made the basis of this suit.

9. Please produce documentary evidence of all losses you allege to have incurred as a result of the accident made the basis of this suit.

10. Please produce copies of all photographs or videotapes relating to the accident made the basis of this suit involving the vehicles noted in your complaint, the scene of the accident, or any person involved in the accident.

11. A copy of all statements, recorded interviews, videotapes, magnetic tapes, or transcribed statements which you contend were made by anyone concerning the accident made the basis of this suit.

12. A copy of all letters, correspondence, or other documents from any automobile liability insurance carrier concerning this case.

RANDALL MORGAN [MOR037]
DAVID W. HENDERSON (HEN072)
Attorneys for Defendant Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
       COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
(334) 834-7600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 18th day of October, 2007.

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

R. Rainer Cotter, III, Esq.
Marsh, Cotter & Tindol
Post Office Box 310910
Enterprise, Alabama 36331

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS, an individual and ETHEL TILLIS, an individual, | ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No.: 107-CV-78-WKW |
| CECIL E. CAMERON, an individual; HERTZ CLAIMS MANAGEMENT, a foreign corporation; THE HERTZ CORPORATION, a foreign corporation, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT CECIL E. CAMERON'S
## FIRST REQUEST FOR ADMISSIONS TO PLAINTIFFS

COMES NOW the Defendant **CECIL E. CAMERON** ("Cameron") and request that the Plaintiffs, Laythron Tillis and Ethel Tillis, admit separately and severally for the purpose of this action only, the following within thirty (30) days after service hereof.

1.     Admit or deny you have not suffered lost wages as a result of the accident at issue.

2.     Admit or deny you have not suffered a loss of income as a result of the accident at issue.

3.     Admit or deny you have not missed any time from work as a result of the accident at issue.

4.     Admit or deny you have not been instructed to take off any time from work by any medical care provider as a result of the accident at issue.

5.    Admit or deny you have not sustained any permanent injuries as a result of the accident at issue.

6.    Admit or deny no doctor or other medical care professional has ever informed you that you have suffered a permanent injury as a result of the accident at issue.

7.    Admit or deny no doctor or other medical care professional has assigned you a permanent impairment rating.

8.    Admit or deny that, since the accident at issue, you have been evaluated by a doctor, medical care professional or other experts regarding the assessment of a permanent impairment rating.

9.    Admit or deny that, prior to the accident at issue, you had been evaluated by a doctor or other medical care professional for the assessment of a permanent impairment rating.

10.    Admit or deny no doctor or other medical care professional has assigned you a permanent disability rating.

11.    Admit or deny that, since the accident at issue, you have been evaluated by a doctor, medical care professional or other expert regarding the assessment of a permanent disability rating.

12.    Admit or deny that, prior to the accident at issue, you had been evaluated by a doctor or other medical care professional for the assessment of a permanent disability rating.

13.    Admit or deny you have not had any surgeries as a result of the accident at issue.

14.    Admit or deny no doctor or other medical care professional has informed you that you will have to have any surgeries in the future as a result of the accident at issue.

15.    Admit or deny no doctor or other medical care professional has prescribed a neck brace, back brace or any other form of orthopaedic device for you to use following the accident at issue.

16.    Admit or deny you have fully recovered from any physical injuries you sustained as a result of the accident at issue.

17.    Admit or deny a portion of the medical bills and charges incurred by you as a result of the accident at issue has been paid for by your health insurance.

18.    Admit or deny you did not receive any medical treatment at the scene of the accident.

19.    Admit or deny you did not leave the scene of the accident in an ambulance or any other vehicle operated by medical care providers of any type.

20.    Admit or deny you were wearing your seatbelt at the time of the accident.

21.    Admit or deny that you did not have a cellular phone in your car.

22.    Admit or deny that you were not speaking on cellular phone at the time of the accident.

23.    Admit or deny that you did not go to the emergency room on the date of the accident.

24.    Admit or deny you did not seek any medical treatment on the date of the accident.

25.    Admit or deny your vehicle was not disabled or towed as a result of the accident at issue.

26.     Admit or deny that you are not making a claim for property damage in the present lawsuit.

27.     Admit or deny you are not the owner of the vehicle you were driving at the time of the accident.

28.     Admit or deny the damage allegedly caused to your vehicle as a result of the accident at issue has been repaired.

29.     Admit or deny you have been compensated for any property damage claims resulting from the damage done to your vehicle.

30.     Admit or deny you are currently receiving disability benefits not related to your alleged injuries from the subject accident.

_____

RANDALL MORGAN [MOR037]
DAVID W. HENDERSON (HEN072)
Attorneys for Defendant Cecil E. Cameron

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
        COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
(334) 834-7600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 18th day of October, 2007.

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

R. Rainer Cotter, III, Esq.
Marsh, Cotter & Tindol
Post Office Box 310910
Enterprise, Alabama 36331

_____
OF COUNSEL

 Hill Hill Carter

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

November 27, 2007

**VIA FACSIMILE & U.S. MAIL**

Thomas B. Albritton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

Re:  **Laythron Tillis and Ethel Tillis v. Cecil E. Cameron**
     **In the Circuit Court of Coffee County (Elba Division), Alabama**
     **CV-04-49**

Dear Tom:

In reviewing my discovery file, I find that your clients' responses to the Defendant's Discovery Requests are overdue. Therefore, I would appreciate it if your clients would respond to the Defendant's Discovery Requests within 7 days of the date of this letter. Should your clients not respond within that time frame, I will be forced to file a Motion to Compel with the Court.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/tg
cc    Randall Morgan, Esq.

**EXHIBIT**
**2**

 **Hill Hill Carter**

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

December 18, 2007

Thomas B. Albritton, Esq.
Albritton, Clifton, Alverson, Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

Re:    **Laythron Tillis and Ethel Tillis v. Cecil E. Cameron**
       **In the Circuit Court of Coffee County (Elba Division), Alabama**
       **CV-04-49**

Dear Tom:

This letter will confirm our telephone conversation on December 14, 2007 wherein you stated you would respond to the Defendant's discovery requests by December 31, 2007. I look forward to receiving your clients' responses on the 31st.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/tg

**EXHIBIT**
tabbies'
**3**

ALBRITTONS, CLIFTON, ALVERSON, MOODY & BOWDEN, P.C.

ATTORNEYS AT LAW

109 OPP AVENUE

P.O. DRAWER 880

ANDALUSIA, ALABAMA 36420-0880

JAMES R. CLIFTON
WILLIAM B. ALVERSON, JR.
THOMAS B. ALBRITTON
JULIE S. MOODY
BENJAMIN M. BOWDEN

January 10, 2008

TELEPHONE (334) 222-3177
TELECOPIER (334) 222-2696
www.albrittons.com

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

Re:    Laythron Tillis, et al, Plaintiffs
       vs.
       Cecil E. Cameron, Defendant

Dear David:

Enclosed please find Answers to your Interrogatories. My client is coming in to execute these Interrogatories and I will forward signed Answers to you as soon as I receive them. If you have any questions regarding these Answers, please let me know.

Sincerely,

Thomas B. Albritton

TBA/pt

Enclosure

ED T. ALBRITTON, LAWYER (1857-1903)
ALBRITTON & ALBRITTON (1903-1905)
POWELL, ALBRITTON, & ALBRITTON (1905-1925)
POWELL & ALBRITTON (1925-1929)

POWELL, ALBRITTON, & ALDRITTON (1929-1952)
ALBRITTONS & RANKIN (1952-1876)
ALBRITTONS & GIVHAN (1976-1986)

ALBRITTONS, GIVHAN, & CLIFTON (1986-1992)
ALBRITTONS, GIVHAN, CLIFTON, & ALVERSON (1992-1996)
ALBRITTONS, CLIFTON, & ALVERSON, P.C. (1996-1998)
ALBRITTONS, CLIFTON, ALVERSON & MOODY, P.C. (1998-2000)

EXHIBIT

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                                 )
        PLAINTIFFS,              )
                                 )            1:07CV78-WKW
VS.                              )
                                 )
CECIL E. CAMERON, an individual; )
HERTZ CLAIMS MANAGEMENT, a       )
foreign corporation; THE HERTZ   )
CORPORATION, a foreign corporation, )
                                 )
        DEFENDANTS.              )

PLAINTIFFS' ANSWERS TO DEFENDANT CECIL CAMERON'S
FIRST REQUEST FOR ADMISSIONS

COME NOW the Plaintiffs, and in Answer to the Request for Admissions previously

served on them, say as follows:

1.   Denied.  The Plaintiff has suffered lost wages as a result of the accident at issue.

2.   Denied.  The Plaintiff has suffered a loss of income as a result of the accident at
issue.

3.   Denied.  The Plaintiff has missed time from work as a result of the accident at issue.

4.   Denied.

5.   Denied.

6.   Denied.

7.   The Plaintiff Laythron Tillis admits that at this time, no doctor has assigned him an
impairment rating, nor has the Plaintiff asked for one at this point.

8.   See Answer to Request No. 7.

9.   Denied.  The Plaintiff was not evaluated by a doctor or other medical care

professional for the assessment of a permanent impairment rating prior to the accident at issue.

    10.  See Answer to Request No. 7.

    11.  See Answer to Request No. 7.

    12.  See Answer to Request No. 7 and No. 9.

    13.  The Plaintiff Laythron Tillis admits that as of this date he has had no surgeries as a result of the accident at issue.

    14.  Denied.

    15.  Denied.

    16.  Denied.

    17.  Admit.

    18.  Admit.

    19.  Admit.

    20.  The Plaintiff admits that at the time of the accident he was wearing a seatbelt.

    21.  The Plaintiff admits that at the time of the accident he did not have a cellular phone in his car.

    22.  The Plaintiff admits that he was not speaking on a cellular phone at the time of the accident.

    23.  Admit.

    24.  Admit.

    25.  Admit.

    26.  Denied.

    27.  Denied.

    28.  Denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                                 )
        PLAINTIFFS,              )
                                 )
VS.                              )        1:07CV78-WKW
                                 )
CECIL E. CAMERON, an individual; )
HERTZ CLAIMS MANAGEMENT, a       )
foreign corporation; THE HERTZ   )
CORPORATION, a foreign corporation, )
                                 )
        DEFENDANTS.              )

## PLAINTIFFS' ANSWERS TO DEFENDANT CECIL CAMERON'S FIRST INTERROGATORIES

COME NOW the Plaintiffs, and in Answer to the Interrogatories previously served on

them, say as follows:

**QUESTION NO. 1** Please state your full name, date and place of birth, social security
number, home address and telephone number, business address and telephone number.

**ANSWER:**

> Laythron Tillis
> 602 County Road 377
> Elba, AL 36323
> 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
> DOB 4/15/1954

**QUESTION NO. 2** By whom have you been employed for the last 10 years? In what
position? Give your job title and description of your duties.

**ANSWER:**

> I was employed by Johnston Industries in Opp, AL and worked in the draw-in
> room making patterns for the weaving machine. Beginning in 2004 I worked at
> Shaw Industries in Andalusia (for 5 months) working in spin-draw and texturizing.
> I then worked at Kelley Foods in Elba, working in kill and cut. I currently work

for Utility Trailers in Enterprise adjusting brakes and putting on hoses.

**QUESTION NO. 3** For each marriage, please state the name of each spouse, the date of each marriage, the place of each marriage, the date of termination of each marriage, the place of termination, the last known address of any former spouse still living and the names, addresses and ages of children born of each marriage.

**ANSWER:**

I was married to Ethel Tillis in 1977 and have been married ever since.

**QUESTION NO. 4** Have you ever been charged or convicted of any criminal offense, including traffic violations? If so, please state the nature of each of the offenses with which you were charged, the state, county and city in which you were charged, the name of the person making such charge, the approximate date you were charged with such offense, whether you pleaded guilty or were convicted or acquitted of such charge, and the fine paid or sentence imposed, if you were found to be or pleaded guilty.

**ANSWER:**

The only charges I have are some speeding tickets on a motorcycle from over 20 years ago and a seat belt warning from over 5 years ago.

**QUESTION NO. 5** Please state in detail your activities 24 hours prior to the accident made the basis of this suit.

**ANSWER:**

The accident happened on a Sunday. I stayed home Saturday night, but decided to go to Florida to buy a lottery ticket on Sunday. I was on my way through Florala, Alabama to Florida when this happened. As I was stopped at a red light, the Defendant, who was pulling a boat behind his rental truck, rear-ended me.

**QUESTION NO. 6** Describe in detail your version of the accident made the basis of this suit.

**ANSWER:**

See Answer to Interrogatory No. 5.

**QUESTION NO. 7** Please state the full name, current address, current telephone number, and place of employment of each and every witness to this accident.

**ANSWER:**

At this time, the parties to this lawsuit were the only witnesses I am aware of.

**QUESTION NO. 8** Did you ever prepare, submit, or make any written statement or report of this accident? If so, please state the date, substance, and contents of any such written statement or report and give the full name, current address, and current telephone number of the person now in custody of that document.

**ANSWER:**

I gave statements to the investigating officer who incorporated them into his accident report, but other than that, I gave no statements to anyone.

**QUESTION NO. 9** State the name and address of any person who has assisted you in answering these interrogatories.

**ANSWER:**

Other than my lawyer, no one.

**QUESTION NO. 10** Give the full details of any and all statements and/or conversations between yourself and Defendant Cecil E. Cameron or between Defendant Cecil E. Cameron and any other person which conversation you overheard.

**ANSWER:**

I have had no such conversations.

**QUESTION NO. 11** Do you have any videotapes and/or photographs of the accident scene, the vehicles, any injury done by the accident, or any other matters related to this accident? If so, where are these photographs and videotapes at this time?

**ANSWER:**

No

**QUESTION NO. 12** Identify all witnesses that you expect or intend to call as expert witnesses at the trial of this case and for each such witness:

(a)     State the witness' full name, current address, and current telephone number.

(b)     State the subject matter on which the expert is expected to testify.

(c)     State the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds of each opinion.

**ANSWER:**

At this time, the Plaintiffs are unsure whom they may call as expert witnesses at the trial of this case, other than doctors who treated the Plaintiff, Laythron Tillis, who were/are:

    (a)    Dr. Clark Metzger
            215 Medical Park Drive
            Andalusia, AL 36420

    (b)    Dr. Steven Davis
            511 Brantley Street
            Opp, AL 36467

    (c)    Craig Cartia
            8485 Three Notch Street
            Andalusia, AL 36420

    (d)    Rehab Specialists
            702 N. Main
            Opp, AL 36467

    (e)    Dr. Henry Barnard
            Southern Bone & Joint
            P.O. Box 729
            Dothan, AL 36302

    (f)    Dr. Joe Johnson
            Paxton, Florida

    (g)    Dr. Alan Prince
            Dothan Neurodiagnostic Center, PC
            1800 Fairview Avenue, Suite 1
            Dothan, AL 36301

**QUESTION NO. 13.** Identify all medical doctors, chiropractors, physical therapists, osteopaths, or other health care providers from whom you have sought treatment or advice or who have actually provided treatment or advice to you for any condition or complaint 10 years prior to April 14, 2002 and, for each such person, provide the following information:

    (a)    Full name, office address, or office telephone number.

    (b)    Specialty.

    (c)    Complaint for which each doctor treated you.

(d)    Inclusive dates of treatment.

**ANSWER:**

See answer to Interrogatory number 12.

**QUESTION NO. 14** Identify all doctors from whom you have sought treatment or advice or who have actually provided treatment or advice to you for any condition or complaint since April 14, 2002 and, for each such person, provide the following information:

(a)    Full name, office address, and office telephone number.

(b)    Specialty.

(c)    Complaint for which each doctor treated you.

(d)    Inclusive dates of treatment.

**ANSWER:**

See answer to Interrogatory number 13.

**QUESTION NO. 15** List and itemize all damages which you contend were incurred as a result of the accident made the basis of this suit.

**ANSWER:**

I suffered $1600 in property damage. I have incurred the following medical expenses as a result of the accident:

(a)    Dr. Davis–$480.00
(b)    Paul Anderson–$438.00
(c)    Dr. Prince–$235.00
(d)    Dr. Johnson–$731.00
(e)    Mizell Hospital–$3428.95
(f)    Dr. Cartia–$850.00
(g)    Dr. Barnard–$1431.00

In addition, I have lost around $500.00 in lost wages. I have unresolved back problems that my doctor has said may require surgery. If I must have surgery, it will cost around $60,000.00 each time I may have to have it. I reserve the right to amend this list.

**QUESTION NO. 16** Were any of the medical, doctor, and/or hospital charges which you contend were incurred as a result of the accident made the basis of this suit paid by any insurance company or indemnitor on your behalf? If so, answer the following:

    (a)    Identify your insurance company, give its mailing address, current telephone number, and identify the knowledgeable person with said company who is handling your claim.

    (b)    Provide your claim number.

**ANSWER:**

Most of my medical bills were paid by Blue Cross/Blue Shield, but I am unaware of any claim number assigned to my case, or the name of anyone handling any claim.

**QUESTION NO. 17** Provide a full, comprehensive and detailed listing and itemization showing amounts paid to you or on your behalf by your own insurance company for any of the medical, doctor, hospital, or other expenses incurred as a result of the accident made the basis of this suit.

**ANSWER:**

I am not sure exactly what amount has been paid by Blue Cross. When I have fully determined this amount, however, I will update this answer.

**QUESTION NO. 18** Please state whether you have been involved in a motor vehicle accident in the last 10 years. If so, answer the following:

    (a)    Identify the date and location of the accident.
    (b)    Identify whether you were injured and what parts of your body were injured.
    (c)    Identify whether you received medical treatment and the name and address of such medical providers.
    (d)    Identify whether you filed a lawsuit or made a UM/UIM claim and the name, address and claim number of the insurance carrier involved.

**ANSWER:**

I have been involved in no other accidents.

**QUESTION NO. 19** Please state whether you have filed a lawsuit or been a party to a lawsuit in the last 10 years. If so, answer the following:

    (a)    Identify the style of the suit to include the county, court and case number.

    (b)    Describe you involvement in the suit.

    (c)    Identify whether you received a settlement or judgment and the amount of such award.

**ANSWER:**

I have not.

**QUESTION NO. 20** Please state whether you have received any injuries to your body in the last 10 years preceding April 14, 2002. If so, please describe in detail.

**ANSWER:**

I have not.

**QUESTION NO. 21** Please state whether you have received surgery to your body in the last 10 years preceding April 14, 2002. If so, please describe in detail.

**ANSWER:**

I have not.

**QUESTION NO. 22** Please state whether you have received surgery to your body since April 14, 2002. If so, please describe in detail.

**ANSWER:**

I have not.

**QUESTION NO. 23** Please state whether you are receiving any disability benefits. If so, please describe in detail.

**ANSWER:**

I am not.

_____
Laythron Tillis



_____
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs



OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the _____ day of _____, 2008:

Mr. David W.Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Mr. Rainer Cotter
MARSH, COTTER, & STEWART
P.O. Box 310910
Enterprise, AL 36331

_____
Of Counsel

# FAX TRANSMISSION

ALBRITTONS, CLIFTON, ALVERSON, MOODY & BOWDEN, P.C.
Post Office Drawer 880
109 Opp Avenue
Andalusia, Alabama 36420
334-222-3177 - Phone
334-222-2696 - Fax

| | | | |
|---|---|---|---|
| **To:** | Mr. David W. Henderson | **Date:** | January 10, 2008 |
| **Fax #** | 263-5969 | **Pages:** | 12, including cover sheet |
| **From:** | Mr. Tom Albritton | | |
| **Subject:** | Tillis v. Cameron | | |

COMMENTS: Letter and and unsigned Answers to Interrogatories and Request for Admissions.

**If you do not receive all of the pages, or if they are not legible, please call immediately.**

**<u>CONFIDENTIALITY NOTICE</u>:** The documents accompanying this facsimile transmission may contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone or arrange for return of the original documents to us.