IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| vs.   ) | CASE NO. 1:07-cv-00078-WKW |
| ) | |
| CECIL E. CAMERON, HERTZ CLAIMS   ) | |
| MANAGEMENT, and THE HERTZ   ) | |
| CORPORATION,   ) | |
| ) | |
| Defendants.   ) | |

### AMENDED ANSWER OF HERTZ CLAIM MANAGEMENT CORPORATION and THE HERTZ CORPORATION

COME NOW Hertz Claim Management Corporation (incorrectly named as "Hertz Claims Management" in the First Amended Complaint) and The Hertz Corporation, and pursuant to this Court's order, submits the following Amended Answer to the Plaintiffs' Second Amended Complaint:

1.   The allegations stated in paragraph number one of the Plaintiffs' Second Amended Complaint relate to Defendant Cecil Cameron and not these Defendants, but to the extent an answer is deemed required to said allegations, these Defendants deny said allegations and demand strict proof thereof.

2.   The allegations stated in paragraph number two of the Plaintiffs' Second Amended Complaint relate to Defendant Cecil Cameron and not these Defendants, but to the extent an answer is deemed required to said allegations, these Defendants deny said allegations and demand strict proof thereof.

The un-numbered paragraph under Count One of the Plaintiffs' Second Amended Complaint requires no response, but to the extent a response is deemed required of these Defendants, said Defendants deny Plaintiff is entitled to said relief.

3. The allegations stated in paragraph number three of the Plaintiffs' Second Amended Complaint relate to Defendant Cecil Cameron and not these Defendants, but to the extent an answer is deemed required to said allegations, these Defendants deny said allegations.

4. The allegations stated in paragraph number four of the Plaintiffs' Second Amended Complaint relate to Defendant Cecil Cameron and not these Defendants, but to the extent an answer is deemed required to said allegations, these Defendants deny said allegations and demand strict proof thereof.

5. The allegations stated in paragraph number five of the Plaintiffs' Second Amended Complaint relate to Defendant Cecil Cameron and not these Defendants, but to the extent an answer is deemed required to said allegations, these Defendants deny said allegations and demand strict proof thereof.

The un-numbered paragraph under Count Two of the Plaintiffs' Second Amended Complaint requires no response, but to the extent a response is deemed required of these Defendants, said Defendants deny Plaintiff is entitled to said relief.

6. The allegations stated in paragraph number six of the Plaintiffs' Second Amended Complaint relate to Defendant Cecil Cameron and not these Defendants, but to the extent an answer is deemed required to said allegations, these Defendants deny said allegations and demand strict proof thereof.

7. The allegations stated in paragraph number seven of the Plaintiffs' Second Amended Complaint relate to Defendant Cecil Cameron and not these Defendants, but to the extent an answer is deemed required to said allegations, these Defendants deny said allegations and demand strict proof thereof.

The un-numbered paragraph under Count Three of the Plaintiffs' Second Amended Complaint requires no response, but to the extent a response is deemed required of these Defendants, said Defendants deny Plaintiff is entitled to said relief.

8. In response to paragraph number eight of the Plaintiffs' Second Amended Complaint, these Defendants incorporate by reference and re-assert as if fully set out herein, all previous responses to the allegations stated by Plaintiffs.

9. These Defendants deny the allegations contained in paragraph number nine of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

10. These Defendants deny the allegations contained in paragraph number ten of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

The un-numbered paragraph under Count Four of the Plaintiffs' Second Amended Complaint requires no response, but to the extent a response is deemed required of these Defendants, said Defendants deny Plaintiff is entitled to said relief.

11. In response to paragraph number 11 of the Plaintiffs' Second Amended Complaint, these Defendants incorporate by reference and re-assert as if fully set out herein, all previous responses to the allegations stated by Plaintiffs.

12. These Defendants deny the allegations contained in paragraph number 12 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

13. These Defendants deny the allegations contained in paragraph number 13 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

The un-numbered paragraph under Count Five of the Plaintiffs' Second Amended Complaint requires no response, but to the extent a response is deemed required of these Defendants, said Defendants deny Plaintiff is entitled to said relief.

14. In response to paragraph number 14 of the Plaintiffs' Second Amended Complaint, these Defendants incorporate by reference and re-assert as if fully set out herein, all previous responses to the allegations stated by Plaintiffs.

15. These Defendants deny the allegations contained in paragraph number 15 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

16. These Defendants deny the allegations contained in paragraph number 16 of the Plaintiffs' Second Amended Complaint and demand strict proof thereof.

The un-numbered paragraph under Count Six of the Plaintiffs' Second Amended Complaint requires no response, but to the extent a response is deemed required of these Defendants, said Defendants deny Plaintiff is entitled to said relief.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendants assert the following additional defenses, without admission that Defendants bear the burden of proof on any of the same.

1. The Plaintiffs' Second Amended Complaint fails to state a claim for which relief can be granted as to these Defendants.

2. These Defendants deny each and every material allegation in Plaintiffs' Second Amended Complaint and demands strict proof thereof.

3. To the extent necessary in the event it was determined that these Defendants were required to defend the substantive allegations of the Plaintiffs' Second Amended Complaint, these Defendants aver the defenses of contributory negligence, assumption of the risk, failure to mitigate damages and sudden emergency doctrine.

4. These Defendant avers that the Plaintiffs were not injured and damaged to the extent alleged in the Second Amended Complaint.

5. These Defendants aver that Plaintiffs' injuries and damages are the result of an intervening and/or superseding cause.

6. These Defendants aver that Plaintiffs' Second Amended Complaint as to Counts Four and Five fails as a matter of law as there was/is no privity of contract between Plaintiffs and Defendant and Plaintiffs lack standing to bring said claims.

7. These Defendants aver that if this case were remanded to the Elba Division of Coffee County, Alabama, which it should not be, that venue is improper in that Court and/or should be transferred on the grounds of forum non conveniens.

8. These Defendants deny it made any misrepresentations to Plaintiffs, which would be actionable or otherwise, and aver that there is no duty or obligation imposed by law or otherwise as between Defendants and Plaintiffs which would allow Plaintiffs' claims.

9. These Defendants aver that under applicable law, the Plaintiffs may not assert a direct action against these Defendants as to the matters alleged in the Second Amended Complaint.

10. These Defendants aver that the Plaintiffs' claims as to these Defendants are barred by the applicable statutes of limitation, statue of frauds and laches.

11. These Defendants aver the lack of jurisdiction over the person of these Defendants.

12. These Defendants aver the lack of consideration as a defense to Plaintiffs' claims against them as well as estoppel, waiver and unclean hands.

13. Defendants assert that Plaintiffs' claims are due to be submitted to binding arbitration in the event that there exists an arbitration agreement that is applicable to and acceptable to Defendants.

14. Defendants aver that the Plaintiffs fail to properly allege fraud/misrepresentation with the required specificity.

15. Defendants assert the doctrine of the law of the case and additional defenses of collateral estoppel/issue preclusion and res judicata/claim preclusion.

16. Defendants assert that the Plaintiffs' claims are precluded, preempted and fail as a matter of law pursuant to 49 U.S.C.A. §30106 (2005).

17. These Defendants further aver the following constitutional and mental anguish defenses.

**Constitutional Defenses**. An award of punitive damages under the law of Alabama violates the Fifth, Sixth, and Fourteenth Amendments in the United States Constitution, and Article I of the Alabama Constitution, in that:

> a. The judiciary's ability to correct the punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guaranties;

b. Any award of punitive damages serving a compensatory function is inconsistent with due process guaranties;

c. Any award of punitive damages based upon the wealth of the defendant violates due process guaranties;

d. The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guaranties;

e. Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

f. The plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the Alabama Constitution in that the amount of punitive damages is based upon the wealth of the defendant.

g. These Defendants contend that any award of punitive damages in this case would be unconstitutional and that the statutes allegedly authorizing punitive damages are unconstitutional on their face and as applied. An award of punitive damages in this case would violate the due process clause of the United States Constitution (U.S. Const. Amends. V and XIV) and Article I, Section 6 of the Constitution of the State of Alabama.

h. These Defendants aver the Plaintiffs' claims for recovery are in contravention of these rights under any constitutional provision or standard that forms the basis of a decision by the United States Supreme Court in <u>BMW of North America, Inc., v. Gore</u>, No. 94-896.

The Plaintiffs' claim for punitive damages violates the federal doctrine of separation of powers and the Alabama Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

**Mental Anguish Defenses**. The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violate the Constitution for the following reasons:

> (i) It fails to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

> (ii) It fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

> (iii) It results in the imposition of different compensation for the same similar acts, and thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.

> (iv) It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(b) The award of discretionary compensatory damages for mental suffering to the Plaintiffs violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

> (i) It fails to provide a limit on the amount of the award against these Defendants;

> (ii) It is unconstitutionally vague;

> (iii) It fails to provide specific standards in the amount of the award of such damages; and

> (iv) It constitutes a deprivation of property without the due process of law.

**Cap on Punitive Damages**. The Defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at <u>Ala. Code</u>, §6-11-21(Repl. Vol. 1993). Further, the Alabama Supreme Court's action in abolishing legislatively-created cap on punitive damages was unconstitutional and without effect.

Finally, under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court could not abolish the cap created by the legislature on punitive damages through judicial decision. See; <u>Honda Motor Company, Ltd., v. Oberg</u>, No. 93-644, n.9 (U.S.Sup.Ct. June 24, 1994)(1994 WL276687)(U.S. Or.).

      /s/ R. Rainer Cotter, III

      R. RAINER COTTER,III(COT010)
      Attorney for Hertz Claim Management Corporation
      and The Hertz Corporation

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
Ph. 334-347-2626
Fax 334-393-1396
email: rrc@enterpriselawyers.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 25th day of January, 2008:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

      /s/ R. Rainer Cotter, III
      OF COUNSEL