IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:07-cv-00078-WKW |
| | ) | |
| CECIL E. CAMERON, HERTZ CLAIMS | ) | |
| MANAGEMENT, and THE HERTZ | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS HERTZ CLAIM MANAGEMENT CORPORATION'S and THE HERTZ CORPORATION'S MOTION FOR SUMMARY JUDGMENT

R. Rainer Cotter, III
Attorney for Hertz Claim Management Corporation
and The Hertz Corporation
Marsh, Cotter & Stewart, LLP.
Post Office Box 310910
Enterprise, Alabama 36331
Ph. 334-347-2626
Fax 334-393-1396
email: rrc@enterpriselawyers.com

## TABLE OF CONTENTS

I. RELEVANT FACTS AND PROCEDURAL POSTURE..............................................................1

II. STANDARD OF REVIEW....................................................................................................3

III. LEGAL DISCUSSION.......................................................................................................4

    A. Third Party Beneficiary Claim.................................................................................4

    B. Fraud Claim.............................................................................................................8

    C. Vicarious Liability Claim........................................................................................11

IV. CONCLUSION...............................................................................................................15

CERTIFICATE OF SERVICE..............................................................................................16

EXHIBITS..........................................................................................................................17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAYTHRON TILLIS and ETHEL TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:07-cv-00078-WKW |
| | ) | |
| CECIL E. CAMERON, HERTZ CLAIMS | ) | |
| MANAGEMENT, and THE HERTZ | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HERTZ CLAIM MANAGEMENT CORPORATION'S and
THE HERTZ CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

COME NOW Hertz Claim Management Corporation (incorrectly named as "Hertz Claims Management" in the Second Amended Complaint) and The Hertz Corporation, and submit this Motion for Summary Judgment.

**I.**

**Factual and Procedural Background**

Plaintiffs originally filed this suit in state court on April 1, 2004 against Cecil Cameron. See Exhibit "A" attached hereto. The Complaint alleges claims against Mr. Cameron for negligence and wantonness arising from an automobile accident which occurred on April 14, 2002. Id. Plaintiffs proceeded to attempt service of process on Mr. Cameron twice by certified mail. See Cameron v. Tilllis, 952 So. 2d 352 (Ala. 2006).[1] Those service attempts proved unsuccessful. Id. Subsequently, Plaintiffs moved the state court to serve the Defendant Cameron by publication. Id. The state court

_____

[1]For the Court's convenience, all cases cited herein are attached in Appendix "A" of the Court's copy of this Motion and are arranged in alphabetical order by first word in case name).

granted that motion and subsequently Plaintiffs obtained a default judgment against Mr. Cameron. Id.

Meanwhile, since Mr. Cameron was driving a Hertz Corporation rental car at the time of the accident, the claims adjusting agency for Hertz, Hertz Claim Management Corporation, retained an attorney to monitor the case against Mr. Cameron. 952 So. 2d at 352. When that attorney discovered that the Plaintiffs were attempting to obtain a default judgment against Mr. Cameron, he made a special appearance at a hearing before the state trial court to argue against the entry of a default judgment. Id. at 353-354. Specifically, the attorney argued that service by publication was not permissible under the circumstances because under Alabama law, a plaintiff may not obtain service of process over a non-resident defendant unless there is proof of process evasion. Id. at 353-354. The state trial court, however, disagreed and entered a default judgment against Mr. Cameron. Id. at 354. The attorney retained by Hertz Claim Management appealed that judgment and the Alabama Supreme Court reversed the same. Id. at 354-355.

Plaintiffs did not seek to serve Mr. Cameron after the Alabama Supreme Court's ruling. Instead, Plaintiffs sought, via subpoena, to discover the entire claims file of Hertz Claim Management Corporation[2] and then filed an amended Complaint against Hertz Claim Management Corporation and The Hertz Corporation. See Exhibits "B" and "C" attached hereto. This First Amended Complaint purportedly stated claims for breach of contract and fraud. Exhibit "C". Specifically, Plaintiffs contend that they are third party beneficiaries to any insurance agreement

_____

[2]Hertz Claim Management Corporation retained separate counsel who moved to quash the subpoena for Hertz Claim Management's claims file. The state court initially denied that motion to quash but later set aside the order which denied the same. Shortly thereafter, the defendants removed this case to this Court.

which would indemnify Mr. Cameron by virtue of his renting a Hertz rental car. Id.  Plaintiffs contend that Hertz breached such an agreement because the indemnity agreement covering Mr. Cameron provides coverage for him and that they should receive benefits as a result thereof. Id. Also, Plaintiffs contend that the Hertz defendants somehow fraudulently represented that they could not waive service of process as to Mr. Cameron and/or that they had some obligation to the Plaintiffs to appear and defend this case for Mr. Cameron regardless of the fact that he was never served. Id.

Plaintiffs filed a Second Amended Complaint re-alleging the breach of contract and fraud claims against these defendants and also alleging an additional count for vicarious liability.  Exhibit D.  The Second Amended Complaint also added an additional party defendant which Plaintiffs designate as "Hertz Rent-A-Car."  The additional defendant does not exist as a corporate entity related to these defendants, see Exhibits E and F attached hereto, and, upon information and belief, has not been served.

## II.

## Standard of Review

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).   As shown above and below, these defendants are entitled to summary judgment.

### III.

### Legal Discussion

A. Third Part Beneficiary Claim.

Count Four of the Plaintiffs' Second Amended Complaint alleges that they have a direct action against The Hertz Corporation or Hertz Claim Management because "the Plaintiffs [and defendants] were parties to a contract which provided for payment of benefits in the event Cecil Cameron was involved in an accident involving a motor vehicle entrusted to Mr. Cameron... ." Exhibit D.   It is undisputed that Plaintiffs did not sign or enter into any contract with any of the defendants. (Deposition of Laythron Tillis page 90, Exhibit "G" attached hereto).   The rental agreement is between Cecil Cameron and The Hertz Corporation. Exhibit H attached hereto.  It states in relevant part: "....HERTZ WILL INDEMNIFY, HOLD HARMLESS, AND DEFEND YOU AND ANY OTHER AUTHORIZED OPERATORS FROM AND AGAINST LIABILITY TO THIRD PARTIES....FOR BODILY INJURY (INCLUDING DEATH) AND PROPERTY DAMAGE, IF THE ACCIDENT RESULTS FROM THE USE OF THE CARE AS PERMITTED BY THIS AGREEMENT." Exhibit H.   The agreement, therefore, provides protection to Mr. Cameron from third party claims.  Plaintiffs apparently contend that they are third party beneficiaries of the rental agreement between Mr. Cameron and The Hertz Corporation.[3]   However, Mr. Tillis testified that he knew of no facts supporting this theory.  Mr. Tillis testified as follows:

---

[3]Hertz Claim Management Corporation is only involved in adjusting personal and/or property damage claims made as a result of rental of The Hertz Corporation's vehicles. As established by the affidavit of Dale Martino, Exhibit F attached hereto, Hertz Claim Management Corporation is not involved in the rental business, did not own the subject vehicle and did not rent the vehicle to Cecil Cameron.

Q. You say in your complaint that the defendants, meaning the Hertz

defendants that I mentioned, have breached a contract with you, and

they have failed to tender benefits to you that you are entitled to as a

beneficiary of a contract; do you know what that's about?

A. No.

(Deposition of Laythron Tillis, page 92, Exhibit G, attached hereto).


1. **Alabama Law as to Third Party Beneficiary Claim.**

Assuming Alabama law applies to Plaintiffs' third party beneficiary claim, that law precludes

such direct actions unless and until liability has been established and a judgment is obtained against

the insured/covered person. State Farm Mut. Auto. Ins. Co. v. Brown, 894 So.2d 643, 648 (Ala.

2004). Indemnity coverage for Mr. Cameron exists as to him only and the only way the Tillis' could

state a claim is if they established that the indemnity coverage was intended for their direct, as

opposed to incidental, benefit. Mills v. Welk, 470 So.2d 1226, 1228 (Ala. 1985). Therefore, under

Alabama law, there can be no direct action against The Hertz Corporation under a third party

beneficiary theory.

Moreover, under Alabama law a party claiming to be a third-party beneficiary must establish

that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed

to an incidental, benefit upon the third party. Cincinnati Ins. Companies v. Barber Insulation, Inc.,

946 So.2d 441, 443 (Ala. 2006). The Plaintiffs have not and cannot come forward with evidence

of such.

To accept the Tillis' claims would mean that every person involved in an automobile accident with an insured would automatically have a direct action against not only that insured, but the insurance company as well, no matter that liability had not been established against the insured. That argument is contrary to law which provides that this case would first have to proceed to judgment against Mr. Cameron before the Tillis' have any cognizable claims against the Hertz defendants. Brown, 894 So.2d at 648. In this case, it is undisputed that this matter has not proceeded to judgment and, therefore, Plaintiffs fail to state a claim for which relief can be granted.

**2. If Florida law applies to third party beneficiary claim, result is no different.**

The rental agreement under which Mr. Cameron rented his vehicle provides that the agreement is governed under the law where the rental commenced. Exhibit "H". As shown in Exhibit H, the rental commenced in the State of Florida. Assuming, for the sake of argument, that Florida law would then govern the Plaintiffs' third party beneficiary claim, the result would not change because Florida law is like Alabama law on the issue and also does not allow such a claim under the facts of this case. "Under Florida law, a party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party belong.'" Caretta Trucking, Inc. v. Cheoy Lee Shipoyard, Ltd., 647 S.2d 1028, 1031 (Fla. Dist.Ct.App. 1994). The court in Caretta Trucking noted that in order to plead a cause of action for breach of a third party beneficiary contract, the following elements must be set forth:

(1) a contract between A and B;

> (2) an intent, either expressed by the parties, or in the provisions of
> the contract, that the contract primarily and directly benefit C, the
> third party (or a class of persons to which that party belongs);
>
> (3) a breach of that contract by either A or B (or both); and
>
> (4) damages to C resulting from the breach.

Id.

The court also held that "in order to find the requisite intent, it must be shown that both contracting parties intended to benefit the third party. It is insufficient to show that only one party unilaterally intended to benefit the third party." Id. Finally, the court noted that Florida law does not consider an incidental beneficiary to be an intended beneficiary. Id. at 1149.

In this case, not only do the Plaintiffs fail to properly allege these elements, but there is absolutely no showing or evidence that both Mr. Cameron and The Hertz Corporation intended to benefit the Plaintiffs or that the agreement itself expressly intends to benefit the Plaintiffs. To the contrary, as established by the affidavit of Dennis McGinley, The Hertz Corporation intended no direct benefits to any one except Mr. Cameron and the rental agreement on its face establishes such. Exhibits E and H. There is certainly no clear, express intent to benefit the Plaintiffs. For the Plaintiffs to succeed on their third party beneficiary claim, they must establish that the contract itself clearly and expressly intended to benefit them. See Morgan Stanley DW Inc. v. Halliday, 873 So.2d 400, 403 (Fla.App. 4 Dist. 2004) (noting that a non-party is the specifically intended beneficiary only if the contract clearly express an intent to primarily and directly benefit the third party or a class of persons to which that party belongs).

7

B. Fraud.

In Count Five of the Plaintiffs' Complaint, they allege that "the Hertz Defendants have misrepresented directly, and through their agents, servants, and employees that they were unable to accept service of process on behalf of the Defendant Cecil Cameron, or that they were unable to fully represent Mr. Cameron's interests in this litigation, or that they were unable to locate Mr. Cameron so as to secure his consent for them to defend them." Exhibit D. In response to these allegations, it should be noted that both Mr. Tillis and Ms. Tillis testified that they had no evidence that either The Hertz Corporation or Hertz Claim Management Corporation (or any persons or entities related to them) misrepresented any facts. Mr. Tillis testified in his deposition as follows:

> Q. Okay. All right. Now, you say in here, also, that the Hertz defendants misrepresented, directly and through their agents, that they were unable to accept service of process on behalf of the defendant, Cecil Cameron; do you know anything about that?
>
> A. They was saying they couldn't locate him so they couldn't defend him.
>
> Q. Okay. Do you have any evidence that that was not true?
>
> A. That's what I was told, you know.
>
> Q. Do you have any evidence that wasn't true?
>
> A. It looks like they ought to be able to find a person.
>
> Q. I understand what your opinion is, but my question is: Do you have any facts that would say that what they said about that is not true?
>
> A. Oh, no. I don't have no facts. No.

(Deposition of Laythron Tillis, pages 90-91, Exhibit G. attached hereto).

Ms. Tillis similarly testified as follows:

> Q. ...Do you know anything that anybody with Hertz Claim Management Corporation or the Hertz Corporation or anybody related to those entities saying anything untrue to either you or your husband?
>
> A. No.
>
> Q. Okay. Do you know why you've sued them, the Hertz defendants.
>
> Mr. Albritton: Object to the form.
>
> A. No.
>
> Q. Did you even know you had sued them?
>
> A. No.

(Deposition of Ethel Tillis, page 14, Exhibit I, attached hereto.)

Presumably, the Plaintiffs' Complaint is alluding to statements made by the counsel who was originally hired to monitor the case against Mr. Cameron. To recall, that counsel specially appeared to prevent entry of a default judgment and then later successfully appealed that judgment. As noted in Cameron v. Tilllis, 952 So. 2d 352 (Ala. 2006), and the court record that is part of the file in this case, that counsel refused to accept service on Mr. Cameron. Exhibit "J" attached hereto (wherein the state trial court noted that counsel who appeared in court to prevent the default judgment refused to accept service and stated he did not know where the defendant was located). This is because there was no obligation to accept service and there is absolutely no evidence that counsel, who is an officer of the court, knew the whereabouts of Mr. Cameron. There is no obligation of any insurance company, business or other entity who provides liability or indemnity coverage to another, to waive

9

service of process on behalf of the person who is afforded such coverage. While the undersigned has failed to find any Alabama or Eleventh Circuit case directly on point, it is submitted that <u>Olsen v. Dairyland Mut. Ins. Co.</u>, 248 F.Supp. 639, 644 (D.C.Mont. 1966) correctly illustrates the law on the issue. In <u>Olsen</u>, the district court noted that "it is inconceivable that [the] right to defend an action carries with it the right to waive on behalf of the insured his right to be served with process in the action... ." Id. at 644. Therefore, <u>Olsen</u> illustrates the point that if a right or duty to defend does exist, it does not follow that such a right or duty carries with it the right to waive service of process as to the party whom is owed a defense.

Certainly, the Alabama Supreme Court implicitly recognized such in this very case by indicating that the counsel hired by Hertz to defend Mr. Cameron did not act improperly in refusing to accept service on Mr. Cameron's behalf. <u>See</u> <u>Cameron v. Tillis</u>, 952 So.2d 352, 353 (Ala. 2006). Moreover, as noted in this Court's Memorandum Opinion and Order of September 25, 2007 (Document #20, page 8), there was absolutely nothing wrong with counsel's appearance in the state court proceedings to challenge the sufficiency of service of process as to Mr. Cameron, a challenge that proved valid. Therefore, while the Tillis' fraud claim is vague at best, assuming their claim is based on an alleged representations that the Hertz defendants could not waive service of process or otherwise defend Mr. Cameron and did not know his whereabouts, such claim fails as a matter of law.

Finally, even if there was some merit to the fraud claims, <u>which there is not,</u> the alleged fraud claims were not brought in time. The statute of limitations in Alabama for the fraud claims is two years. <u>See</u> ALA Code §6-2-38. The record demonstrates that the counsel hired to defend Mr. Cameron's interests made statements that he could not accept service for Mr. Cameron or otherwise

10

defend or locate him prior to October 6, 2004.  <u>See</u> Exhibit J.  The Complaint against these defendants was not brought until January, 2007.  The statute of limitations had thus expired.

### C. <u>Vicarious liability</u>

    1.       **Graves Amendment Bars Plaintiffs' Claims.**

In Count Six of the Plaintiffs' Complaint entitled "Vicarious Liability," Plaintiffs allege that "[t]he Hertz Defendants were the owners of the motor vehicle being driven by the Defendant, Cecil Cameron.  Moreover, these defendants voluntarily entrusted this motor vehicle to Mr. Cameron, who negligently and/or wantonly operated the above-referenced motor vehicle." Exhibit D.   This claim fails as a matter of law for the following reasons.  First, it must be noted that there is no evidence that Hertz Claim Management Corporation owned the vehicle driven by Mr. Cameron.  The Hertz Corporation is the only defendant that owned the vehicle. Exhibit E.  Second, there is no allegation of any wrongful entrustment.  In fact, Mr. Tillis affirmatively testified that he knew of no facts which indicated that The Hertz Corporation should not have rented the vehicle to Mr. Cameron. (Deposition of Laythron Tillis, page 92, Exhibit G).   Third, as to each of the Plaintiffs' claims against these defendants, especially as to the vicarious liability claim, federal law bars those claims.  On August 10, 2005, Congress enacted 49 U.S.C. § 30106, otherwise known as the "Graves Amendment." That statute provides in relevant part:

> [a]n owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-

> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

Id. § 30106(a).

In Flagler v. Budget Rent A Car System, Inc., --- F.Supp.2d ----, 2008 WL 655608 (E.D.N.Y.March 11,2008), the district court noted that "neither the Supreme Court nor any circuit court has yet addressed whether the Graves Amendment is a constitutional exercise of Congress' commerce power. Several district courts, however, have held that it is. See Berkan v. Penske Truck Leasing Canada, Inc., 2008 WL 441995 (W.D.N.Y. Feb. 19, 2008); Jasman v. DTG Operations, Inc., 2008 WL 376774 (W.D.Mich. Feb.13, 2008); Dupuis v. Vanguard Car Rental USA, Inc., 510 F.Supp.2d 980 (M.D.Fla.2007); Garcia v. Vanguard Car Rental USA, Inc., 510 F.Supp.2d 821 (M.D.Fla.2007);Seymour v. Penske Trucking Leasing Co. ., 2007 WL 2212609 (S.D.Ga. July 30, 2007)."[4] The Flagler court also upheld the Graves Amendment.

The Graves Amendment applies to this case as well.  It is undisputed that The Hertz Corporation is engaged in the business of leasing vehicles and was so when Mr. Cameron leased the vehicle in this case. See Exhibit G.   There is no allegation of negligence or criminal activity in this case as to The Hertz Corporation's actions.  Finally, the Graves Amendment was effective on August

_____

[4]A large majority of state courts which have also addressed this issue have applied and upheld the Graves Amendment. Stewart v. Hertz Vehicles, LLC. 2008 WL 518147 (N.Y.Sup.,February 27, 2008); Rawlings v. National Car Rental System, Inc., 48 A.D.3d 389, 849 N.Y.S.2d 454 (February 1, 2008); Kumarsingh v. PV Holding Corp., 2008 WL 238955 (Fla.App. 3 Dist. Jan. 30, 2008); Mitchell-McKenna v. Tick, 2008 WL 366549 (Conn.Super. January 25, 2008); Bechina v. Enterprise Leasing Co., 972 So.2d 925 (Fla.App. 3 Dist. 2007).

10, 2005 and applies to ""any action commenced"" after August 10, 2005. <u>Liberty Mut. Ins. Co. v.</u>

<u>TCF Equipment Finance Inc.</u>, 2007 WL 4557204 (M.D.Fla.,Dec. 20, 2007).  In this case, it is

undisputed that Plaintiffs' claims against the so-called Hertz defendants were all brought after that

date.  Accordingly, all of the Plaintiffs' claims are barred by the Graves Amendment because all of

their claims originate from the automobile accident involving a rented vehicle. <u>Ibid</u>.  Alternatively,

at the very least, the claims for vicarious liability are barred under this federal law.

> 2.    **Assuming *arguendo* that the Plaintiffs' claims would not be barred by the Graves Amendment, Alabama law would apply to such claims and bars those claims**

In the alternative, if for some reason this Court found that the Plaintiffs' claims were not

barred or preempted by the Graves Amendment, Alabama law would apply to the issue of vicarious

liability. <u>See</u> <u>Morris v. SSE, Inc.</u>, 912 F.2d 1392, 1394, n.1 (11th Cir. 1990).  In discussing Alabama

choice of law rules in tort actions, the Eleventh Circuit noted that Alabama applies the traditional *lex*

*loci delicti* choice of law rule. <u>Id</u>.   This means that since the accident and alleged injuries occurred

in Alabama,[5] the substantive law of Alabama would govern Plaintiffs' vicarious liability claim. <u>See</u>

<u>Holman v. McMullan Trucking</u>, 684 So. 2d 1309 (Ala. 1996).  For several reasons, the Plaintiffs'

vicarious liability claim fails under Alabama law.

First, it is clear that the applicable statutes of limitation bars the Plaintiffs' vicarious liability

claim. <u>See</u> Ala. Code 6-2-38.  Since the accident in question occurred in April of 2002 and no such

claim was brought against Hertz Claim Management Corporation or The Hertz Corporation within

---

[5]It is undisputed that the accident which is the subject of the instant case occurred in
Alabama. <u>See</u> Deposition of Laythron Tillis, page 39, Exhibit G.

two years of that date (the claims against these defendants were not brought until 2007), the Plaintiffs' claim fails as a matter of law.[6]

Second, there is no allegation that Mr. Cameron was the employee or agent of The Hertz Corporation or that The Hertz Corporation wrongfully entrusted the vehicle to him.  The evidence cited above, ( i.e., Mr. Tillis' deposition testimony), affirmatively establishes that there is no evidence of any wrongful entrustment.   Moreover, as established by the rental contract, the evidence affirmatively demonstrates that Mr. Cameron was not the agent or employee of The Hertz Corporation. The agreement states: "Neither you nor any Authorized Operator are agents of Hertz." Exhibit H.  Without proof of an agency relationship, The Hertz Corporation cannot be vicariously liable to the Plaintiffs under Alabama. See American Fire & Casualty Co. v. State Farm Mutual Automobile Ins. Co., 273 So.2d 186, 188-89 (Ala. 1973) (noting that a claim for vicarious liability fails where there are no averments to the effect that the owner of the automobile was riding therein and directing its operation, or that the driver of the automobile, while driving it with the owner's permission, was driving it solely for the benefit of the owner.);  See Castro v. Budget Rent-A-Car System, Inc., 154 Cal. App.4th 1162, 1179-1181, 65 Cal. Rptr.3d 430, 441-443 (2007) (applying and discussing in depth Alabama law regarding vicarious liability).   Accordingly, Plaintiffs' claims fail as a matter of Alabama law.

---

[6]This would be true even if Florida law applied to the vicarious liability claim, which it does not. See Doe v. Emerson, 2006 WL 2971314 (Fla. Cir. Ct. 2006) (noting that a vicarious liability claim has only a four year statute of limitation).

## IV.

## Conclusion

Based on the foregoing, Hertz Claims Management Corporation and The Hertz Corporation request the Court to find that no genuine issue of material fact exists as to the Plaintiffs' claims against them and they are entitled to judgment as a matter of law.  First, the Plaintiffs have failed to properly allege and come forward with evidence supporting their third party beneficiary claim. Moreover, Hertz Claim Management Corporation and The Hertz Corporation have affirmatively established that such a claim fails a matter of law in this case.  Second, Plaintiffs' fraud claims against these Defendants fail as a matter of law because the Plaintiffs themselves testified they did not know of any misrepresentation made by Hertz Claim Management Corporation, The Hertz Corporation or any person or entity related to these defendants.  Third, Plaintiffs' claims for vicarious liability fail as matter of law based on the application of Graves Amendment and if not that, by Alabama law. Finally, as the affidavits attached hereto as Exhibits E and F establish, there is no corporate entity affiliated with Hertz Claim Management Corporation or The Hertz Corporation known as "Hertz Rent-A-Car."  Moreover, since apparently there has been no service of process on this additional "defendant" referenced in the Plaintiff's Second Amended Complaint, designated as "Hertz Rent-A-Car," the Plaintiffs' claims against this purported defendant should be dismissed.

/s/ R. Rainer Cotter, III
R. RAINER COTTER,III(COT010)
Attorney for Hertz Claim Management Corporation
and The Hertz Corporation

15

OF COUNSEL:

MARSH, COTTER & STEWART, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
Ph. 334-347-2626
Fax 334-393-1396
email: rrc@enterpriselawyers.com


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following attorneys of record by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed this 22nd day of April, 2008:

Thomas B. Albritton, Esq.
P.O. Box 880
Andalusia, Alabama 36420

David W. Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101

/s/ R. Rainer Cotter, III
OF COUNSEL

EXHIBIT "A"

Apr Apr. 29. 2004 7:35AM ACAM°    334 222 2696 No.1464    P. 33

Attorney's Copy

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual,
and ETHEL TILLIS, an individual,

PLAINTIFFS,

VS.                                              CASE NO. _____

CECIL E. CAMERON,

DEFENDANT.

COMPLAINT

COUNT ONE—NEGLIGENCE

1.      On or about the 14ᵗʰ day of April, 2002, the Defendant negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

2.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish.

COUNT TWO—WANTONNESS

3.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

4.      On or about the 14ᵗʰ day of April, 2002, the Defendant, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.



EXHIBIT
"A"
tabbies®

5.     As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE—LOSS OF CONSORTIUM

6.     The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.     The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

## PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.

_____
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

334 222 2696 No.1464   P. 55

ApApr.29. 2004: 7:36AM  ACAMB

Please serve the defendant via certified mail as follows:

Cecil E. Cameron.
33A Magnolia Ave.
Ft. Walton Beach, Florida 32548

EXHIBIT "B"

COPY

EXHIBIT
"B"
tabbies.

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an Individual
and ETHEL TILLIS, an Individual,

      PLAINTIFFS,

VS.

         CASE NO. 2004-49

CECIL E. CAMERON,

      DEFENDANT.

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice the Defendant will apply to the Clerk of this Court for issuance of the attached subpoena directed to Hertz Claim Management, who is not a party and whose address is 3400 Lakeside Drive, Suite 520, Miramar, Florida 33027, to produce the documents and things at the time and place specified in the subpoena.

           _____
           Thomas B. Albritton   ALB009
           Attorney for Plaintiffs

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
P. O. Box 880
Andalusia, Alabama 36420
334/222-3177

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this, the 21st day of August , 2006:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post. Office Box 116
Montgomery, Alabama 36101-0116

_____
Of Counsel

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an Individual
and ETHEL TILLIS, an Individual,

       PLAINTIFFS,

VS.                                      CASE NO. 2004-49

CECIL E. CAMERON,

       DEFENDANT.

CIVIL SUBPOENA FOR PRODUCTION
OF DOCUMENTS UNDER RULES 34(C) AND 45

TO:   Hertz Claim Management
      Attn: Custodian of Records
      3400 Lakeside Drive, Suite 520
      Miramar, Florida 33027

You are hereby commanded, at the instance of the Plaintiffs within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

The complete claims file for Laythron Tillis' claim maintained by you or your office relating to the incident that occurred on April 14, 2002, involving Cecil F. Cameron.

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. Please inform us if the reasonable copying cost will be over $25.00. **If you produce the records via return mail, please execute the enclosed certification of records, as well.**

Protection of Persons Subject to Subpoenas:

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)  (A) A person commanded to produce and inspection and copying of designated books, papers, documents, or tangible things or inspection of premises need not

appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)  If a subpoena

(i)      requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     required disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    required a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label then to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.**

For your information Alabama law restricts the charges for records as follows: Retrieval fee, $5.00; pages 1-25, $1.00 per page; pages 26 and over, $.50 per page.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This ___2/5___ day of ___August___, 2006.

_[signature]_

ALB009

Thomas B. Albritton
Attorney for Plaintiffs
109 Opp Avenue
P. O. Box 880
Andalusia, Alabama 36420

CIRCUIT CLERK

BY: _____

## RETURN ON SERVICE

Received this subpoena on _____ and served it on

the within named _____ on the _____ day of _____,

2006.

_____
PROCESS SERVER

# CERTIFICATION OF CUSTODIAN

I, _____, hereby certify and affirm in writing that I am _____ of Hertz Claim Management, which is an insurance company organized and operated pursuant to or under the laws of Florida, located at 3400 Lakeside Drive, Suite 520, Miramar, Florida 33027, that I am custodian of these records and that the within copy of said records are an exact, full, true and correct copy of said records pertaining to the incident that occurred on April 14, 2002 involving Laythron Tillis and Cecil E. Cameron.

I further certify that these records were made in the regular course of the business of the above-described insurance company and it was the regular course of said insurance company to make such record at the time the records attached hereto were made; and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made, or within a reasonable time thereafter.

All of which I hereby certify and affirm on this the _____ day of _____, 2006.

_____
Records Custodian

STATE OF _____  )
COUNTY OF _____  )

I, _____, a Notary Public in and for said County, in said State, hereby certify that _____, whose name is signed to the foregoing and who is known to me, acknowledged before me under oath on this day that after first being duly sworn and after being informed of the contents of this Certification, that the same is true. This person then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this, the _____ day of _____, 2006.

_____
Notary Public

My commission expires:

_____
(NOTARIAL SEAL)

EXHIBIT "C"





EXHIBIT

C

tabbies®

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

LAYTHRON TILLIS, an individual )
and ETHEL TILLIS, an individual, )
                                 )
        PLAINTIFFS,              )
                                 )
VS.                              )    CV-04-049
                                 )
CECIL E. CAMERON, an individual; )
HERTZ CLAIMS MANAGEMENT, a      )
foreign corporation; THE HERTZ   )
CORPORATION, a foreign corporation, )
                                 )
        DEFENDANTS.              )

FIRST AMENDED COMPLAINT

COUNT ONE–NEGLIGENCE

1.      On or about the 14ᵗʰ day of April, 2002, the Defendant negligently caused or

allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on

U.S. Highway 331.

2.      As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis,

was caused to suffer injuries and damages.

        WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to

include, but not to be limited to, damages for mental anguish.

COUNT TWO–WANTONNESS

3.      The Plaintiff incorporates by reference and realleges as if fully set out herein, all

previous allegations.

4.      On or about the 14ᵗʰ day of April, 2002, the Defendant, with a conscious

disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the

motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5.    As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiff seeks compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

6.    The Plaintiff incorporates by reference and realleges as if fully set out herein, all previous allegations.

7.    The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

## COUNT FOUR–BREACH OF CONTRACT

8.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

9.    The Plaintiffs and the Defendants Hertz Claims Management and The Hertz Corporation, (hereinafter referred to as "Hertz defendants") were at all times relevant hereto, parties to a contract which provided for the payment of benefits in the event Cecil Cameron was involved in a accident involving a motor vehicle entrusted to Mr. Cameron by the Hertz defendants.

10.    These Defendants have breached this contract in that they failed to tender the

benefits to the Plaintiffs to which they are entitled as beneficiaries of the contract, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

## COUNT FIVE–FRAUD

11.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

12.    At all times relevant hereto, the Hertz Defendants have misrepresented directly, and through their agents, servants, and employees that they are unable to accept service of process on behalf of the Defendant Cecil Cameron, or that they are otherwise unable to fully represent Mr. Cameron's interests in this litigation.

13.    The above-described statement is false, and was made for the purpose of deceiving the Plaintiffs, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages, and for punitive damages, as allowed by law.

## PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.

Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by hand delivery in open court to the following on this, the _12th_ day of _January_, 2007:

Mr. David W. Henderson
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116

Mr. Rainer Cotter
MARSH, COTTER, & STEWART
P.O. Box 310910
Enterprise, AL 36331

_____
Of Counsel

Please serve the defendant via certified mail as follows:

Hertz Claim Management Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

The Hertz Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

EXHIBIT "D"



EXHIBIT
"D"
tabbies®

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

LAYTHRON TILLIS, an individual
and ETHEL TILLIS, an individual,

    PLAINTIFFS,

VS.                  1:07CV78-WKW

CECIL E. CAMERON, an individual;
HERTZ CLAIMS MANAGEMENT, a
foreign corporation; THE HERTZ
CORPORATION, a foreign corporation;
HERTZ RENT-A-CAR, a foreign corpora-
tion,

    DEFENDANTS.

## SECOND AMENDED COMPLAINT

COME NOW the Plaintiffs and supplement and amend their previously-filed Complaints

as follows:

### COUNT ONE--NEGLIGENCE

1.    On or about the 14th day of April, 2002, the Defendant Cecil E. Cameron

negligently caused or allowed the motor vehicle he was driving to collide with that vehicle driven

by the Plaintiff, Laythron Tillis, on U.S. Highway 331.

2.    As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis,

was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiffs seek compensatory damages to

include, but not to be limited to, damages for mental anguish.

### COUNT TWO--WANTONNESS

3.    The Plaintiffs incorporate by reference and reallege as if fully set out herein, all

previous allegations.

4.   On or about the 14th day of April, 2002, the Defendant, Cecil E. Cameron, with a conscious disregard for the rights and safety of the Plaintiff, Laythron Tillis, wantonly caused or allowed the motor vehicle he was driving to collide with that vehicle driven by the Plaintiff, on U.S. Highway 331.

5.   As a proximate result of the above-described actions, the Plaintiff, Laythron Tillis, was caused to suffer injuries and damages.

WHEREFORE, for the above reasons, the Plaintiffs seek compensatory damages to include, but not to be limited to, damages for mental anguish and for punitive damages.

## COUNT THREE–LOSS OF CONSORTIUM

6.   The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

7.   The Plaintiffs, Ethel Tillis and Laythron Tillis, are husband and wife.  As a proximate result of the above-described actions of the Defendant, the Plaintiff, Ethel Tillis has been deprived of the comfort and services of her husband and has, therefore, been damaged.

WHEREFORE, for the above reasons, the Plaintiff, Ethel Tillis, seeks compensatory damages as allowed by law.

## COUNT FOUR–BREACH OF CONTRACT

8.   The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

9.   The Plaintiffs and the Defendants Hertz Claims Management, The Hertz Corporation, and Hertz Rent-a-Car (hereinafter referred to as "Hertz defendants") were at all times relevant hereto, parties to a contract which provided for the payment of benefits in the event

Cecil Cameron was involved in an accident involving a motor vehicle entrusted to Mr. Cameron by the Hertz defendants.

10.     These Defendants have breached this contract in that they failed to tender the benefits to the Plaintiffs to which they are entitled as beneficiaries of the contract, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

## COUNT FIVE—FRAUD

11.     The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

12.     At all times relevant hereto, the Hertz Defendants have misrepresented directly, and through their agents, servants, and employees that they were unable to accept service of process on behalf of the Defendant Cecil Cameron, or that they were otherwise unable to fully represent Mr. Cameron's interests in this litigation, or that they were unable to locate Mr. Cameron so as to secure his consent for them to defend him.

13.     The above-described statements are and were false, and were made for the purpose of deceiving the Plaintiffs, proximately causing them damage.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages, and for punitive damages, as allowed by law.

## COUNT SIX—VICARIOUS LIABILITY

14.     The Plaintiffs incorporate by reference and reallege as if fully set out herein, all previous allegations.

15.     At all times relevant hereto, The Hertz Defendants were the owners of the motor

vehicle being driven by the Defendant, Cecil Cameron. Moreover, these defendants voluntarily entrusted this motor vehicle to Mr. Cameron, who negligently and/or wantonly operated the above-referenced motor vehicle.

16.    As a proximate result of Mr. Cameron's negligent and/or wanton operation of the above-referenced motor vehicle, the Plaintiffs were damaged.

WHEREFORE, for the above reasons, the Plaintiffs demand judgment against these Defendants for compensatory damages as allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.**

/s/Thomas B. Albritton
Thomas B. Albritton (ALB009)
Attorney for Plaintiffs

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,    )
                                     )
            Plaintiffs,              )
                                     )
vs.                                  )    CASE NO. 1:07-cv-78-WKW
                                     )
CECIL E. CAMERON, HERTZ CLAIMS       )
MANAGEMENT and THE HERTZ             )
CORPORATION,                         )
                                     )
            Defendants.              )

**STATE OF New Jersey**

**COUNTY of BERGEN**

### Affidavit

COMES Dennis G. McGinley of The Hertz Corporation, and after being duly sworn, states as follows:

1. My name is Dennis G. McGinley. I serve as Assistant General Counsel for The Hertz Corporation. I am over the age of nineteen years and have personal knowledge of the matters stated herein.

2. First, I have reviewed the Tillis' Second Amended Complaint and the rental agreement between The Hertz Corporation and Cecil Cameron which is attached hereto. First, as expressed in the rental contract, Cecil Cameron was not the agent of The Hertz Corporation and no agency or employment relationship exists between those parties. Second, the rental contract is only intended to provide indemnity and defense protection as to Mr. Cameron. Mr. Cameron was and is the only direct and intended beneficiary of the benefits set forth in the rental agreement.

3. Second, as to application of the Graves Amendment, 49 U.S.C. §30106 to the vicarious liability claim made in the Second Amended Complaint, I know that The Hertz Corporation is regularly engaged in trade or business of leasing motor vehicles and was so engaged when Mr. Cameron rented the subject vehicle. In reading the Second Amended Complaint, there is no allegation that The Hertz Corporation was in any way negligent or participated in any criminal wrongdoing because it was not.

_Dennis G. McGinley_
Dennis G. McGinley



EXHIBIT
"E"

SWORN TO AND SUBSCRIBED BEFORE ME THIS _18th_ APRIL., 2008.

_Quashetta Branch_
NOTARY PUBLIC
My Commission Expires: APRIL 19, 2011

QUASHETTA BRANCH
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES APRIL 19, 2011



**Hertz**    RR 404767672  CECIL CAMERON                      VEH 01398/3549854 PG 2 OF 3 #01 RT
             RENTED: 04/11/02 15:00  AT OKALOOSA COUNTY AIR TERM         0135312

RENTED BY THE              PAID BY VISA  XXXXXXXXXXXX7634    AUTH# 429.00/047327
HERTZ CORPORATION

NO "ADDITIONAL AUTHORIZED OPERATORS" WITHOUT HERTZ PRIOR WRITTEN APPROVAL

YOU DID NOT ARRIVE BY PLANE WITHIN THE LAST 24 HOURS

CDP    301167 - CONTINENTAL FF DISC #

PASSENGER CAPACITY - THE PASSENGER CAPACITY OF THIS VEHICLE IS DETERMINED BY THE NUMBER OF SEATBELTS AND, BY LAW, MUST NOT BE
EXCEEDED. WHILE IN THE VEHICLE, PLEASE FASTEN YOUR SEATBELT. IT SAVES LIVES AND IT'S THE LAW. SHOULD YOU REQUIRE A LARGER
VEHICLE, PLEASE CHECK AT THE COUNTER FOR AVAILABILITY.

RES:B7767842060    RATE PLAN  MGLD    RATE CLASS S   PREPARED BY: 53510FLFWB12          PRINTED: 04/11/02 15:03 FLFWB12I



## Rental Agreement Terms & Conditions

These terms and conditions, the rental record signed by you and any other documents which you are required to sign when you rent the car, together constitute the agreement ("This Agreement") for the rental of the vehicle identified on the rental record, including all of its parts ("Car"). The agreement is between you and the Hertz Company which is identified on the rental record ("Hertz").

1   NATURE OF THIS AGREEMENT.
    You are obtaining solely a bailment that allows You to use the Car as permitted by this Agreement. You acknowledge that the Car is owned by Hertz. No one other than Hertz may transfer the Car or any rights or obligations under this Agreement. Any attempted transfer or sublease of the Car by anyone other than Hertz is void. Neither You nor any Authorized Operators are agents of Hertz. No one may service or repair the Car without Hertz's prior express approval. HERTZ MAKES NO EXPRESS OR IMPLIED WARRANTIES, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR THAT THE CAR IS FIT FOR ANY PARTICULAR PURPOSE.

2.  WHO MAY OPERATE THE CAR.
    Only You and the following persons, with Your permission ("Authorized Operators"), may operate the Car: (a) For rentals commencing in the states of Iowa and Nevada, your spouse and Your employer, employees and fellow employees incidental to their business duties; (b) on rentals ("Replacement Rentals") which are designated as replacement rentals on the Rental Record, any person specifically named as an insured on Your automobile policy; and (c) on rentals other than Replacement Rentals, any other person who signs an Additional Authorized Operator form at the time of rental or who is authorized under Your Hertz CDP number, if any, shown on the Rental Record. All Authorized Operators must be at least 25 years old and must have a valid driver's license from a jurisdiction acceptable to Hertz, except that persons operating the Car pursuant to clause (b) above need only be at least 21 years old. Except to the extent necessary for valet parking or in an emergency as permitted by law, no other persons are permitted to operate the Car. With respect to persons who must sign an Additional Authorized Operator Form, other qualifications may, at Hertz's discretion, be in effect at the time and place of rental and, where permitted by law, Hertz may impose an additional fee for such persons. By operating the Car (whether or not an Additional Authorized Operator form is completed), an Authorized Operator will be deemed jointly and severally responsible for Your obligations under this Agreement related to the Car, as well as for any obligations that this Agreement directly imposes on an Authorized Operator of the Car (for example: the obligations contained in Paragraph 9 and 10(c)).

3.  RETURN
    ORDINARY WEAR DUE TO REASONABLE USE EXCEPTED, YOU MUST RETURN THE CAR TO HERTZ IN THE SAME CONDITION IT IS IN WHEN YOU RECEIVE IT. YOU MUST RETURN THE CAR TO HERTZ BY THE DUE DATE SPECIFIED ON THE RENTAL RECORD, OR SOONER IF DEMANDED BY HERTZ. IN NO EVENT MAY YOU KEEP THE CAR FOR MORE THAN THIRTY(30) DAYS (IN NEW JERSEY, 28 DAYS), UNLESS AUTHORIZED IN WRITING BY HERTZ. THE CAR WILL REMAIN SUBJECT TO THESE TERMS AND CONDITIONS UNTIL HERTZ HAS INSPECTED AND ACCEPTED IT; IF YOU RETURN THE CAR AFTER HOURS, YOU ARE RESPONSIBLE FOR ANY DAMAGE TO THE CAR UNTIL HERTZ HAS INSPECTED AND ACCEPTED IT ON THE NEXT DAY THAT THE RETURN LOCATION IS OPEN FOR BUSINESS. IF YOU DO NOT RETURN THE CAR WHEN REQUIRED BY THIS AGREEMENT, THEN AFTER HERTZ SENDS YOU A WRITTEN DEMAND TO RETURN IT, SENT TO YOUR ADDRESS SHOWN ON THE RENTAL RECORD OR OTHERWISE PROVIDED TO HERTZ, HERTZ MAY, AT YOUR EXPENSE, RECOVER THE CAR WHERE AND WHEN IT IS FOUND. IF THE CAR IS FOUND ILLEGALLY PARKED OR APPARENTLY ABANDONED, OR IF THE CAR IS USED OR OBTAINED AS PROHIBITED UNDER PARAGRAPH 5, THEN HERTZ MAY RECOVER THE CAR WITHOUT DEMAND. TO THE EXTENT PERMITTED BY LAW, YOU WAIVE ANY RIGHT TO A HEARING OR TO RECEIVE ANY NOTICE OR LEGAL PROCESS AS A PRE-CONDITION FOR HERTZ RECOVERING THE CAR.

4.  **YOUR RESPONSIBILITY FOR LOSS OF OR DAMAGE TO THE CAR**
    IF THE CAR IS USED AS PERMITTED BY THE TERMS AND CONDITIONS OF THIS AGREEMENT, THE FOLLOWING APPLIES:

a. EXCEPT AS STATED BELOW, YOU ARE RESPONSIBLE FOR ANY AND ALL LOSS OF OR DAMAGE TO THE CAR RESULTING FROM ANY CAUSE (FOR EXAMPLE: COLLISION, ROLLOVER, THEFT, VANDALISM OR SEIZURE), REGARDLESS OF FAULT, FROM COLLISION) OR ACTS OF NATURE OR GOD BEYOND YOUR CONTROL. ACTS OF NATURE OR GOD SHALL BE DEEMED NOT TO INCLUDE COLLISIONS WITH OR CAUSED BY DEER OR OTHER ANIMALS.

EXCEPT AS STATED BELOW, YOUR RESPONSIBILITY WILL NOT EXCEED THE GREATER OF THE RETAIL FAIR MARKET VALUE OF THE CAR AND ITS MANUFACTURER BUYBACK PROGRAM VALUE AT THE TIME THE CAR IS LOST OR DAMAGED, LESS ITS SALVAGE VALUE, PLUS ACTUAL TOWING, STORAGE AND IMPOUND FEES, AN ADMINISTRATIVE CHARGE AND A REASONABLE CHARGE FOR LOSS OF USE.

YOUR RESPONSIBILITY FOR DAMAGE DUE TO THEFT OR OTHERWISE IS LIMITED BY LAW IN CERTAIN JURISDICTIONS. AS OF SEPTEMBER 1, 2000, THE FOLLOWING LIMITATIONS EXIST:

1) FOR RENTALS COMMENCING IN ILLINOIS, YOUR RESPONSIBILITY FOR CAUSES OTHER THAN THEFT WILL NOT EXCEED $9,500 THROUGH MAY 31, 2001, WHICH LIMIT WILL INCREASE BY $500 PER YEAR STARTING JUNE 1, 2001; AND YOUR RESPONSIBILITY FOR THEFT WILL NOT EXCEED $2,000 UNLESS IT IS ESTABLISHED THAT YOU OR AN AUTHORIZED OPERATOR FAILED TO EXERCISE ORDINARY CARE WHILE IN POSSESSION OF THE CAR OR COMMITTED OR AIDED IN THE COMMISSION OF THE THEFT.

2) FOR RENTALS COMMENCING IN WISCONSIN, (A) YOU ARE NOT RESPONSIBLE FOR ANY DAMAGE TO THE CAR OTHER THAN DAMAGE RESULTING FROM AN ACCIDENT OR CAUSED BY THE WILLFUL, RECKLESS OR WANTON MISCONDUCT OF YOU OR AN AUTHORIZED OPERATOR; AND (B) YOUR RESPONSIBILITY WILL NOT EXCEED THE FAIR MARKET VALUE OF THE CAR IMMEDIATELY BEFORE THE DAMAGE OCCURS, LESS ITS SALVAGE VALUE, PLUS ACTUAL TOWING FEES AND STORAGE FEES FOR NO MORE THAN 2 DAYS.

YOUR RESPONSIBILITY MAY ALSO BE LIMITED IN OTHER JURISDICTIONS.

IF YOU HAVE ACCEPTED THE OPTIONAL LOSS DAMAGE WAIVER ("LDW"), WHICH IS NOT INSUR-ANCE, HERTZ WILL NOT HOLD YOU RESPONSIBLE FOR LOSS OF OR DAMAGE TO THE CAR EX-CEPT AS DESCRIBED IN SUBPARAGRAPH 4(e). IF YOU HAVE ACCEPTED THE OPTIONAL PAR-TIAL DAMAGE WAIVER ("PDW"), WHICH IS NOT INSURANCE AND WHICH IS ONLY AVAILABLE FOR REPLACEMENT RENTALS, HERTZ WILL NOT HOLD YOU RESPONSIBLE FOR LOSS OF OR DAMAGE TO THE CAR, EXCEPT AS DE-SCRIBED IN SUBPARAGRAPH 4(e), UP TO THE AMOUNT EQUAL TO THE LESSER OF $1,000 AND ANY APPLICABLE DEDUCTIBLE UNDER YOUR OWN AU-TOMOBILE INSURANCE THAT APPLIES TO THE CAR. YOUR INSURER WILL BE BILLED FOR THE FULL AMOUNT OF THE LOSS; ONLY THE APPLICABLE DEDUCTIBLE UNDER YOUR POLICY (UP TO $1,000) IS WAIVED AFTER THE LOSS IS PAID IN THOSE STATES WHERE THE SALE OF DAMAGE WAIVERS IS REGULATED OR PROHIBITED, THAT LAW WILL GOVERN YOUR RESPONSIBILITY FOR LOSS OF OR DAMAGE TO THE CAR.

b. YOUR PURCHASE OF LDW, PDW, WHICH ENTAILS AN ADDITIONAL CHARGE, IS NOT REQUIRED IN ORDER TO RENT A CAR AND MAY BE DE-CLINED. YOUR OWN INSURANCE (OR THAT OF AN AUTHORIZED OPERATOR) MAY COVER ALL OR PART OF THE LOSS OR DAMAGE TO THE CAR. BE-FORE DECIDING WHETHER TO PURCHASE LDW OR PDW, YOU ARE ADVISED TO CONSULT WITH YOUR OWN INSURER AND/OR EXAMINE YOUR AUTO-MOBILE INSURANCE POLICY AND THAT OF ANY AUTHORIZED OPERATOR TO DETERMINE WHETHER THE POLICY AFFORDS COVERAGE FOR LOSS OF OR DAMAGE TO A RENTED VEHI-CLE, AND, IF SO, THE TERMS AND SCOPE OF SUCH COVERAGE, INCLUDING THE AMOUNT OF THE DEDUCTIBLE AND ANY OTHER LIMITA-TIONS AND EXCESSES. YOU ARE ALSO AD-VISED TO DETERMINE WHETHER SUCH COVERAGE IS PROVIDED UNDER THE AGREE-MENT REGARDING THE CREDIT CARD WHICH IS USED TO PAY FOR THE RENTAL FROM ANY OTHER SOURCE AND, IF SO, THE TERMS AND SCOPE OF SUCH COVERAGE.

e. USE OF THE CAR IN A MANNER PROHIBITED IN PARAGRAPH 5 WILL, TO THE EXTENT PER-MITTED BY APPLICABLE LAW, VOID LDW AND PDW AND CAUSE YOU TO BE RESPONSIBLE FOR LOSS OF OR DAMAGE TO THE CAR RE-SULTING FROM THAT PROHIBITED USE.

5. PROHIBITED USE OF THE CAR NEITHER YOU NOR ANY AUTHORIZED OPERATOR MAY:

a. PERMIT THE USE OF THE CAR BY ANYONE OTHER THAN YOU OR AN AUTHORIZED OPERATOR;

b. INTENTIONALLY DESTROY, DAMAGE OR AID IN THE THEFT OF THE CAR;

c. TAKE OR ATTEMPT TO TAKE THE CAR INTO MEXICO OR TO ANYWHERE ELSE OUTSIDE OF THE UNITED STATES OR CANADA, EXCEPT AS EXPRESSLY PERMITTED UNDER THIS AGREEMENT;

d. ENGAGE IN ANY WILLFUL OR WANTON MISCONDUCT, WHICH, AMONG OTHER THINGS, MAY INCLUDE RECKLESS CONDUCT SUCH AS: THE FAILURE TO USE SEAT BELTS, THE FAILURE TO USE CHILD SEATS OR OTHER CHILD RESTRAINTS WHERE LEGALLY REQUIRED, USE WHEN OVERLOADED, USE OFF PAVED ROADS OR ON ROADS WHICH ARE NOT REGULARLY MAINTAINED, FAILING TO REMOVE THE KEYS OR TO CLOSE AND LOCK ALL DOORS, CAR WINDOWS OR THE TRUNK AND THE CAR IS VANDALIZED OR STOLEN;

e. USE OR PERMIT THE USE OF THE CAR BY ANYONE:

1) WHILE LEGALLY INTOXICATED OR UN-DER THE INFLUENCE OF ALCOHOL, DRUGS OR OTHER ABSORBED ELE-MENTS WHICH MAY ADVERSELY AFFECT A PERSON'S ABILITY TO DRIVE SAFELY;

2) FOR ANY PURPOSE THAT COULD PROPERLY BE CHARGED AS A CRIME, SUCH AS THE ILLEGAL TRANSPORTA-TION OF PERSONS, DRUGS OR CONTRA-BAND;

3) TO TOW OR PUSH ANYTHING;

4) IN A SPEED TEST, SPEED CONTEST, RACE, RALLY, SPEED ENDURANCE CON-TEST OR DEMONSTRATION;

5) IN DRIVER TRAINING ACTIVITY;

6) TO CARRY PERSONS OR PROPERTY FOR HIRE (I.E., FOR A CHARGE OR FEE);

7) IF THE CAR HAS BEEN OBTAINED FROM HERTZ BY FRAUD OR MISREPRE-SENTATION; OR

8) TO CARRY EXPLOSIVES OR TO CARRY RADIOACTIVE MATERIAL INCLUDING,

BUT NOT LIMITED TO, ANY RADIOACTIVE MATERIAL FOR RESEARCH, EDUCATION, DEVELOPMENT OR INDUSTRIAL PURPOSES, OR FOR PURPOSES INCIDENTAL THERETO;

**f. FOR RENTALS IN HAWAII, TAKE OR ATTEMPT TO TAKE THE CAR OFF THE ISLANDS OF HAWAII.**

**g. FOR REPLACEMENT RENTALS, TAKE OR ATTEMPT TO TAKE THE CAR OUT OF THE STATE IN WHICH IT WAS RENTED WITHOUT FIRST OBTAINING SPECIFIC WRITTEN PERMISSION FROM HERTZ, WHICH PERMISSION MAY BE WITHHELD IN HERTZ'S SOLE DISCRETION.**

**ANY USE OF THE CAR IN A MANNER PROHIBITED ABOVE:**

**i. TO THE EXTENT PERMITTED BY APPLICABLE LAW, WILL CAUSE YOU TO LOSE THE BENEFIT OF ANY LIMITATION ON YOUR LIABILITY FOR LOSS OF OR DAMAGE TO THE CAR, EVEN IF YOU HAVE ACCEPTED LDW OR PDW;**

**ii. TO THE EXTENT PERMITTED BY APPLICABLE LAW, WILL CAUSE YOU TO LOSE THE BENEFIT OF ALL PERSONAL ACCIDENT INSURANCE ("PAI") AND PERSONAL EFFECTS COVERAGE ("PEC"), LIABILITY INSURANCE SUPPLEMENT ("LIS") COVERAGE AND LIABILITY PROTECTION PROVIDED BY HERTZ UNDER THIS AGREEMENT; AND**

**iii. WILL CONSTITUTE A BREACH OF THIS AGREEMENT, MAKING YOU RESPONSIBLE, TO THE FULLEST EXTENT PERMITTED BY LAW, FOR THE ACTUAL AND CONSEQUENTIAL DAMAGES TO HERTZ CAUSED BY THE BREACH, TOGETHER WITH HERTZ'S RELATED COSTS AND ATTORNEYS' FEES.**

6    PAYMENT OF CHARGES

You and any person, corporation or other entity to whom, with Hertz's consent, You expressly direct the charges in any way incurred under this Agreement ("Charges") to be billed, are jointly and severally responsible for payment of all Charges. If You direct Charges to be billed to any person, corporation or other entity, You represent that You are authorized to do so. Charges not paid on time as required by this Agreement may be subject to a late payment fee. You may also be charged a fee for any check used for payment of Charges that is returned to Hertz unpaid. Payment for all estimated Charges is due at the time of rental in cash or by a credit card or other device acceptable to Hertz. Payment for any additional Charges is due at the completion of the rental in the same manner. Debit/check cards are not acceptable to qualify for rental, but may be used for payment at return. Charges not known to Hertz at the completion of the rental are payable by You, or by the person to whom such Charges are to be billed, immediately upon receipt of an invoice therefore or by billing to the credit card presented at the time of rental, even if cash or another debit/credit card was used to pay for charges at the completion of the rental. The payment of Charges by use of a credit card is governed by the terms of Your agreement with the card issuer. IF YOU USE A CREDIT OR CHARGE CARD TO PAY FOR CHARGES, YOU AUTHORIZE HERTZ TO RESERVE CREDIT WITH THE CARD ISSUER AT THE TIME OF RENTAL IN A REASONABLE AMOUNT THAT IS AT LEAST EQUAL TO ALL ESTIMATED CHARGES AND TO PROCESS AN APPROPRIATE VOUCHER OR PAYMENT SLIP FOR ALL ESTIMATED CHARGES AT TIME OF RENTAL AND FOR ALL ADDITIONAL CHARGES AT THE COMPLETION OF THE RENTAL. Hertz may audit all Charges. If any errors are found, You will pay the corrected Charges. If payment was by credit, debit or charge card, You authorize Hertz to correct the Charges with the card issuer Hertz will notify You of any correction

Hertz may issue prepaid vouchers or coupons ("Vouchers") from time to time, which may be used to pay rental charges subject to the terms and conditions of the Vouchers Vouchers must be submitted at the time that the rental commences

7    COMPUTATION OF CHARGES

a.  TIME CHARGES are computed at the rates specified on the Rental Record for days, weeks, months, extra hours and extra days (including days in excess of any longer specified time period) THE MINIMUM RENTAL CHARGE IS FOR ONE RENTAL DAY. RENTAL DAYS CONSIST OF CONSECUTIVE 24-HOUR PERIODS STARTING AT THE TIME THE RENTAL BEGINS, OR ANY PORTION OF A CALENDAR DAY, AS NOTED ON THE RENTAL RECORD. The extra hours rate shown on the Rental Record is charged for each full or partial hour in excess of a rental day until such extra hours' charges equal the daily rate specified on the Rental Record for an extra day. Extra hours are only charged if the Car is returned one hour or more beyond the start of a new rental day. IF YOU FAIL TO COMPLY WITH ANY CONDITIONS SPECIFIED ON THE RENTAL RECORD APPLICABLE TO SPECIAL RATES, HERTZ'S OTHERWISE APPLICABLE RENTAL RATES WILL BE CHARGED

b.  MILEAGE CHARGES, including those for extra miles, if any are based on the per mile rate specified on the Rental Record. The number of miles driven is determined by subtracting the Car's odometer reading at the beginning of the rental from the reading when the Car is returned, excluding tenths of miles. The per mile rate is then multiplied by the number of miles driven or, in the case of extra miles, by the number of miles in excess of the number of miles allowed, as specified on the Rental Record. The result is the Mileage Charge

c.  A SERVICE CHARGE may be applied if You return the Car to any location other than the location from which it is rented. Additional Charges may be applied for other supplementary services You request Additional Charges, if stated on the Rental Record as a daily rate, are due and payable for each full or partial rental day

d.  LDW, PDW, PAI/PEC and LIS CHARGES, if applicable, are due and payable in full for each full or partial rental day, at the rates specified on the Rental Record

e.  SALES/USE/EXCISE TAXES, TAX REIMBURSEMENT, AIRPORT AND HOTEL RELATED FEES, VEHICLE LICENSING FEES, SURCHARGES AND SIMILAR TAXES AND FEES are charged/recovered as and where required or permitted by applicable law.

f.  RECOVERY EXPENSE consists of all costs of any kind incurred by Hertz in recovering the Car either under this Agreement, or if it is seized by governmental authorities as a result of its use by You, any Authorized Operator or any other operator with Your, his or her permission, including, but not limited to, all attorneys' fees and court costs

g.  COLLECTION EXPENSE consists of all costs of any kind incurred by Hertz in collecting Charges from You or the person to whom they are billed, including but not limited to all attorneys' fees and court costs

h.  LATE PAYMENT FEES may be applied to any balance due for Charges that are not paid within 30 days of Hertz's mailing an invoice for such Charges to You or the person to whom they are to be billed. Such invoice may be mailed either to Your or their address specified at time of rental, or Your or their billing address on file with Hertz

i.  FINES AND OTHER EXPENSES include, but are not limited to, fines, penalties, attorneys' fees and court costs assessed against or paid by Hertz resulting from the use of the Car by You, any Authorized Operator or any other operator with Your, his or her permission

j. CHARGES FOR ADDITIONAL SERVICES, such as Hertz NeverLost® In-Car Navigation System, ski racks and infant and toddler car seats, if applicable, will be charged at the applicable rates specified on the Rental Record.

k. ANY OTHER CHARGES specified on the Rental Record will be charged at the applicable rates specified on the Rental Record.

8    REFUELING OPTIONS

Most Hertz rentals come with a full tank of gas, but that is not always the case. There are three refueling options:

(1)   IF YOU DO NOT PURCHASE FUEL FROM HERTZ AT THE BEGINNING OF YOUR RENTAL AND YOU RETURN THE CAR WITH AT LEAST AS MUCH FUEL AS WAS IN IT WHEN YOU RECEIVED IT, You will not pay Hertz a Fuel and Service Charge.

(2) IF YOU DO NOT PURCHASE FUEL FROM HERTZ AT THE BEGINNING OF YOUR RENTAL AND YOU RETURN THE CAR WITH LESS FUEL THAN WAS IN IT WHEN YOU RECEIVED IT, Hertz will charge You a Fuel and Service Charge at the applicable per-mile or per-gallon rate specified on the Rental Record.

(a) The per-mile rate is used if You do not buy fuel during the rental  To calculate this amount, Hertz multiplies the number of miles driven, as shown on the car's odometer, times the per-mile rate shown on the Rental Record.

(b) The per-gallon rate is used if You buy fuel during the rental but the tank is not as full when You return the Car as when You received it  To calculate this amount, Hertz multiplies the number of gallons needed to refill the fuel tank to the level it was at when You received the Car, times the per-gallon rate.

ALTHOUGH TWO METHODS ARE USED FOR EASE OF CALCULATION, THE PER-MILE AND PER-GALLON RATES PRODUCE APPROXIMATELY THE SAME RESULT

(3)  IF YOU CHOOSE TO PURCHASE FUEL FROM HERTZ AT THE BEGINNING OF YOUR RENTAL BY SELECTING THE FUEL PURCHASE OPTION, You will be charged as shown on the Rental Record for that purchase. IF YOU CHOOSE THIS OPTION, YOU WILL NOT INCUR AN ADDITIONAL FUEL AND SERVICE CHARGE, BUT YOU WILL NOT RECEIVE ANY CREDIT FOR FUEL LEFT IN THE TANK AT THE TIME OF RETURN. For rentals in Hawaii, if You return the Car with a full tank of fuel, You will receive a credit for the amount previously charged for the purchase of fuel from Hertz. For rentals other than Replacement Rentals (and for all rentals in Hawaii), if You drive the Car 100 miles or less and return it with less than a full tank of fuel, You will receive credit for the purchase of fuel from Hertz and will be charged for the fuel used

EXCEPT FOR RENTALS AS TO WHICH THE FINAL SENTENCE OF CLAUSE (3) BECOMES APPLICABLE, THE PER GALLON COST OF THE FUEL PURCHASE OPTION WILL ALWAYS BE LOWER THAN THE FUEL AND SERVICE CHARGE. BUT IF YOU ELECT THE FUEL PURCHASE OPTION YOU WILL NOT RECEIVE CREDIT FOR FUEL LEFT IN THE TANK AT THE TIME OF RETURN. THE COST OF REFUELING THE CAR YOURSELF AT A LOCAL SERVICE STATION WILL GENERALLY BE LOWER THAN THE FUEL AND SERVICE CHARGE OR THE FUEL PURCHASE OPTION. HOWEVER, THE FUEL AND SERVICE CHARGE AND THE FUEL PURCHASE OPTION ALLOW FOR THE CONVENIENCE OF NOT HAVING TO STOP AND REFUEL THE CAR PRIOR RETURN

9    RESPONSIBILITY FOR PROPERTY

YOU AGREE THAT HERTZ IS NOT RESPONSIBLE TO YOU, ANY AUTHORIZED OPERATORS OR ANYONE ELSE FOR ANY LOSS OF OR DAMAGE TO YOUR OR THEIR PERSONAL PROPERTY CAUSED BY YOUR OR THEIR ACTS OR OMISSIONS, THOSE OF ANY THIRD PARTY OR, TO THE EXTENT PERMITTED BY LAW, BY HERTZ'S NEGLIGENCE. YOU AND ANY AUTHORIZED OPERATORS HEREBY WAIVE ANY CLAIM AGAINST HERTZ, ITS AGENTS OR EMPLOYEES, FOR LOSS OF OR DAMAGE TO YOUR OR ANYONE ELSE'S PERSONAL PROPERTY, WHICH INCLUDES, WITHOUT LIMITATION, PROPERTY LEFT IN ANY HERTZ VEHICLE OR BROUGHT ON HERTZ'S PREMISES, CAUSED BY YOU OR ANY AUTHORIZED OPERATORS, BY ANY THIRD PARTY OR, TO THE EXTENT PERMITTED BY LAW, BY HERTZ'S NEGLIGENCE WHETHER IN WHOLE OR IN PART. YOU AND ANY AUTHORIZED OPERATORS AGREE TO INDEMNIFY AND HOLD HERTZ HARMLESS FROM ANY CLAIM AGAINST HERTZ FOR LOSS OF OR DAMAGE TO PERSONAL PROPERTY THAT IS CONNECTED WITH ANY RENTAL UNDER THIS AGREEMENT

10    LIABILITY PROTECTION

THE FOLLOWING SUBPARAGRAPH (a) APPLIES IF THE PROVISIONS OF YOUR CDP NUMBER SHOWN ON THE RENTAL RECORD, IF ANY, OR, IN THE CASE OF A REPLACEMENT

RENTAL, THE APPLICABLE CONTRACT, IF ANY, BETWEEN HERTZ AND THE AUTOMOBILE INSURER WHICH IS RESPONSIBLE FOR DAMAGE TO OR LOSS OF YOUR VEHICLE (A "RESPONSIBLE INSURER"), INCLUDE THE EXTENSION BY HERTZ OF LIABILITY PROTECTION.

a. WITHIN THE LIMITS STATED IN THIS SUBPARAGRAPH, HERTZ WILL INDEMNIFY, HOLD HARMLESS, AND DEFEND YOU AND ANY OTHER AUTHORIZED OPERATORS FROM AND AGAINST LIABILITY TO THIRD PARTIES, WHICH BY DEFINITION EXCLUDES ANY OF YOUR OR ANY AUTHORIZED OPERATORS' FAMILY MEMBERS RELATED BY BLOOD, MARRIAGE OR ADOPTION RESIDING WITH YOU OR THEM, FOR BODILY INJURY (INCLUDING DEATH) AND PROPERTY DAMAGE, IF THE ACCIDENT RESULTS FROM THE USE OF THE CAR AS PERMITTED BY THIS AGREEMENT. THE LIMITS OF THIS PROTECTION, INCLUDING OWNERS' LIABILITY, ARE THE SAME AS THE MINIMUM LIMITS REQUIRED BY THE AUTOMOBILE FINANCIAL RESPONSIBILITY LAW OF THE JURISDICTION IN WHICH THE ACCIDENT OCCURS, UNLESS HIGHER LIMITS APPLY FOR THE CDP NUMBER OR RATE PLAN SHOWN ON THE RENTAL RECORD, IF ANY, OR, IN THE CASE OF A REPLACEMENT RENTAL, THE APPLICABLE CONTRACT BETWEEN HERTZ AND THE RESPONSIBLE INSURER, IF ANY. THESE LIMITS MAY NOT BE ADEQUATE TO FULLY COVER YOUR LIABILITY IN THE EVENT THAT YOU ARE INVOLVED IN AN ACCIDENT. THIS PROTECTION WILL CONFORM TO THE BASIC REQUIREMENTS OF ANY APPLICABLE MANDATORY "NO FAULT" LAW BUT DOES NOT INCLUDE "UNINSURED MOTORIST," "UNDERINSURED MOTORIST," "SUPPLEMENTARY NO FAULT" OR ANY OTHER OPTIONAL COVERAGE. TO THE EXTENT PERMITTED BY LAW, HERTZ AND YOU HEREBY WAIVE AND REJECT THE INCLUSION OF ANY SUCH PROTECTION. If such protection is imposed by operation of law, then the limits of such protection will be the minimum required for primary liability protection by the law of the jurisdiction in which the accident occurs. Hertz warrants that the protection described in this subparagraph is primary with respect to any insurance coverage which You or an Authorized Operator may have.

THE FOLLOWING SUBPARAGRAPH (b) APPLIES FOR ALL RENTALS OTHER THAN THOSE NOTED IN SUBPARAGRAPH (a).

b.   IF YOU DO NOT PURCHASE LIABILITY INSURANCE SUPPLEMENT (LIS) (A SUMMARY OF LIS COVERAGE APPEARS BELOW) AT THE COMMENCEMENT OF THE RENTAL AND AN ACCIDENT RESULTS FROM THE USE OF THE CAR, YOUR INSURANCE AND THE INSURANCE OF THE OPERATOR OF THE CAR WILL BE PRIMARY. THIS MEANS THAT HERTZ WILL NOT GRANT ANY DEFENSE OR INDEMNITY PROTECTION UNDER THIS PARAGRAPH IF EITHER YOU OR THE OPERATOR OF THE CAR ARE COVERED BY ANY VALID AND COLLECTIBLE AUTOMOBILE LIABILITY INSURANCE, WHETHER PRIMARY, EXCESS OR CONTINGENT, WITH LIMITS AT LEAST EQUAL TO THE MINIMUM REQUIRED BY THE APPLICABLE STATE FINANCIAL RESPONSIBILITY LAW IF NEITHER YOU NOR THE OPERATOR OF THE CAR HAVE SUCH INSURANCE, HERTZ WILL GRANT YOU AND ANY AUTHORIZED OPERATOR OF THE CAR LIMITED PROTECTION UNDER THE TERMS AND CONDITIONS STATED IN SUBPARAGRAPHS 10(a) AND 10(c).

FOR RENTALS COMMENCING IN FLORIDA: Florida law requires Hertz's liability protection and personal injury protection to be primary unless otherwise stated. Therefore, Hertz hereby informs You that the valid and collectible liability insurance and personal injury protection of You or any Authorized Operator is primary for the limits of liability and personal injury protection coverage required by ss 324.021 (7) and 627.736,  Florida statutes, unless Your CDP number or rate plan includes the extension by Hertz of liability protection or you accept the optional LIS. Primary insurance means that, in the event of a covered loss, Your insurance or that of the Authorized Operator would be responsible for the payment of personal injury or property damage claims up to the limits of this insurance

c.  YOU AND ALL OPERATORS WILL INDEMNIFY AND HOLD HERTZ, ITS AGENTS, EMPLOYEES AND AFFILIATES HARMLESS FROM AND AGAINST ANY AND ALL LOSS, LIABILITY, CLAIM DEMAND, CAUSE OF ACTION, ATTORNEY'S FEES AND EXPENSES OF ANY KIND (A "LOSS") IN EXCESS OF THE LIMITS STATED HEREIN OR BEYOND THE SCOPE OF THE PROTECTION PROVIDED FOR HEREIN, IF ANY, ARISING FROM THE USE OF POSSESSION OF THE CAR BY YOU OR ANY OTHER OPERATOR(S) WITH YOUR, HIS OR HER PERMISSION INCLUDING BUT NOT LIMITED TO ATTORNEYS' FEES INCURRED BY HERTZ TO ENFORCE ANY OF ITS RIGHTS HEREUNDER UNLESS SUCH LOSS ARISES OUT OF HERTZ'S SOLE

NEGLIGENCE.

d.   The Car may not be driven into Mexico without first obtaining specific written permission from Hertz, which permission may be withheld in Hertz's sole discretion. If permitted, You must first obtain through Hertz insurance valid in Mexico. Hertz does not provide any liability protection with this Agreement while a Car is in Mexico.

**11.   ACCIDENTS, THEFT AND VANDALISM**

You must promptly and properly report any accident, theft or vandalism involving the Car to Hertz and to the police in the jurisdiction in which such incident takes place. You should obtain details of witnesses and other vehicles involved and their drivers, owners and relevant insurances wherever possible. If You or any Authorized Operator receive any papers relating to such an incident, those papers must be promptly given to Hertz. You and any Authorized Operators must cooperate fully with Hertz's investigation of such incident and defense of any resulting claim. FAILURE TO COOPERATE FULLY MAY VOID ALL LIABILITY PROTECTION, PAI/PEC, LIS, LDW AND PDW. You and any Authorized Operators authorize Hertz to obtain any records or information relating to any incident, consent to the jurisdiction of the courts of the jurisdiction in which the incident occurs and waive any right to object to such jurisdiction.

**12.   LIMITS ON LIABILITY**

a.   Hertz will not be liable to You or any Authorized Operators for any indirect, special or consequential damages (including lost profits) arising in any way out of any matter covered by this Agreement.

b.   You understand and agree that it is improper for You to file a lawsuit concerning this Agreement against any entity other than Hertz.

**13.   PARKING AND TRAFFIC VIOLATIONS/TOLLS/PRIVACY/LIMITED POWER OF ATTORNEY**

a.   You will be responsible for and pay all parking or traffic violation fines and penalties, all towing, storage and impoundment fees, and all tolls charged to the Car, arising out of use, possession or operation of the Car by You or with Your permission. You agree to pay same and indemnify and hold Hertz harmless if Hertz pays or is required to pay same. You also agree to reimburse Hertz for all its related collection and other expenses, including an administrative fee related to the cost of collection or to the cost of providing information about You to a court or governmental agency in connection with any parking or traffic violations. **For rentals in Hawaii, the amount of the administrative fee which You will be charged if Hertz is required to pay such a parking citation is $10.00 per citation; to avoid this, You are encouraged to pay all parking citations promptly and directly to the court.**

b.   You and any other Authorized Operators authorize Hertz to release to any court or government agency any information relating to any person who uses the Car during the rental.

c.   You grant Hertz a limited Power of Attorney to present claims for damage to or loss of the Car to Your insurance carrier.

**14.   WAIVER OR CHANGE OF TERMS/GOVERNING LAW**

a.   No term of this Agreement may be waived or changed except by a writing signed by an expressly authorized representative of Hertz. Rental representatives are not authorized to waive or change any term of this Agreement.

b.   This Agreement shall be governed by the substantive law of the jurisdiction in which the rental commences, without giving effect to the choice of laws rules thereof.

## SUMMARY OF OPTIONAL SERVICES

THIS IS A SUMMARY ONLY AND IS SUBJECT TO ALL OF THE PROVISIONS, LIMITATIONS AND EXCEPTIONS OF THE APPLICABLE LIABILITY INSURANCE SUPPLEMENT, PERSONAL ACCIDENT AND PERSONAL EFFECTS INSURANCE POLICIES (WHICH ARE AVAILABLE FOR INSPECTION UPON REQUEST), AND THIS AGREEMENT

The insurance coverages offered by HERTZ (LIS and PAI/PEC) may provide a duplication of coverage already provided by a renter's personal automobile insurance policy or by another source of coverage. The purchase of these kinds of coverage is not required in order to rent a Car.

### LIABILITY INSURANCE SUPPLEMENT (LIS) SUMMARY OF COVERAGE

COVERAGE

If You elect to purchase LIS, coverage will be provided to You and any Authorized Operators under an excess automobile liability insurance policy issued to Hertz.

LIMITS

LIS provides protection from third-party automobile liability claims for the difference between the liability protection limits provided under Paragraph 10 and a maximum combined single limit of One Million ($1,000,000) Dollars for bodily injury, including death, and property damage. LIS also provides uninsured and underinsured motorist coverage for bodily injury

and property damage, if applicable, for the difference between the statutory minimum underlying limits and $100,000 limit of insurance for each accident.

EXCLUSIONS

All exclusions, including claims arising from use of the Car as prohibited by this Agreement and claims by any of Your or any Authorized Operator's family members related by blood, marriage or adoption who resides with You or the Authorized Operator, are set forth in the applicable policy, a copy of which is available upon request.

HOW TO OBTAIN/DECLINE COVERAGE

If You accept LIS on the Rental Record, coverage will be provided during the rental period. The daily charge for LIS, which appears on the Rental Record, is due for each full or partial rental day.

### PERSONAL ACCIDENT INSURANCE (PAI) AND PERSONAL EFFECTS COVERAGE (PEC): SUMMARY OF COVERAGE

HOW TO OBTAIN PAI/PEC COVERAGE

If You accept PAI/PEC on the Rental Record, coverage will be provided during the rental period. The daily charge for PAI/PEC, which appears on the Rental Record, is due for each full or partial rental day. Coverage will be provided under a policy issued to Hertz.

PERSONAL ACCIDENT INSURANCE (PAI):

Coverage and Benefits

The PAI policies provide coverage for death directly caused by an accident independent of all other causes. The renter will be covered for any such accident during the rental period; passengers will also be covered, but only for accidents occurring while in, entering or exiting the Car. Benefits include death benefits of $175,000 for the renter and $17,500 per passenger; PAI also provides limited coverage for medical and ambulance expense. Benefits for any one accident are limited to $225,000. These benefits are payable without regard to any other benefits which may be due under any other insurance policy. Coverage is subject to various exclusions, terms and conditions.

Exclusions

PAI insurance excludes coverage for injury or death resulting from use of the Car in violation of this Agreement and also for injury or death which: (a) is intentionally self-inflicted; (b) results from aircraft travel; (c) results from committing or attempting to commit an assault or felony; (d) results from intoxicants or narcotics unless administered on the advice of a physician; or (e) results from suicide or attempted suicide while sane or insane.

Notice Of Claim

In the event of any occurrence likely to result in a claim for PAI benefits, immediate written notice should be given to Hertz. Hertz will provide You with a claim form and the address of the insurance company which is providing coverage. You will have to submit the claim form to the insurance company together with Your Rental Record.

PERSONAL EFFECTS COVERAGE (PEC):

Coverage

Coverage is provided for loss of or damage to covered personal effects owned by any covered persons while such personal effects are in transit or in any hotel or other building en route during a trip using the Car.

Covered Persons

You and members of Your immediate family traveling with You during a trip using the Car who permanently reside in the same household with You are covered, if You except PAI/PEC.

Limits Of Liability

Maximum coverage during each rental period is $600 for each covered person, per occurrence. Total benefits in any rental period are limited to $1,800.

Exclusions

The following personal effects are not covered: Animals, automobiles, automobile equipment, motorcycles, boats, motors or other conveyances, household furniture, contact lenses, artificial teeth and limbs, currency, coins, deeds, bullion, stamps, securities, tickets, documents and perishables. Any loss of or damage to personal effects caused by mysterious disappearance or use of the Car in violation of the Agreement is not covered. Benefits are not payable for delay, loss of market, indirect or consequential losses or damages of any kind

Notice Of Claim

In the event of any occurrence likely to result in a claim for PEC benefits, immediate written notice should be given to Hertz. Hertz will provide You with a claim form and the address of insurance company which is providing coverage.

WARNING: YOU MUST REMOVE KEYS, LOCK ALL DOORS, CLOSE ALL CAR WINDOWS AND THE TRUNK WHEN LEAVING THE CAR OR PEC COVERAGE WILL NOT APPLY, IN WHICH CASE YOU WILL BE RESPONSIBLE FOR ANY LOSS.

EXHIBIT "F"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS and ETHEL TILLIS,

    Plaintiffs,

vs.                CASE NO. 1:07-cv-78-WKW

CECIL E. CAMERON, HERTZ CLAIMS
MANAGEMENT and THE HERTZ
CORPORATION.

    Defendants.

STATE OF New Jersey

COUNTY of BERGEN

### Affidavit

COMES NOW Dale Martino, claims manager of Hertz Claim Management Corporation and after being duly sworn, states as follows:

1. My name is Dale Martino. I serve as claims manager for Hertz Claim Management Corporation. I am over the age of nineteen years and have personal knowledge of the matters stated herein.

2. I have reviewed the Tillis' Second Amended Complaint. I am familiar with the corporate structure of Hertz Claim Management Corporation which is the legal entity in the business of adjusting personal and property damage claims made related to vehicles owned by The Hertz Corporation. Hertz Claim Management Corporation does not own vehicles to rent, is not in the rental business and did not own or lease the vehicle to Cecil Cameron.

3. The Second Amended Complaint also names "Hertz Rent-A-Car, a foreign corporation," as a defendant. I am familiar with the corporate structure of Hertz Claim Management Corporation and Hertz Claim Management Corporation does not have a corporate subsidiary or affiliate named Hertz Rent-A-Car.

_____
Dale Martino

SWORN TO AND SUBSCRIBED BEFORE ME THIS _21st_ _of_ APRIL, 2008.

_____
NOTARY PUBLIC
My Commission Expires:

CAROLYN FRY
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES DEC. 6, 2009

EXHIBIT
"F"



EXHIBIT "G"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS, an individual
and ETHEL TILLIS, an individual,

                    PLAINTIFFS,

VS.                                          1:07CV78-WKW

CECIL E. CAMERON, an individual;
HERTZ CLAIMS MANAGEMENT, a foreign
corporation; THE HERTZ CORPORATION,
a foreign corporation,

                    DEFENDANTS.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEPOSITION OF LAYTHRON TILLIS

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

            Taken at the instance of the Defendants on
        Thursday, March 27th, 2008, commencing at
3:00 p.m. at the offices of Thomas B. Albritton, 109
        Opp Avenue, Andalusia, Alabama 36420.

APPEARANCES:

        ATTORNEY FOR THE PLAINTIFFS:

        THOMAS B. ALBRITTON, ESQUIRE
        Albrittons, Clifton, Alverson,
        Moody & Bowden, P.C.
        Post Office Drawer 880
        Andalusia, Alabama 36420

        ATTORNEYS FOR THE DEFENDANTS:

        DAVID W. HENDERSON, ESQUIRE
        Hill, Hill, Carter, Franco, Cole & Black, P.C.
        Post Office Box 116
        Montgomery, Alabama 36101-0116

        RAINER COTTER, ESQUIRE
        Marsh, Cotter & Stewart
        Post Office Box 310910
        Enterprise, Alabama 36331



EXHIBIT
G
tabbies'



COPY

39

1    Q    Do you remember what day of the week that was on?

2    A    It was on a Sunday.

3    Q    Okay.  And that was April 14th of 2002; is that

4    the right year?

5    A    Yes.

6    Q    Okay.  And do you remember where the accident

7    occurred?

8    A    Yes.

9    Q    Okay.  Tell me.

10   A    Okay.  It was when you get downtown Florala,

11   Alabama, Highway 331, going south.  It was at the very first

12   traffic light, stop light.

13   Q    Okay.  And which direction were you going?

14   A    I was going south.

15   Q    Okay.  All right.  Tell me, in your own words, how

16   the accident happened.

17   A    I was sitting at the red light.  It was red and

18   waiting on it to change.  And then, out of no where, I got

19   rear-ended.

20   Q    Did you see him before the accident?

21   A    No.

22   Q    Was there anybody else around or it was just your

23   two vehicles?

24   A    I think it's a lady with him.  I don't know who

25   she were.

90

1  they do anything wrong to you, and you said that they didn't

2  pay your medical bills like you -- excuse me -- like you

3  thought they should; is that right?

4      A    That's the best I can answer it.

5      Q    Okay.  Do you have any type of agreement that you

6  signed with the Hertz Claim Management Corporation or the

7  Hertz Corporation or any entity related to Hertz?

8      A    Not that I'm aware of.

9      Q    Do you -- in your complaint that your lawyer

10  filed, it says that the plaintiffs and the defendants, Hertz

11  Claim Management and the Hertz Corporation and Hertz

12  Rent-a-Car were parties to a contract.  You didn't sign a

13  contract with any of those people; is that accurate -- that

14  you know of?

15      A    Not that I'm aware of.

16      Q    Okay.  All right.  Now, you say in here, also,

17  that the Hertz defendants misrepresented, directly and

18  through their agents, that they were unable to accept

19  service of process on behalf of the defendant, Cecil

20  Cameron; do you know anything about that?

21      A    They was saying they couldn't locate him so they

22  couldn't defend him.

23      Q    Okay.  Do you have any evidence that that was not

24  true?

25      A    That's what I was told, you know.

91

```
 1      Q    Do you have any evidence that wasn't true?

 2      A    It looks like they ought to be able to find a

 3   person.

 4      Q    I understand what your opinion is, but my question

 5   is:  Do you have any facts that would say that what they

 6   said about that is not true?

 7      A    Oh, no.  I don't have no facts.  No.

 8      Q    Do you have any facts -- you say in here, also, or

 9   that they were otherwise unable to fully represent Mr.

10   Cameron's interest in this litigation; do you have any facts

11   that would support that allegation?

12      A    Repeat that.

13      Q    You say in here that the Hertz defendants

14   misrepresented through their agent, service and employees

15   that they were otherwise unable to fully represent Mr.

16   Cameron's interest in this litigation; do you have any facts

17   to support that?

18      A    No.  Really don't understand what you are saying.

19      Q    Okay.

20      A    I think -- I think -- that's why I hired Tom, I

21   think, because I don't know nothing about that.

22      Q    But my first question, you said, you don't know of

23   any facts that indicate that they misrepresented -- they

24   were unable to accept service of process.  You, yourself,

25   don't know any facts that would prove that to be true; is
```

92

1    that accurate? You, yourself, as the plaintiff in this

2    case, do you have any facts that would prove that they

3    misrepresented they were unable to accept service of process

4    by Mr. Cameron; do you, yourself, have any facts to support

5    that?

6    A    I don't know.

7    Q    Okay. Do you have any facts or evidence to

8    indicate that Hertz Claim Management Corporation --

9    actually, I guess, it would be Hertz Corporation -- should

10   not have allowed Mr. Cameron to rent a vehicle?

11   A    No. They can rent to whoever they want to.

12   Q    You don't have any evidence that Mr. Cameron was

13   an incompetent driver and shouldn't have been driving that

14   day?

15   A    No. I don't even know the man. That's the only

16   time I met him. That's the only time I ever talked to him.

17   Q    You say in your complaint that the defendants,

18   meaning the Hertz defendants that I mentioned, have breached

19   contract with you, and they have failed to tender benefits

20   to you that you are entitled to as a beneficiary of a

21   contract; do you know what that's about?

22   A    No.

23   Q    Let me ask you just something to make sure I

24   understand a few things. Right now you said you got laid

25   off on March 14th. Do you have any applications in for

EXHIBIT "H"



**Hertz**

RR 404767672  CECIL CAMERON                     VEH 013093549854  PG 1 OF 3  #01-RT
RENTED: 04/11/02 15:00  AT OKALOOSA COUNTY, AIR TERM                              10136312

RENTED BY THE
HERTZ CORPORATION

YOUR CHARGES WILL BE                          4DV,
YOU ARE REQUIRED TO RETURN ON  04/15/02 AT 14:30 TO OKALOOSA COUNTY, AIR TERM
IF YOU DO NOT RETURN WHEN AND WHERE REQUIRED, HIGHER RATES AND/OR SERVICE CHARGE WILL APPLY.
                                              AT RATES SHOWN BELOW.

RATE CLASS    (T) RATE CLASS    $          $ %       YOU AGREE TO THESE ADDITIONAL CHARGES: (T)
$   49 PER DAY       WITH ALL MILES FREE E
$   24.99 PER EX HR          DISCOUNT  R
$   19.99 PER XDY XHR

LIC FL FLC9MP          MILES OUT 13342   CLS 941   FUEL OUT  F/4  TK CAP  25.0    STALL
02 F150 SC S8 4X4N
YOU AGREE TO ACCEPT FUEL PURCHASE OPTION (FPO) AT $ 33.50 PER RENTAL: NO CREDIT FOR FUEL IN CAR AT RETURN. (T)

                                              OTHER FEES AND ASSESSMENT:
YOU AGREE TO OPTIONAL SERVICES OF:            CONCESSION FEE RECOVERY
LDW    ACCEPTED AT $ 19.00 PER DAY           FLA SURCHG                       10.00 %   (T)
LIS    ACCEPTED AT $ 10.99 PER DAY           TAX RATE -                    $ 2.33 PER DAY 1    (T)
PAI/PEC   DECLINED                            TAX RATE -   8.00 0% APPLIES TO ALL CHARGES MARKED (T)
                                              FLA SURCHARGE INCLUDES $.1 LICENSE $ 1.03 RECYCLING FEE RECOVERY

**Hertz**

RR 404767672 CECIL CAMERON

RENTED: 04/11/02 15:00 AT OKALOOSA COUNTY AIR/TERM

RENTED BY THE
HERTZ CORPORATION

PAID BY VISA XXXXXXXXXX7834        AUTH# 429.00/047327

NO "ADDITIONAL AUTHORIZED OPERATORS" WITHOUT HERTZ PRIOR WRITTEN APPROVAL

YOU DID NOT ARRIVE BY PLANE WITHIN THE LAST 24 HOURS

CDP 341147 - CONTINENTAL FF DISC #

PASSENGER CAPACITY - THE PASSENGER CAPACITY OF THIS VEHICLE IS DETERMINED BY THE NUMBER OF SEATBELTS AND, BY-LAW, MUST-NOT-BE-
EXCEEDED. WHILE IN THE VEHICLE, PLEASE FASTEN YOUR SEATBELT. IT SAVES LIVES AND IT'S THE LAW. SHOULD YOU REQUIRE A LARGER
VEHICLE, PLEASE CHECK AT THE COUNTER FOR AVAILABILITY.

RES 8778784/2358   RATE PLAN MCLD   RATE CLASS S   PREPARED BY: $35/FLPNBV2;

VEH 01398/3549864 PG 2 OF 3 #01 RT

1013312

PRINTED 04/11/02 15:03 FLPNBT/1



RR 404767672      VEH   0139813549854
CECIL CAMERON
RENTED: 04/11/02 15:00       0135312
AT OKALOOSA COUNTY AIR TERM
PG 3 OF 3   #01 RT

RENTED BY THE HERTZ CORPORATION

If You decline Loss Damage Waiver (LDW), which is optional, You may be responsible for any loss or damage to the Car regardless of fault -- see Par. 4 of the Rental Agreement Terms And Conditions, which appear on the folder (GN1900005)  delivered to You with this Rental Record (the Rental Terms).  Coverage for all or part of Your responsibility may be provided by Your own auto insurance or under your credit card agreement. By signing below, You acknowledge that You have read, understand, accept and agree to the above and the Rental Terms and You accept or decline the Optional Services as shown on Card 1.

The Hertz Privacy Policy governs the use of data about you.  A copy of the policy is available at the rental counter and online at hertz.com.

# Rental Agreement Terms & Conditions

These terms and conditions, the rental record signed by you and any other documents which you are required to sign when you rent the car, together constitute the agreement ("This Agreement") for the rental of a car identified on the rental record, including all of its parts ("Car"). The agreement is between you and the Hertz Company which is identified on the rental record ("Hertz").

1. **NATURE OF THIS AGREEMENT**

   You are obtaining solely a bailment that allows You to use the Car as permitted by this Agreement. You acknowledge that the Car is owned by Hertz. No one other than Hertz may transfer the Car or any rights or obligations under this Agreement. Any attempted transfer or sublease of the Car by anyone other than Hertz is void. Neither You nor any Authorized Operators are agents of Hertz. No one may service or repair the Car without Hertz's express prior approval. HERTZ MAKES NO EXPRESS OR IMPLIED WARRANTIES, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR THAT THE CAR IS FIT FOR ANY PARTICULAR PURPOSE.

2. **WHO MAY OPERATE THE CAR**

   Only You and the following persons, with Your permission ("Authorized Operators"), may operate the Car: (a) For rentals commencing in the states of Iowa and Nevada, your spouse and Your employer, employees and fellow employees incidental to their business duties; (b) on rentals ("Replacement Rentals") which are designated as replacement rentals on the Rental Record, any person specifically named as an insured on Your automobile policy, and (c) on rentals other than Replacement Rentals, any other person who signs an Additional Authorized Operator form at the time of rental or who is authorized under Your Hertz CDP number, if any, shown on the Rental Record. All Authorized Operators must be at least 25 years old and must have a valid driver's license from a jurisdiction acceptable to Hertz, except that persons operating the Car pursuant to clause (b) above need only be at least 21 years old. Except to the extent necessary for valet parking or in an emergency as permitted by law, no other persons are permitted to operate the Car. With respect to persons who must sign an Additional Authorized Operator Form, other qualifications may, at Hertz's discretion, be in effect at the time and place of rental and, where permitted by law, Hertz may impose an additional fee for such persons. By operating the Car (whether or not an Additional Authorized Operator form is completed), for Your obligations under this Agreement and severally responsible for any obligations that this Agreement directly imposes on an Authorized Operator of the Car (for example: the obligations contained in Paragraph 9 and 10(c)).

3. **RETURN**

   ORDINARY WEAR DUE TO REASONABLE USE EXCEPTED, YOU MUST RETURN THE CAR TO HERTZ IN THE SAME CONDITION IT IS WHEN YOU RECEIVE IT. YOU MUST RETURN THE CAR TO HERTZ BY THE DATE SPECIFIED ON THE RENTAL RECORD, OR SOONER IF DEMANDED BY HERTZ. IN NO EVENT MAY YOU KEEP THE CAR FOR MORE THAN THIRTY(30) DAYS (IN NEW JERSEY, 28 DAYS), UNLESS AUTHORIZED IN WRITING BY HERTZ. THE CAR MAY REMAIN SUBJECT TO THESE TERMS AND CONDITIONS UNTIL HERTZ HAS INSPECTED AND ACCEPTED IT. IF YOU RETURN THE CAR AFTER HOURS, YOU ARE RESPONSIBLE FOR ANY DAMAGE TO THE CAR UNTIL HERTZ HAS INSPECTED AND ACCEPTED IT ON THE NEXT DAY THAT THE RETURN LOCATION IS OPEN FOR BUSINESS. IF YOU DO NOT RETURN THE CAR WHEN REQUIRED BY THIS AGREEMENT, THEN AFTER ANY GRACE PERIOD SHOWN ON THE RENTAL RECORD, IF SENT TO YOUR ZIP CODE OR A WRITTEN DEMAND TO RETURN IT, OTHERWISE PROVIDED TO HERTZ, HERTZ MAY, AT ITS OPTION, RECOVER THE CAR WHERE AND WHEN IT IS FOUND, IF THE CAR IS FOUND ILLEGALLY PARKED OR APPARENTLY ABANDONED, OR IF THIS CAR IS USED OR OBTAINED AS PROHIBITED UNDER PARAGRAPH 5, THEN HERTZ MAY RECOVER THE CAR WITHOUT DEMAND. TO THE EXTENT PERMITTED BY LAW, YOU WAIVE ANY RIGHT TO A HEARING OR TO RECEIVE ANY NOTICE OR LEGAL PROCESS AS A PRE-CONDITION FOR HERTZ RECOVERING THE CAR.

4. **YOUR RESPONSIBILITY FOR LOSS OF OR DAMAGE TO THE CAR**

   IF THE CAR IS USED AS PERMITTED BY THE TERMS AND CONDITIONS OF THIS AGREEMENT, THE FOLLOWING APPLIES:

. EXCEPT AS STATED BELOW, YOU ARE RESPONSIBLE FOR ANY AND ALL LOSS OF OR DAMAGE TO THE CAR RESULTING FROM ANY CAUSE (FOR EXAMPLE: COLLISION, ROLLOVER, THEFT, VANDALISM OR SEIZURE), REGARDLESS OF FAULT, OTHER THAN ACCIDENTAL FIRE (NOT RESULTING FROM COLLISION) OR ACTS OF NATURE OR GOD BEYOND YOUR CONTROL. ACTS OF NATURE OR GOD SHALL BE DEEMED NOT TO INCLUDE COLLISIONS WITH OR CAUSED BY DEER OR OTHER ANIMALS.

. EXCEPT AS STATED BELOW, YOUR RESPONSIBILITY WILL NOT EXCEED THE GREATER OF THE RETAIL FAIR MARKET VALUE OF THE CAR AND ITS MANUFACTURER BUYBACK PROGRAM VALUE AT THE TIME THE CAR IS LOST OR DAMAGED, LESS ITS SALVAGE VALUE, PLUS ACTUAL TOWING, STORAGE AND IMPOUND FEES, AN ADMINISTRATIVE CHARGE AND A REASONABLE CHARGE FOR LOSS OF USE.

. YOUR RESPONSIBILITY FOR DAMAGE DUE TO THEFT OR OTHERWISE IS LIMITED BY LAW IN CERTAIN JURISDICTIONS. AS OF SEPTEMBER 1, 2000, THE FOLLOWING LIMITATIONS EXIST:

1) FOR RENTALS COMMENCING IN ILLINOIS, YOUR RESPONSIBILITY FOR CAUSES OTHER THAN THEFT WILL NOT EXCEED $9,500 THROUGH MAY 31, 2001, WHICH LIMIT WILL INCREASE BY $500 PER YEAR STARTING JUNE 1, 2001; AND YOUR RESPONSIBILITY FOR THEFT WILL NOT EXCEED $2,000 UNLESS IT IS ESTABLISHED THAT YOU OR AN AUTHORIZED OPERATOR FAILED TO EXERCISE ORDINARY CARE WHILE IN POSSESSION OF THE CAR OR COMMITTED OR AIDED IN THE COMMISSION OF THE THEFT.

2) FOR RENTALS COMMENCING IN WISCONSIN, (A) YOU ARE NOT RESPONSIBLE FOR ANY DAMAGE TO THE CAR OTHER THAN DAMAGE RESULTING FROM AN ACCIDENT OR CAUSED BY THE WILLFUL, RECKLESS OR WANTON MISCONDUCT OF YOU OR AN AUTHORIZED OPERATOR; AND (B) YOUR RESPONSIBILITY WILL NOT EXCEED THE FAIR MARKET VALUE OF THE CAR IMMEDIATELY BEFORE THE DAMAGE OCCURS, LESS ITS SALVAGE VALUE, PLUS ACTUAL TOWING FEES AND STORAGE FEES FOR NO MORE THAN 2 DAYS.
YOUR RESPONSIBILITY MAY ALSO BE LIMITED IN OTHER JURISDICTIONS.

IF YOU HAVE ACCEPTED THE OPTIONAL LOSS DAMAGE WAIVER ("LDW"), WHICH IS NOT INSURCE, HERTZ WILL NOT HOLD YOU RESPONSIBLE

FOR LOSS OF OR DAMAGE TO THE CAR EXCEPT AS DESCRIBED IN SUBPARAGRAPH 4(e). IF YOU HAVE ACCEPTED THE OPTIONAL PARTIAL DAMAGE WAIVER ("PDW"), WHICH IS NOT INSURANCE AND WHICH IS ONLY AVAILABLE FOR REPLACEMENT RENTALS, HERTZ WILL NOT HOLD YOU RESPONSIBLE FOR LOSS OF OR DAMAGE TO THE CAR, EXCEPT AS DESCRIBED IN SUBPARAGRAPH 4(e), UP TO AN AMOUNT EQUAL TO THE LESSER OF $3,000 AND ANY DEDUCTIBLE UNDER YOUR OWN AUTOMOBILE INSURANCE THAT APPLIES TO THE DAMAGE SUSTAINED BY THE CAR. IF YOU ACCEPT PDW, YOUR INSURER WILL BE BILLED FOR THE FULL AMOUNT OF THE LOSS; ONLY THE APPLICABLE DEDUCTIBLE UNDER YOUR POLICY (UP TO $1,000) IS WAIVED AFTER THE LOSS IS PAID. IN THOSE STATES WHERE THE SALE OF DAMAGE WAIVERS IS REGULATED OR PROHIBITED, THAT LAW WILL GOVERN YOUR RESPONSIBILITY FOR LOSS OF OR DAMAGE TO THE CAR.

PURCHASE OF LDW OR PDW, WHICH ENTAILS AN ADDITIONAL CHARGE, IS NOT REQUIRED IN ORDER TO RENT A CAR AND MAY BE DECLINED. YOUR OWN INSURANCE (OR THAT OF AN AUTHORIZED OPERATOR) MAY COVER ALL OR PART OF YOUR FINANCIAL RESPONSIBILITY (OR THAT OF THE AUTHORIZED OPERATOR) FOR LOSS OF OR DAMAGE TO THE CAR. BEFORE DECIDING WHETHER TO PURCHASE LDW OR PDW, YOU ARE ADVISED TO CONSULT WITH YOUR INSURER AND/OR EXAMINE YOUR AUTOMOBILE INSURANCE POLICY AND THAT OF ANY AUTHORIZED OPERATOR TO DETERMINE WHETHER THE POLICY AFFORDS COVERAGE FOR LOSS OF OR DAMAGE TO A RENTED VEHICLE, AND, IF SO, THE TERMS AND SCOPE OF SUCH COVERAGE, INCLUDING THE AMOUNT OF THE DEDUCTIBLE AND ANY OTHER LIMITATIONS AND EXCESSES. YOU ARE ALSO ADVISED TO DETERMINE WHETHER SUCH COVERAGE IS PROVIDED UNDER THE AGREEMENT REGARDING THE CREDIT CARD WHICH IS USED TO PAY FOR THE RENTAL OR FROM ANY OTHER SOURCE AND, IF SO, THE TERMS AND SCOPE OF SUCH COVERAGE.

e. USE OF THE CAR IN A MANNER PROHIBITED IN PARAGRAPH 5 WILL, TO THE EXTENT PERMITTED BY APPLICABLE LAW, VOID LDW AND PDW AND CAUSE YOU TO BE RESPONSIBLE FOR LOSS OF OR DAMAGE TO THE CAR RESULTING FROM THAT PROHIBITED USE.

PROHIBITED USE OF THE CAR
NEITHER YOU NOR ANY AUTHORIZED OPERATOR MAY:

a. PERMIT THE USE OF THE CAR BY ANYONE OTHER THAN YOU OR AN AUTHORIZED OPERATOR;

b. INTENTIONALLY DESTROY, DAMAGE OR AID IN THE THEFT OF THE CAR;

c. TAKE OR ATTEMPT TO TAKE THE CAR INTO MEXICO OR TO ANYWHERE ELSE OUTSIDE OF THE UNITED STATES OR CANADA, EXCEPT AS EXPRESSLY PERMITTED UNDER THIS AGREEMENT;

d. ENGAGE IN ANY WILLFUL OR WANTON MISCONDUCT, WHICH, AMONG OTHER THINGS, MAY INCLUDE RECKLESS CONDUCT SUCH AS: THE FAILURE TO USE SEAT BELTS, THE FAILURE TO USE CHILD SEATS OR OTHER CHILD RESTRAINTS WHERE LEGALLY REQUIRED, USE WHEN OVERLOADED, USE OFF PAVED ROADS OR ON ROADS WHICH ARE NOT REGULARLY MAINTAINED, OR LEAVING THE CAR AND FAILING TO REMOVE THE KEYS OR TO CLOSE AND LOCK ALL DOORS, CAR WINDOWS OR THE TRUNK AND THE CAR IS VANDALIZED OR STOLEN;

e. USE OR PERMIT THE USE OF THE CAR BY ANYONE:

1) WHILE LEGALLY INTOXICATED OR UNDER THE INFLUENCE OF ALCOHOL, DRUGS OR OTHER ABSORBED ELEMENTS WHICH MAY ADVERSELY AFFECT A PERSON'S ABILITY TO DRIVE SAFELY;

2) FOR ANY PURPOSE THAT COULD PROPERLY BE CHARGED AS A CRIME, SUCH AS THE ILLEGAL TRANSPORTATION OF PERSONS, DRUGS OR CONTRABAND;

3) TO TOW OR PUSH ANYTHING;

4) IN A SPEED TEST, SPEED CONTEST, RACE, RALLY, SPEED ENDURANCE CONTEST OR DEMONSTRATION;

5) IN DRIVER TRAINING ACTIVITY;

6) TO CARRY PERSONS OR PROPERTY FOR HIRE (I.E., FOR A CHARGE OR FEE);

7) IF THE CAR HAS BEEN OBTAINED FROM HERTZ BY FRAUD OR MISREPRESENTATION; OR

8) TO CARRY EXPLOSIVES OR TO CARRY RADIOACTIVE MATERIAL INCLUDING,

BUT NOT LIMITED TO, ANY RADIOACTIVE MATERIAL FOR RESEARCH, EDUCATION, DEVELOPMENT OR INDUSTRIAL PURPOSES, OR FOR PURPOSES INCIDENTAL THERETO;

f. FOR RENTALS IN HAWAII, TAKE OR ATTEMPT TO TAKE THE CAR OFF THE ISLANDS OF HAWAII.

g. FOR REPLACEMENT RENTALS, TAKE OR ATTEMPT TO TAKE THE CAR OUT OF THE STATE IN WHICH IT WAS RENTED WITHOUT FIRST OBTAINING SPECIFIC WRITTEN PERMISSION FROM HERTZ, WHICH PERMISSION MAY BE WITHHELD IN HERTZ'S SOLE DISCRETION.

ANY USE OF THE CAR IN A MANNER PROHIBITED ABOVE:

i. TO THE EXTENT PERMITTED BY APPLICABLE LAW, WILL CAUSE YOU TO LOSE THE BENEFIT OF ANY LIMITATION ON YOUR LIABILITY FOR LOSS OF OR DAMAGE TO THE CAR, EVEN IF YOU HAVE ACCEPTED LDW OR PDW;

ii. TO THE EXTENT PERMITTED BY APPLICABLE LAW, WILL CAUSE YOU TO LOSE THE BENEFIT OF ALL PERSONAL ACCIDENT INSURANCE ("PAI") AND PERSONAL EFFECTS COVERAGE ("PEC"), LIABILITY INSURANCE SUPPLEMENT ("LIS") COVERAGE AND LIABILITY PROTECTION PROVIDED BY HERTZ UNDER THIS AGREEMENT; AND

iii. WILL CONSTITUTE A BREACH OF THIS AGREEMENT, MAKING YOU RESPONSIBLE, TO THE FULLEST EXTENT PERMITTED BY LAW, FOR THE ACTUAL AND CONSEQUENTIAL DAMAGES TO HERTZ CAUSED BY THE BREACH, TOGETHER WITH HERTZ'S RELATED COSTS AND ATTORNEYS' FEES.

6.   PAYMENT OF CHARGES

You and any person, corporation or other entity to whom, with Hertz's consent, You expressly direct the charges in any way incurred under this Agreement ("Charges") to be billed, are jointly and severally responsible for payment of all Charges. If You direct Charges to be billed to any person, corporation or other entity, You represent that You are authorized to do so. Charges not paid on time as required by this Agreement may be subject to a late payment fee. You may also be charged a fee for any check used for payment of Charges that is returned to Hertz unpaid. Payment for all estimated Charges is due at the time of rental in cash or by a credit card or other device acceptable to Hertz. Payment for any additional Charges is due at the completion of the rental in the same manner. Debit/check cards are not acceptable ("Charges") to be billed, but may be used for payment at return. Charges not known to Hertz at the completion of the rental are payable by You, or by the person to whom such Charges are to be billed, immediately upon receipt of an invoice therefore or by billing to the credit card presented at the time of rental, even if cash or another acceptable card was used to pay for charges at the completion of the rental. The payment of Charges by use of a credit card is governed by the terms of Your agreement with the card issuer. IF YOU USE A CREDIT OR CHARGE CARD TO PAY FOR CHARGES, YOU AUTHORIZE HERTZ TO RESERVE CREDIT WITH THE CARD ISSUER AT THE TIME OF RENTAL IN A REASONABLE AMOUNT THAT IS AT LEAST EQUAL TO ALL ESTIMATED CHARGES AND TO PROCESS AN APPROPRIATE CHARGE OR PAYMENT SLIP FOR ALL ESTIMATED CHARGES AT YOUR OPTION OF RENTAL AND FOR ALL ADDITIONAL CHARGES AT THE COMPLETION OF THE RENTAL. Hertz may audit all Charges. If any errors are found, You will pay the corrected Charges. If payment was by credit, debit or charge card, You authorize Hertz to correct the amount of Charges with the card issuer. Hertz will notify You of any correction.

Hertz may issue prepaid vouchers or coupons ("Vouchers") from time to time, which may be used to pay rental charges subject to the terms and conditions of the Vouchers. Vouchers must be submitted at the time that the rental commences.

7.   COMPUTATION OF CHARGES

a. TIME CHARGES are computed at the rates specified on the Rental Record for days, weeks, months, extra hours and extra days (including days in excess of any longer specified time period). The MINIMUM TIME CHARGE FOR ONE RENTAL DAY. RENTAL DAYS CONSIST OF CONSECUTIVE 24-HOUR PERIODS STARTING AT THE TIME THE RENTAL BEGINS, OR ANY PORTION OF A CALENDAR DAY, AS NOTED ON THE RENTAL RECORD. The extra hours rate shown on the Rental Record is charged for each full or partial hour in excess of a rental day until such extra hours charges equal the daily rate specified on the Rental Record for an extra day. Extra hours are only charged if the Car is returned one hour or more beyond the start of a new rental day. IF YOU FAIL TO COMPLY WITH ANY CONDITIONS SPECIFIED ON THE RENTAL RECORD APPLICABLE TO SPECIAL RATES, HERTZ'S OTHERWISE APPLICABLE RENTAL RATES WILL BE CHARGED.

b. MILEAGE CHARGES, including those for extra miles, if any are based on the per mile rate specified on the Rental Record. The number of miles driven is determined by subtracting the Car's odometer reading at the beginning of the rental from the reading when the Car is returned, excluding tenths of miles. The per mile rate is then multiplied by the number of miles driven or, in the case of extra miles, by the number of miles in excess of the number of miles allowed, as specified on the Rental Record. The result is the Mileage Charge.

c. A SERVICE CHARGE may be applied if You return the Car to any location other than the location from which it is rented. Additional Charges may be applied for other supplementary services You request. Additional Charges, if stated on the Rental Record as a daily rate, are due and payable for each full or partial rental day.

d. LDW, PDW, PAI/PEC and LIS CHARGES, if applicable, are due and payable in full for each full or partial rental day, at the rates specified on the Rental Record.

e. SALES/USE/EXCISE TAXES, TAX REIMBURSEMENT, AIRPORT AND HOTEL RELATED FEES, VEHICLE LICENSING FEES, SURCHARGES AND SIMILAR TAXES AND CHARGES(delivered as and where required or permitted by applicable law.

f. RECOVERY EXPENSE consists of all costs of any kind incurred by Hertz in recovering the Car either under this Agreement, or if it is seized by governmental authorities as a result of its use by You, any Authorized Operator or any other operator with Your, his or her permission, including, but not limited to, all attorneys' fees and court costs.

g. COLLECTION EXPENSE consists of all costs of any kind incurred by Hertz in collecting Charges from You or the person to whom they are billed, including but not limited to all attorneys' fees and court costs.

h. LATE PAYMENT FEES may be applied to any balance due for Charges that are not paid within 30 days of Hertz's mailing an invoice for such Charges to You or the person to whom they are to be billed. Such invoice may be mailed either to Your or their address specified at time of rental, or Your or their billing address on file with Hertz.

i. FINES AND OTHER EXPENSES include, but are not limited to, fines, penalties, attorneys' fees and court costs assessed against or paid by Hertz resulting from the use of the Car by You, an Authorized Operator or any other operator with Your, his or her permission.

CHARGES FOR ADDITIONAL SERVICES, such as Hertz NeverLost® toll tag or GPS navigation System®, ski racks and infant and toddler seats, if applicable, will be charged at the applicable rates specified on the Rental Record.

k. ANY OTHER CHARGES specified on the Rental Record will be charged at the applicable rates specified on the Rental Record.

**8. REFUELING OPTIONS**

Most Hertz rentals come with a full tank of gas, but that is not always the case. There are three refueling options:

(1) IF YOU DO NOT PURCHASE FUEL FROM HERTZ AT THE BEGINNING OF YOUR RENTAL, AND WAS IN RETURN THE CAR WITH AT LEAST AS MUCH FUEL AS WAS IN IT WHEN YOU RECEIVED IT, You will not incur a Fuel and Service Charge.

(2) IF YOU DO PURCHASE FUEL FROM HERTZ AT THE BEGINNING OF YOUR RENTAL AND YOU RETURN THE CAR WITH LESS FUEL THAN WAS IN IT WHEN YOU RECEIVED IT, Hertz will charge You a Fuel and Service Charge at the applicable per-mile or per-gallon rate specified on the Rental Record.

(a) The per-mile rate is used if You do not buy fuel during the rental and drive less than a certain amount. Hertz multiplies the number of miles driven, as shown on the car's odometer, times the per-mile rate shown on the Rental Record.

(b) The per-gallon rate is used if You buy fuel during the rental but the tank is not as full when You return the Car as when You received it. To calculate this amount, Hertz multiplies the number of gallons needed to refill the fuel tank to the level it was at when You received the Car, times the per-gallon rate.

ALTHOUGH TWO METHODS ARE USED FOR EASE OF CALCULATION, THE PER-MILE AND PER-GALLON RATES PRODUCE APPROXIMATELY THE SAME RESULT.

(3) IF YOU CHOOSE TO PURCHASE FUEL FROM HERTZ AT THE BEGINNING OF YOUR RENTAL, BY SELECTING THE FUEL PURCHASE OPTION, You will be charged as shown on the Rental Record for that purchase. IF YOU CHOOSE THIS OPTION, YOU WILL NOT INCUR AN ADDITIONAL FUEL AND SERVICE CHARGE. BUT YOU WILL NOT RECEIVE ANY CREDIT FOR FUEL LEFT IN THE TANK AT THE TIME OF RETURN. For rentals in Hawaii, if You return the Car with a full tank of fuel, You will receive a credit for the amount previously charged for the purchase of fuel from Hertz. For rentals other than Replacement Rentals (and for all rentals in Hawaii), if You drive the Car 100 miles or less and return it with less than a full tank of fuel, You will receive credit for the purchase of fuel from Hertz and will be charged for the fuel used.

EXCEPT FOR RENTALS AS TO WHICH THE FINAL SENTENCE OF CLAUSE (3) BECOMES APPLICABLE, THE PER GALLON COST OF THE FUEL PURCHASE OPTION WILL ALWAYS BE LOWER THAN THE PER-MILE OR PER-GALLON CHARGE, BUT IF YOU SELECT THE FUEL PURCHASE OPTION YOU WILL NOT RECEIVE CREDIT FOR FUEL LEFT IN THE TANK AT THE TIME OF RETURN. THE COST OF REFUELING THE CAR YOURSELF AT A LOCAL SERVICE STATION WILL GENERALLY BE LOWER THAN THE FUEL AND SERVICE CHARGE AND THE FUEL PURCHASE OPTION. HOWEVER, THE FUEL AND SERVICE CHARGE AND THE FUEL PURCHASE OPTION ALLOW FOR THE CONVENIENCE OF NOT HAVING TO STOP AND REFUEL THE CAR PRIOR TO RETURN.

**9. RESPONSIBILITY FOR PROPERTY**

YOU AGREE THAT HERTZ IS NOT RESPONSIBLE TO YOU, ANY AUTHORIZED OPERATOR OR ANYONE ELSE FOR ANY LOSS OF OR DAMAGE TO YOUR OR THEIR PERSONAL PROPERTY CAUSED BY YOUR OR THEIR ACTS OR OMISSIONS, THOSE OF ANY THIRD PARTY OR, TO THE EXTENT PERMITTED BY LAW, HERTZ'S NEGLIGENCE. YOU AND ANY AUTHORIZED OPERATOR HEREBY WAIVE ANY CLAIM AGAINST HERTZ, ITS AGENTS OR EMPLOYEES, FOR LOSS OF OR DAMAGE TO YOUR OR ANYONE ELSE'S PERSONAL PROPERTY, WHICH INCLUDES, WITHOUT LIMITATION, PROPERTY LEFT ON OR IN YOU OR ANY AUTHORIZED OPERATORS, BY HERTZ OR BY ANY THIRD PARTY OR, TO THE EXTENT PERMITTED BY LAW, BY HERTZ'S NEGLIGENCE WHETHER IN WHOLE OR IN PART. YOU AND ANY AUTHORIZED OPERATORS AGREE TO INDEMNIFY AND HOLD HERTZ HARMLESS FROM ANY SUCH CLAIM. HERTZ FOR LOSS OF OR DAMAGE TO PERSONAL PROPERTY THAT IS CONNECTED WITH ANY RENTAL UNDER THIS AGREEMENT.

**10. LIABILITY PROTECTION**

a. THE FOLLOWING SUBPARAGRAPH (a) APPLIES IF THE RENTAL PROVISIONS OF YOUR OR THE NUMBER SHOWN ON THIS RENTAL RECORD. IF ANY, OR, IN THE CASE OF A REPLACEMENT

RENTAL, THE APPLICABLE CONTRACT. IF ANY, BETWEEN HERTZ AND THE AUTOMOBILE INSURER WHICH IS RESPONSIBLE FOR DAMAGE TO YOUR VEHICLE ("RESPONSIBLE INSURER"), INCLUDE THE EXTENSION BY HERTZ OF LIABILITY PROTECTION TO YOU AND ANY OTHER AUTHORIZED OPERATORS PERMITTED UNDER THIS AGREEMENT. IF IT DOES, HERTZ WILL INDEMNIFY, HOLD HARMLESS, AND DEFEND YOU AND ANY OTHER AUTHORIZED OPERATORS FROM AND AGAINST LIABILITY TO THIRD PARTIES, INCLUDING HERTZ (OTHER THAN THE RESPONSIBLE INSURER), FOR BODILY INJURY, INCLUDING DEATH, AND PROPERTY DAMAGE (FAMILY MEMBERS RELATED BY BLOOD, MARRIAGE OR ADOPTION RESIDING WITH YOU OR THEM FOR BODILY INJURY (INCLUDING DEATH) CAUSED BY AN ACCIDENT RESULTING FROM THE USE OF THE CAR AS PERMITTED BY THIS AGREEMENT. THE LIMITS OF THIS PROTECTION, INCLUDING OWNER'S LIABILITY, ARE THE SAME AS THE MINIMUM LIMITS REQUIRED BY THE AUTOMOBILE FINANCIAL RESPONSIBILITY LAWS, UNLESS HIGHER LIMITS APPLY FOR THE COP NUMBER OR RATE PLAN SHOWN ON THE RENTAL RECORD. IF ANY, OR, IN THE CASE OF A REPLACEMENT RENTAL, THE APPLICABLE CONTRACT BETWEEN HERTZ AND THE RESPONSIBLE INSURER. IF ANY, THESE LIMITS MAY NOT BE ADEQUATE TO FULLY COVER YOU IN THE EVENT THAT YOU ARE INVOLVED IN AN ACCIDENT. THIS PROTECTION WILL CONFORM TO THE BASIC REQUIREMENTS OF ANY APPLICABLE MANDATORY MOTOR VEHICLE LAW. BUT DOES NOT INCLUDE UNINSURED MOTORIST, UNDERINSURED MOTORIST, SUPPLEMENTARY NO FAULT OR ANY OTHER OPTIONAL COVERAGE. TO THE EXTENT PERMITTED BY LAW, HERTZ AND YOU HEREBY WAIVE AND REJECT THE INCLUSION OF ANY SUCH PROTECTION if such protection may be the minimum required for primary liability protection by the law imposed by operation of law. Then the limits of such protection shall be the minimum required for primary liability protection by the law in the jurisdiction in which the accident occurs. Hertz warrants that protection described in this subparagraph is primary with respect to any insurance coverage which You or an Authorized Operator have.

b. THE FOLLOWING SUBPARAGRAPH (b) APPLIES FOR RENTALS OTHER THAN THOSE NOTED IN SUBPARAGRAPH (a). IF YOU DO NOT PURCHASE LIABILITY INSURANCE SUPPLEMENT (LIS) (A SUMMARY OF LIS COVERAGE APPEARS BELOW) AT THE COMMENCEMENT OF THIS RENTAL AND ACCEPT DELIVERY FROM THE USE OF THE CAR, YOU ACKNOWLEDGE THAT THE INSURANCE OR OTHER SOURCE OF INSURANCE AND THE INSURANCE OF THE OPERATOR OF THE CAR WILL BE PRIMARY. THIS MEANS THAT HERTZ WILL GRANT ANY DEFENSE OR INDEMNITY PROTECTION UNDER THIS PARAGRAPH IF EITHER YOU OR THE OPERATOR OF THE CAR IS COVERED BY ANY VALID AND COLLECTIBLE AUTOMOBILE LIABILITY INSURANCE, WHETHER PRIMARY, EXCESS OR CONTINGENT, WITH LIMITS AT LEAST EQUAL TO THE MINIMUM REQUIRED BY ANY APPLICABLE FINANCIAL RESPONSIBILITY LAW. IF NEITHER YOU NOR THE OPERATOR OF THE CAR HAVE SUCH INSURANCE, HERTZ WILL GRANT YOU AND ANY AUTHORIZED OPERATOR OF THE CAR LIMITED PROTECTION UNDER THE TERMS AND CONDITIONS STATED IN SUBPARAGRAPH (a) ABOVE. IN PROVIDING FOR PRIMARY PROTECTION IN FLORIDA, Florida law requires Hertz's liability protection and personal injury protection to be primary unless otherwise stated. Therefore, Hertz hereby informs You that the valid and collectible liability insurance and personal injury protection of You or any Authorized Operator is primary for the limits of liability and personal injury protection coverage required by § 324.021 (7) and 627.736, Florida statutes, unless Your COP number or rate plan includes the extension by Hertz of liability protection or you accept the optional LIS. Primary means that, in the event of an accident, your insurance or the insurance of the operator of the Car will be responsible for the payment of personal injury or property damage claims up to the limits of insurance.

c. YOU AND ALL OPERATORS WILL INDEMNIFY AND HOLD HERTZ, ITS AGENTS AND AFFILIATES HARMLESS FROM AND AGAINST ANY AND ALL LOSS, LIABILITY AND EXPENSE IN EXCESS OF THE LIMITS OF ANY KIND (A "LOSS") IN EXCESS OF THE LIMITS HEREIN OR BEYOND THE SCOPE OF THE PROTECTION PROVIDED HEREIN FOR ANY ACT ARISING FROM THE USE OF THE CAR BY YOU OR ANY OTHER OPERATOR(S) WITH YOUR, HIS OR HER PERMISSION, INCLUDING BUT NOT LIMITED TO ATTORNEY'S FEES INCURRED BY HERTZ TO ENFORCE ANY OF ITS RIGHTS HEREUNDER. UNLESS SUCH LOSS ARISES OUT OF HERTZ'S

NEGLIGENCE.

d. The Car may not be driven into Mexico without first obtaining specific written permission from Hertz, which permission may be withheld in Hertz's sole discretion. If permission is granted, You must first obtain through Hertz insurance valid in Mexico. Hertz does not provide any liability protection with this Agreement while a Car is in Mexico.

11. ACCIDENTS, THEFT AND VANDALISM

You must promptly and properly report any accident, theft or vandalism involving the Car to Hertz and to the police in the jurisdiction in which such incident takes place. You should also cooperate with witnesses and other vehicles involved and their drivers, owners and relevant insurers wherever possible. If You or any Authorized Operator receive any papers relating to an incident, those papers must be promptly given to Hertz. You and any Authorized Operator must cooperate fully with Hertz's investigation of such incident and any resulting claim. FAILURE TO COOPERATE FULLY MAY VOID ALL LIS PROTECTION, PAI/PEC, LIS, LDW AND PDW. You and any Authorized Operator consent to Hertz to obtain any records or information relating to any incident, consent to the courts of the jurisdiction in which the incident occurs and waive any right to object to such jurisdiction.

12. LIMITS ON LIABILITY

a. Hertz will not be liable to You or any Authorized Operators for any indirect, special or consequential damages (including lost profits) arising in any way out of any matter covered by this Agreement.

b. You understand and agree that it is improper for You to file a lawsuit concerning this Agreement against any entity other than Hertz.

13. PARKING AND TRAFFIC VIOLATIONS/TOLLS/PRIVACY/LIMITED POWER OF ATTORNEY

a. You will be responsible for and pay all parking or traffic violation fines and penalties, all towing, storage and impoundment fees, and all tolls charged to the Car arising out of use, possession or operation of the Car by You or with Your permission. You agree to pay same and indemnity and hold Hertz harmless if Hertz pays (or is required to pay) same. You also agree to reimburse Hertz for all its related collection and other expenses, including an administrative fee related to the cost of collection or to the cost of providing information about You to a court or governmental agency in connection with any parking or traffic violations. For rentals in Hawaii, the amount of the administrative fee which You will be charged if Hertz is required to pay such a parking citation is $10.00 per citation; to avoid this, You are encouraged to pay all parking citations promptly and directly to the court.

b. You and any Authorized Operators authorize Hertz to release to any court or government any information relating to any person who uses the Car during the rental.

c. You grant Hertz a limited Power of Attorney to present claims for damage to or loss of the Car to Your insurance carrier.

14. WAIVER OR CHANGE OF TERMS/GOVERNING LAW

a. No term of this Agreement may be waived or changed except by a writing signed by an expressly authorized representative of Hertz. Hertz's representatives are not authorized to waive or change any term of this Agreement.

b. This Agreement shall be governed by the substantive law of the jurisdiction in which the rental commences, without giving effect to the choice of laws rules thereof.

SUMMARY OF OPTIONAL SERVICES

THIS IS A SUMMARY ONLY AND IS SUBJECT TO ALL OF THE PROVISIONS, LIMITATIONS AND EXCEPTIONS OF THE APPLICABLE LIABILITY INSURANCE SUPPLEMENT, PERSONAL ACCIDENT AND PERSONAL EFFECTS INSURANCE POLICIES (WHICH ARE AVAILABLE FOR INSPECTION UPON REQUEST), AND THIS AGREEMENT.

The insurance coverages offered by HERTZ (LIS and PAI/PEC) may provide a duplication of coverage already provided by a renter's personal automobile insurance policy or by another source of coverage. The purchase of these kinds of coverage is not required in order to rent a Car.

LIABILITY INSURANCE SUPPLEMENT (LIS)
SUMMARY OF COVERAGE

COVERAGE

If You elect to purchase LIS, coverage will be provided to You and any Authorized Operators under an excess automobile liability insurance policy issued to Hertz.

LIMITS

LIS provides protection from third-party automobile liability claims for the difference between the liability protection limits provided under Paragraph 10 (minimum combined single limit of One Million ($1,000,000) Dollars for covered bodily injury including death, and property damage. LIS also provides uninsured and underinsured motorist coverage for bodily injury

and property damage, if applicable, for the difference between the statutory minimum underlying limits and $100,000 limit of insurance for each accident.

EXCLUSIONS

All exclusions, including claims arising from use of the Car as prohibited by this Agreement and claims by any of Your or any Authorized Operators relatives residing in the same household, marriage or adoption who resides with You or the Authorized Operator, are set forth in the applicable policy, a copy of which is available upon request.

HOW TO OBTAIN/DECLINE COVERAGE

If You accept LIS on the Rental Record, coverage will be provided during the Rental. The daily charge for LIS, which appears on the Rental Record, is due for each full or partial rental day.

PERSONAL ACCIDENT INSURANCE (PAI) AND PERSONAL EFFECTS COVERAGE (PEC): SUMMARY OF COVERAGE

HOW TO OBTAIN PAI/PEC COVERAGE

If You accept PAI/PEC on the Rental Record, coverage will be provided during the rental period. The daily charge for PAI/PEC, which appears on the Rental Record, is due for each full or partial rental day. Coverage will be provided under a policy issued to Hertz.

PERSONAL ACCIDENT INSURANCE (PAI):

The PAI policies provide coverage for death directly caused by an accident, independent of all other causes. The renter will be covered for any such accident during the rental period; passengers will also be covered, but only for accidents occurring while in, entering or exiting the Car. Benefits include death benefits of $175,000 for the renter and $17,500 per passenger; PAI also provides limited coverage for medical and ambulance expenses. Benefits for any one accident are limited to $225,000. These benefits are payable without regard to any other benefits which may be due under any other insurance policy. Coverage is subject to various exclusions, terms and conditions.

Exclusions

PAI insurance excludes coverage for injury or death resulting from use of the Car in violation of this Agreement and also for injury or death which: (a) is intentionally self-inflicted; (b) results from aircraft travel; (c) results from committing or attempting to commit an assault or felony; (d) results from intoxicants or narcotics unless administered on the advice of a physician; or (e) results from suicide or attempted suicide while sane or insane.

Notice Of Claim

In the event of any occurrence likely to result in a claim for PAI benefits immediate written notice should be given to Hertz. Hertz will provide You with a claim form and the address of the insurance company which is providing coverage and to which You will have to submit the claim form to the insurance company together with Your Rental Record.

PERSONAL EFFECTS COVERAGE (PEC):

Coverage

Coverage is provided for loss of or damage to covered personal effects of You and covered persons while such personal effects are in transit or in any hotel or other building en route during a trip using the Car.

Covered Persons

You and members of Your immediate family traveling with You during a trip using the Car who permanently reside in the same household with You are covered, if You except PAI/PEC.

Limits Of Liability

Maximum coverage during each rental period is $600 for each covered person, per occurrence. Total benefits in any rental period are limited to $1,800.

Exclusions

The following personal effects are not covered: Animals, automobiles, automobile equipment, motorcycles, boats, motors or other conveyances, household furniture, eyeglasses, contact lenses, artificial teeth or limbs, currency, coins, deeds, bullion, stamps, tickets, documents and perishables. Any loss of or damage to personal effects caused by mysterious disappearance or use of the Car in violation of the Agreement is not covered. Benefits are not payable for delay, loss of market, indirect or consequential losses or damages of any kind.

Notice Of Claim

In the event of any occurrence likely to result in a claim for PEC benefits, immediate written notice should be given to Hertz. Hertz will provide You with a claim form and the address of insurance company which is providing coverage.

WARNING, YOU MUST REMOVE KEYS, LOCK ALL DOORS, CLOSE ALL CAR WINDOWS AND THE TRUNK WHEN LEAVING THE CAR. IF PEC COVERAGE WILL NOT APPLY, IN WHICH CASE YOU WILL BE RESPONSIBLE FOR ANY LOSS.

EXHIBIT "I"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAYTHRON TILLIS, an individual
and ETHEL TILLIS, an individual,

    PLAINTIFFS,

VS.                  1:07CV78-WKW

CECIL E. CAMERON, an individual;
HERTZ CLAIMS MANAGEMENT, a foreign
corporation; THE HERTZ CORPORATION,
a foreign corporation,

    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEPOSITION OF ETHEL M. TILLIS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Taken at the instance of the Defendants on
Thursday, March 27th, 2008, commencing at
5:20 p.m. at the offices of Thomas B. Albritton, 109
Opp Avenue, Andalusia, Alabama 36420.

APPEARANCES:

ATTORNEY FOR THE PLAINTIFFS:

THOMAS B. ALBRITTON, ESQUIRE
Albrittons, Clifton, Alverson,
Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420

ATTORNEYS FOR THE DEFENDANTS:

DAVID W. HENDERSON, ESQUIRE
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

RAINER COTTER, ESQUIRE
Marsh, Cotter & Stewart
Post Office Box 310910
Enterprise, Alabama 36331



EXHIBIT
"I"



COPY

14

```
 1    don't know if I present them or not at this point in time --

 2    but I'll just say any entity related to Hertz and call it

 3    the Hertz's defendants at least as to the Hertz Claim

 4    Management Corporation or the Hertz Corporation.  Did you

 5    ever talk to anybody with Hertz?

 6        A    No.

 7        Q    Okay.  Do you know anything -- I assume then --

 8    well, even if your husband told you, I will ask you this

 9    question.  Do you know anything that anybody with Hertz

10    Claim Management Corporation or the Hertz Corporation or

11    anybody related to those entities saying anything untrue to

12    either you or your husband?

13        A    No.

14        Q    Okay.  Do you know why you've sued them, the Hertz

15    defendants?

16              MR. ALBRITTON:  Object to the form.

17        A    No.

18        Q    Did you even know you had sued them?

19        A    No.

20        Q    Do you know of anything they have done wrong to

21    you or your husband?

22              MR. ALBRITTON:  Object to the form.

23        A    Well, I did know he couldn't get them to pay his

24    bills.  Other than that, no.

25        Q    Do you -- did he ever tell you they were rude to
```

EXHIBIT "J"

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

ELBA DIVISION

LAYTHRON TILLIS AND ETHEL
TILLIS,                               *
                                      *
        PLAINTIFFS,                   *
                                      *    CASE NO.:    CV2004-49
                                      *
VS.                                   *
                                      *
CECIL E. CAMERSON,                    *
                                      *
        DEFENDANT.                    *

_____

*ORDER*

This came before this Court on Defendant's Counsel David W. Henderson of Hill,

Hill, Carter, Franco, Cole and Black's Motion to Quash Service.  A hearing was held.

The Defendant's attorney during the hearing stated that he was representing the

Defendant's interests, that he had not had contact with the Defendant since the date of the

renting of the automobile the Defendant was driving at the time of the accident and that

he would not accept service of process for the Defendant.

It is noted in Vaughan v. O'Neal, 736 So2d 635 at 638 (Ala Civ. App. 1999) that:

    "the draftsmen [of Rule 4.3] required proof of 'culpability' or a 'hiding

    out' by a Defendant before....in personam judgment can be entered on

    ... service by publication."

It further states in this case that the trial Court must make a finding of avoidance upon the

moving party's showing.

In this case the Plaintiff has attempted service by certified mail twice with both

being returned, unclaimed, attempted to find a different address for the Defendant via



OCT 2004
FILED
J.M. Counts
Court Clerk
Coffee Co

internet searches, attempted to obtain service through the attorney representing the Defendant's interest in this case which was refused and requested from the attorney representing the Defendant's interest in this case an address by which the Defendant can be served which was refused or as stated in open Court that he did not know where the Defendant was located.

This appears to this Court to meet the requirement of culpability or a hiding out by the Defendant and therefore, this Court makes a finding of avoidance on the part of the Defendant.

The Defendant's Motion to Quash service by publication is hereby *DENIED*.

The Plaintiff's Motion for Entry of Default is *GRANTED*. A hearing on Plaintiff's Motion for Default Judgment is set for November 3, 2004 at 10:00 a.m. in the Coffee County Courthouse, Elba Division, Alabama, unless the Plaintiff files the appropriate affidavits as allowed by the rules of civil procedure in support of their Motion for Default Judgment prior to that date.

This the 6th day of October 2004.

_____
ROBERT W. BARR
Circuit Judge