IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAYTHRON TILLIS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CECIL E. CAMERON, *et al.*, )<br>)<br>Defendants. ) | Case No. 1:07-cv-0078-WKW |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on August 11, 2008, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

    Laythron Tillis and Ethel Tills - Thomas B. Albritton, attorney for Plaintiffs.

    Cecil E. Cameron - David W. Henderson and Randall Morgan, attorneys for Defendant.

    COUNSEL APPEARING AT PRETRIAL HEARING:

    Same as trial counsel.

2. JURISDICTION AND VENUE:

    Jurisdiction and venue are proper.

3. PLEADINGS:

    Plaintiffs' Complaint, First Amended Complaint, Second Amended Complaint, Answer, Answer to Plaintiffs' Second Amended Complaint and First Amended Answer of Defendant Cecil E. Cameron.

4.   CONTENTIONS OF THE PARTIES:

(a)   Plaintiffs:

Plaintiffs contend that Defendant Cecil E. Cameron negligently and/or wantonly caused or allowed the motor vehicle he was driving to collide with that motor vehicle of Plaintiff Laythron Tillis, causing him permanent injury. Plaintiffs contend, as well, that Plaintiff Ethel Tillis has been deprived of the companionship and society of her husband, Laythron Tillis, as a result of Defendant's actions.

(b)   Defendant:

Defendant denies all material allegations; pleads the general issue; pleads contributory negligence; pleads assumption of the risk; pleads unavoidable accident; pleads sudden emergency; pleads lack of proximate cause; pleads a superceding independent intervening cause; pleads the applicable statute of limitations; avers Plaintiffs had the last clear chance to avoid the accident; denies the nature and extent of Plaintiffs' alleged injuries; contests damages; avers Plaintiffs have failed to mitigate their damages; and pleads all other affirmative defenses in bar or abatement of the claims asserted against him in the complaint.

Defendant pleads the following additional affirmative defenses:

1.   To the extent that Plaintiffs seek punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate this Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and

uncertainty of the criteria for the recovery of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, Plaintiffs cannot recover compensatory damages for pain and suffering or punitive damages.

2.  The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award.

3.  The award of discretionary compensatory damages for mental suffering to Plaintiffs herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendant, is unconstitutionally vague, fails to provide specific standards in the amount of the award of damages, and constitutes a deprivation of property without the due process of law.

Additionally, Defendant pleads the following affirmative defenses applicable to Plaintiffs' claim for punitive damages:

1.  The award of punitive damages claimed by Plaintiffs violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the

Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

Therefore, the procedures pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

(a) The civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b) The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g) The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i) The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j) The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

2. The demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code § 6-11-21 (Repl. Vol. 1993).

3. The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

4. Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. *See Honda Motor Company, Ltd. v. Oberg*, 512 U.S. 415 (1994).

5. To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this Defendant, this award contravenes the Defendant's right to Due Process under the Fourteenth Amendment to the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

6. With respect to the Plaintiffs' demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore*, 517 U.S. 559 (1996).

7. This Defendant contends Plaintiffs are not entitled to an award of punitive damages, and that an award of punitive damages against Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the

United States. Further, any award of punitive damages to Plaintiffs is limited to the standards set out in *BMW North American, Inc. v. Gore*, 517 U.S. 559 (1996).

8.  The Alabama system and structure for punitive damage awards, together with the claim for punitive damages sought by Plaintiffs in this lawsuit, constitute a violation of the Due Process Clause of the Constitution of the United States, under the authority of *BMW North American, Inc. v. Gore*, 517 U.S. 559 (1996). The allegations made by Plaintiffs in this action, and Plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to Defendant as to deprive Defendant of due process of law.

9.  This Defendant pleads the statutory cap applicable to all claims for and/or recovery of punitive damages.

10. Plaintiffs' recovery of punitive damages violates provisions of the United States and Alabama Constitution including but not limited to the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, § 1, 6, 10, and other provisions of the Constitution of Alabama.

11. This Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, Equal Protection Clause, and other provisions of the United State Constitution including, but not limited to, as follows:

Due Process Clause - Fourteenth Amendment to the Constitution of the United States: Punitive damages are vague and not rationally related to legitimate governmental interests.

Sixth Amendment to the Constitution of the United States: Punitive damages are penal in nature and, consequently, Defendants are entitled to the procedural safeguards accorded to criminal Defendants.

Self-incrimination Clause - Fifth Amendment to the Constitution of the United States: It violates the right against self-incrimination to impose punitive damages against Defendant that are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

Excessive Fines Clause - Eighth Amendment to the Constitution of the United States: In the event that any portion of a punitive damages award against Defendant was to inure to the benefit of any state, governmental or private entity other than Plaintiffs, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

5. STIPULATIONS BY AND BETWEEN THE PARTIES:

None.

It is ORDERED that:

1. The jury selection and trial of this case, which is to last 2 days, is set for **September 22, 2008**, at 10:00 a.m., in the Federal Building & U. S. Courthouse, 100 West Troy Street, Dothan, Alabama.

2. A trial docket will be mailed to counsel for each party approximately ten days prior to the start of the trial term.

3.  The parties shall file any requested voir dire questions, motions in limine fully briefed, and proposed jury instructions and proposed verdict forms with legal citations thereon, on or before **September 8, 2008**.

4.  The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before **September 15, 2008**.

5.  The parties shall jointly prepare and submit to chambers on or before **September 15, 2008**, two copies of a three-ringed binder of pre-marked exhibits. The binder shall contain joint exhibits (*i.e.*, those exhibits that are relevant, not subject to objections, and certain to be introduced at trial); Plaintiffs' exhibits; and Defendant's exhibits. On the same date, the parties shall jointly prepare and submit to chambers three copies of the exhibit list, which shall delineate all objections and responses to objections. The parties shall direct questions about this procedure to the law clerk assigned to the case.

6.  The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

7.  The parties shall notify Chambers of the undersigned on or before **September 8, 2008**, regarding any mediation efforts undertaken.

8.  All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 23) entered by the court on October 17, 2007.

9. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines and stipulations contained in this Order shall be binding on all parties unless modified by the court.

DONE this 19th day of August, 2008.

                                          /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE